RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE     8-29-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 AUG 29  P 3:24

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

MEYNARD DESIGNS, INC. AND
EARTH VISIONS INC.,

    Plaintiffs,

v.

EARTH PRODUCTS, INC.,

    Defendant.

---

CIVIL ACTION NO.

# 05 cv 11781 NMG

**MAGISTRATE JUDGE** Alexander

## COMPLAINT AND JURY DEMAND

Meynard Designs, Inc. ("Meynard") and Earth Visions Inc. ("Earth Visions")
bring this civil action against Earth Products, Inc. ("Earth Products").

### THE PARTIES

1.    Plaintiff, Meynard, is a Massachusetts corporation with its principal place
of business at 135 Second Avenue, Waltham, MA 02451.

2.    Plaintiff, Earth Visions, is a Massachusetts corporation, with its principal
place of business at 135 Second Avenue, Waltham, Massachusetts 02451.

3.    On information and belief, Defendant, Earth Products, Inc. ("Earth
Products"), is a California corporation having an address at 5830 El Camino Real,
Carlsbad, CA 92008.

### JURISDICTION

4.    This is an action for trademark infringement and unfair competition
arising under the laws of the United States, namely the Lanham Act, 15 U.S.C. § 1051, *et*

*seq.* Therefore, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. In addition, Meynard and Earth Visions are Massachusetts corporations, while Earth Products is a California corporation, and Meynard and Earth Visions seek damages associated with the past sale of goods and injunctive relieve associated with on-going sales of goods believed to be greater than $75,000, therefore jurisdiction is also proper under 28 U.S.C. § 1332. Jurisdiction over the state law claims is proper under 28 U.S.C. § 1367.

5.    Earth Products sells goods under and in connection with the infringing mark EARTH in Massachusetts. In addition, Earth Products maintains a website, accessible in Massachusetts, which provides links to websites offering Earth Products' goods for sale. Therefore, this Court has personal jurisdiction over Earth Products.

<u>BACKGROUND</u>

6.    Meynard is a well-respected designer and buying agent of high-quality footwear. Meynard does not presently sell any products, but instead licenses others to do so under trademarks and copyrights that it owns.

7.    In 1970, Anne Kalso, a yoga instructor, who had designed shoes having a special negative heel, introduced those shoes in the United States under the EARTH mark. The EARTH mark was used on various goods and the brand was very popular throughout the 1970s. Its popularity continues today.

8.    In or about 1994 the EARTH family of marks and the associated good will were sold by Anne Kalso's immediate successors to Mondial Trading Company, Ltd., which then granted a license to Meynard at about that time under the rights it had acquired. Thereafter, in 2000, Meynard acquired all the ownership rights to the EARTH

family of marks, together with the associated goodwill. Since then, Meynard has continued to use the EARTH mark on footwear throughout the United States and elsewhere, maintaining the high level of quality associated with the EARTH mark.

9.    In addition to the longstanding use of EARTH in association with footwear, Meynard adopted and began using in interstate commerce the EARTH mark for clothing items. At least as early as 1995, the EARTH mark was used on clothing items other than footwear. From 1995 forward, Meynard as licensee and then owner of the EARTH mark, always intended to expand to a full line of clothing products under the EARTH mark, and, in fact, has continued to expand the line of products sold under the mark.

10.    Products sold under the EARTH mark include millions of pairs of shoes and other clothing and accessories, such as t-shirts, pants, caps, jackets, belts, sweaters, sweatshirts, jeans, socks, key chains, bags, and lotions.

11.    By virtue of the longstanding popularity of the EARTH mark and its continuous use, Meynard owns trademark rights in the mark at common law for footwear and other clothing and accessories.

12.    Meynard also owns a number of United States trademark registrations, including Registration Nos.: 2,199,118 for EARTH for clothing, namely, socks, t-shirts, caps, hats, sweatshirts (Exhibit 1); 2, 249, 826 for EARTH for clothing, namely jeans, pants, belts, shirts, jackets and coats and Registration Number (Exhibit 2); 1,371,439 for EARTH for footwear (Exhibit 3). These registrations have been assigned to Meynard by its predecessors in title, and such assignments have been recorded in the United States

925010.1                                                    3

Patent and Trademark Office. Registration No. 1,371,439 is now uncontestable and has been since 1999 pursuant to 15 U.S.C. § 1065.

