IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC.<br><br>Plaintiffs,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>Defendant. | CIVIL ACTION NO. 05 cv 11781 NMG |

## NOTICE OF DECISION IN RELATED ACTION

The parties to this action, Plaintiffs Meynard Designs, Inc. and Earth Visions Inc., and Defendant Earth Products Inc. ("Earth Products") were also parties to a related action pending in the Western District of Washington, Civil Action No. 05-CV-1326. On July 31, 2006, the Washington court ordered that that case be transferred to be heard in this Court. A copy of that order is attached hereto as Exhibit A.

This Court's October 11, 2005 Order granted the Motion of Earth Products for extension of time to respond to the complaint filed in this action (Docket Entry No. 6). Earth Products intends to respond to Plaintiffs' complaint on August 14, 2006 in compliance with the Order of October 11, 2005 and consistent with representations previously made in the parties' Joint Status report filed on May 19, 2006 (Docket Entry No. 7).

Settlement discussions have been unsuccessful. Accordingly, the issues remaining for adjudication in this Court will be set forth in the pleadings, including Plaintiffs' Complaint, Earth Products' soon to be filed response to the Complaint and Earth Products's complaint in the

1

related action filed in the Western District of Washington, Civil Action No. 05-CV-1326, which has been transferred to this Court.

Dated: August 10, 2006

By: /s/ Steven M. Bauer
    **Steven M. Bauer, Esq. BBO# 542531**
    sbauer@proskauer.com
    **Kimberly A. Mottley, Esq. BBO# 651190**
    kmottley@proskauer.com
    **PROSKAUER ROSE LLP**
    One International Place
    Boston, MA 02110
    (617) 526-9600

    *Attorneys for Earth Products Inc.*

*Of counsel:*
**J. Christopher Carraway**
chris.carraway@klarquist.com
**Cindy L. Caditz**
cindy.caditz@klarquist.com
**Scott E. Davis**
scott.davis@klarquist.com
**KLARQUIST SPARKMAN, LLP**
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Phone: 503-595-5300
Fax: 503-595-5301

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 10, 2006, a true copy of the foregoing **NOTICE OF DECISION IN RELATED ACTION** was served via e-mail via the Court's ECF service to:

    Michael Albert
    David Wolf
    Laura Topper
    WOLF, GREENFIELD & SACKS, P.C.
    600 Atlantic Avenue
    Boston, Massachusetts 02210

    *Attorneys for Plaintiffs, Meynard Designs, Inc.*
    *And Earth Visions Inc.*

By: /s/ Steven M. Bauer

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EARTH PRODUCTS, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MEYNARD DESIGNS, INC., a Massachusetts corporation, and EARTH VISIONS INC., a Massachusetts corporation,<br><br>    Defendants. | No. C05-1326Z<br><br>ORDER |

This matter comes before the Court on Defendant Meynard Designs, Inc.'s ("Meynard") Motion to Dismiss, Transfer or Stay, docket no. 11. Having considered the parties' original and supplemental briefs, declarations, and exhibits thereto, the Court GRANTS the motion and transfers the case to the United States District Court for the District of Massachusetts, where a related case is pending. See Wolf Decl., docket no. 13, Ex. J (Mass. Compl., <u>Meynard Designs, Inc. et al. v. Earth Products, Inc.</u>, Case No. 05-cv-11781NMG).

Meynard is a Massachusetts corporation with its principal place of business in Waltham, Massachusetts. P. Meynard Decl., docket no. 12, ¶ 2. Plaintiff Earth Products, Inc. ("Earth Products") has not met its burden of establishing that the Court has personal jurisdiction over Meynard. See <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 800 (9th Cir. 2004).

