IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MEYNARD DESIGNS, INC. AND EARTH
VISIONS INC.

                    Plaintiffs,

v.                                                          CIVIL ACTION NO. 05 cv 11781 NMG

EARTH PRODUCTS INC.
                                                            **Jury Trial Demanded**

                    Defendant.


EARTH PRODUCTS INC.,

                    Counterclaim-Plaintiff,

v.

PLANET, INC., MEYNARD DESIGNS, INC.
AND EARTH VISIONS INC.

                    Counterclaim-Defendants.


**EARTH PRODUCTS INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

        Defendant Earth Products Inc. ("Earth Products") hereby submits its Answer, Affirmative

Defenses and Counterclaims in response to the Complaint filed August 29, 2005 by Plaintiffs

Meynard Designs, Inc. ("Meynard Designs") and Earth Visions Inc. ("Earth Visions")

(collectively, "Meynard" or "Plaintiffs").  Further, Earth Products joins Counterclaim Defendant

1

Planet, Inc. as a party to this action pursuant to Fed. R. Civ. P. 13(h) and Fed. R. Civ. P. 19(a) and/or 20(a).

For its Answer, Affirmative Defenses and Counterclaims, Earth Products states as follows:

1.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiffs' Complaint.

2.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Plaintiffs' Complaint.

3.      Earth Products admits the allegations in paragraph 3 of Plaintiffs' Complaint, except it is affirmatively stated that the correct name of Defendant is Earth Products Inc. (no comma).

4.      Earth Products admits that Plaintiffs' Complaint attempts to assert causes of action for trademark infringement and unfair competition arising under the laws of the United States, namely the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.  Earth Products also admits that federal subject matter jurisdiction is found in 28 U.S.C. §§ 1331, 1332 and 1338, and state law jurisdiction is found in 28 U.S.C. § 1367.  It is further admitted that Earth Products is a California corporation.  Except as stated herein, Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of Plaintiffs' Complaint.

5.      Earth Products admits that it maintains a Web site, accessible in Massachusetts and elsewhere, which provides links to Web sites offering Earth Products' goods for sale, including EARTH clothing.  Except as stated herein, Earth Products denies the allegations in paragraph 5 of Plaintiffs' Complaint.

6.     Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiffs' Complaint.

7.     Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiffs' Complaint.

8.     Earth Products denies that "Meynard acquired all the ownership rights to the EARTH family of marks, together with the associated goodwill." Further, the allegation that "Meynard has continued to use the EARTH mark on footwear throughout the United States" is contradicted by the allegation in paragraph 6 of the Complaint that "Meynard does not presently sell any products, but instead licenses others to do so under trademarks and copyrights that it owns," and on at least that basis, Earth Products denies this allegation of paragraph 8. Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of Plaintiffs' Complaint.

9.     Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiffs' Complaint.

10.     Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiffs' Complaint.

11.     Earth Products denies that Meynard has any right to claim priority to any rights that may have been established by Anne Kalso or agents or successors of Anne Kalso. Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of Plaintiffs' Complaint.

12.     Earth Products admits that U.S. Patent and Trademark Office records identify Meynard Designs as the owner of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826. Except as stated

3

herein, Earth Products denies the allegations in paragraph 12 of Plaintiffs' Complaint.

13.    Earth Products denies the allegations in paragraph 13 of Plaintiffs' Complaint.

14.    Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiffs' Complaint.

15.    Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiffs' Complaint.

16.    Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiffs' Complaint.

17.    Earth Products admits that its predecessor-in-interest adopted the PLANET EARTH and EARTH trademarks for clothing and skateboard equipment in 1990.  Earth Products also admits that it was formed as a clothing and skateboard equipment business and incorporated under the name Planet Earth Skateboards, Inc. in 1993.  Except as stated herein, Earth Products denies the allegations in paragraph 17 of Plaintiffs' Complaint.

18.    Earth Products denies the allegations in paragraph 18 of Plaintiffs' Complaint.

19.    Earth Products admits it filed an application to register the mark EARTH and Design for footwear and apparel on April 26, 2002.  This application was assigned Serial No. 76/401085.  The application to register EARTH and Design claimed a first use date of December 2000.  The Examining Attorney refused registration of the EARTH and Design mark in view of U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826.  Except as stated herein, Earth Products denies the allegations in paragraph 19 of Plaintiffs' Complaint.

20.    Earth Products admits that Planet Earth changed its name to Earth Products Inc. on or around May 21, 2004.  Except as herein stated, Earth Products denies the allegations in paragraph 20 of Plaintiffs' Complaint.

21.    Earth Products admits that it has sold and advertised for sale goods including T-shirts, jackets, and sweatshirts bearing its own trademark EARTH and bearing designs that emphasize the word EARTH, but denies that any such goods have borne any trademarks allegedly owned by Plaintiffs or any of their alleged predecessors.  Earth Products also denies the remaining allegations in paragraph 21 of Plaintiffs' Complaint.

22.    Earth Products denies the allegations in paragraph 22 of Plaintiffs' Complaint.

23.    Earth Products denies the allegations in paragraph 23 of Plaintiffs' Complaint.

24.    Earth Products admits that it is aware of Meynard's claim.  Earth Products denies the remaining allegations in paragraph 24 of Plaintiffs' Complaint.

25.    Earth Products denies the allegations in paragraph 25 of Plaintiffs' Complaint.

26.    Earth Products admits it filed cancellation actions against two of Meynard's registrations for the mark EARTH for clothing items.  Except as stated herein, Earth Products denies the allegations in paragraph 26 of Plaintiffs' Complaint.

