IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC., <br><br> Plaintiffs, <br><br> v. <br><br> EARTH PRODUCTS INC., <br><br> Defendant. | CIVIL ACTION NO. 05 CV 11781 NMG |
| EARTH PRODUCTS INC. <br><br> Counterclaim-Plaintiff and Third Party Complaint Plaintiff, <br><br> v. <br><br> MEYNARD DESIGNS, INC., AND EARTH VISIONS INC., <br><br> Counterclaim-Defendants, <br> PLANET, <br> INC. <br><br> Third-Party Defendant. | |

**REPLY AND AFFIRMATIVE DEFENSES OF
MEYNARD DESIGNS, INC., AND EARTH, INC.
TO EARTH PRODUCTS INC.'S COUNTERCLAIMS,
AND ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS OF PLANET, INC., TO
EARTH PRODUCTS INC.'S THIRD PARTY COMPLAINT**

Counterclaim-Defendants Meynard Designs, Inc. ("Meynard Designs"), Earth, Inc.

(formerly Earth Visions Inc.) and Planet, Inc. (collectively, "Meynard" or "Plaintiffs"), reply to

the counterclaims and answer the third party complaint filed by Defendant Earth Products Inc.

("Earth Products"), in correspondingly numbered paragraphs as follows:

## COUNTERCLAIMS AGAINST MEYNARD DESIGNS AND EARTH, INC.

1.      Paragraph 1 does not appear to require a response, but to the extent that it proposes a general definition of the term "clothing," it is denied.

2.      Paragraph 2 does not appear to require a response, but to the extent that it proposes a general definition of the term "footwear," it is denied.

3.      Paragraph 3 does not appear to require a response, but to the extent it does, it is denied.

### A. Parties

4.      Are without knowledge or information sufficient to form a belief, and therefore deny.

5.      Admit.

6.      Deny insofar as Earth Visions Inc. has changed its name to Earth, Inc., but otherwise admit.

7.      Does not require a response.

### B. Jurisdiction and Venue

8.      Admit, except deny that the various federal, state, and common law claims asserted by Earth Products are meritorious.

9.      Admit.

10.     Admit.

## C. Facts in Support of Counterclaims

11.     Are without knowledge or information sufficient to form a belief as to when Earth

Products adopted and used the mark EARTH in association with the sale of non-footwear

clothing, and therefore deny.  Deny that Earth Products currently owns the valid and exclusive

right to use the mark with the sale of non-footwear clothing throughout the United States, and

otherwise deny.

12.     Deny.

13.     Deny the first sentence of paragraph 13.  Plaintiffs are without knowledge or

information sufficient to form a belief as to the second sentence of this paragraph, and therefore

deny.

14.     Admit, except that Plaintiffs are without knowledge or information sufficient to

form a belief as to the meaning of trademark registrations being "at issue" in this litigation, and

therefore deny.

15.     Admit that Meynard Designs is, and therefore claims to be, a successor-in-interest

to Anne Kalso, and otherwise admit.

16.     Admit that shoes were sold under the mark EARTH since 1970, but deny the

characterization of advertisements of those shoes, as those advertisements speak for themselves.

17.     Are without knowledge or information sufficient to form a belief as to the first

sentence of paragraph 17, and therefore deny.  Meynard is without knowledge or information

sufficient to form a belief as to the truth or falsity of the second sentence, and therefore denies,

and, to the extent that the mark EARTH is used by Roots, it is an infringement of Meynard

Designs' rights.  Meynard denies the third sentence of paragraph 17.

18.     Admit the first sentence of paragraph 18, but deny the second sentence.

19.    Admit.

20.    Admit.

21.    Deny insofar as Earth Visions Inc. has changed its name to Earth, Inc., but otherwise admit.

22.    Admit.

23.    Deny, except admit that the Applications Examiner sent counsel a letter noting that the third Request for Extension of Time was not filed by the applicant of record, admit that an assignment from Mondial Trading Co., Ltd. ("Mondial Trading") to Michael Meynard, Inc. of rights in U.S. Trademark Application Serial No. 74/551611, effective June 25, 1997, was submitted to the U.S. Patent and Trademark Office, and admit that the Office accepted the third Request for Extension of Time.

24.    Deny, except admit that Mondial Trading Co., Ltd. ("Mondial Trading") filed documents with the U.S. Patent and Trademark Office, including a fourth Request for Extension of Time under C.F.R. § 2.89 to File a Statement of Use, as well as a supporting declaration and a Request to Divide, admit that these documents were executed by Kareen Watler, and admit that she executed the assignment to Meynard Designs.

