IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC.<br><br>        Plaintiffs and<br>        Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS, INC.<br><br>        Defendant and<br>        Counterclaim-Plaintiff.<br><br>EARTH PRODUCTS INC.<br><br>        Third-Party Plaintiff and<br>        Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>        Third-Party Defendant and<br>        Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |

**EARTH PRODUCTS INC.'S REPLY AND
AFFIRMATIVE DEFENSES TO PLANET, INC.'S COUNTERCLAIMS**

Third-Party Plaintiff Earth Products Inc. ("Earth Products") hereby replies to the Counterclaims of Third-Party Defendant Planet, Inc.

Consistent with the Third-Party Claims asserted by Earth Products against Planet, Inc., as used herein, the term "clothing" includes socks and excludes shoes, and the term "footwear" includes shoes and excludes socks. Earth Products objects to use of the term "non-footwear clothing" by Planet, Inc. in its counterclaims because this term has not been defined and as such is vague and ambiguous.

## REPLY TO COUNTERCLAIMS OF PLANET, INC.

1. Earth Products admits that Planet, Inc.'s Counterclaims purport to ask for a declaratory judgment.

2. Earth Products admits it has asserted that certain actions of Planet, Inc. in using the mark EARTH in association with the sale and promotion of clothing (as defined above) infringe on Earth Products' rights in the EARTH mark. Earth Products denies the allegations in paragraph 2 of Planet, Inc.'s Counterclaims to the extent they refer to "non-footwear clothing" because this term has not been defined in Planet, Inc.'s Counterclaims and as such is vague and ambiguous.

3. Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Planet, Inc.'s Counterclaims, and as such denies the same.

4. Earth Products admits the allegations in paragraph 4 of Planet, Inc.'s Counterclaims.

5. Earth Products admits the allegations in paragraph 5 of Planet, Inc.'s Counterclaims.

6. Earth Products admits the allegations in paragraph 6 of Planet, Inc.'s Counterclaims.

7. Earth Products admits that Earth Products has availed itself of this Court by bringing this action against Planet, Inc., and this Court has personal jurisdiction over Earth Products for purposes of this action. Earth Products also admits that its goods are sold under and in connection with its EARTH trademark in Massachusetts and that it maintains a Web site, accessible in Massachusetts and elsewhere, which provides links to Web sites offering Earth

Case 1:05-cv-11781-NMG   Document 19   Filed 09/25/2006   Page 3 of 12

Products' goods for sale. Except as stated herein, Earth Products denies the remaining allegations in paragraph 7 of Planet, Inc.'s Counterclaims.

8. Earth Products admits that Planet, Inc. is a retailer of footwear and clothing and that Planet, Inc. sells footwear and clothing directly to consumers through the Web site located at www.planetshoes.com. Earth Products denies the allegations in paragraph 8 of Planet, Inc.'s Counterclaims to the extent they distinguish shoes and boots from footwear and refer to "non-footwear clothing." The term "non-footwear clothing" has not been defined in Planet, Inc.'s Counterclaims and as such is vague and ambiguous. Except as stated herein, Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of Planet, Inc.'s Counterclaims, and as such denies the same.

9. Earth Products admits that Planet, Inc. sells goods bearing the EARTH mark in addition to selling other brands of goods. Except as stated herein, Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of Planet, Inc.'s Counterclaims, and as such denies the same.

10. Earth Products denies that Meynard Designs owns common law rights in the EARTH mark. Earth Products admits that U.S. Patent and Trademark Office records identify Meynard Designs as the owner of U.S. Trademark Registration No. 2,199,118 for EARTH for clothing, namely, socks, t-shirts, caps, hats and sweatshirts; U.S. Trademark Registration No. 2,249,826 for EARTH for clothing, namely, jeans, pants, belts shirts, jackets, and coats; and U.S. Trademark Registration No. 1,371,439 for footwear. Except as stated herein, Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of Planet, Inc.'s Counterclaims, and as such denies the same.

**EARTH PRODUCTS INC.'S REPLY AND AFFIRMATIVE DEFENSES**                                                                                         3

11. In response to the allegations in paragraph 11 of Planet, Inc.'s Counterclaims, Earth Products repeats and realleges the answers contained in paragraphs 6 though 29 of its Answer to the Complaint of Meynard Designs, Inc. and Earth Visions Inc. and incorporates them herein by reference; and denies the allegations set forth in said paragraph 11.

### FIRST COUNTERCLAIM OF PLANET, INC.
**(Declaratory Judgment of Non-Infringement)**

12. In response to the allegations in paragraph 12 of Planet, Inc.'s Counterclaims, Earth Products repeats and realleges the answers contained in paragraphs 1 though 11 of this Reply and incorporates them herein by reference.

