IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC. <br><br>         Plaintiffs and <br>         Counterclaim-Defendants, <br><br> v. <br><br> EARTH PRODUCTS INC. <br><br>         Defendant and <br>         Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |
| EARTH PRODUCTS INC. <br><br>         Third-Party Plaintiff and <br>         Counterclaim-Defendant, <br><br> v. <br><br> PLANET, INC. <br><br>         Third-Party Defendant and <br>         Counterclaim-Plaintiff. |  |

**JOINT MOTION FOR ENTRY
OF STIPULATED PROTECTIVE ORDER**

Disclosures and discovery activity in this action are likely to involve production by both parties and non-parties of confidential, proprietary, or otherwise private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties request that, pursuant to Federal Rule of Civil Procedure 26(c), the Court enter the attached Stipulated Protective Order to govern the exchange and use of confidential information.

WHEREFORE, the parties move this Court to enter the attached Exhibit A as an Order in this case.


Respectfully submitted,


/s/ Laura Topper
Michael Albert, BBO # 558566
malbert@wolfgreenfield.com
Laura Topper, BBO # 652364
ltopper@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.  617 646.8000
Fax  617 646.8646

Counsel For
Meynard Designs, Inc., Earth, Inc., and
Planet, Inc.

/s/ Christopher Carraway
Chris Carraway (admitted pro hac vice)
christopher.carraway@klarquist.com
Scott E. Davis (admitted pro hac vice)
scott.davis@klarquist.com
Derrick W. Toddy (admitted pro hac vice)
derrick.toddy@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204

Cindy Lang-Caditz (admitted pro hac vice)
cindy.caditz@klarquist.com
KLARQUIST SPARKMAN, LLP
One Union Square
600 University Street, Suite 2950
Seattle, WA 98101

Steven M. Bauer
sbauer@proskauer.com
Kimberly A. Mottley
kmottley@proskauer.com
Gina Lombardo
glombardo@proskauer.com
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110

Counsel For
Earth Products Inc.

**<u>Certificate of Service</u>**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

<u>/s/ Laura Topper</u>

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC.<br><br>          Plaintiffs and<br>          Counterclaim-Defendants,<br><br>    v.<br><br>EARTH PRODUCTS, INC.<br><br>          Defendant and<br>          Counterclaim-Plaintiff. | |
| EARTH PRODUCTS, INC.<br><br>          Third-Party Plaintiff<br>          Counterclaim-Defendant,<br><br>    v.<br><br>PLANET, INC.<br><br>          Third-Party Defendant and<br>          Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |

**STIPULATED PROTECTIVE ORDER**

Upon the stipulation of Plaintiffs, Meynard Designs, Inc. and Earth, Inc. (formerly Earth Visions Inc.), Defendant Earth Products, Inc., and Third-Party Defendant Planet, Inc., the Court hereby orders as follows:

This Protective Order shall apply to all information, documents and things subject to discovery in this action which are conveyed by any party or third party ("Disclosing Party") to another party ("Receiving Party") in this action, including, without limitation, all portions of transcripts of deposition testimony, exhibits, answers to interrogatories or requests for admission,

1

documents, or things, including any excerpt, index, description, copy, summary or abstract thereof, which are believed by the Disclosing Party in good faith to contain or reflect trade secrets, confidential or proprietary commercial information, or other confidential matters of the Disclosing Party for which a protective order would be legally justified under Rule 26(c) of the Federal Rules of Civil Procedure, provided that the information does not fall within the scope of Paragraph 13 below.

**1.      Categories of Confidential Matter**

For the purpose of this Order, there shall be two categories of Confidential Matter:

(a)      "ATTORNEYS' EYES ONLY" shall consist of proprietary information (in document form or otherwise) that the Disclosing Party reasonably believes is of such a highly sensitive nature and character that it would cause severe competitive damage if it were to be disclosed to another party.

(b)      "CONFIDENTIAL" shall include all other proprietary information (in document form or otherwise) which the Disclosing Party reasonably believes is sensitive but is not designated as ATTORNEYS' EYES ONLY.

**2.      Designation of Information Produced**

(a)      Any documents or things deemed confidential under paragraph l(a) by the Disclosing Party shall be marked or stamped by the Disclosing Party as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY."

(b)      Any document or thing deemed confidential under paragraph l(b) by the Disclosing Party shall be marked or stamped by the Disclosing Party as "CONFIDENTIAL."

