IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>        Plaintiffs and<br>        Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS, INC.<br><br>        Defendant and<br>        Counterclaim-Plaintiff. | |
| EARTH PRODUCTS, INC.<br><br>        Third-Party Plaintiff<br>        Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>        Third-Party Defendant and<br>        Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |

## STIPULATED PROTECTIVE ORDER

Upon the stipulation of Plaintiffs, Meynard Designs, Inc. and Earth, Inc. (formerly Earth Visions Inc.), Defendant Earth Products, Inc., and Third-Party Defendant Planet, Inc., the Court hereby orders as follows:

This Protective Order shall apply to all information, documents and things subject to discovery in this action which are conveyed by any party or third party ("Disclosing Party") to another party ("Receiving Party") in this action, including, without limitation, all portions of transcripts of deposition testimony, exhibits, answers to interrogatories or requests for admission,

1

documents, or things, including any excerpt, index, description, copy, summary or abstract thereof, which are believed by the Disclosing Party in good faith to contain or reflect trade secrets, confidential or proprietary commercial information, or other confidential matters of the Disclosing Party for which a protective order would be legally justified under Rule 26(c) of the Federal Rules of Civil Procedure, provided that the information does not fall within the scope of Paragraph 13 below.

**1.      Categories of Confidential Matter**

For the purpose of this Order, there shall be two categories of Confidential Matter:

(a)      "ATTORNEYS' EYES ONLY" shall consist of proprietary information (in document form or otherwise) that the Disclosing Party reasonably believes is of such a highly sensitive nature and character that it would cause severe competitive damage if it were to be disclosed to another party.

(b)      "CONFIDENTIAL" shall include all other proprietary information (in document form or otherwise) which the Disclosing Party reasonably believes is sensitive but is not designated as ATTORNEYS' EYES ONLY.

**2.      Designation of Information Produced**

(a)      Any documents or things deemed confidential under paragraph l(a) by the Disclosing Party shall be marked or stamped by the Disclosing Party as "CONFIDENTIAL— ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY."

(b)      Any document or thing deemed confidential under paragraph l(b) by the Disclosing Party shall be marked or stamped by the Disclosing Party as "CONFIDENTIAL."

2

(c)    Stamping or marking material as set forth in paragraphs 2(a) and 2(b) shall

constitute certification by the Disclosing Party that it reasonably believes good cause exists to so

designate the material pursuant to this Protective Order.

**3.    Depositions**

In the case of depositions upon oral examination of employees or agents, former

employees or agents, or consultants or experts of either party, the testimony of the witness shall

be deemed as ATTORNEYS' EYES ONLY information until the expiration of twenty (20) days

after the receipt of the transcript of the deposition by counsel for the Disclosing Party. All other

depositions may be tentatively designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by

any Disclosing Party, or any Party to this Action for a 20-day period, and in such a case, the

testimony shall be deemed to have that designated level of Confidential Matter until the

expiration of twenty (20) days after the receipt of the transcript of the deposition by counsel for

the Disclosing Party. In either of the two scenarios, if counsel for a Disclosing Party or any

Party to this Action or any third party believes that the deposition transcripts or portions thereof

contain Confidential Matter, such counsel shall designate in writing to opposing counsel within a

20-day period the specific pages and lines constituting such ATTORNEYS' EYES ONLY or

CONFIDENTIAL information. Unless so designated, any confidentiality is waived after the

expiration of the 20-day period unless otherwise stipulated or ordered.

**4.    "ATTORNEYS' EYES ONLY" Restrictions**

Confidential Matter designated as ATTORNEYS' EYES ONLY shall not be disclosed,

except by the prior written consent of the Disclosing Party or pursuant to a further order of this

Court, to any person other than:

3

(a)     The outside attorneys of record for the Receiving Party and the employees and associates of the Receiving Party's outside attorneys who are involved in the conduct of this action.