13.     Through extensive sales and advertising, Meynard's EARTH mark has become well known, and the products sold under the mark have acquired significant good will and a reputation for quality.

14.     In December 2004, Earth Visions was organized as a Massachusetts corporation.

15.     Since January 2005, Earth Visions has taken over responsibility for the manufacture, advertising and sale of all goods under the EARTH mark, with the exception of sales to one retail chain, which are handled by a different licensee of Meynard.

16.     Earth Visions is the only licensee of Meynard that is presently selling and advertising items other than shoes under the EARTH mark.

17.     On information and belief, Earth Products was formed as a skateboard equipment seller in the early 1990s under the name Planet Earth Skateboards, Inc. ("Planet Earth"). At some point, Planet Earth adopted the mark PLANET EARTH for skateboard equipment and clothing.

18.     On information and belief, after Meynard's predecessors established rights in the EARTH mark, Planet Earth altered its use of the PLANET EARTH mark to emphasize the EARTH portion and later Planet Earth began using the trademark EARTH without the word PLANET. On information and belief, Planet Earth's adoption of EARTH as a mark for clothing apart from the word "Planet" commenced with the full knowledge of the prior use and substantial celebrity of the EARTH mark owned by

925010.1                                    4

Meynard, and with the intent to trade on the good will previously established by Meynard and its predecessor's in title.

19.     In 2002, Planet Earth filed a trademark application, Serial No. 76/401,085 alleging that it had been using in commerce a mark including EARTH for footwear and clothing since December, 2000. This application was refused in view of Meynard's prior registrations.

20.     In or around May 21, 2004, with the full knowledge of the celebrity and fame of the EARTH mark owned by Meynard, Planet Earth changed its name to Earth Products, Inc.

21.     On information and belief, Earth Products has sold and advertised for sale goods including t-shirts, jackets and sweatshirts, under the EARTH mark, or designs which emphasize the mark EARTH, thereby attempting to capitalize on the goodwill in the EARTH mark that was established by Meynard (and its predecessors) through extensive sales under the EARTH mark well prior to Earth Products' adoption of the EARTH mark.

22.     Meynard and its predecessor in title's common law and registered rights in the EARTH mark long pre-date Earth Products' uses of EARTH.

23.     Earth Products' use of the word EARTH in plain or stylized form and EARTH as a dominant portion of other marks is likely, when used in association with its goods, to cause confusion or mistake or to deceive consumers, who are likely to think that such goods originate with or are associated with Meynard or Earth Visions.

24.     Meynard placed Earth Products on actual notice of the similarity and likelihood of confusion between its uses of EARTH and Meynard's EARTH mark.

25.     Despite such notification, Earth Products' disregarded Meynard's rights and continued to sell infringing products.

26.     Earth Products further filed cancellation actions against two of Meynard's registrations for the mark EARTH for clothing items and alleged that, despite Meynard's prior use of the mark EARTH on footwear and Meynard's federal registrations for the EARTH mark, Meynard was infringing Earth Products' rights.

27.     Earth Products could not validly establish rights in the mark EARTH for clothing, since any use of the EARTH mark on clothing items by Earth Products was an infringement of Meynard's rights in the EARTH mark, which extended not only to footwear, but also other clothing items within Meynard's and its predecessors' natural zone of expansion.

28.     Following institution of the cancellations, Earth Products and Meynard entered into settlement talks, seeking to resolve all disputes between the parties.

29.     On July 12, 2005, Meynard sent a settlement offer to Earth Products. On July 29, 2005, Earth Products indicated that it would respond to this letter on August 1, 2005 when its counsel returned from vacation. Instead, on July 28, 2005, Earth Products filed suit in the United States District Court for the Western District of Washington, claiming that Meynard was selling clothing items that infringed Earth Products' rights in the EARTH mark for clothing.

## COUNT I

(Trademark Infringement Under 15 U.S.C. § 1114 And Common Law)

30.     The allegations of Paragraphs 1-29 above are incorporated by reference.

31.     Meynard owns United States Registrations numbered 2,199,118, 2,249,826 and 1,371,439 (incontestable) and has common law rights in the EARTH mark. Earth Visions is a licensed user of those marks.

32.     Earth Products uses colorable imitations of Meynard's EARTH mark, in commerce as its trademark and in association with its sale and advertisement of clothing similar to or identical to the types of goods sold by Earth Visions under Meynard's EARTH mark.