ORDER 1–

Earth Products' arguments in support of specific jurisdiction are unpersuasive. First, because Planet Shoes, Inc. is a separate corporate entity from Meynard, see Second P. Meynard Decl., docket no. 27, ¶¶ 3, 5-6, the activities of Planet Shoes, Inc., including its www.planetshoes.com website, cannot form the basis for this Court's exercise of personal jurisdiction over Meynard. Second, the "effects test" for purposeful availment, first announced by the Supreme Court in <u>Calder v. Jones</u>, 465 U.S. 783 (1984), does not apply here because Meynard's alleged trademark infringement constitutes wrongful conduct targeted at Earth Products, a known California resident, <u>see</u> Am. Compl., docket no. 37, ¶ 1, not a known Washington resident. <u>See</u> <u>Bancroft & Masters, Inc. v. Augusta Nat'l Inc.</u>, 223 F.3d 1082, 1087 (9th Cir. 2000); 28 U.S.C. § 1391(c) (limiting venue statute's definition of residency "[f]or purposes of venue under this chapter"). Third, Earth Visions is a separate corporate entity from Meynard. <u>See</u> P. Meynard Decl. ¶ 5; Topper Decl., docket no. 53, ¶ 5, Ex. D. Even though Earth Visions licenses the EARTH mark from Meynard for use on products, <u>see</u> P. Meynard Decl. ¶ 5 and Third P. Meynard Decl., docket no. 54, ¶ 4, Ex. B, Earth Visions' sales activity in Washington is not attributable to Meynard for purposes of personal jurisdiction. <u>See</u> <u>Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.</u>, 148 F.3d 1355, 1361 (Fed. Cir. 1998).

Even assuming that Meynard "purposefully availed" itself of the Washington forum through its sales of footwear in Washington, Earth Products' allegations of trademark infringement stem from Meynard's alleged use of the EARTH mark in connection with the sale of clothing, not footwear. <u>See</u> Am. Compl. ¶¶ 17-22. Accordingly, Earth Products has failed to demonstrate that Meynard's contacts with Washington are sufficient to establish jurisdiction under the three-prong test for specific jurisdiction. <u>See</u> <u>Schwarzenegger</u>, 374 F.3d at 802.

Earth Products' arguments in support of general jurisdiction are equally unpersuasive. First, the isolated business trips of Phillipe Meynard, Meynard's President, and David Jonah,

ORDER 2–

Meynard's former sales manager, do not constitute "substantial" or "continuous and systematic" contacts that approximate a physical presence in Washington. See Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995); Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1331 (9th Cir. 1984). Second, Meynard's sales of approximately $300,000 worth of EARTH brand shoes between 2001 and December 2004 in Washington, and its concurrent marketing activities in Washington, cannot be said to be continuous given that Meynard has not sold or advertised any products since January 1, 2005. See Caditz Decl., docket no. 50, Ex. 2 (P. Meynard Dep.) at 89:10-20, 92:1-14; Ex. 5; P. Meynard Decl. ¶ 4. Third, Earth Products has failed to demonstrate that Meynard's design, licensing and buying agent services for Wal-Mart meet the high standard for general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986). Lastly, as previously noted, Earth Visions' sales activity in Washington is not attributable to Meynard. Overall, Meynard did not engage in "continuous and systematic general business contacts," Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984) (citing Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445 (1952)), that "approximate physical presence" in Washington. See Bancroft & Masters, 223 F.3d at 1086.

Venue is improper under 28 U.S.C. § 1391(b)(1) and (c) because Meynard is not subject to personal jurisdiction in the Western District of Washington. Venue is improper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim did not occur in the Western District of Washington. The March 11, 2004 letter from Mr. Meynard to a Washington retailer constitutes the only evidence regarding Meynard's use of the allegedly infringing trademark in Washington. Caditz Decl., Ex. 2 (P. Meynard Dep.) at 150:9-15; Ex. 10. This single marketing act in Washington stands in contrast to Meynard's continuous licensing of the allegedly infringing mark in Massachusetts. Venue is improper under 29 U.S.C. § 1391(b)(3) because there is another district in which the action may be brought, namely the District of Massachusetts.

ORDER 3–

Because Earth Products has commenced this action in a district where venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court lacking both personal jurisdiction and proper venue can transfer the action under 28 U.S.C. § 1406(a) to a district where both defects are avoided. <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466 (1962). The Court hereby transfers the case to the United States District Court for the District of Massachusetts.[1]

IT IS SO ORDERED.

DATED this 31st day of July, 2006.

Thomas S. Zilly
United States District Judge

---

[1] The Court notes that if it had jurisdiction and if venue was proper, the Court would grant Meynard's alternative motion to transfer the case to Massachusetts for the convenience of the parties and witnesses under 28 U.S.C. §1404(a).

ORDER  4–