27.    Earth Products denies the allegations in paragraph 27 of Plaintiffs' Complaint.

28.    Earth Products admits the allegations in paragraph 28 of Plaintiffs' Complaint.

29.    Earth Products admits that Meynard sent a letter to Earth Products dated July 12, 2005. Earth Products admits that counsel for Earth Products intended to and did respond to the settlement letter of July 12, 2005, after counsel for Earth Products returned from vacation in August 2005.   Earth Products further admits that it filed suit in the United States District Court for the Western District of Washington on July 28, 2005 alleging, *inter alia*, that Meynard was

selling clothing items that infringed Earth Products' right in the EARTH mark for clothing. Except as stated herein, Earth Products denies the allegations in paragraph 29 of Plaintiffs' Complaint.

## ANSWER TO COUNT I
### (Trademark Infringement Under 15 U.S.C. § 1114 And Common Law)

30.    In response to the allegations in paragraph 30 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 29 of this Answer and incorporates them herein by reference.

31.    Earth Products denies that Meynard has any valid rights in the mark EARTH, or any rights to that mark that are prior to or superior to those owned by Earth Products. Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of Plaintiffs' Complaint.

32.    Earth Products denies the allegations in paragraph 32 of Plaintiffs' Complaint.

33.    Earth Products denies the allegations in paragraph 33 of Plaintiffs' Complaint.

34.    Earth Products denies the allegations in paragraph 34 of Plaintiffs' Complaint.

35.    Earth Products denies the allegations in paragraph 35 of Plaintiffs' Complaint.

36.    Earth Products denies the allegations in paragraph 36 of Plaintiffs' Complaint.

## ANSWER TO COUNT II
### (False Designation of Origin Under 15 U.S.C. § 1125(a))

37.    In response to the allegations in paragraph 37 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 36 of this Answer and incorporates them herein by reference.

38.    Earth Products denies the allegations in paragraph 38 of Plaintiffs' Complaint.

39.    Earth Products admits that at least some of its goods are offered and sold to a

similar class of consumers. Earth Products is without knowledge or information sufficient to fully form a belief as to the truth of the remaining allegations in paragraph 39 of Plaintiffs' Complaint.

40.    Because Meynard does not own any valid rights in the mark EARTH that are prior to or superior to the rights in the mark EARTH owned by Earth Products, Earth Products denies the allegations stated by paragraph 40 of Plaintiffs' Complaint. Earth Products also denies any remaining allegations in paragraph 40 of Plaintiffs' Complaint.

41.    Earth Products denies the allegations in paragraph 41 of Plaintiffs' Complaint.

42.    Earth Products denies the allegations in paragraph 42 of Plaintiffs' Complaint.

43.    Earth Products denies the allegations in paragraph 43 of Plaintiffs' Complaint.

## ANSWER TO COUNT III
### (Common Law Unfair Competition)

44.    In response to the allegations in paragraph 44 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 43 of this Answer and incorporates them herein by reference.

45.    Earth Products denies the allegations in paragraph 44 of Plaintiffs' Complaint.

46.    Earth Products denies the allegations in paragraph 46 of Plaintiffs' Complaint.

47.    Earth Products denies the allegations in paragraph 47 of Plaintiffs' Complaint.

## ANSWER TO COUNT IV
### (Unfair and Deceptive Trade Practices Under Mass. Gen. L. ch. 93A)

48.    In response to the allegations in paragraph 48 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 47 of this Answer and incorporates them herein by reference.

49.    Earth Products admits that it has been and currently is engaged in commerce in

Massachusetts. Earth Products does not have sufficient information to form a belief as to whether it was engaged in such commerce "at all relevant times," and on that basis denies that allegation. Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of Plaintiffs' Complaint, and on that basis denies them.

50.    Earth Products denies the allegations in paragraph 50 of Plaintiffs' Complaint.

51.    Earth Products denies the allegations in paragraph 51 of Plaintiffs' Complaint.

52.    Earth Products denies the allegations in paragraph 52 of Plaintiffs' Complaint.

## ANSWER TO COUNT V
### (Declaratory Judgment of Non-Infringement)

53.    In response to the allegations in paragraph 53 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 52 of this Answer and incorporates them herein by reference.

54.    Earth Products admits the allegations in paragraph 54 of Plaintiffs' Complaint.

55.    Earth Products admits the allegations in paragraph 55 of Plaintiffs' Complaint.

56.    Earth Products denies the allegations in paragraph 56 of Plaintiffs' Complaint.

57.    Earth Products denies the allegations in paragraph 57 of Plaintiffs' Complaint.

58.    Earth Products admits that Earth Visions currently sells clothing using the Earth Products' EARTH mark. Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 of Plaintiffs' Complaint.

59.    Earth Products admits that a controversy exists, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of Plaintiff's Complaint.

60.    Earth Products denies the allegations in paragraph 60 of Plaintiffs' Complaint.

## ANSWER TO COUNT VI
### (Declaratory Judgment of No False Designation of Origin)

61.     In response to the allegations in paragraph 61 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 60 of this Answer and incorporates them herein by reference.

62.     Earth Products admits the allegations in paragraph 62 of Plaintiffs' Complaint.

63.     Earth Products admits the allegations in paragraph 63 of Plaintiffs' Complaint.

64.     Earth Products denies the allegations in paragraph 64 of Plaintiffs' Complaint.

65.     Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of Plaintiffs' Complaint.

66.     Earth Products admits that a controversy exists, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of Plaintiffs' Complaint.

67.     Earth Products denies the allegations in paragraph 67 of Plaintiffs' Complaint.

## ANSWER TO COUNT VII
### (Declaration That R.C.W. § 19.86 *et seq*. Is Not Violated)

68.     In response to the allegations in paragraph 68 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 67 of this Answer and incorporates them herein by reference.

69.     Earth Products admits the allegations in paragraph 69 of Plaintiffs' Complaint.

70.     Earth Products admits the allegations in paragraph 70 of Plaintiffs' Complaint.

71.     Earth Products denies the allegations in paragraph 71 of Plaintiffs' Complaint.

72.     Earth Products admits that a controversy exists, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 72 of Plaintiff's Complaint

73.     Earth Products denies the allegations in paragraph 73 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.     Earth Products has superior rights in the mark EARTH for clothing.