25.    Admit.

26.    Deny, except admit that the Trademark Attorney's Office Action was in relation U.S. Trademark Application Serial No. 75/977076, admit that the Trademark Attorney issued an Office Action on March 30, 1998, rejecting specimens submitted with a Statement of Use, and admit that the Trademark Attorney required the submission of substitute specimens.

27.    Admit.

28.    Admit.

29.    Admit.

30.    Deny, except admit that on October 20, 1998, the U.S. Patent and Trademark Office issued Registration number 2,199,118, admit that the registration identified a first use date and first use in commerce date of February 1, 1995, and admit that Meynard Designs did not communicate with the U.S. Patent and Trademark Office about these dates.  Plaintiffs are without knowledge or information sufficient to form a belief as to any communications Mondial Trading may have had with the U.S. Patent and Trademark Office about these dates, and therefore deny that portion of paragraph 30.

31.    Admit.

32.    Admit.

33.    Deny, in that assignment was from Mondial Trading to Michel Meynard, Inc., which later changed its name to Meynard Designs, but otherwise admit.

34.    Deny.

35.    Deny.

36.    Admit.

37.    Admit that Tonus, Inc. was the assignee of Anne Kalso and that U.S. Trademark Registration No. 1,371,439 issued to it.

38.    Admit that Tonus, Inc. assigned U.S. Trademark Registration No. 1,371,439 to Mondial Trading in March 1994.

39.    Admit the first sentence of paragraph 39.  Plaintiffs deny the second sentence, except admit that the Section 15 Declaration was signed by Kareen Walter on January 28, 1999.  Plaintiffs deny the third sentence, except admit that the specimen submitted with the Section 15 Declaration contained the words "Earth Shoe."

40.    Deny.

41.    Deny.

42.    Deny.

43.    Deny.

44.    Deny.

45.    Deny, except admit that Mondial Trading assigned U.S. Trademark Registration No. 1,371,439 to Michel Meynard, Inc. in March 2000, which later changed its name to Meynard Designs.

46.    Deny the first sentence of paragraph 46, except admit only that Meynard Designs and its predecessors used the EARTH mark continuously since the 1970s, and that admit that it introduced a high-end brand of shoes under its existing EARTH® trademark line in 2001. Meynard denies the second sentence of paragraph 46, as only some EARTH shoes feature negative heel construction.  Meynard admits that the quotation in the last sentence of paragraph 46 appears in the newspaper article as described, but denies the truth of the quotation.

47.    Deny, except admit only that Meynard Designs assists in the design of some EARTH shoes.

48.    Deny, except admit that Earth, Inc. operates a web site at http://www.earth.us, admit that the message board contains inquiries from consumers, and admit that representatives of Earth, Inc. have responded to some of those inquiries.  Further expressly deny that any of the consumer inquiries indicate any confusion.

49.    Deny.

50.    Deny.

51.    Deny.

52.     Deny.  To the extent that there is confusion about the source, sponsorship, or endorsement of non-footwear clothing bearing the EARTH mark, that confusion is caused by improper acts by Earth Products.

53.     Deny.  To the extent that there is confusion about the source, sponsorship, or endorsement of non-footwear clothing bearing the EARTH mark, that confusion is caused by improper acts by Earth Products.

54.     Deny.

55.     Deny, except admit that Earth Products informed Meynard Designs that Earth Products claimed to have rights to the EARTH mark.

56.     Deny.

57.     Deny.

## COUNTERCLAIM I
### (Common Law Trademark Infringement)

58.     Meynard incorporates herein by reference responses 1-57 above.  In addition, Meynard denies the incorporated Earth Products' Answer paragraphs 1-73 and Affirmative Defense paragraphs 1-9, except to the extent that those paragraphs admit to affirmative statements of fact in Meynard's Complaint, and Meynard additionally admits that counsel for Earth Products did respond to its settlement letter of July 12, 2005 on August 1, 2005 as stated in Answer paragraph 29.

59.     Deny.

60.     Deny.

61.     Deny.

## COUNTERCLAIM II
### (False Designation of Origin)

62.    Meynard incorporates herein by reference responses 1-61 above, including response 58.

63.    Deny.

64.    Deny.

65.    Deny.

## COUNTERCLAIM III
### (Violation of Massachusetts Law)

66.    Meynard incorporates herein by reference responses 1-65 above, including response 58.

67.    Deny.

68.    Deny.

## COUNTERCLAIM IV
### (Cancellation of False or Fraudulent Registrations)

69.    Meynard incorporates herein by reference responses 1-68 above, including response 58.

70.    This paragraph states a conclusion of law to which no response is required.

71.    Deny, and Meynard objects to Earth Products' false or fraudulent registration allegations as failing to state a claim upon which relief can be granted and not being stated with sufficient particularity.