13. Earth Products admits that it has alleged that Planet, Inc.'s sale and promotion of clothing (as defined above) in association with the EARTH mark infringes Earth Products' rights in the mark EARTH under the common law of the Commonwealth of Massachusetts, the States of California and Washington, and the several other states in which Planet, Inc. does business. Earth Products denies the allegations in paragraph 13 of Planet, Inc.'s Counterclaims to the extent they refer to "non-footwear clothing." The term "non-footwear clothing" has not been defined and as such is vague and ambiguous.

14. Earth Products denies the allegations in paragraph 14 of Planet, Inc.'s Counterclaims.

15. Earth Products denies the allegations in paragraph 15 of Planet, Inc.'s Counterclaims.

16. Earth Products admits that a controversy exists, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Planet, Inc.'s Counterclaims, and as such denies the same.

17. Earth Products denies the allegations in paragraph 17 of Planet, Inc.'s Counterclaims.

### SECOND COUNTERCLAIM OF PLANET, INC.
### (Declaratory Judgment of No False Designation of Origin)

18. In response to the allegations in paragraph 18 of Planet, Inc.'s Counterclaims, Earth Products repeats and realleges the answers contained in paragraphs 1 though 17 of this Reply and incorporates them herein by reference.

19. Earth Products admits it has alleged that Planet, Inc.'s sale and promotion of clothing (as defined above) in association with the EARTH mark violates 15 U.S.C. § 1125. Earth Products denies the allegations in paragraph 19 of Planet, Inc.'s Counterclaims to the extent they refer to "non-footwear clothing." The term "non-footwear clothing" has not been defined and as such is vague and ambiguous.

20. Earth Products denies the allegations in paragraph 20 of Planet, Inc.'s Counterclaims.

21. Earth Products denies the allegations in paragraph 21 of Planet, Inc.'s Counterclaims.

22. Earth Products admits that a controversy exists, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Planet, Inc.'s Counterclaims, and as such denies the same.

23. Earth Products denies the allegations in paragraph 23 of Planet, Inc.'s Counterclaims.

### THIRD COUNTERCLAIM OF PLANET, INC.
**(Declaratory Judgment of No Violation of Mass. Gen. L. ch. 93A)**

24.     In response to the allegations in paragraph 24 of Planet, Inc.'s Counterclaims, Earth Products repeats and realleges the answers contained in paragraphs 1 though 23 of this Reply and incorporates them herein by reference.

25.     Earth Products admits the allegations in paragraph 25 of Planet, Inc.'s Counterclaims.

26.     Earth Products denies the allegations in paragraph 26 of Planet, Inc.'s Counterclaims.

27.     Earth Products denies the allegations in paragraph 27 of Planet, Inc.'s Counterclaims.

28.     Earth Products admits that a controversy exists, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of Planet, Inc.'s Counterclaims, and as such denies the same.

29.     Earth Products denies the allegations in paragraph 29 of Planet, Inc.'s Counterclaims.

### FOURTH COUNTERCLAIM OF PLANET, INC.
**(Declaratory Judgment of No Violation of  
California Business and Professions Code §§ 17200 *et seq.*)**

30.     In response to the allegations in paragraph 30 of Planet, Inc.'s Counterclaims, Earth Products repeats and realleges the answers contained in paragraphs 1 though 29 of this Reply and incorporates them herein by reference.

31.     Earth Products admits the allegations in paragraph 31 of Planet, Inc.'s Counterclaims.

32. Earth Products denies the allegations in paragraph 32 of Planet, Inc.'s Counterclaims.

33. Earth Products denies the allegations in paragraph 33 of Planet, Inc.'s Counterclaims.

34. Earth Products denies the allegations in paragraph 34 of Planet, Inc.'s Counterclaims.

### FIFTH COUNTERCLAIM OF PLANET, INC.
**(Declaratory Judgment of No Violation of R.C.W. § 19.86 *et seq.*)**

35. In response to the allegations in paragraph 35 of Planet, Inc.'s Counterclaims, Earth Products repeats and realleges the answers contained in paragraphs 1 though 34 of this Reply and incorporates them herein by reference.

36. At least because Planet, Inc. appears to refer to the incorrect statute number, Earth Products denies the allegations in paragraph 36 of Planet, Inc.'s Counterclaims.

37. At least because Planet, Inc. appears to refer to the incorrect statute number, Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of Planet, Inc.'s Counterclaims, and as such denies the same.

38. Earth Products denies the allegations in paragraph 38 of Planet, Inc.'s Counterclaims.

39. Earth Products denies the allegations in paragraph 39 of Planet, Inc.'s Counterclaims.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Earth Products has superior rights in the mark EARTH for clothing.

**Second Affirmative Defense**

2.     Meynard Designs and its alleged predecessors-in-interest abandoned the mark EARTH, including any rights to use that mark on footwear or clothing.

**Third Affirmative Defense**

3.     Meynard Designs, Earth Visions Inc. and Planet, Inc. cannot rely upon any use of the mark EARTH SHOE to establish use of the mark EARTH.