(c)     Stamping or marking material as set forth in paragraphs 2(a) and 2(b) shall constitute certification by the Disclosing Party that it reasonably believes good cause exists to so designate the material pursuant to this Protective Order.

**3.     Depositions**

In the case of depositions upon oral examination of employees or agents, former employees or agents, or consultants or experts of either party, the testimony of the witness shall be deemed as ATTORNEYS' EYES ONLY information until the expiration of twenty (20) days after the receipt of the transcript of the deposition by counsel for the Disclosing Party.  All other depositions may be tentatively designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by any Disclosing Party, or any Party to this Action for a 20-day period, and in such a case, the testimony shall be deemed to have that designated level of Confidential Matter until the expiration of twenty (20) days after the receipt of the transcript of the deposition by counsel for the Disclosing Party.  In either of the two scenarios, if counsel for a Disclosing Party or any Party to this Action or any third party believes that the deposition transcripts or portions thereof contain Confidential Matter, such counsel shall designate in writing to opposing counsel within a 20-day period the specific pages and lines constituting such ATTORNEYS' EYES ONLY or CONFIDENTIAL information.  Unless so designated, any confidentiality is waived after the expiration of the 20-day period unless otherwise stipulated or ordered.

**4.     "ATTORNEYS' EYES ONLY" Restrictions**

Confidential Matter designated as ATTORNEYS' EYES ONLY shall not be disclosed, except by the prior written consent of the Disclosing Party or pursuant to a further order of this Court, to any person other than:

3

(a)    The outside attorneys of record for the Receiving Party and the employees and associates of the Receiving Party's outside attorneys who are involved in the conduct of this action.

(b)    Julie C. VanDerZanden, General Counsel at K-2 Corporation, provided that Ms. VanDerZanden certifies that she is not involved in making competitive decisions for or on behalf of Earth Products, Inc. or any company that directly competes with Earth, Inc., Meynard Designs, Inc., Planet, Inc., or licensees of Meynard Designs, Inc., Earth, Inc. or Planet, Inc. in relation to any goods or services that are the subject of any Confidential Matter, whether directly or through a position with a related company, and that she will not become involved in making such competitive decisions for or on behalf of such a company during the course of this litigation and for 90 days after the conclusion of this action.  "Making competitive decisions" for purposes of this Order means advising on or making decisions about pricing or product design, product acquisition, setting the royalty rates for product or property licensing or assignment (except as part of a dispute settlement or a co-existence arrangement), client or customer development, product placement, identification of potential customers or channels of trade, selection of employees, selection of product or service providers, designers, vendors or the like, selection of advertising, promotional or other marketing providers, selection of advertising, promotional or other marketing services or placement; development of advertising, promotional or other marketing materials, themes, targets or campaigns.  Legal counseling, even if such counsel regards designs or marks, shall not be included within the scope of "making competitive decisions" for purposes of this Order.

(c)    Kenneth C. Cummins, outside general counsel to Meynard Designs, Inc., Earth, Inc. and Planet, Inc. provided that Mr. Cummins certifies that he is not involved in making

4

competitive decisions for or on behalf of either Meynard Designs, Inc., Earth Inc., or Planet, Inc., whether directly or through a position with a related company, or any company that directly competes with Earth Products, Inc. or its licensees, in relation to any goods or services that are the subject of any Confidential Matter, and that he will not become involved in making such competitive decisions for or on behalf of such a company during the course of this litigation and for 90 days after the conclusion of this action. "Making competitive decisions" for purposes of this Order means advising on or making decisions about pricing or product design, product acquisition, setting royalty rates for product or property licensing or assignment (except as part of a dispute settlement or co-existence arrangement), client or customer development, product placement, identification of potential customers or channels of trade, selection of employees, selection of product or service providers, designers, vendors or the like, selection of advertising, promotional or other marketing providers, selection of advertising, promotional or other marketing services or placement; development of advertising, promotional or other marketing materials, themes, targets or campaigns. Legal counseling, even if such counsel regards designs or marks, shall not be included within the scope of "making competitive decisions" for purposes of this Order.