(b)     Julie C. VanDerZanden, General Counsel at K-2 Corporation, provided that Ms. VanDerZanden certifies that she is not involved in making competitive decisions for or on behalf of Earth Products, Inc. or any company that directly competes with Earth, Inc., Meynard Designs, Inc., Planet, Inc., or licensees of Meynard Designs, Inc., Earth, Inc. or Planet, Inc. in relation to any goods or services that are the subject of any Confidential Matter, whether directly or through a position with a related company, and that she will not become involved in making such competitive decisions for or on behalf of such a company during the course of this litigation and for 90 days after the conclusion of this action. "Making competitive decisions" for purposes of this Order means advising on or making decisions about pricing or product design, product acquisition, setting the royalty rates for product or property licensing or assignment (except as part of a dispute settlement or a co-existence arrangement), client or customer development, product placement, identification of potential customers or channels of trade, selection of employees, selection of product or service providers, designers, vendors or the like, selection of advertising, promotional or other marketing providers, selection of advertising, promotional or other marketing services or placement; development of advertising, promotional or other marketing materials, themes, targets or campaigns. Legal counseling, even if such counsel regards designs or marks, shall not be included within the scope of "making competitive decisions" for purposes of this Order.

(c)     Kenneth C. Cummins, outside general counsel to Meynard Designs, Inc., Earth, Inc. and Planet, Inc. provided that Mr. Cummins certifies that he is not involved in making

4

competitive decisions for or on behalf of either Meynard Designs, Inc., Earth Inc., or Planet, Inc.,

whether directly or through a position with a related company, or any company that directly

competes with Earth Products, Inc. or its licensees, in relation to any goods or services that are

the subject of any Confidential Matter, and that he will not become involved in making such

competitive decisions for or on behalf of such a company during the course of this litigation and

for 90 days after the conclusion of this action. "Making competitive decisions" for purposes of

this Order means advising on or making decisions about pricing or product design, product

acquisition, setting royalty rates for product or property licensing or assignment (except as part

of a dispute settlement or co-existence arrangement), client or customer development, product

placement, identification of potential customers or channels of trade, selection of employees,

selection of product or service providers, designers, vendors or the like, selection of advertising,

promotional or other marketing providers, selection of advertising, promotional or other

marketing services or placement; development of advertising, promotional or other marketing

materials, themes, targets or campaigns.  Legal counseling, even if such counsel regards designs

or marks, shall not be included within the scope of "making competitive decisions" for purposes

of this Order.

      (d)     Independent experts and consultants, not including parties or their officers,

representatives, distributors, agents, or employees, retained by the attorneys for any party for

purposes of assisting in this litigation; provided that, ten (10) days prior to the disclosure to such

expert or consultant, the Receiving Party gives the Disclosing Party written notice.  The notice

shall include identification of the expert's or consultant's name, employment, affiliations, and

relationship to any one or more of the parties, if any, and further provided such expert or

consultant first executes the undertaking as set forth in Exhibit A.  If during that ten (10) day

period the Disclosing Party moves for a protective order preventing or limiting disclosure to such expert or consultant, the Receiving Party shall not disclose such information to such expert or consultant until that motion has been decided by this Court. Any such motion must be based on good and sufficient cause to restrict disclosure as described above and not simply to disqualify an expert or consultant of a party. In view of the 10 day deadline herein, the 14 day period for waiting to confer under L.R. 37.1 shall not apply provided the moving party has sought in good faith to confer and narrow the issues in dispute.

(e)    Staff of this Court and their supporting personnel, staff of any appellate court to which any appeal may be taken or in which review is sought, and qualified persons taking testimony in relation to this matter, when the testimony involves Confidential Matter, including necessary clerical or other employees thereof.

(f)    With the prior written permission of the Disclosing Party, any officer, agent, or employee of the Receiving Party disclosure to whom is reasonably necessary to the party's conduct of this litigation; provided, however, that such agent, officer, or employee shall execute the undertaking set forth in Exhibit A.

(g)    Any mediator retained by the parties jointly or appointed by the Court, provided that such mediator has a duty of confidentiality or executes the undertaking set forth in paragraph 6.