33.     Earth Products' use of the imitations is without permission of Meynard or Earth Visions and is likely to cause confusion or mistake or to deceive. Earth Products is therefore liable to Meynard for trademark infringement under 15 U.S.C. § 1114 and at common law.

34.     Upon information and belief, such use by Earth Products is knowing and willful and with the intent to trade off the good will established by Meynard in its relation to EARTH mark.

35.     Meynard and Earth Visions have been damaged by such conduct in an amount to be determined at trial.

36.     Unless stopped by an injunction, Earth Products' behavior will continue and will cause Meynard and Earth Visions to suffer irreparable harm for which there is

no adequate remedy at law. Therefore, Meynard and Earth Visions are entitled to injunctive relief. They are also entitled to damages for the infringement.

## COUNT II

(False Designation Of Origin Under 15 U.S.C.§ 1125(a))

37.    The allegations of Paragraphs 1-36 above are incorporated by reference.

38.    Meynard's EARTH marks are recognized for quality in the footwear and clothing industries.

39.    Earth Products provides its goods to a similar class of consumers as Earth Visions does.

40.    On information and belief, Earth Products' use of a trademark confusingly similar to Meynard's EARTH mark has the effect of associating Earth Products or its goods with Meynard's EARTH mark in the minds of the purchasing public thereby trading off the good will acquired by Meynard.

41.    Earth Products' actions are likely to cause confusion or mistake, or to deceive as to the affiliation, connection or association of Earth Products with Meynard or Earth Visions or as to the origin, sponsorship or approval of Earth Products' goods by Meynard or Earth Visions, entitling Meynard to relief under 15 U.S.C.§ 1125(a).

42.    Meynard and Earth Visions have been damaged by such conduct in an amount to be determined at trial.

43.    Unless stopped by an injunction, Earth Products' behavior will continue and will cause Meynard and Earth Visions to suffer irreparable harm for which there is no adequate remedy at law. Therefore, Meynard and Earth Visions are entitled to injunctive relief. They are also entitled to damages for such false designation of origin.

## COUNT III

(Common Law Unfair Competition)

44.    The allegations of Paragraphs 1-43 above are incorporated by reference.

45.    By the above-described conduct, Earth Products has engaged in unfair competition under common law.

46.    Meynard and Earth Visions have been damaged by such conduct in an amount to be determined at trial.

47.    Unless stopped by an injunction, Earth Products' behavior will continue and will cause Meynard and Earth Visions to suffer irreparable harm for which there is no adequate remedy at law. Therefore, Meynard and Earth Visions are entitled to injunctive relief. They are also entitled to damages for such conduct.

## COUNT IV

(Unfair and Deceptive Trade Practices Under Mass. Gen. L. ch. 93A)

48.    The allegations of Paragraphs 1-47 above are incorporated by reference.

49.    Earth Products is, and was at all relevant times, engaged in commerce in Massachusetts, as set forth above.

50.    Earth Products' acts as described hereinabove constituted unfair and deceptive acts and practices in violation of Mass. Gen. L. ch. 93A.

51.    On information and belief, Earth Products' acts as described hereinabove were willful and knowing.

52.    Meynard and Earth Visions have been harmed by such action and are entitled to damages as set forth in Ch. 93A.

925010.1                                            9

## COUNT V

(Declaratory Judgment Of Non-Infringement)

53.     The allegations of Paragraphs 1-52 are incorporated by reference.

54.     This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201-2.

55.     Earth Products has alleged that Meynard's sale of clothing under the

EARTH mark infringes Earth Products' trademark under the common law of the state of

Washington.

56.     Meynard does not infringe any valid trademark of Earth Products, as

Meynard does not sell any products and Earth Products could not have established rights

in the EARTH mark for clothing, in view of Meynard's prior use and registration of the

EARTH mark for footwear, a natural expansion of which is the exclusive right to use the

EARTH mark on clothing.

57.     As the owner of federal Registration Nos. 2,199,118 and 2,249,826

Meynard has the exclusive right to use the mark EARTH for clothing throughout the

United States. Earth Visions, as a licensee, also has the right to use the EARTH mark

free of competition from companies that are not licensed by Meynard.

58.     Earth Visions sells clothing under the EARTH mark, therefore, based

upon Earth Products' allegations against Meynard and the fact that it is actually Earth

Visions that participates in the accused behavior, Earth Visions has a reasonable

apprehension that Earth Products will file suit against it.