### Second Affirmative Defense

2.     Meynard Designs and its alleged predecessors-in-interest abandoned the mark EARTH, including any rights to use that mark on footwear or clothing.

### Third Affirmative Defense

3.     Plaintiffs cannot rely upon any use of the mark EARTH SHOE to establish use of the mark EARTH.

### Fourth Affirmative Defense

4.     The alleged assignment of the EARTH mark to Meynard Designs and/or its alleged predecessor-in-interest was an assignment-in-gross.

### Fifth Affirmative Defense

5.     The mark EARTH used in connection with shoes is generic for negative heel shoes.

### Sixth Affirmative Defense

6.     False representations were intentionally made to the U.S. Patent and Trademark Office during the prosecution of U.S. Trademark Application Serial No. 74/551611 which issued (through division) as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, both of which have been asserted by Plaintiffs in this lawsuit.  In reliance upon these false representations, the U.S. Patent and Trademark Office took actions that

10

subsequently resulted in the issuance of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826. For these reasons, Meynard's U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 are invalid and of no effect.

### Seventh Affirmative Defense

7.      False representations were intentionally made to the U.S. Patent and Trademark Office during the prosecution of U.S. Trademark Application Serial No. 74/551611 which issued (through division) as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, both of which are asserted by Plaintiffs in this lawsuit. In reliance upon these false representations, the U.S. Patent and Trademark Office took actions that subsequently resulted in the issuance of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826. For these reasons, Meynard should be found to have unclean hands and thus be prohibited from enforcing U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

### Eighth Affirmative Defense

8.      False representations were intentionally made to the U.S. Patent and Trademark Office during the process of claiming incontestable status for U.S. Trademark Registration No. 1,371,439, which has been asserted by Plaintiffs in this lawsuit. In reliance upon these false representations, the U.S. Patent and Trademark Office accepted false documents intended to support incontestable status to U.S. Trademark Registration No. 1,371,439. For these reasons, Meynard's U.S. Trademark Registration No. 1,371,439 is invalid and of no effect.

### Ninth Affirmative Defense

9.      False representations were intentionally made to the U.S. Patent and Trademark

Office during the process to claim incontestable status for U.S. Trademark Registration No. 1,371,439, which has been asserted by Plaintiffs in this lawsuit. In reliance upon these false representations, the U.S. Patent and Trademark Office accepted false documents intended to support incontestable status to U.S. Trademark Registration No. 1,371,439. For these reasons, U.S. Trademark Registration No. 1,371,439 is not entitled to incontestable status and Meynard, through its predecessor-in-interest, should be deemed to have unclean hands and thus be prohibited from enforcing U.S. Trademark Registration No. 1,371,439.

## EARTH PRODUCTS INC.'S COUNTERCLAIMS

1.      As used herein, the term "clothing" includes socks and excludes shoes.

2.      As used herein, the term "footwear" includes shoes and excludes socks.

3.      Earth Products hereby asserts the following counterclaims ("Counterclaims") against Plaintiffs Meynard Designs, Inc. and Earth Visions Inc.:

## A.  Parties

4.      Counterclaim-plaintiff Earth Products Inc. ("Earth Products") is a California corporation with its principal place of business at 5830 El Camino Real, Carlsbad, CA 92008.

5.      On information and belief, Counterclaim-defendant Meynard Designs, Inc. ("Meynard Designs") is a Massachusetts corporation with its principal place of business at 135 Second Avenue, Waltham, MA 02451.

6.      On information and belief, Counterclaim-defendant Earth Visions Inc. ("Earth Visions") is a Massachusetts corporation with its principal place of business at 135 Second Avenue, Waltham, MA 02451.

7.      Meynard Designs and Earth Visions are referred to collectively herein as "Meynard" or "Counterclaim-defendants."

## B.  Jurisdiction and Venue

8.      This is an action arising out of the Trademark Act of 1946, 15 U.S.C. §§ 1051,

*et seq.*, the laws of the States of Massachusetts, California and Washington, and the common

law.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C.

§ 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1332 (diversity jurisdiction),

28 U.S.C. § 1338 (acts of Congress relating to trademarks and unfair competition), and 28 U.S.C.

§ 1367 (supplemental jurisdiction of related state law claims).  The amount in controversy

exceeds the sum or value of $75,000.00.

9.      Venue is permitted in this jurisdiction under 28 U.S.C. § 1391.

10.      This Court has personal jurisdiction over each of the Counterclaim-defendants

because they are found and regularly conduct business in the District of Massachusetts and

because Meynard Designs and Earth Visions have availed themselves of this Court by bringing

this action.

## C.  Facts In Support Of Counterclaims

### *Earth Products' Rights in the EARTH Trademark*

11.      Counterclaim-plaintiff Earth Products has directly and through its predecessor-in-

interest adopted and used the mark EARTH in association with the sale of clothing since at least

as early as 1990 and currently owns the valid and exclusive right to use the mark in association

with the sale of clothing throughout the United States.

12.      The adoption and use of the mark EARTH for clothing by Earth Products in 1990

was in good faith and was the first use of the mark EARTH in association with the sale of

clothing.

13.      Earth Products has at all times since adoption exercised exclusive control of the

13

EARTH mark as used in association with clothing.  Earth Products has used the mark EARTH in

association with the promotion, advertisement and sale of clothing throughout the United States

in, among other things, advertising, print media, display at trade shows, point of sale materials,

and promotional events.

14.    Earth Products filed an application to register the mark EARTH and Design on

April 26, 2002.  This application was assigned Serial No. 76/401,085.  Application Serial

No. 76/401,085 was refused registration on the ground that the mark was confusingly similar to

the marks shown by Registration No. 1,371,439, Registration No. 2,249,826, and Registration

No. 2,199,118, all of which are at issue in this litigation.