72.    Deny, except admit that Meynard Designs owns these registrations and asserts them in this suit.

73.    Deny.

## COUNTERCLAIM V
### (Damages for False or Fraudulent Registration)

74.    Meynard incorporates herein by reference responses 1-73 above, including response 58.

75.    Deny, and Meynard objects to Earth Products' false or fraudulent registration allegations as failing to state a claim upon which relief can be granted and not being stated with sufficient particularity.

76.    Deny, except admit that Meynard Designs owns these registrations and asserts them in this suit.

77.    Deny.

## COUNTERCLAIM VI
### (Declaratory Judgment of Trademark Abandonment
### and Earth Products' Superior Trademark Rights)

78.    Meynard incorporates herein by reference response 1-77 above, including response 58.

79.    Deny.

80.    Are without knowledge or information sufficient to form a belief as to when Earth Products first used the mark EARTH in commerce in association with the sale of non-footwear clothing, and therefore deny.  Meynard otherwise denies the allegations of paragraph 80.

## COUNTERCLAIMS AND THIRD PARTY COMPLAINT AGAINST PLANET, INC.

### Parties

1.    Are without knowledge or information sufficient to form a belief, and therefore deny.

2.    Admit.

3.    Counterclaim responses 5-6 are incorporated herein by reference.

**Jurisdiction and Venue**

4.     Admit, except deny that the various federal, state, and common law claims asserted by Earth Products are meritorious.

5.     Admit.

6.     Admit.

7.     Admit, and counterclaim response 10 is incorporated herein by reference.

**Facts in Support of Planet, Inc. Counterclaims**

8.     Deny insofar as Earth Visions Inc. has changed its name to Earth, Inc., but otherwise admit.

9.     Admit.

10.     Admit that Meynard Designs assists in the designs and arranging for the manufacture of some EARTH® shoes, but otherwise deny the first two sentences of paragraph 10.  Plaintiffs admit the last three sentences of paragraph 10, except that Earth Visions Inc. is now called Earth, Inc.

11.     Deny.

12.     Are without knowledge or information sufficient to form a belief as to when Earth Products first used the mark EARTH in commerce in association with the sale and promotion of non-footwear clothing, and therefore deny.

13.     Admit that Planet, Inc. has and claims to have rights in the EARTH mark inasmuch as it is a retailer that purchases and sells EARTH® shoes, but otherwise deny.

14.     Deny.

15.     Deny.

16.     Deny.

17.     Deny.

## PLANET, INC. COUNTERCLAIM I
### (Common Law Trademark Infringement)

18.     Meynard incorporates herein by reference counterclaim responses 1-80 above, including response 58, and Planet, Inc. counterclaim responses 1-17 above.

19.     Deny.

20.     Deny.

21.     Deny.

## PLANET, INC. COUNTERCLAIM II
### (False Designation of Origin)

22.     Meynard incorporates herein by reference counterclaim responses 1-80 above, including response 58, and Planet, Inc. counterclaim responses 1-21 above.

23.     Deny.

24.     Deny.

25.     Deny.

## PLANET, INC. COUNTERCLAIM III
### (Violation of Massachusetts Law)

26.     Meynard incorporates herein by reference counterclaim responses 1-80 above, including response 58, and Planet, Inc. counterclaim responses 1-25 above.

27.     Deny.

28.     Deny.

## PLANET, INC. COUNTERCLAIM IV
### (Violation of California Law)

29.     Meynard incorporates herein by reference counterclaim responses 1-80 above, including response 58, and Planet, Inc. counterclaim responses 1-28 above.

30.     Deny.

31.     Deny.

32.     Deny.

33.     Deny.

## AFFIRMATIVE DEFENSES OF MEYNARD
## DESIGNS, EARTH, INC., AND PLANET, INC.

### FIRST AFFIRMATIVE DEFENSE

1.     Meynard Designs has superior rights in the mark EARTH for footwear and non-footwear clothing.  It is noted and reaffirmed that Earth Products makes no claim that it has rights to the mark EARTH for footwear.