**Fourth Affirmative Defense**

4.     The alleged assignment of the EARTH mark to Meynard Designs and/or its alleged predecessor-in-interest was an assignment-in-gross.

**Fifth Affirmative Defense**

5.     The mark EARTH used in connection with shoes is generic for negative heel shoes.

**Sixth Affirmative Defense**

6.     False representations were intentionally made to the U.S. Patent and Trademark Office during the prosecution of U.S. Trademark Application Serial No. 74/551611 which issued (through division) as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, both of which have been asserted by Plaintiffs in this lawsuit.  In reliance upon these false representations, the U.S. Patent and Trademark Office took actions that subsequently resulted in the issuance of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.  For these reasons, Meynard's U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 are invalid and of no effect, and Planet, Inc. cannot rely upon these registrations to support its alleged right to sell clothing in association with the EARTH mark.

**Seventh Affirmative Defense**

7.      False representations were intentionally made to the U.S. Patent and Trademark Office during the prosecution of U.S. Trademark Application Serial No. 74/551611 which issued (through division) as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, both of which are asserted by Plaintiffs in this lawsuit.  In reliance upon these false representations, the U.S. Patent and Trademark Office took actions that subsequently resulted in the issuance of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.  For these reasons, Meynard should be found to have unclean hands and thus be prohibited from enforcing U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, and Planet, Inc. cannot rely upon these registrations to support its alleged right to sell clothing in association with the EARTH mark.

**Eighth Affirmative Defense**

8.      False representations were intentionally made to the U.S. Patent and Trademark Office during the process of claiming incontestable status for U.S. Trademark Registration No. 1,371,439, which has been asserted by Plaintiffs in this lawsuit.  In reliance upon these false representations, the U.S. Patent and Trademark Office accepted false documents intended to support incontestable status to U.S. Trademark Registration No. 1,371,439.  For these reasons, Meynard's U.S. Trademark Registration No. 1,371,439 is invalid and of no effect, and Planet, Inc. cannot rely upon this registration to support its alleged right to sell clothing in association with the EARTH mark.

**Ninth Affirmative Defense**

9.      False representations were intentionally made to the U.S. Patent and Trademark Office during the process to claim incontestable status for U.S. Trademark Registration No.

1,371,439, which has been asserted by Plaintiffs in this lawsuit.  In reliance upon these false representations, the U.S. Patent and Trademark Office accepted false documents intended to support incontestable status to U.S. Trademark Registration No. 1,371,439.  For these reasons, U.S. Trademark Registration No. 1,371,439 is not entitled to incontestable status and Meynard, through its predecessor-in-interest, should be deemed to have unclean hands and thus be prohibited from enforcing U.S. Trademark Registration No. 1,371,439, and Planet, Inc. cannot rely upon this registration to support its alleged right to sell clothing in association with the EARTH mark.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Earth Products Inc. requests a jury trial on all issues triable to a jury.

Respectfully submitted,

Dated:  September 25, 2006

By: /s/ Scott E. Davis
**J. Christopher Carraway** (*pro hac vice*)
Email:  chris.carraway@klarquist.com
**Cindy L. Caditz** (*pro hac vice*)
Email: cindy.caditz@klarquist.com
**Scott E. Davis** (*pro hac vice*)
Email: scott.davis@klarquist.com
**KLARQUIST SPARKMAN, LLP**
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Phone:  503-595-5300
Fax:  503-595-5301

**Steven M. Bauer, BBO# 542531**
sbauer@proskauer.com
**Kimberly A. Mottley, BBO# 651190**
kmottley@proskauer.com
**PROSKAUER ROSE LLP**

One International Place
Boston, MA 02110
Phone:  617-646-8000
Fax:  617-646-8646

*Attorneys for Earth Products Inc.*

**EARTH PRODUCTS INC.'S REPLY AND AFFIRMATIVE DEFENSES** 11

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 25, 2006, a true copy of the foregoing **EARTH PRODUCTS INC.'S REPLY AND AFFIRMATIVE DEFENSES TO PLANET, INC.'S COUNTERCLAIMS,** was served via e-mail (in addition to the Court's ECF service) to:

>Michael Albert
>David Wolf
>Laura Topper
>WOLF, GREENFIELD & SACKS, P.C.
>600 Atlantic Avenue
>Boston, Massachusetts 02210
>
>*Attorneys for Meynard Designs, Inc,
>Earth Visions Inc., and Planet, Inc.*

>By: /s/ Scott E. Davis
>**J. Christopher Carraway**
>Email: chris.carraway@klarquist.com
>**Cindy L. Caditz**
>Email: cindy.caditz@klarquist.com
>**Scott E. Davis**
>Email: scott.davis@klarquist.com
>**KLARQUIST SPARKMAN, LLP**
>121 S.W. Salmon Street, Suite 1600
>Portland, Oregon 97204
>Phone: 503-595-5300
>Fax: 503-595-5301