(d)      Independent experts and consultants, not including parties or their officers, representatives, distributors, agents, or employees, retained by the attorneys for any party for purposes of assisting in this litigation; provided that, ten (10) days prior to the disclosure to such expert or consultant, the Receiving Party gives the Disclosing Party written notice. The notice shall include identification of the expert's or consultant's name, employment, affiliations, and relationship to any one or more of the parties, if any, and further provided such expert or consultant first executes the undertaking as set forth in Exhibit A. If during that ten (10) day

5

period the Disclosing Party moves for a protective order preventing or limiting disclosure to such expert or consultant, the Receiving Party shall not disclose such information to such expert or consultant until that motion has been decided by this Court.  Any such motion must be based on good and sufficient cause to restrict disclosure as described above and not simply to disqualify an expert or consultant of a party.  In view of the 10 day deadline herein, the 14 day period for waiting to confer under L.R. 37.1 shall not apply provided the moving party has sought in good faith to confer and narrow the issues in dispute.

(e)    Staff of this Court and their supporting personnel, staff of any appellate court to which any appeal may be taken or in which review is sought, and qualified persons taking testimony in relation to this matter, when the testimony involves Confidential Matter, including necessary clerical or other employees thereof.

(f)    With the prior written permission of the Disclosing Party, any officer, agent, or employee of the Receiving Party disclosure to whom is reasonably necessary to the party's conduct of this litigation; provided, however, that such agent, officer, or employee shall execute the undertaking set forth in Exhibit A.

(g)    Any mediator retained by the parties jointly or appointed by the Court, provided that such mediator has a duty of confidentiality or executes the undertaking set forth in paragraph 6.

(h)    Witnesses where at least one of the following conditions applies:

i.    the witness is a current employee of the Designating Party unless the party objects based upon the fact that the Confidential Matter is something the employee does not have access to as part of such employee's regular job function;

ii.    the witness's name appears on the Confidential Matter as a person who has previously seen or had access to the Confidential Matter;

iii.    it is apparent from other facts of record or facts proffered at the time of the testimony that the witness is the author of the item, was a recipient of the item or otherwise had prior knowledge of the information contained within the Confidential Matter.

With respect to witnesses under subparagraphs i and iii, the party seeking to provide Confidential Matter must provide notice to the Disclosing Party two business days prior to the deposition. If the Disclosing Party objects in writing, no disclosure can be made to the witness until the Disclosing Party agrees to such disclosure or the court rules on a protective order. If the parties cannot agree to a resolution within five (5) business days of the notice of intent to disclose, it shall be the responsibility of the Disclosing Party to move for a protective order, or consent to the disclosure shall be implied. Should the issue not be resolved prior to the deposition, the Parties agree to make a good faith effort to coordinate a second deposition of the witness, limited to issues related to the disputed Confidential Matter if and when the witness becomes qualified to receive the Confidential Matter. Any objection under this Section must be due to a good faith concern relating to disclosure of the Confidential Matter and not for the purposes of delaying, preventing or otherwise impeding depositions or other discovery or trial related efforts; or

iv.    the Designating Party has consented on the record of the deposition to the showing of the Confidential Matter to the witness.

Witnesses being shown Confidential Matter under subparagraphs (h) (i), (ii) (iii) or (iv) shall not be allowed to retain copies of the confidential document.  However, a witness who was shown Confidential Matter during a deposition may review the Confidential Matter while reviewing his or her transcript, provided that any Confidential Matter is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

**5.    "CONFIDENTIAL" Restrictions**

Confidential information designated as CONFIDENTIAL shall not be disclosed, except by the prior written consent of the Disclosing Party or pursuant to further order of this Court, to any person other than:

(a)    The attorneys of record for the Receiving Party and the employees and associates of the Receiving Party's attorneys who are involved in the conduct of this action.

(b)    Julie C. VanDerZanden, General Counsel at K-2 Corporation.

(c)    Kenneth C. Cummins, outside general counsel to Meynard Designs, Inc., Earth, Inc. and Planet, Inc.

(d)    Authorized agents, officers, or employees of a party disclosure to whom is reasonably necessary to the party's conduct of this litigation; provided, however, that such agent, officer or employee shall execute the undertaking set forth in Exhibit A.

(e)    Experts and consultants, not including parties or their officers, representatives, distributors, agents, or employees, retained by the attorneys for any party for purposes of assisting in this litigation; provided, however, that such expert or consultant shall execute the undertaking set forth in Exhibit A and is approved by the Receiving Party or the Court as set forth in Paragraph 4(d) above.

8

(f)      Staff of this Court and its supporting personnel, staff of any appellate court to which an appeal may be taken or in which review is sought, and qualified persons taking testimony in relation to this matter, when the testimony involved Confidential Matter, including necessary clerical or other employees thereof.