(h)    Witnesses where at least one of the following conditions applies:

i.    the witness is a current employee of the Designating Party unless the party objects based upon the fact that the Confidential Matter is something the employee does not have access to as part of such employee's regular job function;

6

ii.    the witness's name appears on the Confidential Matter as a person who has previously seen or had access to the Confidential Matter;

iii.    it is apparent from other facts of record or facts proffered at the time of the testimony that the witness is the author of the item, was a recipient of the item or otherwise had prior knowledge of the information contained within the Confidential Matter.

With respect to witnesses under subparagraphs i and iii, the party seeking to provide Confidential Matter must provide notice to the Disclosing Party two business days prior to the deposition. If the Disclosing Party objects in writing, no disclosure can be made to the witness until the Disclosing Party agrees to such disclosure or the court rules on a protective order. If the parties cannot agree to a resolution within five (5) business days of the notice of intent to disclose, it shall be the responsibility of the Disclosing Party to move for a protective order, or consent to the disclosure shall be implied. Should the issue not be resolved prior to the deposition, the Parties agree to make a good faith effort to coordinate a second deposition of the witness, limited to issues related to the disputed Confidential Matter if and when the witness becomes qualified to receive the Confidential Matter. Any objection under this Section must be due to a good faith concern relating to disclosure of the Confidential Matter and not for the purposes of delaying, preventing or otherwise impeding depositions or other discovery or trial related efforts; or

iv.    the Designating Party has consented on the record of the deposition to the showing of the Confidential Matter to the witness.

7

Witnesses being shown Confidential Matter under subparagraphs (h) (i), (ii) (iii) or (iv) shall not be allowed to retain copies of the confidential document. However, a witness who was shown Confidential Matter during a deposition may review the Confidential Matter while reviewing his or her transcript, provided that any Confidential Matter is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

5.     **"CONFIDENTIAL" Restrictions**

Confidential information designated as CONFIDENTIAL shall not be disclosed, except by the prior written consent of the Disclosing Party or pursuant to further order of this Court, to any person other than:

(a)     The attorneys of record for the Receiving Party and the employees and associates of the Receiving Party's attorneys who are involved in the conduct of this action.

(b)     Julie C. VanDerZanden, General Counsel at K-2 Corporation.

(c)     Kenneth C. Cummins, outside general counsel to Meynard Designs, Inc., Earth, Inc. and Planet, Inc.

(d)     Authorized agents, officers, or employees of a party disclosure to whom is reasonably necessary to the party's conduct of this litigation; provided, however, that such agent, officer or employee shall execute the undertaking set forth in Exhibit A.

(e)     Experts and consultants, not including parties or their officers, representatives, distributors, agents, or employees, retained by the attorneys for any party for purposes of assisting in this litigation; provided, however, that such expert or consultant shall execute the undertaking set forth in Exhibit A and is approved by the Receiving Party or the Court as set forth in Paragraph 4(d) above.

8

(f)     Staff of this Court and its supporting personnel, staff of any appellate court to which an appeal may be taken or in which review is sought, and qualified persons taking testimony in relation to this matter, when the testimony involved Confidential Matter, including necessary clerical or other employees thereof.

(g)     Any mediator retained by the parties jointly or appointed by the Court, provided that such mediator has a duty of confidentiality or executes the undertaking set forth in Exhibit A.

(h)     Witnesses where at least one of the following conditions applies:

i.      the witness is a current employee of the Designating Party unless the party objects based upon the fact that the Confidential Matter is something the employee does not have access to as part of such employee's regular job function;

ii.     the witness's name appears on the Confidential Matter as a person who has previously seen or had access to the Confidential Matter;

iii.    it is apparent from other facts of record or proffered at the time of the testimony that the witness is the author of the item, was a recipient of the item or otherwise had prior knowledge of the information contained within the Confidential Matter.