59.     An actual and justicable controversy exists between the parties as

described above.

60.    Meynard and Earth Visions are entitled to a declaration that they do not infringe Earth Products' alleged rights in the EARTH mark.

## COUNT VI

(Declaratory Judgment Of No False Designation Of Origin)

61.    The allegations of Paragraphs 1-60 are incorporated by reference).

62.    This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201-02.

63.    Earth Products has alleged that Meynard's sale of clothing under the EARTH mark violates 15 U.S.C. § 1125.

64.    Meynard and Earth Visions' use of the EARTH mark for clothing does not violate 15 U.S.C. § 1125, since the EARTH mark is strongly associated with Meynard and its predecessors in interest and Earth Products is not a lawful user of the EARTH mark.

65.    Meynard does not sell or advertise products under the EARTH mark, but instead licenses others, including Earth Visions, to do so.

66.    An actual and justicable controversy exists between the parties as described above.

67.    Meynard and Earth Visions are entitled to a declaration that they do not violate 15 U.S.C. § 1125.

## COUNT VII

(Declaration That R.C.W. § 19.86 *et seq* Is Not violated)

68.    The allegations of Paragraph 1-67 are incorporated by reference.

69.    This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201-02.

70.    Earth Products has alleged that Meynard violates R.C.W. § 19.86 *et seq*.

71.     Neither Meynard nor Earth Visions violates R.C.W. § 19.86 *et seq,* since Earth Visions' products under the EARTH mark are properly associated with Meynard and its predecessors as well as Meynard's licensee, Earth Visions.

72.     An actual and justicable controversy exists between the parties as described above.

73.     Meynard and Earth Visions are entitled to a declaration that they do not violate R.C.W. § 19.86 *et seq*.

## RELIEF REQUESTED

For the above reasons, Meynard and Earth Visions pray that the Court declare and a judgment be entered that:

A.     The Court has jurisdiction over the parties and subject matter of this action;

B.     Meynard's asserted trademark registrations above are valid and subsisting and are infringed by Earth Products and further that Earth Products has committed false designation of origin and unfair competition and has violated Mass. Gen. L. ch. 93A;

C.     Earth Products, as well as all its agents, representatives, employees, assigns and all persons acting in concert or privity with them, is permanently enjoined from maintaining, using, disseminating, reproducing, promoting, distributing or otherwise using the mark EARTH or any mark confusingly similar thereto, and is permanently enjoined from using EARTH as all or part of any mark, product configuration, or design except in the combination PLANET EARTH where each is given equal weight;

D.      Earth Products' infringement, false designation of origin and unfair competition have been willful;

E.      Earth Products shall deliver to Meynard or to the Court for destruction all materials bearing the infringing marks or colorable copies of Meynard's marks;

F.      Earth Products shall file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction;

G.      Earth Products shall pay to Meynard and Earth Visions any damages attributable to Earth Products' infringement of Meynard's marks and its acts of unfair competition and shall account for all gains, profits, and advantages derived through those actions, and pay such damages authorized by law, including 15 U.S.C. § 1117;

H.      Earth Products shall pay damages, and such multiple damages up to three times actual damages as may be awarded by the Court pursuant to Mass. Gen. L. ch. 93A;

I.      Earth Products shall pay Meynard and Earth Visions their reasonable costs and attorneys fees;

J.      Earth Products has no valid right to the EARTH mark and Meynard and Earth Visions do not infringe any trademark rights of Earth Products;

K.      Meynard and Earth Visions do not violate 15 U.S.C. § 1125 through their use of the EARTH mark for clothing;

L.      Meynard and Earth Visions do not violate R.C.W. § 19.86 *et seq*; and

M.      Meynard and Earth Visions shall have such other and further relief as this Court may award.

## JURY DEMAND

Meynard and Earth Visions demand a trial by jury of all issues so triable.

MEYNARD DESIGNS, INC. AND
EARTH VISIONS INC.