***Background of "Earth" Shoes***

15.    On information and belief, Meynard purports to be a successor-in-interest to the

rights of the owner of the mark EARTH used in association with the promotion of shoes that

were developed by a Yoga teacher from Copenhagen, Denmark named Anne Kalso.  Ms. Kalso

invented a shoe sole design having a heel portion lower than the toe portion (hereinafter,

"negative heel shoes").  For this shoe sole design, Ms. Kalso (under the name Kalsoy) was issued

U.S. Patent No. 3,305,947 entitled "Footwear with Heavy Sole Parts" on February 28, 1967.

16.    On information and belief, Ms. Kalso's negative heel shoes were introduced

under the mark EARTH in 1970.  Print advertisements for EARTH shoes highlighted the

negative heel construction of the shoes and Ms. Kalso's U.S. Patent No. 3,305,947.

17.    On information and belief, various third parties sold negative heel shoes,

generally referred to as "earth" shoes, in the 1970's.  On information and belief, at least one of

those third parties, Roots, still makes and sells earth shoes, i.e., shoes with negative heel

construction.  Use of the term "earth" in connection with shoes became and is generic for a shoe

with negative heel construction.

18.    On information and belief, Kalso Systemet, Inc., the business entity established to distribute EARTH shoes in the United States, encountered business difficulties and declared bankruptcy around 1977.  Thereafter, EARTH shoes were not available for intermittent periods of time, some of which exceeded three years and during which there was no specific intention to resume use of the mark EARTH for any products.

### *Prosecution of U.S. Trademark Registrations Nos. 2,199,118 and 2,249,826*

19.    Mondial Trading Co., Ltd. ("Mondial Trading"), a Cayman Islands corporation, filed an Intent to Use application to register the mark EARTH for "clothing, namely, socks, t-shirts, jeans, pants, caps, belts, shirts, hats, sweatshirts, sweaters, jackets and coats" with the U.S. Patent and Trademark Office on July 20, 1994.  This application was assigned serial No. 74/551611.

20.    U.S. Trademark Application Serial No. 74/551611 was filed and prosecuted by Wolf, Greenfield, & Sacks, P.C., the same law firm which represents Meynard in the present lawsuit.

21.    On January 21, 1997, Mondial Trading filed a second "Request for Extension of Time under 37 C.F.R. §2.89 to File a Statement of Use, with Declaration", executed by Michel Meynard in his capacity as CEO.  On information and belief, Michel Meynard is CEO of Plaintiff Meynard Designs and is also CEO of Plaintiff Earth Visions.

22.    On July 22, 1997, a third Request for Extension of Time with Declaration was filed for U.S. Trademark Application Serial No. 74/551611.  Again, the Request with Declaration was executed by Michel Meynard as CEO.  However, instead of applicant Mondial Trading, this Request with Declaration was filed by Michel Meynard, Inc.  Michel Meynard, Inc.

is the former name of Plaintiff/Counterclaim-defendant Meynard Designs.

23.    On August 27, 1997, the Applications Examiner sent counsel a letter noting that the third Request for Extension of Time with Declaration was not filed by the applicant of record. The Applications Examiner informed counsel that "[t]he request must be filed by the entity that owns the mark at the time the request is filed." Accordingly, on September 24, 1997, counsel submitted an Assignment of U.S. Trademark Application Serial No. 74/551611 from Mondial Trading to Michel Meynard, Inc., effective June 25, 1997. In reliance upon the submission of this Assignment by Michel Meynard, Inc., the U.S. Patent and Trademark Office accepted the third Request for Extension of Time.

24.    On information and belief, despite Mondial Trading's purported Assignment of U.S. Trademark Application Serial No. 74/551611 to Michel Meynard, Inc., effective June 25, 1997, Mondial Trading proceeded to improperly file documents with the U.S. Patent and Trademark Office in connection with the prosecution of this application. On January 23, 1998, a fourth Request for Extension of Time under 37 C.F.R. §2.89 to File a Statement of Use, with Declaration was filed for U.S. Trademark Application Serial No. 74/551611, along with a Request to Divide Application and a Statement of Use under 37 C.F.R. §2.88, with Declaration for socks, t-shirts, caps, hats and sweatshirts. These documents were submitted by Mondial Trading and executed by Kareen Watler, Director of Mondial Trading, who also executed the Assignment of U.S. Trademark Application Serial No. 74/551611 from Mondial Trading to Michel Meynard, Inc. (now Meynard Designs, Inc.) submitted to the U.S. Patent and Trademark Office just four months earlier.

25.    The Statement of Use filed by Mondial Trading for socks, t-shirts, caps, hats and sweatshirts set forth a first use date of February 1, 1995 and a first use in commerce date of

February 1, 1995. The Statement of Use was filed with specimens displaying the term EARTH SHOE.

26.     On March 30, 1998, the Trademark Attorney issued an Office Action stating that the specimens displaying EARTH SHOE did not conform to the drawing which displayed the mark as EARTH. The Trademark Attorney noted that to change the EARTH drawing to EARTH SHOE would be a material alteration of the mark. Accordingly, the Trademark Attorney required the submission of substitute specimens.

27.     On July 27, 1998, Mondial Trading submitted a new Statement of Use under 37 C.F.R. §2.88, with Declaration executed by Director Kareen Watler for socks, t-shirts, caps, hats and sweatshirts. This Statement of Use set forth a first use date of "prior to" January 1, 1998 and a first use in commerce date of "prior to" January 1, 1998. The Statement of Use was filed with substitute specimens displaying the term EARTH and not the term EARTH SHOE.

28.     On July 27, 1998, Mondial Trading submitted a Request for Fifth Extension of Time under 37 C.F.R. §2.89 to File a Statement of Use, with Declaration executed by Director Kareen Watler, for jeans, pants, belts, shirts, sweaters, jackets "and/or" coats.