### SECOND AFFIRMATIVE DEFENSE

2.     Earth Products' claims are barred by laches, estoppel, and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

3.     Earth Products' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4.     Any mistakes in the registration histories of U.S. Trademark Registration Nos. 1,371,439, 2,199,118, or 2,249,826 were either clerical errors committed without deceptive intent or errors committed by the U.S. Patent and Trademark Office, and thus Meynard Designs and Mondial Trading did not falsely or fraudulently seek to obtain issuance of, or claim

incontestable status for, the trademark registrations asserted in this lawsuit.  In addition, Earth

Products' allegations of false or fraudulent registration fail to state a claim upon which relief can

be granted and are not stated with sufficient particularity.

### FIFTH AFFIRMATIVE DEFENSE

5.      One or more claims made by Earth Products fails to state a claim upon which

relief can be granted.

For the above reasons, Meynard Designs, Earth, Inc., and Planet, Inc. request that the

counterclaims be dismissed with prejudice and that Plaintiffs be awarded their costs, including

attorney's fees.

### COUNTERCLAIMS OF PLANET, INC.

Planet, Inc., for its counterclaims against Earth Products, alleges as follows:

1.      These counterclaims ask for a declaratory judgment pursuant to 28 U.S.C. §§

2201 and 2202.

2.      Earth Products has asserted in this action that certain actions of Planet, Inc. in

using the mark EARTH in association with the sale and promotion of non-footwear clothing

infringes on its alleged rights in that mark.

### THE PARTIES

3.      Planet, Inc. is a Massachusetts corporation with its principal place of business at

135 Second Avenue, Waltham, MA 02451.

4.      On information and belief, Earth Products is a California corporation with a place

of business at 5830 El Camino Real, Carlsbad, CA 92008

## JURISDICTION

5.      Earth Products has asserted claims against Planet, Inc. under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, so this Court has jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  In addition, as Planet, Inc. is a Massachusetts corporation and Earth Products is a California corporation, and the amount in controversy exceeds $75,000, jurisdiction is also proper under 28 U.S.C. § 1332.  Jurisdiction over state law claims is appropriate under 28 U.S.C. § 1367.

6.      Venue is appropriate under 28 U.S.C. § 1391.

7.      This Court has personal jurisdiction over Earth Products because it sells goods under and in connection with its asserted EARTH mark in Massachusetts, and because it maintains a Web site, accessible in Massachusetts, that provides links to web sites offering Earth Products' goods for sale.  In addition, Earth Products has availed itself of this Court by bringing this action against Planet, Inc.

## BACKGROUND

8.      Planet, Inc. is a retailer of shoes, boots, footwear and non-footwear clothing, and other products.  Planet, Inc. purchases footwear and clothing from a variety of manufacturers and distributors, and sells those items directly to consumers through web sites, including http://www.planetshoes.com.

9.      Among the brands purchased by Planet, Inc. is the EARTH brand, although this is by no means the only brand sold by Planet, Inc.  Planet, Inc. purchases its EARTH products from Earth, Inc.

10.     Earth, Inc. is a licensee of Meynard Designs, which owns rights in the EARTH mark at common law and also owns United States Registration Nos. 2,199,118 for EARTH for

clothing, namely, socks, t-shirts, caps, hats, and sweatshirts; 2,249,826 for EARTH for clothing, namely, jeans, pants, belts, shirts, jackets, and coats; and 1,371,439 for EARTH for footwear.

11.     For the reasons described in Meynard Designs and Earth, Inc.'s Complaint, paragraphs 6-29, which are incorporated herein, Meynard Designs has common law and registered rights in the EARTH mark superior to any purported rights Earth Products may have.

### FIRST COUNTERCLAIM OF PLANET, INC.
**(Declaratory Judgment of Non-Infringement)**

12.     The allegations of Planet, Inc. Counterclaim Paragraphs 1-11 are incorporated herein.

13.     Earth Products has alleged that Planet, Inc.'s sale of non-footwear clothing under the EARTH mark has infringed Earth Products' trademark under the common law of the Commonwealth of Massachusetts, the States of California and Washington, and the several other states in which Planet, Inc. does business.

14.     Planet, Inc. has not infringed any valid trademark of Earth Products.

15.     As the owner of federal Registration Nos. 2,199,118 and 2,249,826, Meynard Designs has the exclusive right to use the mark EARTH for non-footwear clothing throughout the United States. Earth, Inc., as a licensee, also has the right to use the EARTH mark free of competition from companies that are not licensed by Meynard Designs. Planet, Inc., as a retail purchaser of EARTH clothing from Earth, Inc., has the right to offer for sale and resell these goods and make use of the mark in so doing.

16.     An actual and justicable controversy exists between the parties as described above.

17.     Planet, Inc. is entitled to a declaration that it has not infringed Earth Products' alleged rights in the EARTH mark.