(g)      Any mediator retained by the parties jointly or appointed by the Court, provided that such mediator has a duty of confidentiality or executes the undertaking set forth in Exhibit A.

(h)      Witnesses where at least one of the following conditions applies:

i.      the witness is a current employee of the Designating Party unless the party objects based upon the fact that the Confidential Matter is something the employee does not have access to as part of such employee's regular job function;

ii.      the witness's name appears on the Confidential Matter as a person who has previously seen or had access to the Confidential Matter;

iii.      it is apparent from other facts of record or proffered at the time of the testimony that the witness is the author of the item, was a recipient of the item or otherwise had prior knowledge of the information contained within the Confidential Matter.

With respect to witnesses under subparagraphs i and iii, the party seeking to provide Confidential Matter must provide notice to the Disclosing Party two business days prior to the deposition.  If the Disclosing Party objects in writing, no disclosure can be made to the witness until the Disclosing Party agrees to such disclosure or the court rules on a protective order.  If the parties cannot agree to a resolution within five (5) business days of the notice of intent to disclose, it shall be the responsibility of the

9

Disclosing Party to move for a protective order, or consent to the disclosure shall be implied.  Should the issue not be resolved prior to the deposition, the Parties agree to make a good faith effort to coordinate a second deposition of the witness, limited to issues related to the disputed Confidential Matter if and when the witness becomes qualified to receive the Confidential Matter.  Any objection under this Section must be due to a good faith concern relating to disclosure of the Confidential Matter and not for the purposes of delaying, preventing or otherwise impeding depositions or other discovery or trial related efforts; or

   iv. the Designating Party has consented on the record of the deposition to the showing of the Confidential Matter to the witness.

   Witnesses being shown Confidential Matter under subparagraphs (h), (i), (ii), (iii) or (iv) shall not be allowed to retain copies of the confidential document.  However, a witness who was shown Confidential Matter during a deposition may review the Confidential Matter while reviewing his or her transcript, provided that any Confidential Matter is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

## 6. Undertaking

   No disclosure of any Confidential Matter shall be made to any person, not authorized to receive such Confidential Matter under the terms of this Protective Order, unless allowed by order of this Court or allowed by written consent of the Disclosing Party.

## 7. Limitation on Use

   Any Confidential Matter made available during the course of this action shall be used solely for the purposes of this action and Cancellation Nos. 92042587 and 92042597 between

Earth Products, Inc. and Meynard Designs, Inc., pending in the United States Patent and

Trademark Office, Trademark Trial and Appeal Board and shall not be disclosed or used by the

recipient(s) for any business, commercial, or competitive purpose whatever.  This Protective

Order shall survive the final termination of this action with respect to any retained confidential

materials.  All persons who have been privy to Confidential Matter shall, even after conclusion

of this action, be under a continuing duty not to reveal such information for so long as such

information has not otherwise lawfully been made available to the public in a manner that did not

violate any obligation of confidentiality or other duty owed to Disclosing Party.

**8.      Submission to Court – Motion for Impoundment Pursuant to Local Rule 7.2**

         To the extent it is necessary to file materials containing Confidential Matter with the

Court in connection with any motion, hearing, or other proceeding, information shall be filed

with the Clerk of the Court in sealed envelopes prominently marked with the caption of the case

and the notation:

                    "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER"

         The Clerk of the Court is directed to maintain under seal all documents, pleadings, or

transcripts of deposition testimony filed with the Court in this litigation that a party has

designated, in whole or in part, as confidential or containing Confidential Material.  Such

material shall be maintained by the Clerk under seal until 60 days after the conclusion of the case

in the District Court.  A Designating Party may obtain the return of any previously sealed or

previously impounded documents from the District Court by filing a motion to have such

materials released to the Designating Party's attorney or other appointed representative within 60

days of the conclusion of the case in the District Court.  Any documents that are not released and

removed by the Designating Party will become part of the public case file.

1160735.1

Pursuant to Local Rule 7.2, the sealed envelopes delivered to the Clerk for filing under seal shall include the following statement:  "This material shall be maintained by the Clerk under seal until 60 days after the conclusion of the case in the District Court.  If a party has not requested return of this material within 60 days after the conclusion of the case in the District Court, the Clerk may place the material in the public case file."