With respect to witnesses under subparagraphs i and iii, the party seeking to provide Confidential Matter must provide notice to the Disclosing Party two business days prior to the deposition. If the Disclosing Party objects in writing, no disclosure can be made to the witness until the Disclosing Party agrees to such disclosure or the court rules on a protective order. If the parties cannot agree to a resolution within five (5) business days of the notice of intent to disclose, it shall be the responsibility of the

9

Disclosing Party to move for a protective order, or consent to the disclosure shall be implied. Should the issue not be resolved prior to the deposition, the Parties agree to make a good faith effort to coordinate a second deposition of the witness, limited to issues related to the disputed Confidential Matter if and when the witness becomes qualified to receive the Confidential Matter. Any objection under this Section must be due to a good faith concern relating to disclosure of the Confidential Matter and not for the purposes of delaying, preventing or otherwise impeding depositions or other discovery or trial related efforts; or

      iv.    the Designating Party has consented on the record of the deposition to the showing of the Confidential Matter to the witness.

Witnesses being shown Confidential Matter under subparagraphs (h), (i), (ii), (iii) or (iv) shall not be allowed to retain copies of the confidential document. However, a witness who was shown Confidential Matter during a deposition may review the Confidential Matter while reviewing his or her transcript, provided that any Confidential Matter is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

**6.    Undertaking**

No disclosure of any Confidential Matter shall be made to any person, not authorized to receive such Confidential Matter under the terms of this Protective Order, unless allowed by order of this Court or allowed by written consent of the Disclosing Party.

**7.    Limitation on Use**

Any Confidential Matter made available during the course of this action shall be used solely for the purposes of this action and Cancellation Nos. 92042587 and 92042597 between

10

Earth Products, Inc. and Meynard Designs, Inc., pending in the United States Patent and Trademark Office, Trademark Trial and Appeal Board and shall not be disclosed or used by the recipient(s) for any business, commercial, or competitive purpose whatever. This Protective Order shall survive the final termination of this action with respect to any retained confidential materials. All persons who have been privy to Confidential Matter shall, even after conclusion of this action, be under a continuing duty not to reveal such information for so long as such information has not otherwise lawfully been made available to the public in a manner that did not violate any obligation of confidentiality or other duty owed to Disclosing Party.

## 8. Submission to Court – Motion for Impoundment Pursuant to Local Rule 7.2

To the extent it is necessary to file materials containing or relying on Confidential Matter with the Court in connection with any motion, hearing, or other proceeding, on or before any deadline for filing and/or service, such materials shall be served on opposing counsel and, on the same day, a motion to impound subject to Local Rule 7.2 shall be filed. If the Court grants a motion for impoundment, the materials that are the subject of the motion, together with the order granting leave to impound the materials, shall be filed within 3 business days with the Clerk of the Court in sealed envelopes prominently marked with the caption of the case and the notation:

### "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER"

If it is not the party filing the materials containing the Confidential Matter, the party that designated the Confidential Matter in question may, if desired, file a brief supporting the motion for impoundment and explaining the sensitivity of the documents and the need for these documents to be filed under seal. However, the failure to file such a brief shall not be deemed an admission that the Confidential Matter does not qualify for such a designation under the Protective Order.

11

1160735.1

Materials filed after a motion for impoundment is granted shall be considered timely filed, with no effect on subsequent deadlines, regardless of the date the court grants the motion for impoundment, so long as they were served on or before the deadline for service and/or filing, the motion for impoundment was also filed on or before the deadline and the party files the materials within 3 business days after the granting of the motion for impoundment.

If the Court denies a motion for impoundment that was filed on or before the deadline for filing and/or service and the motion was for impoundment of materials that were served on or before any deadline for service and/or filing, within three business days after the denial, the denied party may either file the materials containing the Confidential Matter or file and serve revised versions of the materials that do not contain Confidential Matter, and these materials will be treated as timely, with no effect on subsequent deadlines.