By its attorneys,

Dated: August 29, 2005

Michael Albert, BBO # 558566
David Wolf, BBO # 532160
Laura Topper, BBO # 652364
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel. 617 646.8000
Fax 617 646.8646



1100219

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

**December 02, 2003**

**THE ATTACHED U.S. TRADEMARK REGISTRATION *2,199,118* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.**

**REGISTERED FOR A TERM OF *10* YEARS FROM   *October 20, 1998***

**SAID RECORDS SHOW TITLE TO BE IN:**
   *MEYNARD DESIGNS,  INC.*
   *A MASSACHUSETTS CORPORATION*

By Authority of the
**COMMISSIONER OF PATENTS AND TRADEMARKS**

W.  MONTGOMERY

**Certifying Officer**

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,199,118

Registered Oct. 20, 1998

## TRADEMARK
### PRINCIPAL REGISTER

## EARTH

MONDIAL TRADING CO. LTD. (CAYMAN IS-
LANDS CORPORATION)
P.O. BOX 1109, MARY STREET
GRAND CAYMAN, CAYMAN ISLANDS

FOR: CLOTHING, NAMELY, SOCKS, T-
SHIRTS, CAPS, HATS, SWEATSHIRTS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 2-1-1995; IN COMMERCE
2-1-1995.
OWNER OF U.S. REG. NOS. 1,294,415,
1,699,166, AND OTHERS.

SN 75-977,076, FILED 7-20-1994.

LESLEY LAMOTHE, EXAMINING ATTORNEY



1102667

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**

**United States Patent and Trademark Office**

**December 09, 2003**

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,249,826* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *June 01, 1999*

SAID RECORDS SHOW TITLE TO BE IN:
*MEYNARD DESIGNS, INC.*
*A MASSACHUSETTS CORPORATION*



By Authority of the
**COMMISSIONER OF PATENTS AND TRADEMARKS**

**N. WOODSON**
**Certifying Officer**

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,249,826

Registered June 1, 1999

## TRADEMARK
### PRINCIPAL REGISTER

## EARTH

MONDIAL TRADING CO. LTD. (CAYMAN IS-LANDS CORPORATION)
P.O. BOX 1109, MARY STREET
GRAND CAYMAN B.W.I., CAYMAN ISLANDS

FOR: CLOTHING, NAMELY, JEANS, PANTS, BELTS, SHIRTS, SWEATERS, JACKETS AND COATS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-0-1998; IN COMMERCE 1-4-1999.
OWNER OF U.S. REG. NOS. 1,294,415, 1,699,166, AND OTHERS.

SN 74-551,611, FILED 7-20-1994.

DIANE B. MELNICK, EXAMINING ATTOR-NEY



1100221

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**

**United States Patent and Trademark Office**

**December 02, 2003**

**THE ATTACHED U.S. TRADEMARK REGISTRATION *1,371,439* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.**

**REGISTERED FOR A TERM OF *20* YEARS FROM  *November 19, 1985***
*SECTION 8 & 15*
*AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED*
**SAID RECORDS SHOW TITLE TO BE IN:**
  *MEYNARD DESIGNS, INC.*
  *A MASSACHUETTS CORPORATION*

**By Authority of the**
**COMMISSIONER OF PATENTS AND TRADEMARKS**

W. MONTGOMERY
**Certifying Officer**

t. Cl.: 25

ior U.S. Cl.: 39

nited States Patent and Trademark Office

rrected

Reg. No. 1,371,439
Registered Nov. 19, 1985
OG Date Apr. 22, 1986

## TRADEMARK
## PRINCIPAL REGISTER

## EARTH

TONUS, INC. (NEW YORK CORPORA-
TION)
50 GLENDALE ROAD
OSSINING, NY 10561, ASSIGNEE OF
KALSO, ANNE S. J. (DENMARK CITI-
ZEN) COPENHAGEN K, DENMARK

OWNER OF U.S. REG. NOS. 1,294,415
AND 1,313,517.

FOR: FOOTWEAR, IN CLASS 25 (U.S.
CL. 39).

FIRST USE 0-0-1970; IN COMMERCE
0-0-1970.

SER. NO. 538,529, FILED 5-20-1985.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Apr. 22, 1986.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Reg. No. 1,371,439
Registered Nov. 19, 1985

## TRADEMARK
### PRINCIPAL REGISTER

## EARTH

KALSO, ANNE S. J. (DENMARK CITIZEN)
BREDGADE 10
COPENHAGEN K, DENMARK DK1260

FOR: FOOTWEAR, IN CLASS 25 (U.S. CL. 39).
FIRST USE 0–0–1970; IN COMMERCE 0–0–1970.

OWNER OF U.S. REG. NOS. 1,294,415 AND 1,313,517.

SER. NO. 538,529, FILED 5–20–1985.

ROBERT C. CLARK JR., EXAMINING ATTORNEY