29.     The U.S. Patent and Trademark Office granted the Request to Divide Application filed by Mondial Trading. Parent application Serial No. 74/551611 included jeans, pants, belts, shirts, sweaters, jackets and coats, and child application Serial No. 75/977076 included socks, t-shirts, caps, hats and sweatshirts.

30.     The Examining Attorney accepted the new Statement of Use and substitute specimens for child application Serial No. 75/977076. On October 20, 1998, the U.S. Patent and Trademark Office issued U.S. Registration No. 2,199,118 for the mark EARTH for socks, t-shirts, caps, hats and sweatshirts. The registration identified a first use date and first use in

commerce date of February 1, 1995, which was the date Mondial Trading identified for its

rejected specimens for EARTH SHOE. On information and belief, neither Mondial Trading nor

Meynard Designs contacted the U.S. Patent and Trademark Office to correct this error.

31.    On January 22, 1999, Mondial Trading submitted a Statement of Use under 37

C.F.R. §2.88, with Declaration executed by Director Kareen Watler for jeans, pants, belts, shirts,

sweaters, jackets and coats in Application Serial No. 74/551611. The Statement of Use set forth

a first use date of December 1998 and a first use in commerce date of January 4, 1999.

32.    On June 1, 1999, the U.S. Patent and Trademark Office issued U.S. Trademark

Registration No. 2,249,826 for the mark EARTH for jeans, pants, belts, shirts, sweaters, jackets

and coats.

33.    In March 2000, an Assignment of U.S. Trademark Registration No. 2,199,118 and

U.S. Trademark Registration No. 2,249,826 from Mondial Trading to Meynard Designs was

filed with the U.S. Patent and Trademark Office.

34.    On information and belief, during prosecution of U.S. Trademark Application

Serial No. 74/551611, Meynard Designs and Mondial Trading knew that false representations as

to the ownership of the mark EARTH had been made to the U.S. Patent and Trademark Office.

Meynard Designs and Mondial Trading made these false representations with the intent to induce

the U.S. Patent and Trademark Office to accept the Request for Extension of Time to File a

Statement of Use and eventually issue U.S. Trademark Registration No. 2,199,118 and U.S.

Trademark Registration No. 2,249,826. On information and belief, these false representations

induced the U.S. Patent and Trademark Office to take actions it would not otherwise have taken

and damaged Earth Products by, among other things, causing the U.S. Patent and Trademark

Office to reject an application filed by Earth Products based upon the false representations as to

the ownership of the mark EARTH made by Meynard Designs and/or Mondial Trading.

35.    On information and belief, during prosecution of U.S. Trademark Application Serial Nos. 74/551611 and 75/977076, Meynard Designs and Mondial Trading knew that false representations as to the use of the mark EARTH had been made to the U.S. Patent and Trademark Office.  Meynard Designs and Mondial Trading made these false representations with the intent to induce the U.S. Patent and Trademark Office to accept earlier dates of use based on a mark that the U.S. Patent and Trademark Office considered to be materially different.  On information and belief, these false representations induced the U.S. Patent and Trademark Office to take actions it would not otherwise have taken, such as causing the U.S. Patent and Trademark Office to record incorrect first dates of use for U.S. Trademark Registration No. 2,199,118.

36.    On October 15, 2003, Earth Products initiated Cancellation Action 92042587 and Cancellation Action 92042597 before the U.S. Patent and Trademark Office Trademark Trial and Appeal Board by filing Petitions seeking cancellation of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, respectively.

***Post-Registration Activity for U.S. Trademark Registration No. 1,371,439***

37.    U.S. Trademark Registration No. 1,371,439 for the mark EARTH for footwear issued to Tonus, Inc., the apparent assignee of Anne Kalso, on November 19, 1985.

38.    On information and belief, Tonus, Inc. purported to assign U.S. Trademark Registration No. 1,371,439 to Mondial Trading in March 1994.

39.    On May 11, 1999, Mondial Trading submitted a Declaration under Section 15 for U.S. Trademark Registration No. 1,371,439 for the mark EARTH for footwear.  The Section 15 Declaration was executed by Kareen Walter (identified as Kareen Watler in other Mondial Trading filings), Director of Mondial Trading, on January 28, 1999.  On information and belief, a

specimen for the mark EARTH SHOE, which is materially different from the mark EARTH, accompanied the Section 15 Declaration.

40.     On information and belief, Mondial Trading was not using the mark EARTH in interstate commerce in connection with footwear on January 28, 1999, the date on which Director Walter executed the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439.

41.     On information and belief, Mondial Trading was not using the mark EARTH in interstate commerce in connection with footwear on May 11, 1999, the date on which Mondial Trading submitted the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439 to the U.S. Patent and Trademark Office.

42.     On information and belief, the mark EARTH had not been in continuous use in interstate commerce in connection with footwear for at least five consecutive years prior to January 28, 1999, the date on which Director Walter executed the Section 15 Declaration.

43.     On information and belief, the mark EARTH had not been in continuous use in interstate commerce in connection with footwear for at least five consecutive years prior to May 11, 1999, the date on which Mondial Trading submitted the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439 to the U.S. Patent and Trademark Office.

44.     On information and belief, the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439 included material false statements.  There is no valid basis for a claim of incontestable status for U.S. Trademark Registration No. 1,371,439.

45.     On information and belief, Mondial Trading purported to assign U.S. Trademark Registration No. 1,371,439 to Meynard Designs in March 2000.

*Meynard's EARTH and EARTH SHOE Brands*

46.     On information and belief, Meynard Designs introduced its EARTH shoes to the marketplace no earlier than 2001.  Meynard's EARTH shoes feature negative heel construction. A New York Times article dated November 17, 2002, quotes Michel Meynard of Meynard Designs, Inc. as saying, "The brand [EARTH] had been out of the marketplace for 15 years, totally abandoned, so we got it for very little."