## SECOND COUNTERCLAIM OF PLANET, INC.
### (Declaratory Judgment of No False Designation of Origin)

18.    The allegations of Planet, Inc. Counterclaim Paragraphs 1-17 are incorporated

herein.

19.    Earth Products has alleged that Planet, Inc.'s sale of non-footwear clothing under

the EARTH mark has violated 15 U.S.C. § 1125.

20.    Planet, Inc.'s use of the EARTH mark for non-footwear clothing has not violated

15 U.S.C. § 1125.

21.    As a purchaser of EARTH clothing from Earth, Inc., which is a licensee of

Meynard Designs, Planet, Inc. has the right to offer for sale and resell these goods and make use

of the mark in so doing.

22.    An actual and justicable controversy exists between the parties as described

above.

23.    Planet, Inc. is entitled to a declaration that it has not violated 15 U.S.C. § 1125.

## THIRD COUNTERCLAIM OF PLANET, INC.
### (Declaratory Judgment of No Violation of Mass. Gen. L. ch. 93A)

24.    The allegations of Planet, Inc. Counterclaim Paragraphs 1-23 are incorporated

herein.

25.    Earth Products has alleged that has Planet, Inc. violated Mass. Gen. L. ch. 93A.

26.    Planet, Inc. has not violated Mass. Gen. L. ch. 93A.

27.    As a purchaser of EARTH clothing from Earth, Inc., Planet, Inc. has the right to

offer for sale and resell these goods and make use of the mark in so doing.

28.    An actual and justicable controversy exists between the parties as described

above.

29.     Planet, Inc. is entitled to a declaration that it has not violated Mass. Gen. L. ch. 93A.

### FOURTH COUNTERCLAIM OF PLANET, INC.
**(Declaratory Judgment of No Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*)**

30.     The allegations of Planet, Inc. Counterclaim Paragraphs 1-29 are incorporated herein.

31.     Earth Products has alleged that Planet, Inc. has violated Cal. Bus. & Prof. Code § 17200 *et seq.*

32.     Planet, Inc. has not violated Cal. Bus. & Prof. Code § 17200 *et seq*.

33.     As a purchaser of EARTH clothing from Earth, Inc., Planet, Inc. has the right to offer for sale and resell these goods and make use of the mark in so doing.

34.     Planet, Inc. is entitled to a declaration that it has not violated Cal. Bus. & Prof. Code § 17200 *et seq.*

### FIFTH COUNTERCLAIM OF PLANET, INC.
**(Declaratory Judgment of No Violation of R.C.W. § 19.86 *et seq.*)**

35.     The allegations of Planet, Inc. Counterclaim Paragraphs 1-34 are incorporated herein.

36.     Earth Products has alleged that Planet, Inc. has violated R.C.W. § 1986 *et seq.*

37.     Planet, Inc. has not violated R.C.W. § 1986 *et seq*.

38.     As a purchaser of EARTH clothing from Earth, Inc., Planet, Inc. has the right to offer for sale and resell these goods and make use of the mark in so doing.

39.     Planet, Inc. is entitled to a declaration that it has not violated R.C.W. § 1986 *et seq.*

## RELIEF REQUESTED

For the above reasons, Planet, Inc. asks that:

A.      Judgment be entered that Planet, Inc. has not infringed any valid trademark of Earth Products;

B.      Judgment be entered that Planet, Inc. has not violated 15 U.S.C. § 1125 through its use of the EARTH mark for non-footwear clothing;

C.      Judgment be entered that Planet, Inc. has not violated Mass. Gen. L. ch. 93A;

D.      Judgment be entered that Planet, Inc. has not violated Cal. Bus. & Prof. Code § 17200 *et seq*;

E.      Judgment be entered that Planet, Inc. has not violated R.C.W. § 1986 *et seq*;

F.      Earth Products' Complaint be dismissed, with prejudice;

G.      Planet, Inc. be awarded its costs and attorneys' fees; and

H.      The Court grant Planet, Inc. any other relief deemed appropriate.

## JURY DEMAND

Plaintiffs request a trial by jury of the issues so triable herein.


Respectfully submitted,

MEYNARD DESIGNS, INC.,
EARTH, INC., and
PLANET, INC.,

By their attorneys,


Dated: September 5, 2006          __/s/ Michael Albert_____
Michael Albert, BBO # 558566
David Wolf, BBO # 532160
Laura Topper, BBO # 652364
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.  617 646.8000
Fax  617 646.8646


## Certificate of Service

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

__/s/ Hunter Keeton_____ ____