**9.     Objection to Designation**

The designation of or acceptance by a party of Confidential Matter shall not constitute an admission, concession, presumption, or permit an inference that any such information or materials containing the information are, in fact, confidential or shift the burden of proving that the information or material in question is within the scope of protection afforded by Federal Rules of Civil Procedure 26(c).  Any party may contest the designation of any document or information as ATTORNEYS' EYES ONLY or CONFIDENTIAL.  The Disclosing Party and Receiving Party shall confer in good faith to resolve any such disagreements.  This Court shall determine any unresolved disputes using the same standards as if the Disclosing Party had applied for a protective order under the Federal Rules of Civil Procedure and related law.

**10.    Privilege Log**

Nothing in this Protective Order shall require disclosure of material which is not discoverable under Rule 26 of the Federal Rules of Civil Procedure or interpretive case law, or which is protected from disclosure by the attorney-client privilege or the work product doctrine, or of material the disclosure of which might constitute a breach of a written agreement with a third party, so long as the materials withheld on the basis of the attorney-client privilege are properly identified in a privilege document log by the party withholding such material, which log shall be provided to the other parties at a time mutually agreed upon by the parties.

**11.    Return**

At the conclusion of this action, each Receiving Party shall either return all materials containing Confidential Matter in the party's possession, custody or control, and all copies, portions, words, substances, summaries, abstracts or indices thereof (except to the extent that any of the foregoing include or reflect receiving counsel's work product), to counsel for the Designating Party or shall certify under oath the destruction thereof, except that outside counsel for each party may, if they so elect, retain one copy of each item of ATTORNEYS' EYES ONLY or CONFIDENTIAL material for reference in the event of a dispute over the use or dissemination of information designated as confidential, and may retain documents, things, copies, or samples to the extent that they include or reflect such counsel's work product. Further, outside counsel may retain a complete copy of any documents filed with the Court, whether or not those documents were filed under seal.

**12.    Disclosing Party's Use**

Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, and/or information for any purpose or from disclosing its own confidential information to any person or from consenting to the disclosure of its own confidential information by the Receiving Party.

**13.    Independent Source**

This Protective Order does not prohibit the use or disclosure of information obtained from a source other than Confidential Matter provided under this Order even if such information is additionally contained in materials designated as ATTORNEYS' EYES ONLY or CONFIDENTIAL under this Order, provided that such material was not produced inadvertently pursuant to paragraph 15 and the material was not obtained unlawfully or from another source in

13

violation of any contractual or other obligation of confidentiality owed to the Disclosing Party.

Where such information is obtained from another source and contains additional materials

designated as ATTORNEYS' EYES ONLY or CONFIDENTIAL, the specific materials

provided by the Disclosing Party shall be treated as required by paragraphs 4-8 and 11.  The

restrictions on use and disclosure set forth herein shall not apply to information that, prior to

being obtained by the Receiving Party pursuant to this Order, either is in the possession or

knowledge of the Receiving Party or is demonstrably public knowledge.  The restrictions, uses,

and disclosures set forth herein shall not apply to information that, after being obtained by the

Receiving Party pursuant to this Order, becomes demonstrably public knowledge other than by

act or omission by the Receiving Party or a third party in violation of an obligation of

confidentiality to the Disclosing Party.  If a Receiving Party intends to disclose Confidential

Matter to persons not qualified under paragraphs 4-8 pursuant to this paragraph, 10 days before

the disclosure, Receiving Party must give notice of its intent, with a proffer of the evidence of

prior availability or the public nature of the Confidential Matter.  Within the 10 days, Disclosing

Party may seek a protective order, and if such an order is sought, the Receiving Party shall not

disclose the matter until the Court rules.

## 14.    Protection of Third Parties

An entity which is not a party to this litigation may take advantage of the protection of

Confidential Matter provided by this Order, and such entity shall be entitled to all rights and

protections afforded the Disclosing Party under this Order.

## 15.    Inadvertent Production

(a)      Inadvertent production of documents subject to work-product immunity or the

attorney client privilege shall not constitute a waiver of the immunity or privilege, provided that

14

the Disclosing Party shall notify the Receiving Party of such inadvertent production as soon as

practicable after the first time the Disclosing Party learns of the inadvertent production.  Such

inadvertently produced documents (and all copies, if any) shall be returned to the Disclosing

Party within three (3) business days after receiving the request or by a deadline agreed upon by

the parties (or sooner, if possible).  No use shall be made of such documents by the Receiving

Party unless the Receiving Party successfully challenges the claims privilege on grounds other

than the inadvertent disclosure.  If the parties are unable to agree as to the application of any

claim of privilege or immunity, either party may petition the Court for resolution.