The Clerk of the Court is directed to maintain under seal all documents, pleadings, or transcripts of deposition testimony that have been filed under seal, in whole or in part, as confidential or containing Confidential Material. Such material shall be maintained by the Clerk under seal until 30 days after the conclusion of the case in the District Court. At the conclusion of the case in District Court, any Designating Party may obtain the return from the District Court of any previously sealed or previously impounded documents, by filing a motion to have such materials released to the Designating Party's attorney or other appointed representative within 30 days of the conclusion of the case in the District Court. Any documents that are not released and removed by the Designating Party will become part of the public case file at the close of 30 days after the conclusion of the case in the District Court.

Pursuant to Local Rule 7.2, the sealed envelopes delivered to the Clerk for filing under seal shall include the following statement: "This material shall be maintained by the Clerk under

12

seal until 30 days after the conclusion of the case in the District Court. If a party has not requested return of this material within 30 days after the conclusion of the case in the District Court, the Clerk may place the material in the public case file."

## 9.    Objection to Designation

The designation of or acceptance by a party of Confidential Matter shall not constitute an admission, concession, presumption, or permit an inference that any such information or materials containing the information are, in fact, confidential or shift the burden of proving that the information or material in question is within the scope of protection afforded by Federal Rules of Civil Procedure 26(c). Any party may contest the designation of any document or information as ATTORNEYS' EYES ONLY or CONFIDENTIAL. The Disclosing Party and Receiving Party shall confer in good faith to resolve any such disagreements. This Court shall determine any unresolved disputes using the same standards as if the Disclosing Party had applied for a protective order under the Federal Rules of Civil Procedure and related law.

## 10.    Privilege Log

Nothing in this Protective Order shall require disclosure of material which is not discoverable under Rule 26 of the Federal Rules of Civil Procedure or interpretive case law, or which is protected from disclosure by the attorney-client privilege or the work product doctrine, or of material the disclosure of which might constitute a breach of a written agreement with a third party, so long as the materials withheld on the basis of the attorney-client privilege are properly identified in a privilege document log by the party withholding such material, which log shall be provided to the other parties at a time mutually agreed upon by the parties.

1160735.1

## 11.    Return

At the conclusion of this action, each Receiving Party shall either return all materials

containing Confidential Matter in the party's possession, custody or control, and all copies,

portions, words, substances, summaries, abstracts or indices thereof (except to the extent that any

of the foregoing include or reflect receiving counsel's work product), to counsel for the

Designating Party or shall certify under oath the destruction thereof, except that outside counsel

for each party may, if they so elect, retain one copy of each item of ATTORNEYS' EYES

ONLY or CONFIDENTIAL material for reference in the event of a dispute over the use or

dissemination of information designated as confidential, and may retain documents, things,

copies, or samples to the extent that they include or reflect such counsel's work product.

Further, outside counsel may retain a complete copy of any documents filed with the Court,

whether or not those documents were filed under seal.

## 12.    Disclosing Party's Use

Nothing in this Protective Order shall limit any party or person in the use of its own

documents, things, and/or information for any purpose or from disclosing its own confidential

information to any person or from consenting to the disclosure of its own confidential

information by the Receiving Party.

## 13.    Independent Source

This Protective Order does not prohibit the use or disclosure of information obtained

from a source other than Confidential Matter provided under this Order even if such information

is additionally contained in materials designated as ATTORNEYS' EYES ONLY or

CONFIDENTIAL under this Order, provided that such material was not produced inadvertently

pursuant to paragraph 15 and the material was not obtained unlawfully or from another source in

14

violation of any contractual or other obligation of confidentiality owed to the Disclosing Party. Where such information is obtained from another source and contains additional materials designated as ATTORNEYS' EYES ONLY or CONFIDENTIAL, the specific materials provided by the Disclosing Party shall be treated as required by paragraphs 4-8 and 11. The restrictions on use and disclosure set forth herein shall not apply to information that, prior to being obtained by the Receiving Party pursuant to this Order, either is in the possession or knowledge of the Receiving Party or is demonstrably public knowledge. The restrictions, uses, and disclosures set forth herein shall not apply to information that, after being obtained by the Receiving Party pursuant to this Order, becomes demonstrably public knowledge other than by act or omission by the Receiving Party or a third party in violation of an obligation of confidentiality to the Disclosing Party. If a Receiving Party intends to disclose Confidential Matter to persons not qualified under paragraphs 4-8 pursuant to this paragraph, 10 days before the disclosure, Receiving Party must give notice of its intent, with a proffer of the evidence of prior availability or the public nature of the Confidential Matter. Within the 10 days, Disclosing Party may seek a protective order, and if such an order is sought, the Receiving Party shall not disclose the matter until the Court rules.