47.     On information and belief, shoes sold under the mark EARTH SHOE are designed and produced by, or on behalf of, Meynard Designs.  Meynard Designs' EARTH SHOE brand shoes entered the market no earlier than 1995 and sold exclusively at Wal-Mart stores.  EARTH SHOE brand shoes do not have negative heel construction.

48.     The message board on Meynard's Web site, located at the Uniform Resource Locator www.earth.us, includes inquiries from consumers confused between EARTH brand shoes and EARTH SHOE brand shoes.  In response to these inquiries, Meynard represents that EARTH and EARTH SHOE are different brands, and further that EARTH shoes are a high-grade product featuring negative heel technology as compared to low cost EARTH SHOE brand shoes which do not.

49.     Meynard cannot rely upon any use of the mark EARTH SHOE for shoes or clothing to establish use of the mark EARTH for shoes or clothing.

*Unlawful Activities of Meynard Designs and Earth Visions*

50.     On information and belief, Meynard Designs and Earth Visions commenced the use of the mark EARTH in association with the sale and promotion of clothing after Earth Products' first use in commerce of the mark EARTH in association with the sale and promotion of clothing.

21

51.    Because Earth Products owns the exclusive right to use the mark EARTH in association with the sale of clothing, Earth Products is entitled to cancellation of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

52.    The use of the mark EARTH by Counterclaim-defendants in association with the sale of clothing is likely to cause confusion among customers as to the source of the clothing or may cause customers to believe that Counterclaim-defendants' clothing sold or promoted in association with the mark EARTH is associated with, endorsed by or sponsored by Earth Products.  For these reasons, the use of the mark EARTH by Counterclaim-defendants in association with the sale of clothing infringes valuable rights owned by Earth Products and causes injury and damage to Earth Products.

53.    Counterclaim-defendants' use of the mark EARTH in association with the labeling, packaging, advertising, and marketing of clothing has caused, and is likely to continue to cause, confusion, mistake or customer deception as to the source of said clothing.  Further, Counterclaim-defendants' use of the mark EARTH gives the mistaken impression that Counterclaim-defendants' products are endorsed by Earth Products, or that Counterclaim-defendants' products are sponsored by, affiliated with, or in some way connected with Earth Products.

54.    Counterclaim-defendants are acting without license or consent of Earth Products and have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Earth Products, and serious and irreparable injury to the goodwill associated with the mark EARTH for clothing.  Earth Products' remedies at law are not adequate to compensate for the injury caused by Counterclaim-defendants' actions because Earth Products is entitled to be in exclusive control of the mark EARTH as used in association with clothing in

order to prevent the likelihood that customers may be confused, mistaken, or deceived into believing that the clothing sold by Counterclaim-defendants originate with Earth Products or are endorsed by, sponsored by, affiliated with, or in some way connected to Earth Products.

55.    Earth Products advised Meynard of its prior rights in the mark EARTH as used in association with clothing. Despite Earth Products' provision of express notice to Meynard of Earth Products' exclusive rights in the mark EARTH for clothing, Meynard initiated use of the mark and continues to manufacture, promote, and sell clothing in association with the mark EARTH in violation of Earth Products' exclusive rights thereto. Accordingly, Meynard's continued acts of infringement are willful, and Earth Products is therefore entitled to recover all profits derived from Counterclaim-defendants' acts of infringement, dilution, and false designation of origin, including treble damages, together with all attorneys' fees and costs incurred by Earth Products.

56.    Because Meynard Designs and/or Mondial Trading falsely or fraudulently sought to obtain registration of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit, Earth Products is entitled to cancellation of U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826.

57.    Earth Products has been damaged by Meynard's falsely or fraudulently obtained U.S. Trademark Registration No. 2,249,826 and U.S. Trademark Registration No. 2,199,118. Earth Products is unlikely to be able to secure U.S. trademark registration for EARTH for clothing as long as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 are allowed to continue to subsist.

## COUNTERCLAIM I
## COMMON LAW TRADEMARK INFRINGEMENT

58.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-57 above.

59.     By their acts as described herein, Counterclaim-defendants have intentionally deceived, and continue to deceive, consumers by using the mark EARTH on clothing and misrepresenting that its EARTH clothing is associated with or endorsed by Earth Products.

60.     Counterclaim-defendants' activities constitute trademark infringement in violation of the common law of the Commonwealth of Massachusetts, the States of Washington and California and the several states.

61.     On information and belief, Counterclaim-defendants' conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## COUNTERCLAIM II
## FALSE DESIGNATION OF ORIGIN

62.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-61 above.

63.     Counterclaim-defendants have used the EARTH mark in a manner that falsely identifies and misrepresents the source of goods in a manner likely to cause confusion as to the source of those goods.

64.     Counterclaim-defendants' actions constitute false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     On information and belief, Counterclaim-defendants' conduct alleged herein has been willful and designed to cause confusion or mistake.

## COUNTERCLAIM III
## VIOLATION OF MASSACHUSETTS LAW

66.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-65 above.

67.     Counterclaim-defendants' activities described herein constitute unfair competition and false and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

68.     On information and belief, Counterclaim-defendants' conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## COUNTERCLAIM IV
## CANCELLATION OF FALSE OR FRAUDULENT REGISTRATIONS

69.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-68 above.

70.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court has the authority to order the Director of the United States Patent and Trademark Office to cancel trademark registrations.

71.     Upon information and belief, Meynard Designs and its predecessor-in-interest, Mondial Trading, falsely or fraudulently sought to obtain issuance of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit.

72.     Earth Products has been and continues to be damaged by continued registration of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, which are allegedly owned by Meynard Designs and asserted in this lawsuit.

73.    Earth Products is entitled to cancellation of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 in accordance with Section 14(3) of the Lanham Act, 15 U.S.C. § 1064.