Nothing in this order shall preclude either party from petitioning the Court for return of

later-discovered, inadvertently produced work-product immunity or attorney-client privilege

documents.

(b)     A Disclosing Party that inadvertently fails to designate an item pursuant to this

Order at the time of the production may make a correction.  Such correction and notice thereof

shall be made in writing, accompanied by substitute copies of each item, appropriately

designated.  Those individuals who reviewed the documents or information prior to notice of the

failure to designate by the Disclosing Party shall, to the extent reasonably feasible, return to

outside counsel or destroy all copies of such undesignated documents and shall subsequently

honor the provisions of this Order with respect to the use and disclosure of any confidential

information contained in the undesignated documents.

(c)     If Confidential Matter designated pursuant to this Order is disclosed to any person

other than in the manner authorized by this Order, the party responsible for this disclosure must

immediately bring all pertinent facts relating to such improper disclosure to the attention of all

15

interested parties, without intentionally creating prejudice to other rights and remedies of the

Disclosing Party, and shall make every effort to prevent further improper disclosure.

Stipulated to by:

MEYNARD DESIGNS, INC.,                         EARTH PRODUCTS, INC.
EARTH, INC., and                               by its attorneys:
PLANET, INC.
by their attorneys:


/s/ Laura Topper                               /s/ Christopher Carraway
Michael Albert, BBO # 558566                   Chris Carraway (admitted *pro hac vice*)
malbert@wolfgreenfield.com                     christopher.carraway@klarquist.com
David Wolf, BBO # 532160                       Scott E. Davis (admitted *pro hac vice*)
dwolf@wolfgreenfield.com                       scott.davis@klarquist.com
Laura Topper, BBO # 652364                     Derrick W. Toddy (admitted pro hac vice)
ltopper@wolfgreenfield.com                     derrick.toddy@klarquist.com
WOLF, GREENFIELD & SACKS, P.C.                 KLARQUIST SPARKMAN, LLP
600 Atlantic Avenue                            121 SW Salmon Street, Suite 1600
Boston, Massachusetts  02210                   Portland, Oregon  97204
Tel.  617 646.8000
Fax  617 646.8646                              Cindy Lang-Caditz (admitted *pro hac vice*)
                                               cindy.caditz@klarquist.com
                                               KLARQUIST SPARKMAN, LLP
                                               One Union Square
                                               600 University Street, Suite 2950
                                               Seattle, Washington  98101

                                               Steven M. Bauer
                                               sbauer@proskauer.com
                                               Kimberly A. Mottley
                                               kmottley@proskauer.com
                                               Gina Lombardo
                                               glombardo@proskauer.com
                                               PROSKAUER ROSE LLP
                                               One International Place
                                               Boston, Massachusetts  02110

So ORDERED AND SIGNED this _____ day of _____, 2007.

_____

Hon. Nathaniel M. Gorton
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC.<br><br>    Plaintiffs and<br>    Counterclaim-Defendants,<br><br>v.<br><br>  EARTH PRODUCTS, INC.<br><br>    Defendant and<br>    Counterclaim-Plaintiff. | |
| EARTH PRODUCTS INC.<br><br>    Third-Party Plaintiff<br>    Counterclaim-Defendant,<br><br>v.<br><br>  PLANET, INC.<br><br>    Third-Party Defendant and<br>    Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |

**UNDERTAKING CONCERNING CONFIDENTIALITY**

I,._____, hereby certify that:

1.  I have read the Protective Order entered in the above-captioned action and understand its terms.

2.  I agree to be bound by the terms of the Protective Order. I agree to use Confidential Matter provided to me pursuant to the Protective Order in this case only for purposes of this litigation. I further understand that I may not retain copies of Confidential Matter, summaries, notes or other records disclosing the content of such Confidential Matter

18

beyond the time set forth in the Protective Order and that I may not disclose any Confidential

Matter or the contents thereof to any person or entity not allowed to receive Confidential Matter

under the terms of the Protective Order.

3.    I understand that my failure to abide by the terms of the Protective Order entered

in the above-captioned action may subject me, without limitation, to penalties for contempt of

court.

4.    I submit to the jurisdiction of the court in the above-captioned action for the

purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right

that I may otherwise have to object to the jurisdiction of said court.


Date: _____    Signature: _____

                                Print Name: _____

1160735.1