## 14.    Protection of Third Parties

An entity which is not a party to this litigation may take advantage of the protection of Confidential Matter provided by this Order, and such entity shall be entitled to all rights and protections afforded the Disclosing Party under this Order.

## 15.    Inadvertent Production

(a)    Inadvertent production of documents subject to work-product immunity or the attorney client privilege shall not constitute a waiver of the immunity or privilege, provided that

the Disclosing Party shall notify the Receiving Party of such inadvertent production as soon as practicable after the first time the Disclosing Party learns of the inadvertent production. Such inadvertently produced documents (and all copies, if any) shall be returned to the Disclosing Party within three (3) business days after receiving the request or by a deadline agreed upon by the parties (or sooner, if possible). No use shall be made of such documents by the Receiving Party unless the Receiving Party successfully challenges the claims privilege on grounds other than the inadvertent disclosure. If the parties are unable to agree as to the application of any claim of privilege or immunity, either party may petition the Court for resolution.

Nothing in this order shall preclude either party from petitioning the Court for return of later-discovered, inadvertently produced work-product immunity or attorney-client privilege documents.

(b)     A Disclosing Party that inadvertently fails to designate an item pursuant to this Order at the time of the production may make a correction. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Disclosing Party shall, to the extent reasonably feasible, return to outside counsel or destroy all copies of such undesignated documents and shall subsequently honor the provisions of this Order with respect to the use and disclosure of any confidential information contained in the undesignated documents.

(c)     If Confidential Matter designated pursuant to this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such improper disclosure to the attention of all

16

interested parties, without intentionally creating prejudice to other rights and remedies of the

Disclosing Party, and shall make every effort to prevent further improper disclosure.

Stipulated to by:

MEYNARD DESIGNS, INC.,                    EARTH PRODUCTS, INC.
EARTH, INC., and                          by its attorneys:
PLANET, INC.
by their attorneys:


_____          _____
Michael Albert, BBO # 558566              Chris Carraway (admitted *pro hac vice*)
malbert@wolfgreenfield.com                christopher.carraway@klarquist.com
David Wolf, BBO # 532160                  Scott E. Davis (admitted *pro hac vice*)
dwolf@wolfgreenfield.com                  scott.davis@klarquist.com
Laura Topper, BBO # 652364                Derrick W. Toddy (admitted *pro hac vice*)
ltopper@wolfgreenfield.com                derrick.toddy@klarquist.com
WOLF, GREENFIELD & SACKS, P.C.            KLARQUIST SPARKMAN, LLP
600 Atlantic Avenue                       121 SW Salmon Street, Suite 1600
Boston, Massachusetts 02210               Portland, Oregon 97204
Tel. 617 646.8000
Fax  617 646.8646                         Cindy Lang-Caditz (admitted *pro hac vice*)
                                          cindy.caditz@klarquist.com
                                          KLARQUIST SPARKMAN, LLP
                                          One Union Square
                                          600 University Street, Suite 2950
                                          Seattle, Washington 98101

                                          Steven M. Bauer
                                          sbauer@proskauer.com
                                          Kimberly A. Mottley
                                          kmottley@proskauer.com
                                          Gina Lombardo
                                          glombardo@proskauer.com
                                          PROSKAUER ROSE LLP
                                          One International Place
                                          Boston, Massachusetts 02110

1160735.1

So ORDERED AND SIGNED this _31st_ day of _May_ , 2007.

_Nathaniel M. Gorton_

Hon. Nathaniel M. Gorton
UNITED STATES DISTRICT JUDGE

18