## COUNTERCLAIM V
## DAMAGES FOR FALSE OR FRAUDULENT REGISTRATION

74.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-73 above.

75.    Upon information and belief, Meynard Designs and its purported predecessor-in-interest, Mondial Trading, falsely or fraudulently sought to obtain issuance of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit.

76.    Earth Products has been and continues to be damaged by U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826, which are allegedly owned by Meynard Designs and asserted in this lawsuit.

77.    Earth Products is entitled to damages in accordance with Section 38 of the Lanham Act, 15 U.S.C. § 1120.

## COUNTERCLAIM VI
## DECLARATORY JUDGMENT OF TRADEMARK ABANDONMENT
## AND EARTH PRODUCTS' SUPERIOR TRADEMARK RIGHTS

78.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-77 above.

79.    The absence of EARTH goods from the marketplace for intermittent periods of time, some of which exceeded three years and during which there was no specific intention to resume use of the mark EARTH for any products, constitutes abandonment of the mark by Meynard Designs and/or its alleged predecessors-in-interest.

26

80.     Earth Products first used the mark EARTH in commerce in association with the sale of clothing was at least as early as 1990.  Counterclaim-defendants cannot establish a first use date for the mark EARTH for clothing prior to Earth Products' first use.  Accordingly, this Court should declare that Earth Products has superior rights to the use of the mark EARTH in connection with clothing and should therefore order cancellation of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

## EARTH PRODUCTS INC.'S
## COUNTERCLAIMS AND THIRD PARTY COMPLAINT AGAINST PLANET, INC.

### Parties

1.     Counterclaim-plaintiff Earth Products Inc. ("Earth Products") is a California corporation with its principal place of business at 5830 El Camino Real, Carlsbad, CA 92008.

2.     On information and belief, additional Counterclaim-defendant Planet, Inc. is a Massachusetts corporation with its principal place of business at 135 Second Avenue, Waltham, MA 02451.

3.     Counterclaim-defendants Meynard Designs and Earth Visions were described above.

### Jurisdiction and Venue

4.     This is an action arising out of the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, the laws of the States of Massachusetts, California and Washington, and the common law.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1338 (acts of Congress relating to trademarks and unfair competition), and 28 U.S.C. § 1367 (supplemental jurisdiction of related state law claims).  The amount in controversy exceeds the sum or value of $75,000.00.

5.      Venue is permitted in this jurisdiction under 28 U.S.C. § 1391.

6.      This Court has personal jurisdiction over Planet, Inc. because Planet, Inc. is a Massachusetts corporation headquartered and doing business in Massachusetts.

7.      This Court has personal jurisdiction over each of the other Counterclaim-defendants for the reasons recited above and because they have availed themselves of this Court by bringing this action.

### Facts In Support Of Planet, Inc. Counterclaims

8.      On information and belief, Michel Meynard is Chief Executive Officer of Planet, Inc. and Philippe Meynard is President of Planet, Inc.  Michel Meynard is also Chief Executive Officer of Meynard Designs, Inc. and Earth Visions Inc.  Philippe Meynard is also President of Meynard Designs, Inc. and Earth Visions Inc.

9.      On information and belief, Planet, Inc. shares the same business address as Meynard Designs, Inc. and Earth Visions Inc.

10.     On information and belief, Michel Meynard and Philippe Meynard control the design, manufacture, wholesale and retail sale of EARTH shoes and clothing through a network of businesses:  Meynard Designs, Earth Visions, and Planet, Inc.  Meynard Designs, Inc. designs and arranges for the manufacture of EARTH clothing and shoes.  Earth Visions Inc. sells EARTH clothing and shoes to retailers.  Planet, Inc. sells EARTH clothing and shoes directly to consumers through its Web site located at Uniform Resource Locator www.planetshoes.com. (the "Planet Web site").  Planet, Inc. was formerly known as Planet Shoes, Inc.

11.     On information and belief, from at least some time in 2001 until some time in September 2005, the Planet Web site stated, "Planet Shoes is a division of Meynard Designs, inc. (sic); a family-owned business dedicated to making shoes for retailers across the country for over

30 years. The Internet has created a gateway for us to provide these same shoes directly to the public."

12.     On information and belief, Planet, Inc. commenced the use of the mark EARTH in association with the sale and promotion of clothing after Earth Products' first use in commerce of the mark EARTH in association with the sale and promotion of clothing.

13.     On information and belief, Planet, Inc. purports to have rights to use the EARTH mark derived from the other Counterclaim-defendants.

14.     On information and belief, Planet, Inc. in using the EARTH mark acts at the direction of and/or with the authorization or ratification of the other Counterclaim-defendants.

15.     On information and belief, Planet, Inc. and each of the other Counterclaim-defendants act in concert and/or as a single legal entity in using the EARTH mark.

16.     On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

17.     In the absence of Planet, Inc. as a party to this lawsuit, Earth Products will not be able to obtain complete relief.

### PLANET, INC. COUNTERCLAIM I
### COMMON LAW TRADEMARK INFRINGEMENT

18.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-17 above.

19.     By its acts as described herein, Planet, Inc. has intentionally deceived, and continues to deceive, consumers by using the mark EARTH on clothing and misrepresenting that its EARTH clothing is associated with or endorsed by Earth Products.

20.     Planet, Inc.'s activities constitute trademark infringement in violation of the

common law of the Commonwealth of Massachusetts, the States of Washington and California and the several other states in which Planet, Inc. does business.

21.    On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## PLANET, INC. COUNTERCLAIM II
## FALSE DESIGNATION OF ORIGIN

22.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-21 above.

23.    Planet, Inc. has used the EARTH mark in a manner that falsely identifies and misrepresents the source of goods in a manner likely to cause confusion as to the source of those goods.

24.    Planet, Inc.'s actions constitute false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.    On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion or mistake.

## PLANET, INC. COUNTERCLAIM III
## VIOLATION OF MASSACHUSETTS LAW

26.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-25 above.

27.    Planet, Inc.'s activities described herein constitute unfair competition and false and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

28.    On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## PLANET, INC. COUNTERCLAIM IV
## VIOLATION OF CALIFORNIA LAW

29.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-28 above.

30.     Planet, Inc.'s and the other Counterclaim-defendants' use of the EARTH mark harms Earth Products in California.

31.     Planet, Inc. and the other Counterclaim-defendants are causing confusion and deception to injure Earth Products and consumers in California to the detriment of fair competition within California.

32.     Planet, Inc. and the other Counterclaim-defendants are liable for unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*

33.     Planet, Inc. and the other Counterclaim-defendants should be enjoined from further unfair competition and Earth Products should recover its attorneys' fees and costs incurred herein.

## RESERVATION OF RIGHTS TO AMEND
## AND REFERENCE TO TRANSFERRED CLAIMS

Nothing herein shall be deemed to waive or impair, and Earth Products expressly reserves, all rights to assert at any time additional claims, affirmative defenses, counterclaims, cross-claims and requests for relief, whether based on law or evidence, in this case. Earth Products also notes that all of the claims asserted in Civil Action No. 05-1326Z have been transferred to this Court by Order of the U.S. District Court for the Western District of Washington at Seattle entered July 31, 2006 and therefore said claims remain pending and are now ripe for adjudication by this Court. Earth Products expects that related action to be consolidated with this one by the Court.

## **DAMAGE AND IRREPARABLE HARM TO EARTH PRODUCTS INC.**

By reason of Counterclaim-defendants' acts alleged herein, Earth Products is suffering and will continue to suffer irreparable damage.

Earth Products' remedy at law is not adequate to compensate it for the injuries caused and threatened by Counterclaim-defendants' current and intended use of the EARTH mark.

## **PRAYER FOR RELIEF**

WHEREFORE, Earth Products Inc. prays that the Court declare and a judgment be entered that:

        A.     Plaintiffs' claims for affirmative relief are dismissed with prejudice.

        B.     Earth Products has superior and exclusive rights for the mark EARTH for clothing. Meynard Designs, Earth Visions and Planet, Inc. have infringed Earth Products' rights in the mark EARTH and further have committed false designation of origin and unfair competition in violation of common law and statutory law of Massachusetts, including Mass. Gen. L. ch. 93A, and the laws of the States of Washington and California.

        C.     Meynard Designs', Earth Visions' and Planet, Inc.'s trademark infringement, false designation of origin, and unfair competition have been willful.

        D.     Meynard Designs, Earth Visions and Planet, Inc., their agents, servants, employees, and attorneys, and all other persons, firms and corporations acting in concert or in participation with Meynard Designs, Earth Visions and Planet, Inc., are permanently enjoined from using or registering the EARTH mark, or any mark confusingly similar thereto, in association with clothing.

        E.     Meynard's asserted trademark registrations were falsely or fraudulently obtained and/or incontestable status was falsely or fraudulently claimed.

        F.     An Order be issued to the Director of the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826.

G.     Meynard Designs, Earth Visions and Planet Inc. cannot rely upon any use of the mark EARTH SHOE to establish use of the mark EARTH.

H.     Meynard Designs, Earth Visions and Planet Inc. have no valid right to the mark EARTH for clothing.

I.     Earth Products does not infringe any trademark rights of Meynard Designs or Earth Visions.

J.     Earth Products does not violate 15 U.S.C. § 1125(a) by its use of the mark EARTH on clothing.

K.     Earth Products' use of the mark EARTH on clothing does not constitute unfair competition.

L.     Earth Products' use of the mark EARTH on clothing does not constitute unfair and deceptive trade practices under Mass. Gen. L. ch. 93A.

M.     Plaintiffs/Counterclaim-defendants shall pay compensatory and exceptional damages to Earth Products pursuant to 15 U.S.C. § 1117, Mass. Gen. L. ch. 93A and all other applicable laws, plus reasonable attorney's fees and costs incurred in this matter.

N.     Plaintiffs/Counterclaim-defendants shall be enjoined from further unfair competition and pay to Earth Products its full attorney's fees and costs associated with this dispute.

O.     Such other and further relief as the Court may deem just and appropriate.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Earth Products Inc. demands a jury trial on all issues triable to a jury.

Dated:  August 14, 2006

| | |
|---|---|
| By: /s/ Steven M. Bauer<br><br>**Steven M. Bauer, Esq. BBO# 542531**<br>sbauer@proskauer.com<br>**Kimberly A. Mottley, Esq. BBO# 651190**<br>kmottley@proskauer.com<br>**PROSKAUER ROSE LLP**<br>One International Place<br>Boston, MA 02110<br>(617) 526-9600<br><br>*Attorneys for Earth Products Inc.* | *Of counsel:*<br>**J. Christopher Carraway**<br>chris.carraway@klarquist.com<br>**Cindy L. Caditz**<br>cindy.caditz@klarquist.com<br>**Scott E. Davis**<br>scott.davis@klarquist.com<br>**KLARQUIST SPARKMAN, LLP**<br>121 S.W. Salmon Street, Suite 1600<br>Portland, Oregon  97204<br>Phone:  503-595-5300<br>Fax:  503-595-5301 |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 14, 2006, a true copy of the foregoing

**EARTH PRODUCTS INC.'S ANSWER, AFFIRMATIVE DEFENSES AND**

**COUNTERCLAIMS,** was served via e-mail (in addition to the Court's ECF service) to:

> Michael Albert
> David Wolf
> Laura Topper
> WOLF, GREENFIELD & SACKS, P.C.
> 600 Atlantic Avenue
> Boston, Massachusetts 02210
>
> *Attorneys for Plaintiffs, Meynard Designs, Inc.*
> *And Earth Visions Inc.*

By: /s/ Steven M. Bauer _____