IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>Defendant and Counterclaim-Plaintiff. | |
| EARTH PRODUCTS INC.<br><br>Third-Party Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>Third-Party Defendant and Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |

**AFFIDAVIT IN SUPPORT OF UNOPPOSED MOTION BY DEFENDANT AND COUNTERCLAIM-PLAINTIFF EARTH PRODUCTS INC. FOR THE ISSUANCE OF A LETTER OF REQUEST**

DERRICK W. TODDY, being duly sworn, deposes and says:

1.      I am an attorney with the law firm of Klarquist Sparkman, LLP, counsel for defendant and counterclaim-plaintiff Earth Products Inc. in the above-captioned matter.

2.      I am fully familiar with the facts and circumstances stated herein and respectfully submit this affidavit in support of the unopposed motion of defendant and counterclaim-plaintiff Earth Products Inc., pursuant to 28 U.S.C. § 1781 and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, for the issuance of a letter of request to obtain testimony and documents from Thomas Clark and Kareen Watler.

1

3.    Plaintiffs Meynard Designs, Inc. and Earth, Inc. and third-party defendant Planet, Inc. have agreed not to oppose the motion by defendant and third-party plaintiff Earth Products Inc. for the issuance of a letter of request for the testimony of these individuals, though plaintiffs and Planet, Inc. do not necessarily agree with Earth Products' reasons for sending the Letter of Request, or Earth Products' characterization of the merits of the case.  A proposed order instructing the Clerk of this Court to issue a letter of request is attached as Exhibit 1 hereto.

4.    The letter of request to be issued is attached as Exhibit 2 hereto.  It asks His Excellency the Governor of the Cayman Islands, in furtherance of justice and by the proper and usual process, to cause the above-named persons to appear and give testimony, and to produce documents related to the matter at issue.

5.    No previous application for the relief sought herein has been made.

WHEREFORE, Earth Products Inc. respectfully requests that this Court order, pursuant to 28 U.S.C. § 1781 and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, that a letter of request be issued to seek the testimony and documents of the above-named persons.

_____
Derrick W. Toddy

STATE OF OREGON          )
                         )    ss.
COUNTY OF MULTNOMAH      )

This 5th day of June, 2007, before me personally appeared Derrick W. Toddy, who being duly sworn, did say that he acknowledged that he signed this instrument as his free act and deed.

OFFICIAL SEAL
LINDA SCHROEDER
NOTARY PUBLIC - OREGON
COMMISSION NO. A379058
MY COMMISSION EXPIRES APRIL 5, 2008

_____
Notary Public for
    My commission expires: 4/5/2008

[SEAL]

2

# EXHIBIT 1

**To Affidavit of Derrick W. Toddy in Support of
Earth Products Inc.'s Unopposed
Motion for Issuance of a Letter of Request**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>Defendant and Counterclaim-Plaintiff. | |
| EARTH PRODUCTS INC.<br><br>Third-Party Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>Third-Party Defendant and Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE CONVENTION OF 18TH MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS ("HAGUE EVIDENCE CONVENTION")**

The United States District Court for the District of Massachusetts presents its compliments to the appropriate judicial authority in the Cayman Islands, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. This Court has determined that it would further the interests of justice if the persons described below were deposed, under oath, as to their knowledge of the facts which are relevant to the issues of this case, and ordered to produce relevant documents.

**SECTION I**

      1.      **<u>Requester</u>**

            Hon. Nathaniel M. Gorton, United States District Judge

      2.      **<u>Central Authority of the Requested State</u>**

            His Excellency the Governor of the Cayman Islands
            Government Administration Building
            Elgin Avenue
            George Town
            Grand Cayman
            Cayman Islands BWI3.

      3.      **<u>Return of Executed Request</u>**

            The person to whom the Executed Request is to be returned is

            Hon. Nathaniel M. Gorton
            John Joseph Moakley
            United States Courthouse
            Suite 2300
            One Courthouse Way
            Boston, MA 02210-3002

**SECTION II**

            **IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS (THE "CONVENTION"), THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

      4.      (a)      **<u>Requesting Judicial Authority (Article 3 (a))</u>**

            Hon. Nathaniel M. Gorton
            United States District Judge
            John Joseph Moakley
            United States Courthouse
            Suite 2300
            One Courthouse Way
            Boston, MA 02210-3002

     (b)       **To the Competent Authority of the Cayman Islands (Article 3 (a))**

His Excellency the Governor of the Cayman Islands
Government Administration Building
Elgin Avenue
George Town
Grand Cayman
Cayman Islands BWI3

**5.**     **Purpose of the Request**

The purpose of this Request is to obtain documentary and oral evidence for use at trial in the above-captioned action.  It has been made on the application of DEFENDANT AND PLAINTIFF BY COUNTERCLAIM EARTH PRODUCTS INC., who has demonstrated to us that the evidence sought is necessary for the due determination of the matters in dispute between the parties and that the witnesses identified in paragraph 11 below are likely to be able to give such evidence.

**6.**     **Names and addresses of the parties and their representatives (article 3 (b))**

The evidence requested relates to the above-captioned matter.  The parties and their representative in the above-captioned matter are listed in Schedule A hereto.  The applicant for this letter of request is defendant Earth Products Inc.

**7.**     **Nature and purpose of the proceedings and summary of facts (article 3 (c))**

The above-captioned action concerns the intellectual property rights to the EARTH and EARTH SHOE marks (collectively the "EARTH Marks").  Earth Products has been in a dispute regarding rights in the EARTH trademark for use with clothing since 2000.[1]  Earth Products contends it has used the mark EARTH with clothing since at least as early as 1992.

---

[1]  In July 2000, Earth Products notified Earth.Com, Inc. ("Earth.Com") of Earth Products' exclusive right to use the mark PLANET EARTH with footwear and clothing.  Accordingly, Earth.Com abandoned its pending trademark applications for several marks, including PLANET EARTH.  Earth.Com is the former name of Planet, Inc., one of the parties to this lawsuit.

Meynard Designs did not begin using the EARTH Marks with any products until 1994, but argues that it licensed and eventually purchased trademark registrations for the EARTH Marks, which it contends entitle it to claim the benefit of use of the mark with "Earth Shoes" back in the 1970's.[2]

In 2003, Earth Products filed petitions with the U.S. Patent and Trademark Office seeking cancellation of two trademark registrations for "EARTH" purportedly assigned to Meynard Designs.[3] Earth Products then filed a Complaint against Meynard Designs in the United States District Court for the Western District of Washington on July 28, 2005.[4] About one month later, Meynard Designs and Earth Visions (now called "Earth, Inc.") sued Earth Products in the District of Massachusetts and filed a motion to dismiss, transfer or stay the Washington action.[5] Earth Products filed its answer and counterclaims on August 14, 2006[6] and Meynard Designs and Earth, Inc. responded to Earth Products' Complaint on September 11,

---

[2] The original Earth Shoe footwear was developed and refined by Anne Kalso from 1957-1967. Earth Shoe footwear was distinguished by its positioning of the heel portion lower than the toe portion. Earth Products contends that Meynard Designs is not entitled to claim priority from Anne Kalso or any of her successors because it argues the EARTH Marks had been abandoned due to non-use before Meynard Designs purchased the alleged rights. Meynard Designs denies any such abandonment by its predecessors-in-interest.

[3] The two EARTH registrations at issue for clothing are U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

[4] Attached hereto as Exhibit A is a copy of Earth Products Inc.'s original complaint in the Western District of Washington case.

[5] Attached hereto as Exhibit B is a copy of the original complaint in the present District of Massachusetts case.

[6] Attached hereto as Exhibit C is a copy of Earth Products' answer and counterclaims in the present District of Massachusetts case.

2006.[7]  The two cases were eventually consolidated in the District of Massachusetts in the present above-captioned case.

Meynard Designs originally licensed trademark registrations for the EARTH Marks for use with footwear in 1994 from a Cayman Islands corporation called Mondial Trading Co. Ltd. ("Mondial").  Mondial apparently acquired the trademark registrations on or about March 9, 1994 and later assigned them to Meynard Designs on or about March 1, 2000.[8]  Mondial's use and/or control over the EARTH Marks during the period it purported to own the trademark registrations is an issue in dispute between the parties to the litigation.  Issues which this Court must determine is whether (and, if so, to what extent) Mondial ever used the EARTH Marks and exercised control over the nature and quality of goods in connection with which Mondial's licensees used the EARTH Marks.  Since Mondial was a Cayman Islands corporation, it is necessary to seek this information in the Cayman Islands.  Though Mondial was struck off the Cayman Islands Register of Companies in September 2000, the individuals who were directors of Mondial between 1994 and 2000 are resident in the Cayman Islands.  Testimony is sought from these former directors, Thomas Clark and Kareen Watler, in connection with the use or control of the EARTH Marks between 1994 and 2000, together with the production of documents relevant to this issue.

On February 10, 1995 the aforementioned Thomas Clark, as a director of Mondial, wrote to the United States Customs Service describing Mondial's license of EARTH Marks and authorizing the release of certain goods bearing the EARTH Marks to International

---

[7] Attached hereto as Exhibit D is a copy of Meynard Designs, Inc.'s and Earth, Inc.'s answer and counterclaims.

[8] Attached hereto as Exhibit E is a copy of documents reflecting Mondial's purported interest in the EARTH Marks, including the assignments to Mondial recorded with the U.S. Patent and Trademark Office.

Shoe Trading Ltd. and Michel Meynard, Inc.  Additionally, on May 7, 1996, Mr. Clark filed a

request for an extension of time to file a statement of use with the United States Patent and

Trademark Office.[9]  In 1996 and 1997, the aforementioned Kareen Watler signed documents as a

director of Mondial attesting to use of trademarks at issue, which documents were submitted to

the United States Patent and Trademark Office.[10]  Earth Products contends that testimony from

these individuals, together with relevant documents, is required to determine whether Mondial

used or took any steps to control use of the EARTH Marks between 1994 and 2000.

**8.    Summary of the Complaint**

Plaintiffs
Meynard Designs, Inc. and Earth Visions, Inc.[11]

Defendant
Earth Products Inc.

Plaintiffs' claims
Plaintiffs assert that Earth Products Inc.'s use of the EARTH Marks in connection
with clothing infringes on their trademarks.

**9.    Summary of the Answer**

As relevant to this request, Defendants assert that the Plaintiffs' trademarks are

invalid and are therefore not infringed because, among other reasons, the EARTH Marks were

abandoned, including during the period of ownership by Mondial.

**10.    Evidence to be obtained or other judicial act to be performed (article 3 (d))**

The evidence to be obtained consists of testimony and documents for use in the

trial of the claims and defenses in the above-captioned CIVIL ACTION NO. 05 cv 11781 NMG

---

[9] Attached hereto as Exhibit F are copies of the aforementioned documents signed by Thomas
Clark.  Michel Meynard, Inc. is now known as Meynard Designs, Inc., a party to this litigation.

[10] Attached hereto as Exhibit G are copies of the documents signed by Kareen Watler.

[11] Earth Visions, Inc. has since changed its name to "Earth, Inc."

pending in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS.

Evidence regarding use of and control over the EARTH Marks during the period
of ownership by Mondial is required for trial, because any evidence indicating a lack of control
by Mondial of the nature and quality of goods in connection with which the EARTH Marks were
used may establish abandonment of the marks by Mondial, and serve as a complete defense to
the claims against Earth Products.  Because Mondial was struck from the registry of the Cayman
Islands on September 29, 2000, documents cannot be obtained directly from Mondial.  However,
those who served as officers or directors of Mondial should be able to provide testimony, and
may be able to produce documents, concerning any use of and control over the EARTH Marks
between 1994 and 2000. Therefore, oral testimony and production of documents is required of
the individuals who served as directors Mondial at the time that Mondial was identified as the
owner of the EARTH Marks.  Thomas Clark and Kareen Watler were directors of Mondial
during this period, according to documents produced in the litigation and filed with the United
States Customs Office and/or United States Patent and Trademark Office.[12]

It is necessary for the purposes of justice and for the due determination of the
matters in dispute between the parties that you cause the following witnesses, who are resident
within your jurisdiction, to be examined and to produce relevant documents.  The names and
addresses of the witnesses are as follows:

> Thomas Clark
> c/o HSBC Financial Services (Cayman) Limited
> P O 1109 GT
> Second Floor Strathvale House
> 90 Church Street

---

[12] Attached hereto as Exhibits F and G are copies of documents indicating that Thomas Clark and
Kareen Watler were directors of Mondial during the period that Mondial was identified as the
owner of the EARTH Marks.

George Town
Grand Cayman
KY1-1102
Cayman Islands


Kareen Watler
c/o HSBC Financial Services (Cayman) Limited
P O 1109 GT
Second Floor Strathvale House
90 Church Street
George Town
Grand Cayman
KY1-1102
Cayman Islands

It is requested that the Cayman Islands judicial authority compel the parties

identified above to appear and be deposed, under oath, as to their knowledge of the facts that are

relevant to the issues of the case.

**11.    Identity and Addresses of persons to be examined (article 3 (e))**

The names and addresses of those to be examined are annexed at Schedule B.

**12.    Subject matter about which deponents are to be examined (article 3 (f))**

The subject matter about which the persons named above are to be examined is

annexed at Schedule C.

**13.    Requirement that the evidence be given on oath or affirmation and the
specific form to be used (article 3 (h))**

The examinations of the persons listed in Schedule B shall be taken under oath (1)

before any officer authorized to administer oaths under the laws of the United States of America

or any officer authorized to administer oaths under the laws of the Cayman Islands, or (2) before

a person appointed by the court and empowered to administer oaths and take testimony.

Accordingly, the assistance of His Excellency the Governor, or other appropriate

judicial authority is hereby sought, and it is hereby requested that, in the interest of justice and by

usual and proper process, His Excellency the Governor of the Cayman Islands cause to be

entered such orders as the laws of the Cayman Islands permit, directing that the persons

identified in Schedule B be summoned to provide testimony and produce documents identified

on the attached Schedule D at a time and a place to be determined by His Excellency the

Governor of the Cayman Islands or other judicial authority.

14.    **Special methods or procedures to be followed (article 3 (i))**

The examinations shall be taken under the Federal Rules of Civil Procedure of the

United States of America, except to the extent such procedure is incompatible with the laws of

the Cayman Islands.

The examination shall be recorded stenographically before a commercial

stenographer and a verbatim transcript shall be produced.   This Court requests that the

examination be taken in English.

15.    **Request for Notification**

**Please send notice of the time and place for the execution of the Request to:**

Clerk of Court
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
Suite 2300
One Courthouse Way
Boston, MA 02210-3002

**And to the party representatives, as set forth in Schedule A.**

**The documents requested are to be produced at the office of**

Truman Bodden & Co
P O Box 866
Anderson Square Building
George Town
Cayman Islands BWI

**16.**    <u>**Fees and costs**</u>

The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Hague Evidence Convention will be borne by Earth Products Inc.  Its payment of any such fees and costs is without prejudice to its making a subsequent request to be reimbursed by other parties in the litigation.

**17.**    <u>**Conclusion**</u>

This Court expresses its appreciation of His Excellency the Governor of the Cayman Islands or other judicial authority of the Cayman Islands for the courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of the Cayman Islands in a similar manner when required.

**Dated: _____, 2007**

**Boston, Massachusetts**

_____
**Nathanial M. Gorton**
**United States District Judge**

## SCHEDULE A

### Names and Addresses of the Party Representatives

**Plaintiffs**

**Meynard Designs, Inc., Earth, Inc., and Planet, Inc. (collectively, "Meynard")**

By their Counsel:

Michael Albert, BBO # 558566
malbert@wolfgreenfield.com
David Wolf, BBO # 532160
dwolf@wolfgreenfield.com
Laura Topper, BBO # 652364
ltopper@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210

**Defendant**

**Earth Products Inc.**

By its Counsel:

Chris Carraway
christopher.carraway@klarquist.com
Scott Davis
scott.davis@klarquist.com
Derrick Toddy
derrick.toddy@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204

Cindy L. Caditz
cindy.caditz@klarquist.com
KLARQUIST SPARKMAN, LLP
One Union Square
600 University Street, Suite 2950
Seattle, WA 98101

Steven M. Bauer
sbauer@proskauer.com
Kimberly A. Mottley
kmottley@proskauer.com
Gina Lombardo
glombardo@proskauer.com
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110

## <u>SCHEDULE B</u>

### <u>Names and Addresses of the Requested Deponents</u>

**Thomas Clark**
c/o HSBC
HSBC Financial Services (Cayman) Limited
P.O. 1109 GT
Second Floor Strathvale House
90 North Church Street
George Town Grand Cayman KY1-1102
Cayman Islands

**Kareen Watler**
c/o HSBC
HSBC Financial Services (Cayman) Limited
P.O. 1109 GT
Second Floor Strathvale House
90 North Church Street
George Town Grand Cayman KY1-1102
Cayman Islands

## <u>SCHEDULE C</u>

**<u>Subject Matter About Which the Persons Named In Schedule B Are to Be Examined</u>**

1.      Knowledge of the use, if any, of the "EARTH" and "EARTH SHOE" Marks while those marks were owned by Mondial;

2.      Knowledge of the licensing of the "EARTH" and "EARTH SHOE" Marks while those marks were owned by Mondial;

3.      Knowledge of the control (if any) Mondial exerted over the nature and quality of goods or services in connection with which a licensee(s) was/were authorized to use the "EARTH" and "EARTH SHOE" Marks;

4.      Knowledge of the individuals having authority to exercise control over the nature and quality of any goods or services in connection with which any licensee was authorized to use the "EARTH" and "EARTH SHOE" Marks on behalf of Mondial;

5.      Knowledge of any relationship between Mondial and Michel Meynard, Meynard Designs, Inc., Michel Meynard, Inc., Earth Visions, Inc., International Shoe Trading Ltd., and/or Planet, Inc.;

6.      Documents the persons named in Schedule B executed for or on behalf of Mondial; and

7.      Involvement in the trademark application and registration activities for the "EARTH" and/or "EARTH SHOE" Marks.

14

## SCHEDULE D

### Documents Requested to be Produced by the Persons Named In Schedule B

1.      Documents reflecting or relating to acquisition of the "EARTH" and "EARTH SHOE" Marks by Mondial.

2.      Documents reflecting or relating to licensing agreements between Mondial and third party(ies) relating to the "EARTH" and "EARTH SHOE" Marks, including but not limited to, licensing agreements with:

      a.  International Shoe Trading Ltd.;

      b.  Michel Meynard, Inc.; and/or

      c.  Other entity(ies) acting as a licensee of the Marks.

3.      Documents reflecting or relating to use of the "EARTH" and "EARTH SHOE" Marks by Mondial and/or its licensee(s).

4.      Documents reflecting or relating to control Mondial exerted over the nature and quality of goods or services in connection with which any licensee was authorized to use the "EARTH" and "EARTH SHOE" Marks.

5.      Documents reflecting or relating to the sale or assignment of rights to the "EARTH" and "EARTH SHOE" Marks from Mondial to Michel Meynard, Inc.

6.      Documents reflecting or relating to enforcement of any rights in the "EARTH" or "EARTH SHOE" Marks against third parties by Mondial.

7.      Documents reflecting or relating to the authority of the following individuals to exert control on behalf of Mondial over the nature and quality of any goods or services in connection with which any licensee was authorized to use the "EARTH" and "EARTH SHOE" Marks, as well as documents reflecting or relating to the exercise of said authority:

      a.  Pierre Meynard;

      b.  Michel Meynard;

      c.  E. J. Christian;

      d.  E. Caprice Scott-Leggatt;

      e.  Thomas Clark;

      f.  Kareen Watler; and/or

      g.  Any other individual acting with such authority.

# EXHIBIT A

TO EARTH PRODUCTS INC.'S
REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE

5/2/55 √11/2222

1

2

3

_____ FILED   _____ ENTERED
_____ LODGED   _____ RECEIVED

4

**JUL 28 2005** MR

5

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

6



7

**05-CV-01326-CMP**

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

**CV05 · 1326**

10

EARTH PRODUCTS INC., a California
corporation,

No.

11

Plaintiff,

**COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN, AND
VIOLATION OF WASHINGTON
STATE LAW**

12

v.

13

MEYNARD DESIGNS, INC., a Massachusetts
corporation,

14

**JURY TRIAL REQUESTED**

Defendant.

15

ORIGINAL

16

## I.   THE PARTIES

17

18

1.   Plaintiff Earth Products Inc. ("Earth Products") is a California corporation,
having a place of business at 5830 El Camino Real, Carlsbad, CA  92008.

19

20

2.   Upon information and belief, Defendant Meynard Designs, Inc. ("Meynard") is
a Massachusetts corporation, having a place of business is at 763 Salem End Road,
Framingham, MA  01702.

21

22

## II.   JURISDICTION AND VENUE

23

24

3.   This is an action arising out of the Trademark Act of 1946, 15 U.S.C. § 1051,
*et seq.*, the laws of the State of Washington, and the common law.  This Court has jurisdiction
pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (actions arising under the
Lanham Act), 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1338 (acts of Congress

25

26

27

COMPLAINT - 1
KPER/2794/COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

1    relating to trademarks and unfair competition), and 28 U.S.C. § 1367 (supplemental
2    jurisdiction of related state law claims). The amount in controversy exceeds the sum or value
3    of $75,000.00.

4         4.    Venue is proper in this jurisdiction under 28 U.S.C. § 1391.

5         5.    This Court has personal jurisdiction over Meynard because Meynard regularly
6    transacts business within this district and has committed tortious acts within this district.

7              **III.    EARTH PRODUCTS RIGHTS**

8         6.    Earth Products has directly and through its predecessor-in-interest adopted and
9    used the mark EARTH in association with the sale of clothing since at least as early as 1990
10   and currently owns the valid and exclusive right to use the mark in association with the sale of
11   clothing throughout the United States.

12        7.    The adoption and use of the mark EARTH for clothing by Earth Products in
13   1990 was in good faith and was the first use of the mark EARTH in association with the sale
14   of clothing.

15        8.    Meynard has asserted that the first use of the mark EARTH for clothing by
16   Meynard or its predecessor-in-interest did not occur until 1994.

17        9.    Earth Products has at all times since adoption exercised exclusive control of
18   the mark EARTH mark as used in association with clothing. Earth Products has used the
19   mark EARTH in association with the promotion, advertisement and sale of clothing
20   throughout the United States in advertising, print media, display at trade shows, point of sale
21   materials, and promotional events.

22        10.   From a date prior to any date upon which Meynard may rely, Earth Products
23   has continuously and, with the exception of Meynard's infringing acts, exclusively used the
24   mark EARTH in association with the sale of clothing.

25        11.   The EARTH mark serves to identify the clothing of Earth Products and has
26   come to be recognized by the purchasing public as an indication of clothing of unique
27   characteristics and quality that originates from Earth Products. As a result, the EARTH mark

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS℠
LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

1    and the goodwill associated therewith represent substantial value possessed and enjoyed by

2    Earth Products.

3                          **IV.    MEYNARD'S INFRINGING ACTIVITIES**

4         12.    On information and belief, Meynard is a successor-in-interest to the rights of

5    the owner of the mark EARTH used in association with the promotion of footwear that was

6    developed by a Yoga teacher from Copenhagen by the name of Anne Kalso.  Ms. Kalso

7    invented a sole design called the negative heel technology in which the heel of the shoe is

8    lower than the toe of the shoe.  This EARTH shoe sold by Meynard in the 1970's had a very

9    limited appeal to a limited customer base and therefore was not broadly or widely known.

10        13.    On information and belief, the shoes invented by Anne Kalso were introduced

11   by Meynard's predecessor-in-interest in 1970.  After several years of sales, the sellers of

12   EARTH shoes encountered business difficulties and the shoe was not available for

13   intermittent periods of time, some of which exceeded three years and during which there was

14   no specific intention to resume use of the mark EARTH for any products.

15        14.    In 2003 Meynard Designs, Inc. acquired purported rights to the mark EARTH

16   for footwear and also acquired ownership of  U.S. Registration No. 2,199,118 and U.S.

17   Registration 2,249826 for the mark EARTH.

18        15.    U.S. Registration No. 2,199,118 issued October 20, 1998 for the mark EARTH

19   and claims clothing, namely, socks, t-shirts, caps, hats, sweatshirts.  On October 15, 2003

20   Earth Products initiated Cancellation Action 92042587 before the U.S. Patent and Trademark

21   Office Trademark Trial and Appeal Board by filing a Petition seeking cancellation of U.S.

22   Registration No. 2,199,118.

23        16.    U.S. Registration No. 2,249,826 issued June 1, 1999 for the mark EARTH and

24   claims clothing, namely, jeans, pants, belts, shirts, sweaters, jackets, and coats.  On October

25   15, 2003 Earth Products initiated Cancellation Action 92042597 before the U.S. Patent and

26   Trademark Office Trademark Trial and Appeal Board by filing a Petition seeking cancellation

27   of U.S. Registration No. 2,249,826.

COMPLAINT - 3
KPEPI/2794\COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

17. On information and belief, Meynard recently commenced the use of the mark EARTH in association with the sale and promotion of clothing.

18. Because Earth Products owns the exclusive right to use the mark EARTH in association with the sale of clothing, Earth Products is entitled to cancellation of U.S. Registration No. 2,249,826 and U.S. Registration No. 2,199,118.

19. The use of the mark EARTH by Meynard in association with the sale of clothing is likely to cause confusion among customers as to the source of the clothing or may cause customers to believe that Meynard's clothing sold or promoted in association with the mark EARTH is associated with, endorsed by or sponsored by Earth Products. For these reasons, the use of the mark EARTH by Meynard in association with the sale of clothing infringes valuable rights owned by Earth Products and causes injury and damage to Earth Products.

20. Meynard's use of the mark EARTH in association with the labeling, packaging, advertising, and marketing of clothing has caused, and is likely to continue to cause, confusion, mistake or customer deception as to the source of said clothing. Further, Meynard's use of the mark EARTH gives the mistaken impression that Meynard's products are endorsed by Earth Products, or that Meynard's products are sponsored by, affiliated with, or in some way connected with Earth Products.

21. Meynard's actions are without license or consent of Earth Products and have caused, and unless restrained by this Court, will continue to cause serious and irreparable injury to Earth Products, and serious and irreparable injury to the goodwill associated with the mark EARTH for clothing. Earth Products' remedies at law are not adequate to compensate for the injury caused by Meynard actions because Earth Products is entitled to be in exclusive control of the mark EARTH as used in association with clothing in order to prevent the likelihood that customers may be confused, mistaken, or deceived into believing that the clothing sold by Meynard originate with Earth Products or are endorsed by, sponsored by, affiliated with, or in some way connected to Earth Products.

COMPLAINT - 4
KPEP\27940COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS™

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

22.     Earth Products advised Meynard of its prior rights in the mark EARTH as used in association with clothing. Despite Earth Products provision of express notice to Meynard of Earth Products' exclusive rights in the mark EARTH for clothing Meynard initiated and continues to manufacture, promote, and sell clothing in association with the mark EARTH in violation of Earth Products' exclusive rights thereto. Accordingly, Meynard's continued acts of infringement are willful, and Earth Products is therefore entitled to recover all profits derived from Meynard's acts of infringement, dilution, and false designation of origin, including treble damages, together with all attorneys' fees and costs incurred by Earth Products.

## COUNT I

### COMMON LAW TRADEMARK INFRINGEMENT

23.     Meynard's activities constitute trademark or trade name infringement in violation of the common law of the States of Washington.

## COUNT II

### FALSE DESIGNATION OF ORIGIN

24.     Meynard's activities described herein constitute false designations of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

## COUNT III

### VIOLATION OF WASHINGTON LAW

25.     Meynard's activities described herein constitute false and deceptive trade practices and unfair competition in violation of R.C.W. § 19.86 *et seq.*

### PRAYER FOR RELIEF

Wherefore, Earth Products respectfully prays this Court for judgment against Meynard for the following alternative and cumulative relief:

A.     Issuance of a permanent injunction prohibiting Meynard, its agents, servants, employees, officers, successors, and assigns, and all persons, firms and corporations acting in

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS$^{PLLC}$

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE  206.682.8100

1  concert or in participation with Meynard or on Meynard's behalf, from using the mark

2  EARTH in association with the sale or distribution of clothing.

3     B.     Entry of judgment awarding compensatory and exceptional damages to be paid

4  by Meynard to Earth Products pursuant to 15 U.S.C. § 1117, R.C.W. § 19.86.090 and all other

5  applicable laws, plus reasonable attorney's fees and costs incurred in this matter;

6     C.     Issuance of an order requiring the abandonment and/or immediate assignment

7  to Earth Products of U.S. Registration No. 2,249,826 and U.S. Registration No. 2,199,118;

8  and

9     D.     For such other and further relief as this Court may deem just and proper.

10                                   **JURY DEMAND**

11     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Earth Products hereby

12  demands a trial by jury of all issues.

13     Dated this _28_ day of July, 2005.

14

15

16                         F. Ross Boundy, WSBA No. 403
                           Cindy L. Caditz, WSBA No. 16,701
17                         Jerald E. Nagae, WSBA No. 8,521
                           CHRISTENSEN O'CONNOR
18                         JOHNSON KINDNESS PLLC
                           1420 Fifth Avenue, Suite 2800
19                         Seattle, WA 98101
                           Phone: (206) 682-8100
20                         Fax: (206) 224-0779
                           E-mail: ross.boundy@cojk.com;
21                         cindy.caditz@cojk.com
                           jerald.nagae@cojk.com
22                         Attorneys for Earth Products Inc.

23

24

25

26

27

COMPLAINT - 6
KJJEP/27794COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

# EXHIBIT B

TO EARTH PRODUCTS INC.'S
REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE

RECEIPT #
AMOUNT $
SUMMONS ISSUED___Y - /
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK___/°___
DATE_____8 - 29 - 0 ⁵

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 AUG 29  P 3: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

MEYNARD DESIGNS, INC. AND
EARTH VISIONS INC.,

Plaintiffs,

v.

EARTH PRODUCTS, INC.,

Defendant.

---

CIVIL ACTION NO.

# 05 ᶜᵛ 11781 NMG

MAGISTRATE JUDGE *Alicare*

## COMPLAINT AND JURY DEMAND

Meynard Designs, Inc. ("Meynard") and Earth Visions Inc. ("Earth Visions")

bring this civil action against Earth Products, Inc. ("Earth Products").

### THE PARTIES

1.      Plaintiff, Meynard, is a Massachusetts corporation with its principal place

of business at 135 Second Avenue, Waltham, MA 02451.

2.      Plaintiff, Earth Visions, is a Massachusetts corporation, with its principal

place of business at 135 Second Avenue, Waltham, Massachusetts 02451.

3.      On information and belief, Defendant, Earth Products, Inc. ("Earth

Products"), is a California corporation having an address at 5830 El Camino Real,

Carlsbad, CA 92008.

### JURISDICTION

4.      This is an action for trademark infringement and unfair competition

arising under the laws of the United States, namely the Lanham Act, 15 U.S.C. § 1051, *et*

*seq.* Therefore, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. In addition, Meynard and Earth Visions are Massachusetts corporations, while Earth Products is a California corporation, and Meynard and Earth Visions seek damages associated with the past sale of goods and injunctive relieve associated with on-going sales of goods believed to be greater than $75,000, therefore jurisdiction is also proper under 28 U.S.C. § 1332. Jurisdiction over the state law claims is proper under 28 U.S.C. § 1367.

5.     Earth Products sells goods under and in connection with the infringing mark EARTH in Massachusetts. In addition, Earth Products maintains a website, accessible in Massachusetts, which provides links to websites offering Earth Products' goods for sale. Therefore, this Court has personal jurisdiction over Earth Products.

## BACKGROUND

6.     Meynard is a well-respected designer and buying agent of high-quality footwear. Meynard does not presently sell any products, but instead licenses others to do so under trademarks and copyrights that it owns.

7.     In 1970, Anne Kalso, a yoga instructor, who had designed shoes having a special negative heel, introduced those shoes in the United States under the EARTH mark. The EARTH mark was used on various goods and the brand was very popular throughout the 1970s. Its popularity continues today.

8.     In or about 1994 the EARTH family of marks and the associated good will were sold by Anne Kalso's immediate successors to Mondial Trading Company, Ltd., which then granted a license to Meynard at about that time under the rights it had acquired. Thereafter, in 2000, Meynard acquired all the ownership rights to the EARTH

family of marks, together with the associated goodwill. Since then, Meynard has continued to use the EARTH mark on footwear throughout the United States and elsewhere, maintaining the high level of quality associated with the EARTH mark.

9.    In addition to the longstanding use of EARTH in association with footwear, Meynard adopted and began using in interstate commerce the EARTH mark for clothing items. At least as early as 1995, the EARTH mark was used on clothing items other than footwear. From 1995 forward, Meynard as licensee and then owner of the EARTH mark, always intended to expand to a full line of clothing products under the EARTH mark, and, in fact, has continued to expand the line of products sold under the mark.

10.    Products sold under the EARTH mark include millions of pairs of shoes and other clothing and accessories, such as t-shirts, pants, caps, jackets, belts, sweaters, sweatshirts, jeans, socks, key chains, bags, and lotions.

11.    By virtue of the longstanding popularity of the EARTH mark and its continuous use, Meynard owns trademark rights in the mark at common law for footwear and other clothing and accessories.

12.    Meynard also owns a number of United States trademark registrations, including Registration Nos.: 2,199,118 for EARTH for clothing, namely, socks, t-shirts, caps, hats, sweatshirts (Exhibit 1); 2, 249, 826 for EARTH for clothing, namely jeans, pants, belts, shirts, jackets and coats and Registration Number (Exhibit 2); 1,371,439 for EARTH for footwear (Exhibit 3). These registrations have been assigned to Meynard by its predecessors in title, and such assignments have been recorded in the United States

Patent and Trademark Office. Registration No. 1,371,439 is now uncontestable and has
been since 1999 pursuant to 15 U.S.C. § 1065.

13.    Through extensive sales and advertising, Meynard's EARTH mark has
become well known, and the products sold under the mark have acquired significant good
will and a reputation for quality.

14.    In December 2004, Earth Visions was organized as a Massachusetts
corporation.

15.    Since January 2005, Earth Visions has taken over responsibility for the
manufacture, advertising and sale of all goods under the EARTH mark, with the
exception of sales to one retail chain, which are handled by a different licensee of
Meynard.

16.    Earth Visions is the only licensee of Meynard that is presently selling and
advertising items other than shoes under the EARTH mark.

17.    On information and belief, Earth Products was formed as a skateboard
equipment seller in the early 1990s under the name Planet Earth Skateboards, Inc.
("Planet Earth"). At some point, Planet Earth adopted the mark PLANET EARTH for
skateboard equipment and clothing.

18.    On information and belief, after Meynard's predecessors established rights
in the EARTH mark, Planet Earth altered its use of the PLANET EARTH mark to
emphasize the EARTH portion and later Planet Earth began using the trademark EARTH
without the word PLANET. On information and belief, Planet Earth's adoption of
EARTH as a mark for clothing apart from the word "Planet" commenced with the full
knowledge of the prior use and substantial celebrity of the EARTH mark owned by

925010.1                                  4

Meynard, and with the intent to trade on the good will previously established by Meynard and its predecessor's in title.

19.     In 2002, Planet Earth filed a trademark application, Serial No. 76/401,085 alleging that it had been using in commerce a mark including EARTH for footwear and clothing since December, 2000. This application was refused in view of Meynard's prior registrations.

20.     In or around May 21, 2004, with the full knowledge of the celebrity and fame of the EARTH mark owned by Meynard, Planet Earth changed its name to Earth Products, Inc.

21.     On information and belief, Earth Products has sold and advertised for sale goods including t-shirts, jackets and sweatshirts, under the EARTH mark, or designs which emphasize the mark EARTH, thereby attempting to capitalize on the goodwill in the EARTH mark that was established by Meynard (and its predecessors) through extensive sales under the EARTH mark well prior to Earth Products' adoption of the EARTH mark.

22.     Meynard and its predecessor in title's common law and registered rights in the EARTH mark long pre-date Earth Products' uses of EARTH.

23.     Earth Products' use of the word EARTH in plain or stylized form and EARTH as a dominant portion of other marks is likely, when used in association with its goods, to cause confusion or mistake or to deceive consumers, who are likely to think that such goods originate with or are associated with Meynard or Earth Visions.

24.     Meynard placed Earth Products on actual notice of the similarity and likelihood of confusion between its uses of EARTH and Meynard's EARTH mark.

25.     Despite such notification, Earth Products' disregarded Meynard's rights and continued to sell infringing products.

26.     Earth Products further filed cancellation actions against two of Meynard's registrations for the mark EARTH for clothing items and alleged that, despite Meynard's prior use of the mark EARTH on footwear and Meynard's federal registrations for the EARTH mark, Meynard was infringing Earth Products' rights.

27.     Earth Products could not validly establish rights in the mark EARTH for clothing, since any use of the EARTH mark on clothing items by Earth Products was an infringement of Meynard's rights in the EARTH mark, which extended not only to footwear, but also other clothing items within Meynard's and its predecessors' natural zone of expansion.

28.     Following institution of the cancellations, Earth Products and Meynard entered into settlement talks, seeking to resolve all disputes between the parties.

29.     On July 12, 2005, Meynard sent a settlement offer to Earth Products. On July 29, 2005, Earth Products indicated that it would respond to this letter on August 1, 2005 when its counsel returned from vacation. Instead, on July 28, 2005, Earth Products filed suit in the United States District Court for the Western District of Washington, claiming that Meynard was selling clothing items that infringed Earth Products' rights in the EARTH mark for clothing.

## COUNT I

(Trademark Infringement Under 15 U.S.C. § 1114 And Common Law)

30.     The allegations of Paragraphs 1-29 above are incorporated by reference.

31.     Meynard owns United States Registrations numbered 2,199,118,

2,249,826 and 1,371,439 (incontestable) and has common law rights in the EARTH

mark. Earth Visions is a licensed user of those marks.

32.     Earth Products uses colorable imitations of Meynard's EARTH mark, in

commerce as its trademark and in association with its sale and advertisement of clothing

similar to or identical to the types of goods sold by Earth Visions under Meynard's

EARTH mark.

33.     Earth Products' use of the imitations is without permission of Meynard or

Earth Visions and is likely to cause confusion or mistake or to deceive. Earth Products is

therefore liable to Meynard for trademark infringement under 15 U.S.C. § 1114 and at

common law.

34.     Upon information and belief, such use by Earth Products is knowing and

willful and with the intent to trade off the good will established by Meynard in its relation

to EARTH mark.

35.     Meynard and Earth Visions have been damaged by such conduct in an

amount to be determined at trial.

36.     Unless stopped by an injunction, Earth Products' behavior will continue

and will cause Meynard and Earth Visions to suffer irreparable harm for which there is

no adequate remedy at law. Therefore, Meynard and Earth Visions are entitled to injunctive relief. They are also entitled to damages for the infringement.

## COUNT II

(False Designation Of Origin Under 15 U.S.C.§ 1125(a))

37.     The allegations of Paragraphs 1-36 above are incorporated by reference.

38.     Meynard's EARTH marks are recognized for quality in the footwear and clothing industries.

39.     Earth Products provides its goods to a similar class of consumers as Earth Visions does.

40.     On information and belief, Earth Products' use of a trademark confusingly similar to Meynard's EARTH mark has the effect of associating Earth Products or its goods with Meynard's EARTH mark in the minds of the purchasing public thereby trading off the good will acquired by Meynard.

41.     Earth Products' actions are likely to cause confusion or mistake, or to deceive as to the affiliation, connection or association of Earth Products with Meynard or Earth Visions or as to the origin, sponsorship or approval of Earth Products' goods by Meynard or Earth Visions, entitling Meynard to relief under 15 U.S.C.§ 1125(a).

42.     Meynard and Earth Visions have been damaged by such conduct in an amount to be determined at trial.

43.     Unless stopped by an injunction, Earth Products' behavior will continue and will cause Meynard and Earth Visions to suffer irreparable harm for which there is no adequate remedy at law. Therefore, Meynard and Earth Visions are entitled to injunctive relief. They are also entitled to damages for such false designation of origin.

## COUNT III

(Common Law Unfair Competition)

44. The allegations of Paragraphs 1-43 above are incorporated by reference.

45. By the above-described conduct, Earth Products has engaged in unfair competition under common law.

46. Meynard and Earth Visions have been damaged by such conduct in an amount to be determined at trial.

47. Unless stopped by an injunction, Earth Products' behavior will continue and will cause Meynard and Earth Visions to suffer irreparable harm for which there is no adequate remedy at law. Therefore, Meynard and Earth Visions are entitled to injunctive relief. They are also entitled to damages for such conduct.

## COUNT IV

(Unfair and Deceptive Trade Practices Under Mass. Gen. L. ch. 93A)

48. The allegations of Paragraphs 1-47 above are incorporated by reference.

49. Earth Products is, and was at all relevant times, engaged in commerce in Massachusetts, as set forth above.

50. Earth Products' acts as described hereinabove constituted unfair and deceptive acts and practices in violation of Mass. Gen. L. ch. 93A.

51. On information and belief, Earth Products' acts as described hereinabove were willful and knowing.

52. Meynard and Earth Visions have been harmed by such action and are entitled to damages as set forth in Ch. 93A.

## COUNT V

### (Declaratory Judgment Of Non-Infringement)

53.  The allegations of Paragraphs 1-52 are incorporated by reference.

54.  This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201-2.

55.  Earth Products has alleged that Meynard's sale of clothing under the EARTH mark infringes Earth Products' trademark under the common law of the state of Washington.

56.  Meynard does not infringe any valid trademark of Earth Products, as Meynard does not sell any products and Earth Products could not have established rights in the EARTH mark for clothing, in view of Meynard's prior use and registration of the EARTH mark for footwear, a natural expansion of which is the exclusive right to use the EARTH mark on clothing.

57.  As the owner of federal Registration Nos. 2,199,118 and 2,249,826 Meynard has the exclusive right to use the mark EARTH for clothing throughout the United States. Earth Visions, as a licensee, also has the right to use the EARTH mark free of competition from companies that are not licensed by Meynard.

58.  Earth Visions sells clothing under the EARTH mark, therefore, based upon Earth Products' allegations against Meynard and the fact that it is actually Earth Visions that participates in the accused behavior, Earth Visions has a reasonable apprehension that Earth Products will file suit against it.

59.  An actual and justicable controversy exists between the parties as described above.

925010.1                                                10

60.     Meynard and Earth Visions are entitled to a declaration that they do not infringe Earth Products' alleged rights in the EARTH mark.

## COUNT VI

(Declaratory Judgment Of No False Designation Of Origin)

61.     The allegations of Paragraphs 1-60 are incorporated by reference).

62.     This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201-02.

63.     Earth Products has alleged that Meynard's sale of clothing under the EARTH mark violates 15 U.S.C. § 1125.

64.     Meynard and Earth Visions' use of the EARTH mark for clothing does not violate 15 U.S.C. § 1125, since the EARTH mark is strongly associated with Meynard and its predecessors in interest and Earth Products is not a lawful user of the EARTH mark.

65.     Meynard does not sell or advertise products under the EARTH mark, but instead licenses others, including Earth Visions, to do so.

66.     An actual and justicable controversy exists between the parties as described above.

67.     Meynard and Earth Visions are entitled to a declaration that they do not violate 15 U.S.C. § 1125.

## COUNT VII

(Declaration That R.C.W. § 19.86 *et seq* Is Not violated)

68.     The allegations of Paragraph 1-67 are incorporated by reference.

69.     This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201-02.

70.     Earth Products has alleged that Meynard violates R.C.W. § 19.86 *et seq*.

71.    Neither Meynard nor Earth Visions violates R.C.W. § 19.86 *et seq,* since Earth Visions' products under the EARTH mark are properly associated with Meynard and its predecessors as well as Meynard's licensee, Earth Visions.

72.    An actual and justicable controversy exists between the parties as described above.

73.    Meynard and Earth Visions are entitled to a declaration that they do not violate R.C.W. § 19.86 *et seq*.

## RELIEF REQUESTED

For the above reasons, Meynard and Earth Visions pray that the Court declare and a judgment be entered that:

A.    The Court has jurisdiction over the parties and subject matter of this action;

B.    Meynard's asserted trademark registrations above are valid and subsisting and are infringed by Earth Products and further that Earth Products has committed false designation of origin and unfair competition and has violated Mass. Gen. L. ch. 93A;

C.    Earth Products, as well as all its agents, representatives, employees, assigns and all persons acting in concert or privity with them, is permanently enjoined from maintaining, using, disseminating, reproducing, promoting, distributing or otherwise using the mark EARTH or any mark confusingly similar thereto, and is permanently enjoined from using EARTH as all or part of any mark, product configuration, or design except in the combination PLANET EARTH where each is given equal weight;

D.     Earth Products' infringement, false designation of origin and unfair competition have been willful;

E.     Earth Products shall deliver to Meynard or to the Court for destruction all materials bearing the infringing marks or colorable copies of Meynard's marks;

F.     Earth Products shall file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction;

G.     Earth Products shall pay to Meynard and Earth Visions any damages attributable to Earth Products' infringement of Meynard's marks and its acts of unfair competition and shall account for all gains, profits, and advantages derived through those actions, and pay such damages authorized by law, including 15 U.S.C. § 1117;

H.     Earth Products shall pay damages, and such multiple damages up to three times actual damages as may be awarded by the Court pursuant to Mass. Gen. L. ch. 93A;

I.     Earth Products shall pay Meynard and Earth Visions their reasonable costs and attorneys fees;

J.     Earth Products has no valid right to the EARTH mark and Meynard and Earth Visions do not infringe any trademark rights of Earth Products;

K.     Meynard and Earth Visions do not violate 15 U.S.C. § 1125 through their use of the EARTH mark for clothing;

L.     Meynard and Earth Visions do not violate R.C.W. § 19.86 *et seq*; and

M.     Meynard and Earth Visions shall have such other and further relief as this Court may award.

925010.1                                                   13

## JURY DEMAND

Meynard and Earth Visions demand a trial by jury of all issues so triable.

MEYNARD DESIGNS, INC. AND
EARTH VISIONS INC.

By its attorneys,

Dated: August 29, 2005

Michael Albert, BBO # 558566
David Wolf, BBO # 532160
Laura Topper, BBO # 652364
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel. 617 646.8000
Fax 617 646.8646

# EXHIBIT C

TO EARTH PRODUCTS INC.'S
REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC.<br><br>Plaintiffs,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>Defendant.<br><br>––––––––––––––––––––––––<br><br>EARTH PRODUCTS INC.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>PLANET, INC., MEYNARD DESIGNS, INC. AND EARTH VISIONS INC.<br><br>Counterclaim-Defendants. | CIVIL ACTION NO. 05 cv 11781 NMG<br><br>**Jury Trial Demanded** |

**EARTH PRODUCTS INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Earth Products Inc. ("Earth Products") hereby submits its Answer, Affirmative

Defenses and Counterclaims in response to the Complaint filed August 29, 2005 by Plaintiffs

Meynard Designs, Inc. ("Meynard Designs") and Earth Visions Inc. ("Earth Visions")

(collectively, "Meynard" or "Plaintiffs"). Further, Earth Products joins Counterclaim Defendant

Planet, Inc. as a party to this action pursuant to Fed. R. Civ. P. 13(h) and Fed. R. Civ. P. 19(a) and/or 20(a).

For its Answer, Affirmative Defenses and Counterclaims, Earth Products states as follows:

1.    Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiffs' Complaint.

2.    Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Plaintiffs' Complaint.

3.    Earth Products admits the allegations in paragraph 3 of Plaintiffs' Complaint, except it is affirmatively stated that the correct name of Defendant is Earth Products Inc. (no comma).

4.    Earth Products admits that Plaintiffs' Complaint attempts to assert causes of action for trademark infringement and unfair competition arising under the laws of the United States, namely the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.  Earth Products also admits that federal subject matter jurisdiction is found in 28 U.S.C. §§ 1331, 1332 and 1338, and state law jurisdiction is found in 28 U.S.C. § 1367.  It is further admitted that Earth Products is a California corporation.  Except as stated herein, Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of Plaintiffs' Complaint.

5.    Earth Products admits that it maintains a Web site, accessible in Massachusetts and elsewhere, which provides links to Web sites offering Earth Products' goods for sale, including EARTH clothing.  Except as stated herein, Earth Products denies the allegations in paragraph 5 of Plaintiffs' Complaint.

6.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiffs' Complaint.

7.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiffs' Complaint.

8.      Earth Products denies that "Meynard acquired all the ownership rights to the EARTH family of marks, together with the associated goodwill."  Further, the allegation that "Meynard has continued to use the EARTH mark on footwear throughout the United States" is contradicted by the allegation in paragraph 6 of the Complaint that "Meynard does not presently sell any products, but instead licenses others to do so under trademarks and copyrights that it owns," and on at least that basis, Earth Products denies this allegation of paragraph 8.  Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of Plaintiffs' Complaint.

9.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiffs' Complaint.

10.     Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiffs' Complaint.

11.     Earth Products denies that Meynard has any right to claim priority to any rights that may have been established by Anne Kalso or agents or successors of Anne Kalso.  Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of Plaintiffs' Complaint.

12.     Earth Products admits that U.S. Patent and Trademark Office records identify Meynard Designs as the owner of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.  Except as stated

3

herein, Earth Products denies the allegations in paragraph 12 of Plaintiffs' Complaint.

13.　　Earth Products denies the allegations in paragraph 13 of Plaintiffs' Complaint.

14.　　Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiffs' Complaint.

15.　　Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiffs' Complaint.

16.　　Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiffs' Complaint.

17.　　Earth Products admits that its predecessor-in-interest adopted the PLANET EARTH and EARTH trademarks for clothing and skateboard equipment in 1990. Earth Products also admits that it was formed as a clothing and skateboard equipment business and incorporated under the name Planet Earth Skateboards, Inc. in 1993. Except as stated herein, Earth Products denies the allegations in paragraph 17 of Plaintiffs' Complaint.

18.　　Earth Products denies the allegations in paragraph 18 of Plaintiffs' Complaint.

19.　　Earth Products admits it filed an application to register the mark EARTH and Design for footwear and apparel on April 26, 2002. This application was assigned Serial No. 76/401085. The application to register EARTH and Design claimed a first use date of December 2000. The Examining Attorney refused registration of the EARTH and Design mark in view of U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826. Except as stated herein, Earth Products denies the allegations in paragraph 19 of Plaintiffs' Complaint.

20.     Earth Products admits that Planet Earth changed its name to Earth Products Inc. on or around May 21, 2004.  Except as herein stated, Earth Products denies the allegations in paragraph 20 of Plaintiffs' Complaint.

21.     Earth Products admits that it has sold and advertised for sale goods including T-shirts, jackets, and sweatshirts bearing its own trademark EARTH and bearing designs that emphasize the word EARTH, but denies that any such goods have borne any trademarks allegedly owned by Plaintiffs or any of their alleged predecessors.  Earth Products also denies the remaining allegations in paragraph 21 of Plaintiffs' Complaint.

22.     Earth Products denies the allegations in paragraph 22 of Plaintiffs' Complaint.

23.     Earth Products denies the allegations in paragraph 23 of Plaintiffs' Complaint.

24.     Earth Products admits that it is aware of Meynard's claim.  Earth Products denies the remaining allegations in paragraph 24 of Plaintiffs' Complaint.

25.     Earth Products denies the allegations in paragraph 25 of Plaintiffs' Complaint.

26.     Earth Products admits it filed cancellation actions against two of Meynard's registrations for the mark EARTH for clothing items.  Except as stated herein, Earth Products denies the allegations in paragraph 26 of Plaintiffs' Complaint.

27.     Earth Products denies the allegations in paragraph 27 of Plaintiffs' Complaint.

28.     Earth Products admits the allegations in paragraph 28 of Plaintiffs' Complaint.

29.     Earth Products admits that Meynard sent a letter to Earth Products dated July 12, 2005.  Earth Products admits that counsel for Earth Products intended to and did respond to the settlement letter of July 12, 2005, after counsel for Earth Products returned from vacation in August 2005.   Earth Products further admits that it filed suit in the United States District Court for the Western District of Washington on July 28, 2005 alleging, *inter alia*, that Meynard was

selling clothing items that infringed Earth Products' right in the EARTH mark for clothing. Except as stated herein, Earth Products denies the allegations in paragraph 29 of Plaintiffs' Complaint.

## ANSWER TO COUNT I
### (Trademark Infringement Under 15 U.S.C. § 1114 And Common Law)

30.     In response to the allegations in paragraph 30 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 29 of this Answer and incorporates them herein by reference.

31.     Earth Products denies that Meynard has any valid rights in the mark EARTH, or any rights to that mark that are prior to or superior to those owned by Earth Products.  Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of Plaintiffs' Complaint.

32.     Earth Products denies the allegations in paragraph 32 of Plaintiffs' Complaint.

33.     Earth Products denies the allegations in paragraph 33 of Plaintiffs' Complaint.

34.     Earth Products denies the allegations in paragraph 34 of Plaintiffs' Complaint.

35.     Earth Products denies the allegations in paragraph 35 of Plaintiffs' Complaint.

36.     Earth Products denies the allegations in paragraph 36 of Plaintiffs' Complaint.

## ANSWER TO COUNT II
### (False Designation of Origin Under 15 U.S.C. § 1125(a))

37.     In response to the allegations in paragraph 37 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 36 of this Answer and incorporates them herein by reference.

38.     Earth Products denies the allegations in paragraph 38 of Plaintiffs' Complaint.

39.     Earth Products admits that at least some of its goods are offered and sold to a

similar class of consumers. Earth Products is without knowledge or information sufficient to fully form a belief as to the truth of the remaining allegations in paragraph 39 of Plaintiffs' Complaint.

40.     Because Meynard does not own any valid rights in the mark EARTH that are prior to or superior to the rights in the mark EARTH owned by Earth Products, Earth Products denies the allegations stated by paragraph 40 of Plaintiffs' Complaint. Earth Products also denies any remaining allegations in paragraph 40 of Plaintiffs' Complaint.

41.     Earth Products denies the allegations in paragraph 41 of Plaintiffs' Complaint.

42.     Earth Products denies the allegations in paragraph 42 of Plaintiffs' Complaint.

43.     Earth Products denies the allegations in paragraph 43 of Plaintiffs' Complaint.

## ANSWER TO COUNT III
### (Common Law Unfair Competition)

44.     In response to the allegations in paragraph 44 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 43 of this Answer and incorporates them herein by reference.

45.     Earth Products denies the allegations in paragraph 44 of Plaintiffs' Complaint.

46.     Earth Products denies the allegations in paragraph 46 of Plaintiffs' Complaint.

47.     Earth Products denies the allegations in paragraph 47 of Plaintiffs' Complaint.

## ANSWER TO COUNT IV
### (Unfair and Deceptive Trade Practices Under Mass. Gen. L. ch. 93A)

48.     In response to the allegations in paragraph 48 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 47 of this Answer and incorporates them herein by reference.

49.     Earth Products admits that it has been and currently is engaged in commerce in

7

Massachusetts.  Earth Products does not have sufficient information to form a belief as to

whether it was engaged in such commerce "at all relevant times," and on that basis denies that

allegation.  Earth Products is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 49 of Plaintiffs' Complaint, and on that basis

denies them.

     50.     Earth Products denies the allegations in paragraph 50 of Plaintiffs' Complaint.

     51.     Earth Products denies the allegations in paragraph 51 of Plaintiffs' Complaint.

     52.     Earth Products denies the allegations in paragraph 52 of Plaintiffs' Complaint.

### ANSWER TO COUNT V
**(Declaratory Judgment of Non-Infringement)**

     53.     In response to the allegations in paragraph 53 of Plaintiffs' Complaint, Earth

Products repeats and realleges the answers contained in paragraphs 1 though 52 of this Answer

and incorporates them herein by reference.

     54.     Earth Products admits the allegations in paragraph 54 of Plaintiffs' Complaint.

     55.     Earth Products admits the allegations in paragraph 55 of Plaintiffs' Complaint.

     56.     Earth Products denies the allegations in paragraph 56 of Plaintiffs' Complaint.

     57.     Earth Products denies the allegations in paragraph 57 of Plaintiffs' Complaint.

     58.     Earth Products admits that Earth Visions currently sells clothing using the Earth

Products' EARTH mark.  Earth Products is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in paragraph 58 of Plaintiffs' Complaint.

     59.     Earth Products admits that a controversy exists, but otherwise is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 59 of Plaintiff's Complaint.

     60.     Earth Products denies the allegations in paragraph 60 of Plaintiffs' Complaint.

## ANSWER TO COUNT VI
### (Declaratory Judgment of No False Designation of Origin)

61.     In response to the allegations in paragraph 61 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 60 of this Answer and incorporates them herein by reference.

62.     Earth Products admits the allegations in paragraph 62 of Plaintiffs' Complaint.

63.     Earth Products admits the allegations in paragraph 63 of Plaintiffs' Complaint.

64.     Earth Products denies the allegations in paragraph 64 of Plaintiffs' Complaint.

65.     Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of Plaintiffs' Complaint.

66.     Earth Products admits that a controversy exists, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of Plaintiffs' Complaint.

67.     Earth Products denies the allegations in paragraph 67 of Plaintiffs' Complaint.

## ANSWER TO COUNT VII
### (Declaration That R.C.W. § 19.86 *et seq*. Is Not Violated)

68.     In response to the allegations in paragraph 68 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 67 of this Answer and incorporates them herein by reference.

69.     Earth Products admits the allegations in paragraph 69 of Plaintiffs' Complaint.

70.     Earth Products admits the allegations in paragraph 70 of Plaintiffs' Complaint.

71.     Earth Products denies the allegations in paragraph 71 of Plaintiffs' Complaint.

72.     Earth Products admits that a controversy exists, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 72 of Plaintiff's Complaint

73.    Earth Products denies the allegations in paragraph 73 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    Earth Products has superior rights in the mark EARTH for clothing.

### Second Affirmative Defense

2.    Meynard Designs and its alleged predecessors-in-interest abandoned the mark EARTH, including any rights to use that mark on footwear or clothing.

### Third Affirmative Defense

3.    Plaintiffs cannot rely upon any use of the mark EARTH SHOE to establish use of the mark EARTH.

### Fourth Affirmative Defense

4.    The alleged assignment of the EARTH mark to Meynard Designs and/or its alleged predecessor-in-interest was an assignment-in-gross.

### Fifth Affirmative Defense

5.    The mark EARTH used in connection with shoes is generic for negative heel shoes.

### Sixth Affirmative Defense

6.    False representations were intentionally made to the U.S. Patent and Trademark Office during the prosecution of U.S. Trademark Application Serial No. 74/551611 which issued (through division) as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, both of which have been asserted by Plaintiffs in this lawsuit.  In reliance upon these false representations, the U.S. Patent and Trademark Office took actions that

10

subsequently resulted in the issuance of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826. For these reasons, Meynard's U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 are invalid and of no effect.

### Seventh Affirmative Defense

7.      False representations were intentionally made to the U.S. Patent and Trademark Office during the prosecution of U.S. Trademark Application Serial No. 74/551611 which issued (through division) as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, both of which are asserted by Plaintiffs in this lawsuit. In reliance upon these false representations, the U.S. Patent and Trademark Office took actions that subsequently resulted in the issuance of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826. For these reasons, Meynard should be found to have unclean hands and thus be prohibited from enforcing U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

### Eighth Affirmative Defense

8.      False representations were intentionally made to the U.S. Patent and Trademark Office during the process of claiming incontestable status for U.S. Trademark Registration No. 1,371,439, which has been asserted by Plaintiffs in this lawsuit. In reliance upon these false representations, the U.S. Patent and Trademark Office accepted false documents intended to support incontestable status to U.S. Trademark Registration No. 1,371,439. For these reasons, Meynard's U.S. Trademark Registration No. 1,371,439 is invalid and of no effect.

### Ninth Affirmative Defense

9.      False representations were intentionally made to the U.S. Patent and Trademark

11

Office during the process to claim incontestable status for U.S. Trademark Registration No. 1,371,439, which has been asserted by Plaintiffs in this lawsuit. In reliance upon these false representations, the U.S. Patent and Trademark Office accepted false documents intended to support incontestable status to U.S. Trademark Registration No. 1,371,439. For these reasons, U.S. Trademark Registration No. 1,371,439 is not entitled to incontestable status and Meynard, through its predecessor-in-interest, should be deemed to have unclean hands and thus be prohibited from enforcing U.S. Trademark Registration No. 1,371,439.

## EARTH PRODUCTS INC.'S COUNTERCLAIMS

1.       As used herein, the term "clothing" includes socks and excludes shoes.

2.       As used herein, the term "footwear" includes shoes and excludes socks.

3.       Earth Products hereby asserts the following counterclaims ("Counterclaims") against Plaintiffs Meynard Designs, Inc. and Earth Visions Inc.:

### A.  Parties

4.       Counterclaim-plaintiff Earth Products Inc. ("Earth Products") is a California corporation with its principal place of business at 5830 El Camino Real, Carlsbad, CA 92008.

5.       On information and belief, Counterclaim-defendant Meynard Designs, Inc. ("Meynard Designs") is a Massachusetts corporation with its principal place of business at 135 Second Avenue, Waltham, MA 02451.

6.       On information and belief, Counterclaim-defendant Earth Visions Inc. ("Earth Visions") is a Massachusetts corporation with its principal place of business at 135 Second Avenue, Waltham, MA 02451.

7.       Meynard Designs and Earth Visions are referred to collectively herein as "Meynard" or "Counterclaim-defendants."

12

**B.  Jurisdiction and Venue**

8.      This is an action arising out of the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, the laws of the States of Massachusetts, California and Washington, and the common law.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1338 (acts of Congress relating to trademarks and unfair competition), and 28 U.S.C. § 1367 (supplemental jurisdiction of related state law claims).  The amount in controversy exceeds the sum or value of $75,000.00.

9.      Venue is permitted in this jurisdiction under 28 U.S.C. § 1391.

10.      This Court has personal jurisdiction over each of the Counterclaim-defendants because they are found and regularly conduct business in the District of Massachusetts and because Meynard Designs and Earth Visions have availed themselves of this Court by bringing this action.

**C.  Facts In Support Of Counterclaims**

*Earth Products' Rights in the EARTH Trademark*

11.      Counterclaim-plaintiff Earth Products has directly and through its predecessor-in-interest adopted and used the mark EARTH in association with the sale of clothing since at least as early as 1990 and currently owns the valid and exclusive right to use the mark in association with the sale of clothing throughout the United States.

12.      The adoption and use of the mark EARTH for clothing by Earth Products in 1990 was in good faith and was the first use of the mark EARTH in association with the sale of clothing.

13.      Earth Products has at all times since adoption exercised exclusive control of the

13

EARTH mark as used in association with clothing. Earth Products has used the mark EARTH in association with the promotion, advertisement and sale of clothing throughout the United States in, among other things, advertising, print media, display at trade shows, point of sale materials, and promotional events.

14.     Earth Products filed an application to register the mark EARTH and Design on April 26, 2002. This application was assigned Serial No. 76/401,085. Application Serial No. 76/401,085 was refused registration on the ground that the mark was confusingly similar to the marks shown by Registration No. 1,371,439, Registration No. 2,249,826, and Registration No. 2,199,118, all of which are at issue in this litigation.

### *Background of "Earth" Shoes*

15.     On information and belief, Meynard purports to be a successor-in-interest to the rights of the owner of the mark EARTH used in association with the promotion of shoes that were developed by a Yoga teacher from Copenhagen, Denmark named Anne Kalso. Ms. Kalso invented a shoe sole design having a heel portion lower than the toe portion (hereinafter, "negative heel shoes"). For this shoe sole design, Ms. Kalso (under the name Kalsoy) was issued U.S. Patent No. 3,305,947 entitled "Footwear with Heavy Sole Parts" on February 28, 1967.

16.     On information and belief, Ms. Kalso's negative heel shoes were introduced under the mark EARTH in 1970. Print advertisements for EARTH shoes highlighted the negative heel construction of the shoes and Ms. Kalso's U.S. Patent No. 3,305,947.

17.     On information and belief, various third parties sold negative heel shoes, generally referred to as "earth" shoes, in the 1970's. On information and belief, at least one of those third parties, Roots, still makes and sells earth shoes, i.e., shoes with negative heel construction. Use of the term "earth" in connection with shoes became and is generic for a shoe

14

with negative heel construction.

18.     On information and belief, Kalso Systemet, Inc., the business entity established to distribute EARTH shoes in the United States, encountered business difficulties and declared bankruptcy around 1977. Thereafter, EARTH shoes were not available for intermittent periods of time, some of which exceeded three years and during which there was no specific intention to resume use of the mark EARTH for any products.

### *Prosecution of U.S. Trademark Registrations Nos. 2,199,118 and 2,249,826*

19.     Mondial Trading Co., Ltd. ("Mondial Trading"), a Cayman Islands corporation, filed an Intent to Use application to register the mark EARTH for "clothing, namely, socks, t-shirts, jeans, pants, caps, belts, shirts, hats, sweatshirts, sweaters, jackets and coats" with the U.S. Patent and Trademark Office on July 20, 1994. This application was assigned serial No. 74/551611.

20.     U.S. Trademark Application Serial No. 74/551611 was filed and prosecuted by Wolf, Greenfield, & Sacks, P.C., the same law firm which represents Meynard in the present lawsuit.

21.     On January 21, 1997, Mondial Trading filed a second "Request for Extension of Time under 37 C.F.R. §2.89 to File a Statement of Use, with Declaration", executed by Michel Meynard in his capacity as CEO. On information and belief, Michel Meynard is CEO of Plaintiff Meynard Designs and is also CEO of Plaintiff Earth Visions.

22.     On July 22, 1997, a third Request for Extension of Time with Declaration was filed for U.S. Trademark Application Serial No. 74/551611. Again, the Request with Declaration was executed by Michel Meynard as CEO. However, instead of applicant Mondial Trading, this Request with Declaration was filed by Michel Meynard, Inc. Michel Meynard, Inc.

is the former name of Plaintiff/Counterclaim-defendant Meynard Designs.

23.     On August 27, 1997, the Applications Examiner sent counsel a letter noting that the third Request for Extension of Time with Declaration was not filed by the applicant of record.  The Applications Examiner informed counsel that "[t]he request must be filed by the entity that owns the mark at the time the request is filed."  Accordingly, on September 24, 1997, counsel submitted an Assignment of U.S. Trademark Application Serial No. 74/551611 from Mondial Trading to Michel Meynard, Inc., effective June 25, 1997.  In reliance upon the submission of this Assignment by Michel Meynard, Inc., the U.S. Patent and Trademark Office accepted the third Request for Extension of Time.

24.     On information and belief, despite Mondial Trading's purported Assignment of U.S. Trademark Application Serial No. 74/551611 to Michel Meynard, Inc., effective June 25, 1997, Mondial Trading proceeded to improperly file documents with the U.S. Patent and Trademark Office in connection with the prosecution of this application.  On January 23, 1998, a fourth Request for Extension of Time under 37 C.F.R. §2.89 to File a Statement of Use, with Declaration was filed for U.S. Trademark Application Serial No. 74/551611, along with a Request to Divide Application and a Statement of Use under 37 C.F.R. §2.88, with Declaration for socks, t-shirts, caps, hats and sweatshirts.  These documents were submitted by Mondial Trading and executed by Kareen Watler, Director of Mondial Trading, who also executed the Assignment of U.S. Trademark Application Serial No. 74/551611 from Mondial Trading to Michel Meynard, Inc. (now Meynard Designs, Inc.) submitted to the U.S. Patent and Trademark Office just four months earlier.

25.     The Statement of Use filed by Mondial Trading for socks, t-shirts, caps, hats and sweatshirts set forth a first use date of February 1, 1995 and a first use in commerce date of

February 1, 1995.  The Statement of Use was filed with specimens displaying the term EARTH

SHOE.

26.     On March 30, 1998, the Trademark Attorney issued an Office Action stating that

the specimens displaying EARTH SHOE did not conform to the drawing which displayed the

mark as EARTH.  The Trademark Attorney noted that to change the EARTH drawing to EARTH

SHOE would be a material alteration of the mark.  Accordingly, the Trademark Attorney

required the submission of substitute specimens.

27.     On July 27, 1998, Mondial Trading submitted a new Statement of Use under 37

C.F.R. §2.88, with Declaration executed by Director Kareen Watler for socks, t-shirts, caps, hats

and sweatshirts.  This Statement of Use set forth a first use date of "prior to" January 1, 1998 and

a first use in commerce date of "prior to" January 1, 1998.  The Statement of Use was filed with

substitute specimens displaying the term EARTH and not the term EARTH SHOE.

28.     On July 27, 1998, Mondial Trading submitted a Request for Fifth Extension of

Time under 37 C.F.R. §2.89 to File a Statement of Use, with Declaration executed by Director

Kareen Watler, for jeans, pants, belts, shirts, sweaters, jackets "and/or" coats.

29.     The U.S. Patent and Trademark Office granted the Request to Divide Application

filed by Mondial Trading.  Parent application Serial No. 74/551611 included jeans, pants, belts,

shirts, sweaters, jackets and coats, and child application Serial No. 75/977076 included socks, t-

shirts, caps, hats and sweatshirts.

30.     The Examining Attorney accepted the new Statement of Use and substitute

specimens for child application Serial No. 75/977076.  On October 20, 1998, the U.S. Patent and

Trademark Office issued U.S. Registration No. 2,199,118 for the mark EARTH for socks, t-

shirts, caps, hats and sweatshirts.  The registration identified a first use date and first use in

17

commerce date of February 1, 1995, which was the date Mondial Trading identified for its rejected specimens for EARTH SHOE. On information and belief, neither Mondial Trading nor Meynard Designs contacted the U.S. Patent and Trademark Office to correct this error.

31.     On January 22, 1999, Mondial Trading submitted a Statement of Use under 37 C.F.R. §2.88, with Declaration executed by Director Kareen Watler for jeans, pants, belts, shirts, sweaters, jackets and coats in Application Serial No. 74/551611. The Statement of Use set forth a first use date of December 1998 and a first use in commerce date of January 4, 1999.

32.     On June 1, 1999, the U.S. Patent and Trademark Office issued U.S. Trademark Registration No. 2,249,826 for the mark EARTH for jeans, pants, belts, shirts, sweaters, jackets and coats.

33.     In March 2000, an Assignment of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 from Mondial Trading to Meynard Designs was filed with the U.S. Patent and Trademark Office.

34.     On information and belief, during prosecution of U.S. Trademark Application Serial No. 74/551611, Meynard Designs and Mondial Trading knew that false representations as to the ownership of the mark EARTH had been made to the U.S. Patent and Trademark Office. Meynard Designs and Mondial Trading made these false representations with the intent to induce the U.S. Patent and Trademark Office to accept the Request for Extension of Time to File a Statement of Use and eventually issue U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826. On information and belief, these false representations induced the U.S. Patent and Trademark Office to take actions it would not otherwise have taken and damaged Earth Products by, among other things, causing the U.S. Patent and Trademark Office to reject an application filed by Earth Products based upon the false representations as to

the ownership of the mark EARTH made by Meynard Designs and/or Mondial Trading.

35.     On information and belief, during prosecution of U.S. Trademark Application Serial Nos. 74/551611 and 75/977076, Meynard Designs and Mondial Trading knew that false representations as to the use of the mark EARTH had been made to the U.S. Patent and Trademark Office.  Meynard Designs and Mondial Trading made these false representations with the intent to induce the U.S. Patent and Trademark Office to accept earlier dates of use based on a mark that the U.S. Patent and Trademark Office considered to be materially different.  On information and belief, these false representations induced the U.S. Patent and Trademark Office to take actions it would not otherwise have taken, such as causing the U.S. Patent and Trademark Office to record incorrect first dates of use for U.S. Trademark Registration No. 2,199,118.

36.     On October 15, 2003, Earth Products initiated Cancellation Action 92042587 and Cancellation Action 92042597 before the U.S. Patent and Trademark Office Trademark Trial and Appeal Board by filing Petitions seeking cancellation of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, respectively.

**_Post-Registration Activity for U.S. Trademark Registration No. 1,371,439_**

37.     U.S. Trademark Registration No. 1,371,439 for the mark EARTH for footwear issued to Tonus, Inc., the apparent assignee of Anne Kalso, on November 19, 1985.

38.     On information and belief, Tonus, Inc. purported to assign U.S. Trademark Registration No. 1,371,439 to Mondial Trading in March 1994.

39.     On May 11, 1999, Mondial Trading submitted a Declaration under Section 15 for U.S. Trademark Registration No. 1,371,439 for the mark EARTH for footwear.  The Section 15 Declaration was executed by Kareen Walter (identified as Kareen Watler in other Mondial Trading filings), Director of Mondial Trading, on January 28, 1999.  On information and belief, a

specimen for the mark EARTH SHOE, which is materially different from the mark EARTH, accompanied the Section 15 Declaration.

40.     On information and belief, Mondial Trading was not using the mark EARTH in interstate commerce in connection with footwear on January 28, 1999, the date on which Director Walter executed the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439.

41.     On information and belief, Mondial Trading was not using the mark EARTH in interstate commerce in connection with footwear on May 11, 1999, the date on which Mondial Trading submitted the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439 to the U.S. Patent and Trademark Office.

42.     On information and belief, the mark EARTH had not been in continuous use in interstate commerce in connection with footwear for at least five consecutive years prior to January 28, 1999, the date on which Director Walter executed the Section 15 Declaration.

43.     On information and belief, the mark EARTH had not been in continuous use in interstate commerce in connection with footwear for at least five consecutive years prior to May 11, 1999, the date on which Mondial Trading submitted the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439 to the U.S. Patent and Trademark Office.

44.     On information and belief, the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439 included material false statements.  There is no valid basis for a claim of incontestable status for U.S. Trademark Registration No. 1,371,439.

45.     On information and belief, Mondial Trading purported to assign U.S. Trademark Registration No. 1,371,439 to Meynard Designs in March 2000.

### *Meynard's EARTH and EARTH SHOE Brands*

46.    On information and belief, Meynard Designs introduced its EARTH shoes to the marketplace no earlier than 2001. Meynard's EARTH shoes feature negative heel construction. A New York Times article dated November 17, 2002, quotes Michel Meynard of Meynard Designs, Inc. as saying, "The brand [EARTH] had been out of the marketplace for 15 years, totally abandoned, so we got it for very little."

47.    On information and belief, shoes sold under the mark EARTH SHOE are designed and produced by, or on behalf of, Meynard Designs. Meynard Designs' EARTH SHOE brand shoes entered the market no earlier than 1995 and sold exclusively at Wal-Mart stores. EARTH SHOE brand shoes do not have negative heel construction.

48.    The message board on Meynard's Web site, located at the Uniform Resource Locator www.earth.us, includes inquiries from consumers confused between EARTH brand shoes and EARTH SHOE brand shoes. In response to these inquiries, Meynard represents that EARTH and EARTH SHOE are different brands, and further that EARTH shoes are a high-grade product featuring negative heel technology as compared to low cost EARTH SHOE brand shoes which do not.

49.    Meynard cannot rely upon any use of the mark EARTH SHOE for shoes or clothing to establish use of the mark EARTH for shoes or clothing.

### *Unlawful Activities of Meynard Designs and Earth Visions*

50.    On information and belief, Meynard Designs and Earth Visions commenced the use of the mark EARTH in association with the sale and promotion of clothing after Earth Products' first use in commerce of the mark EARTH in association with the sale and promotion of clothing.

21

51. Because Earth Products owns the exclusive right to use the mark EARTH in association with the sale of clothing, Earth Products is entitled to cancellation of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

52. The use of the mark EARTH by Counterclaim-defendants in association with the sale of clothing is likely to cause confusion among customers as to the source of the clothing or may cause customers to believe that Counterclaim-defendants' clothing sold or promoted in association with the mark EARTH is associated with, endorsed by or sponsored by Earth Products. For these reasons, the use of the mark EARTH by Counterclaim-defendants in association with the sale of clothing infringes valuable rights owned by Earth Products and causes injury and damage to Earth Products.

53. Counterclaim-defendants' use of the mark EARTH in association with the labeling, packaging, advertising, and marketing of clothing has caused, and is likely to continue to cause, confusion, mistake or customer deception as to the source of said clothing. Further, Counterclaim-defendants' use of the mark EARTH gives the mistaken impression that Counterclaim-defendants' products are endorsed by Earth Products, or that Counterclaim-defendants' products are sponsored by, affiliated with, or in some way connected with Earth Products.

54. Counterclaim-defendants are acting without license or consent of Earth Products and have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Earth Products, and serious and irreparable injury to the goodwill associated with the mark EARTH for clothing. Earth Products' remedies at law are not adequate to compensate for the injury caused by Counterclaim-defendants' actions because Earth Products is entitled to be in exclusive control of the mark EARTH as used in association with clothing in

order to prevent the likelihood that customers may be confused, mistaken, or deceived into believing that the clothing sold by Counterclaim-defendants originate with Earth Products or are endorsed by, sponsored by, affiliated with, or in some way connected to Earth Products.

55.     Earth Products advised Meynard of its prior rights in the mark EARTH as used in association with clothing.  Despite Earth Products' provision of express notice to Meynard of Earth Products' exclusive rights in the mark EARTH for clothing, Meynard initiated use of the mark and continues to manufacture, promote, and sell clothing in association with the mark EARTH in violation of Earth Products' exclusive rights thereto.  Accordingly, Meynard's continued acts of infringement are willful, and Earth Products is therefore entitled to recover all profits derived from Counterclaim-defendants' acts of infringement, dilution, and false designation of origin, including treble damages, together with all attorneys' fees and costs incurred by Earth Products.

56.     Because Meynard Designs and/or Mondial Trading falsely or fraudulently sought to obtain registration of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit, Earth Products is entitled to cancellation of U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826.

57.     Earth Products has been damaged by Meynard's falsely or fraudulently obtained U.S. Trademark Registration No. 2,249,826 and U.S. Trademark Registration No. 2,199,118. Earth Products is unlikely to be able to secure U.S. trademark registration for EARTH for clothing as long as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 are allowed to continue to subsist.

## COUNTERCLAIM I
## COMMON LAW TRADEMARK INFRINGEMENT

58. Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-57 above.

59. By their acts as described herein, Counterclaim-defendants have intentionally deceived, and continue to deceive, consumers by using the mark EARTH on clothing and misrepresenting that its EARTH clothing is associated with or endorsed by Earth Products.

60. Counterclaim-defendants' activities constitute trademark infringement in violation of the common law of the Commonwealth of Massachusetts, the States of Washington and California and the several states.

61. On information and belief, Counterclaim-defendants' conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## COUNTERCLAIM II
## FALSE DESIGNATION OF ORIGIN

62. Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-61 above.

63. Counterclaim-defendants have used the EARTH mark in a manner that falsely identifies and misrepresents the source of goods in a manner likely to cause confusion as to the source of those goods.

64. Counterclaim-defendants' actions constitute false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. On information and belief, Counterclaim-defendants' conduct alleged herein has been willful and designed to cause confusion or mistake.

24

## COUNTERCLAIM III
## VIOLATION OF MASSACHUSETTS LAW

66.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-65 above.

67.     Counterclaim-defendants' activities described herein constitute unfair competition and false and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

68.     On information and belief, Counterclaim-defendants' conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## COUNTERCLAIM IV
## CANCELLATION OF FALSE OR FRAUDULENT REGISTRATIONS

69.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-68 above.

70.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court has the authority to order the Director of the United States Patent and Trademark Office to cancel trademark registrations.

71.     Upon information and belief, Meynard Designs and its predecessor-in-interest, Mondial Trading, falsely or fraudulently sought to obtain issuance of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit.

72.     Earth Products has been and continues to be damaged by continued registration of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, which are allegedly owned by Meynard Designs and asserted in this lawsuit.

73.     Earth Products is entitled to cancellation of U.S. Trademark Registration No.
1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No.
2,249,826 in accordance with Section 14(3) of the Lanham Act, 15 U.S.C. § 1064.

**COUNTERCLAIM V**
**DAMAGES FOR FALSE OR FRAUDULENT REGISTRATION**

74.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of
Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-73
above.

75.     Upon information and belief, Meynard Designs and its purported predecessor-in-
interest, Mondial Trading, falsely or fraudulently sought to obtain issuance of, and/or claim
incontestable status for, the trademark registrations asserted in this lawsuit.

76.     Earth Products has been and continues to be damaged by U.S. Trademark
Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark
Registration No. 2,249,826, which are allegedly owned by Meynard Designs and asserted in this
lawsuit.

77.     Earth Products is entitled to damages in accordance with Section 38 of the
Lanham Act, 15 U.S.C. § 1120.

**COUNTERCLAIM VI**
**DECLARATORY JUDGMENT OF TRADEMARK ABANDONMENT**
**AND EARTH PRODUCTS' SUPERIOR TRADEMARK RIGHTS**

78.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of
Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-77
above.

79.     The absence of EARTH goods from the marketplace for intermittent periods of
time, some of which exceeded three years and during which there was no specific intention to
resume use of the mark EARTH for any products, constitutes abandonment of the mark by
Meynard Designs and/or its alleged predecessors-in-interest.

26

80.     Earth Products first used the mark EARTH in commerce in association with the sale of clothing was at least as early as 1990.  Counterclaim-defendants cannot establish a first use date for the mark EARTH for clothing prior to Earth Products' first use.  Accordingly, this Court should declare that Earth Products has superior rights to the use of the mark EARTH in connection with clothing and should therefore order cancellation of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

## EARTH PRODUCTS INC.'S
## COUNTERCLAIMS AND THIRD PARTY COMPLAINT AGAINST PLANET, INC.

### Parties

1.     Counterclaim-plaintiff Earth Products Inc. ("Earth Products") is a California corporation with its principal place of business at 5830 El Camino Real, Carlsbad, CA 92008.

2.     On information and belief, additional Counterclaim-defendant Planet, Inc. is a Massachusetts corporation with its principal place of business at 135 Second Avenue, Waltham, MA 02451.

3.     Counterclaim-defendants Meynard Designs and Earth Visions were described above.

### Jurisdiction and Venue

4.     This is an action arising out of the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, the laws of the States of Massachusetts, California and Washington, and the common law.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1338 (acts of Congress relating to trademarks and unfair competition), and 28 U.S.C. § 1367 (supplemental jurisdiction of related state law claims).  The amount in controversy exceeds the sum or value of $75,000.00.

5.      Venue is permitted in this jurisdiction under 28 U.S.C. § 1391.

6.      This Court has personal jurisdiction over Planet, Inc. because Planet, Inc. is a Massachusetts corporation headquartered and doing business in Massachusetts.

7.      This Court has personal jurisdiction over each of the other Counterclaim-defendants for the reasons recited above and because they have availed themselves of this Court by bringing this action.

## Facts In Support Of Planet, Inc. Counterclaims

8.      On information and belief, Michel Meynard is Chief Executive Officer of Planet, Inc. and Philippe Meynard is President of Planet, Inc.  Michel Meynard is also Chief Executive Officer of Meynard Designs, Inc. and Earth Visions Inc.  Philippe Meynard is also President of Meynard Designs, Inc. and Earth Visions Inc.

9.      On information and belief, Planet, Inc. shares the same business address as Meynard Designs, Inc. and Earth Visions Inc.

10.     On information and belief, Michel Meynard and Philippe Meynard control the design, manufacture, wholesale and retail sale of EARTH shoes and clothing through a network of businesses:  Meynard Designs, Earth Visions, and Planet, Inc.  Meynard Designs, Inc. designs and arranges for the manufacture of EARTH clothing and shoes.  Earth Visions Inc. sells EARTH clothing and shoes to retailers.  Planet, Inc. sells EARTH clothing and shoes directly to consumers through its Web site located at Uniform Resource Locator www.planetshoes.com. (the "Planet Web site").  Planet, Inc. was formerly known as Planet Shoes, Inc.

11.     On information and belief, from at least some time in 2001 until some time in September 2005, the Planet Web site stated, "Planet Shoes is a division of Meynard Designs, inc. (sic); a family-owned business dedicated to making shoes for retailers across the country for over

28

30 years. The Internet has created a gateway for us to provide these same shoes directly to the public."

12.     On information and belief, Planet, Inc. commenced the use of the mark EARTH in association with the sale and promotion of clothing after Earth Products' first use in commerce of the mark EARTH in association with the sale and promotion of clothing.

13.     On information and belief, Planet, Inc. purports to have rights to use the EARTH mark derived from the other Counterclaim-defendants.

14.     On information and belief, Planet, Inc. in using the EARTH mark acts at the direction of and/or with the authorization or ratification of the other Counterclaim-defendants.

15.     On information and belief, Planet, Inc. and each of the other Counterclaim-defendants act in concert and/or as a single legal entity in using the EARTH mark.

16.     On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

17.     In the absence of Planet, Inc. as a party to this lawsuit, Earth Products will not be able to obtain complete relief.

## PLANET, INC. COUNTERCLAIM I
## COMMON LAW TRADEMARK INFRINGEMENT

18.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-17 above.

19.     By its acts as described herein, Planet, Inc. has intentionally deceived, and continues to deceive, consumers by using the mark EARTH on clothing and misrepresenting that its EARTH clothing is associated with or endorsed by Earth Products.

20.     Planet, Inc.'s activities constitute trademark infringement in violation of the

common law of the Commonwealth of Massachusetts, the States of Washington and California and the several other states in which Planet, Inc. does business.

21.     On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## PLANET, INC. COUNTERCLAIM II
### FALSE DESIGNATION OF ORIGIN

22.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-21 above.

23.     Planet, Inc. has used the EARTH mark in a manner that falsely identifies and misrepresents the source of goods in a manner likely to cause confusion as to the source of those goods.

24.     Planet, Inc.'s actions constitute false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.     On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion or mistake.

## PLANET, INC. COUNTERCLAIM III
### VIOLATION OF MASSACHUSETTS LAW

26.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-25 above.

27.     Planet, Inc.'s activities described herein constitute unfair competition and false and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

28.     On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## PLANET, INC. COUNTERCLAIM IV
## VIOLATION OF CALIFORNIA LAW

29.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-28 above.

30.     Planet, Inc.'s and the other Counterclaim-defendants' use of the EARTH mark harms Earth Products in California.

31.     Planet, Inc. and the other Counterclaim-defendants are causing confusion and deception to injure Earth Products and consumers in California to the detriment of fair competition within California.

32.     Planet, Inc. and the other Counterclaim-defendants are liable for unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*

33.     Planet, Inc. and the other Counterclaim-defendants should be enjoined from further unfair competition and Earth Products should recover its attorneys' fees and costs incurred herein.

## RESERVATION OF RIGHTS TO AMEND
## AND REFERENCE TO TRANSFERRED CLAIMS

Nothing herein shall be deemed to waive or impair, and Earth Products expressly reserves, all rights to assert at any time additional claims, affirmative defenses, counterclaims, cross-claims and requests for relief, whether based on law or evidence, in this case.  Earth Products also notes that all of the claims asserted in Civil Action No. 05-1326Z have been transferred to this Court by Order of the U.S. District Court for the Western District of Washington at Seattle entered July 31, 2006 and therefore said claims remain pending and are now ripe for adjudication by this Court.  Earth Products expects that related action to be consolidated with this one by the Court.

31

## DAMAGE AND IRREPARABLE HARM TO EARTH PRODUCTS INC.

By reason of Counterclaim-defendants' acts alleged herein, Earth Products is suffering and will continue to suffer irreparable damage.

Earth Products' remedy at law is not adequate to compensate it for the injuries caused and threatened by Counterclaim-defendants' current and intended use of the EARTH mark.

## PRAYER FOR RELIEF

WHEREFORE, Earth Products Inc. prays that the Court declare and a judgment be entered that:

A.     Plaintiffs' claims for affirmative relief are dismissed with prejudice.

B.     Earth Products has superior and exclusive rights for the mark EARTH for clothing.  Meynard Designs, Earth Visions and Planet, Inc. have infringed Earth Products' rights in the mark EARTH and further have committed false designation of origin and unfair competition in violation of common law and statutory law of Massachusetts, including Mass. Gen. L. ch. 93A, and the laws of the States of Washington and California.

C.     Meynard Designs', Earth Visions' and Planet, Inc.'s trademark infringement, false designation of origin, and unfair competition have been willful.

D.     Meynard Designs, Earth Visions and Planet, Inc., their agents, servants, employees, and attorneys, and all other persons, firms and corporations acting in concert or in participation with Meynard Designs, Earth Visions and Planet, Inc., are permanently enjoined from using or registering the EARTH mark, or any mark confusingly similar thereto, in association with clothing.

E.     Meynard's asserted trademark registrations were falsely or fraudulently obtained and/or incontestable status was falsely or fraudulently claimed.

F.     An Order be issued to the Director of the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826.

G.   Meynard Designs, Earth Visions and Planet Inc. cannot rely upon any use of the mark EARTH SHOE to establish use of the mark EARTH.

H.   Meynard Designs, Earth Visions and Planet Inc. have no valid right to the mark EARTH for clothing.

I.   Earth Products does not infringe any trademark rights of Meynard Designs or Earth Visions.

J.   Earth Products does not violate 15 U.S.C. § 1125(a) by its use of the mark EARTH on clothing.

K.   Earth Products' use of the mark EARTH on clothing does not constitute unfair competition.

L.   Earth Products' use of the mark EARTH on clothing does not constitute unfair and deceptive trade practices under Mass. Gen. L. ch. 93A.

M.   Plaintiffs/Counterclaim-defendants shall pay compensatory and exceptional damages to Earth Products pursuant to 15 U.S.C. § 1117, Mass. Gen. L. ch. 93A and all other applicable laws, plus reasonable attorney's fees and costs incurred in this matter.

N.   Plaintiffs/Counterclaim-defendants shall be enjoined from further unfair competition and pay to Earth Products its full attorney's fees and costs associated with this dispute.

O.   Such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Earth Products Inc. demands a jury trial on all issues triable to a jury.

Dated:  August 14, 2006

| | |
|---|---|
| By: /s/ Steven M. Bauer _____<br><br>**Steven M. Bauer, Esq. BBO# 542531**<br>sbauer@proskauer.com<br>**Kimberly A. Mottley, Esq. BBO# 651190**<br>kmottley@proskauer.com<br>**PROSKAUER ROSE LLP**<br>One International Place<br>Boston, MA 02110<br>(617) 526-9600<br><br>*Attorneys for Earth Products Inc.* | *Of counsel:*<br>**J. Christopher Carraway**<br>chris.carraway@klarquist.com<br>**Cindy L. Caditz**<br>cindy.caditz@klarquist.com<br>**Scott E. Davis**<br>scott.davis@klarquist.com<br>**KLARQUIST SPARKMAN, LLP**<br>121 S.W. Salmon Street, Suite 1600<br>Portland, Oregon  97204<br>Phone:  503-595-5300<br>Fax:  503-595-5301 |

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 14, 2006, a true copy of the foregoing

**EARTH PRODUCTS INC.'S ANSWER, AFFIRMATIVE DEFENSES AND**

**COUNTERCLAIMS,** was served via e-mail (in addition to the Court's ECF service) to:

> Michael Albert
> David Wolf
> Laura Topper
> WOLF, GREENFIELD & SACKS, P.C.
> 600 Atlantic Avenue
> Boston, Massachusetts 02210
>
> *Attorneys for Plaintiffs, Meynard Designs, Inc.*
> *And Earth Visions Inc.*

By: /s/ Steven M. Bauer _____

# EXHIBIT D

TO EARTH PRODUCTS INC.'S
REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 05 CV 11781 NMG |
| EARTH PRODUCTS INC., | |
| Defendant. | |
| EARTH PRODUCTS INC. | |
| Counterclaim-Plaintiff and Third Party Complaint Plaintiff, | |
| v. | |
| MEYNARD DESIGNS, INC., AND EARTH VISIONS INC., | |
| Counterclaim-Defendants, | |
| PLANET, INC. | |
| Third-Party Defendant. | |

**REPLY AND AFFIRMATIVE DEFENSES OF
MEYNARD DESIGNS, INC., AND EARTH, INC.
TO EARTH PRODUCTS INC.'S COUNTERCLAIMS,
AND ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS OF PLANET, INC., TO
EARTH PRODUCTS INC.'S THIRD PARTY COMPLAINT**

Counterclaim-Defendants Meynard Designs, Inc. ("Meynard Designs"), Earth, Inc.

(formerly Earth Visions Inc.) and Planet, Inc. (collectively, "Meynard" or "Plaintiffs"), reply to

the counterclaims and answer the third party complaint filed by Defendant Earth Products Inc.

("Earth Products"), in correspondingly numbered paragraphs as follows:

## COUNTERCLAIMS AGAINST MEYNARD DESIGNS AND EARTH, INC.

1.      Paragraph 1 does not appear to require a response, but to the extent that it proposes a general definition of the term "clothing," it is denied.

2.      Paragraph 2 does not appear to require a response, but to the extent that it proposes a general definition of the term "footwear," it is denied.

3.      Paragraph 3 does not appear to require a response, but to the extent it does, it is denied.

## A. Parties

4.      Are without knowledge or information sufficient to form a belief, and therefore deny.

5.      Admit.

6.      Deny insofar as Earth Visions Inc. has changed its name to Earth, Inc., but otherwise admit.

7.      Does not require a response.

## B. Jurisdiction and Venue

8.      Admit, except deny that the various federal, state, and common law claims asserted by Earth Products are meritorious.

9.      Admit.

10.     Admit.

### C. Facts in Support of Counterclaims

11.     Are without knowledge or information sufficient to form a belief as to when Earth Products adopted and used the mark EARTH in association with the sale of non-footwear clothing, and therefore deny.  Deny that Earth Products currently owns the valid and exclusive right to use the mark with the sale of non-footwear clothing throughout the United States, and otherwise deny.

12.     Deny.

13.     Deny the first sentence of paragraph 13.  Plaintiffs are without knowledge or information sufficient to form a belief as to the second sentence of this paragraph, and therefore deny.

14.     Admit, except that Plaintiffs are without knowledge or information sufficient to form a belief as to the meaning of trademark registrations being "at issue" in this litigation, and therefore deny.

15.     Admit that Meynard Designs is, and therefore claims to be, a successor-in-interest to Anne Kalso, and otherwise admit.

16.     Admit that shoes were sold under the mark EARTH since 1970, but deny the characterization of advertisements of those shoes, as those advertisements speak for themselves.

17.     Are without knowledge or information sufficient to form a belief as to the first sentence of paragraph 17, and therefore deny.  Meynard is without knowledge or information sufficient to form a belief as to the truth or falsity of the second sentence, and therefore denies, and, to the extent that the mark EARTH is used by Roots, it is an infringement of Meynard Designs' rights.  Meynard denies the third sentence of paragraph 17.

18.     Admit the first sentence of paragraph 18, but deny the second sentence.

19.     Admit.

20.     Admit.

21.     Deny insofar as Earth Visions Inc. has changed its name to Earth, Inc., but
otherwise admit.

22.     Admit.

23.     Deny, except admit that the Applications Examiner sent counsel a letter noting
that the third Request for Extension of Time was not filed by the applicant of record, admit that
an assignment from Mondial Trading Co., Ltd. ("Mondial Trading") to Michael Meynard, Inc. of
rights in U.S. Trademark Application Serial No. 74/551611, effective June 25, 1997, was
submitted to the U.S. Patent and Trademark Office, and admit that the Office accepted the third
Request for Extension of Time.

24.     Deny, except admit that Mondial Trading Co., Ltd. ("Mondial Trading") filed
documents with the U.S. Patent and Trademark Office, including a fourth Request for Extension
of Time under C.F.R. § 2.89 to File a Statement of Use, as well as a supporting declaration and a
Request to Divide, admit that these documents were executed by Kareen Watler, and admit that
she executed the assignment to Meynard Designs.

25.     Admit.

26.     Deny, except admit that the Trademark Attorney's Office Action was in relation
U.S. Trademark Application Serial No. 75/977076, admit that the Trademark Attorney issued an
Office Action on March 30, 1998, rejecting specimens submitted with a Statement of Use, and
admit that the Trademark Attorney required the submission of substitute specimens.

27.     Admit.

28.     Admit.

29.     Admit.

30.     Deny, except admit that on October 20, 1998, the U.S. Patent and Trademark Office issued Registration number 2,199,118, admit that the registration identified a first use date and first use in commerce date of February 1, 1995, and admit that Meynard Designs did not communicate with the U.S. Patent and Trademark Office about these dates.  Plaintiffs are without knowledge or information sufficient to form a belief as to any communications Mondial Trading may have had with the U.S. Patent and Trademark Office about these dates, and therefore deny that portion of paragraph 30.

31.     Admit.

32.     Admit.

33.     Deny, in that assignment was from Mondial Trading to Michel Meynard, Inc., which later changed its name to Meynard Designs, but otherwise admit.

34.     Deny.

35.     Deny.

36.     Admit.

37.     Admit that Tonus, Inc. was the assignee of Anne Kalso and that U.S. Trademark Registration No. 1,371,439 issued to it.

38.     Admit that Tonus, Inc. assigned U.S. Trademark Registration No. 1,371,439 to Mondial Trading in March 1994.

39.     Admit the first sentence of paragraph 39.  Plaintiffs deny the second sentence, except admit that the Section 15 Declaration was signed by Kareen Walter on January 28, 1999.  Plaintiffs deny the third sentence, except admit that the specimen submitted with the Section 15 Declaration contained the words "Earth Shoe."

40.     Deny.

41.     Deny.

42.     Deny.

43.     Deny.

44.     Deny.

45.     Deny, except admit that Mondial Trading assigned U.S. Trademark Registration No. 1,371,439 to Michel Meynard, Inc. in March 2000, which later changed its name to Meynard Designs.

46.     Deny the first sentence of paragraph 46, except admit only that Meynard Designs and its predecessors used the EARTH mark continuously since the 1970s, and that admit that it introduced a high-end brand of shoes under its existing EARTH® trademark line in 2001. Meynard denies the second sentence of paragraph 46, as only some EARTH shoes feature negative heel construction.  Meynard admits that the quotation in the last sentence of paragraph 46 appears in the newspaper article as described, but denies the truth of the quotation.

47.     Deny, except admit only that Meynard Designs assists in the design of some EARTH shoes.

48.     Deny, except admit that Earth, Inc. operates a web site at http://www.earth.us, admit that the message board contains inquiries from consumers, and admit that representatives of Earth, Inc. have responded to some of those inquiries.  Further expressly deny that any of the consumer inquiries indicate any confusion.

49.     Deny.

50.     Deny.

51.     Deny.

52.     Deny.  To the extent that there is confusion about the source, sponsorship, or endorsement of non-footwear clothing bearing the EARTH mark, that confusion is caused by improper acts by Earth Products.

53.     Deny.  To the extent that there is confusion about the source, sponsorship, or endorsement of non-footwear clothing bearing the EARTH mark, that confusion is caused by improper acts by Earth Products.

54.     Deny.

55.     Deny, except admit that Earth Products informed Meynard Designs that Earth Products claimed to have rights to the EARTH mark.

56.     Deny.

57.     Deny.

## COUNTERCLAIM I
### (Common Law Trademark Infringement)

58.     Meynard incorporates herein by reference responses 1-57 above.  In addition, Meynard denies the incorporated Earth Products' Answer paragraphs 1-73 and Affirmative Defense paragraphs 1-9, except to the extent that those paragraphs admit to affirmative statements of fact in Meynard's Complaint, and Meynard additionally admits that counsel for Earth Products did respond to its settlement letter of July 12, 2005 on August 1, 2005 as stated in Answer paragraph 29.

59.     Deny.

60.     Deny.

61.     Deny.

**COUNTERCLAIM II**
**(False Designation of Origin)**

62.     Meynard incorporates herein by reference responses 1-61 above, including

response 58.

63.     Deny.

64.     Deny.

65.     Deny.

**COUNTERCLAIM III**
**(Violation of Massachusetts Law)**

66.     Meynard incorporates herein by reference responses 1-65 above, including

response 58.

67.     Deny.

68.     Deny.

**COUNTERCLAIM IV**
**(Cancellation of False or Fraudulent Registrations)**

69.     Meynard incorporates herein by reference responses 1-68 above, including

response 58.

70.     This paragraph states a conclusion of law to which no response is required.

71.     Deny, and Meynard objects to Earth Products' false or fraudulent registration

allegations as failing to state a claim upon which relief can be granted and not being stated with

sufficient particularity.

72.     Deny, except admit that Meynard Designs owns these registrations and asserts

them in this suit.

73.     Deny.

1069168-3                                           8

## COUNTERCLAIM V
### (Damages for False or Fraudulent Registration)

74.     Meynard incorporates herein by reference responses 1-73 above, including response 58.

75.     Deny, and Meynard objects to Earth Products' false or fraudulent registration allegations as failing to state a claim upon which relief can be granted and not being stated with sufficient particularity.

76.     Deny, except admit that Meynard Designs owns these registrations and asserts them in this suit.

77.     Deny.

## COUNTERCLAIM VI
### (Declaratory Judgment of Trademark Abandonment and Earth Products' Superior Trademark Rights)

78.     Meynard incorporates herein by reference response 1-77 above, including response 58.

79.     Deny.

80.     Are without knowledge or information sufficient to form a belief as to when Earth Products first used the mark EARTH in commerce in association with the sale of non-footwear clothing, and therefore deny.  Meynard otherwise denies the allegations of paragraph 80.

## COUNTERCLAIMS AND THIRD PARTY COMPLAINT AGAINST PLANET, INC.

### Parties

1.     Are without knowledge or information sufficient to form a belief, and therefore deny.

2.     Admit.

3.     Counterclaim responses 5-6 are incorporated herein by reference.

**Jurisdiction and Venue**

4.      Admit, except deny that the various federal, state, and common law claims asserted by Earth Products are meritorious.

5.      Admit.

6.      Admit.

7.      Admit, and counterclaim response 10 is incorporated herein by reference.

**Facts in Support of Planet, Inc. Counterclaims**

8.      Deny insofar as Earth Visions Inc. has changed its name to Earth, Inc., but otherwise admit.

9.      Admit.

10.     Admit that Meynard Designs assists in the designs and arranging for the manufacture of some EARTH® shoes, but otherwise deny the first two sentences of paragraph 10.  Plaintiffs admit the last three sentences of paragraph 10, except that Earth Visions Inc. is now called Earth, Inc.

11.     Deny.

12.     Are without knowledge or information sufficient to form a belief as to when Earth Products first used the mark EARTH in commerce in association with the sale and promotion of non-footwear clothing, and therefore deny.

13.     Admit that Planet, Inc. has and claims to have rights in the EARTH mark inasmuch as it is a retailer that purchases and sells EARTH® shoes, but otherwise deny.

14.     Deny.

15.     Deny.

16.     Deny.

17.     Deny.

## PLANET, INC. COUNTERCLAIM I
### (Common Law Trademark Infringement)

18.     Meynard incorporates herein by reference counterclaim responses 1-80 above, including response 58, and Planet, Inc. counterclaim responses 1-17 above.

19.     Deny.

20.     Deny.

21.     Deny.

## PLANET, INC. COUNTERCLAIM II
### (False Designation of Origin)

22.     Meynard incorporates herein by reference counterclaim responses 1-80 above, including response 58, and Planet, Inc. counterclaim responses 1-21 above.

23.     Deny.

24.     Deny.

25.     Deny.

## PLANET, INC. COUNTERCLAIM III
### (Violation of Massachusetts Law)

26.     Meynard incorporates herein by reference counterclaim responses 1-80 above, including response 58, and Planet, Inc. counterclaim responses 1-25 above.

27.     Deny.

28.     Deny.

## PLANET, INC. COUNTERCLAIM IV
### (Violation of California Law)

29.     Meynard incorporates herein by reference counterclaim responses 1-80 above, including response 58, and Planet, Inc. counterclaim responses 1-28 above.

30.     Deny.

31.     Deny.

32.     Deny.

33.     Deny.

## AFFIRMATIVE DEFENSES OF MEYNARD DESIGNS, EARTH, INC., AND PLANET, INC.

### FIRST AFFIRMATIVE DEFENSE

1.     Meynard Designs has superior rights in the mark EARTH for footwear and non-footwear clothing.  It is noted and reaffirmed that Earth Products makes no claim that it has rights to the mark EARTH for footwear.

### SECOND AFFIRMATIVE DEFENSE

2.     Earth Products' claims are barred by laches, estoppel, and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

3.     Earth Products' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4.     Any mistakes in the registration histories of U.S. Trademark Registration Nos. 1,371,439, 2,199,118, or 2,249,826 were either clerical errors committed without deceptive intent or errors committed by the U.S. Patent and Trademark Office, and thus Meynard Designs and Mondial Trading did not falsely or fraudulently seek to obtain issuance of, or claim

incontestable status for, the trademark registrations asserted in this lawsuit. In addition, Earth Products' allegations of false or fraudulent registration fail to state a claim upon which relief can be granted and are not stated with sufficient particularity.

### FIFTH AFFIRMATIVE DEFENSE

5.      One or more claims made by Earth Products fails to state a claim upon which relief can be granted.

For the above reasons, Meynard Designs, Earth, Inc., and Planet, Inc. request that the counterclaims be dismissed with prejudice and that Plaintiffs be awarded their costs, including attorney's fees.

### COUNTERCLAIMS OF PLANET, INC.

Planet, Inc., for its counterclaims against Earth Products, alleges as follows:

1.      These counterclaims ask for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

2.      Earth Products has asserted in this action that certain actions of Planet, Inc. in using the mark EARTH in association with the sale and promotion of non-footwear clothing infringes on its alleged rights in that mark.

### THE PARTIES

3.      Planet, Inc. is a Massachusetts corporation with its principal place of business at 135 Second Avenue, Waltham, MA 02451.

4.      On information and belief, Earth Products is a California corporation with a place of business at 5830 El Camino Real, Carlsbad, CA 92008

## JURISDICTION

5.      Earth Products has asserted claims against Planet, Inc. under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, so this Court has jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  In addition, as Planet, Inc. is a Massachusetts corporation and Earth Products is a California corporation, and the amount in controversy exceeds $75,000, jurisdiction is also proper under 28 U.S.C. § 1332.  Jurisdiction over state law claims is appropriate under 28 U.S.C. § 1367.

6.      Venue is appropriate under 28 U.S.C. § 1391.

7.      This Court has personal jurisdiction over Earth Products because it sells goods under and in connection with its asserted EARTH mark in Massachusetts, and because it maintains a Web site, accessible in Massachusetts, that provides links to web sites offering Earth Products' goods for sale.  In addition, Earth Products has availed itself of this Court by bringing this action against Planet, Inc.

## BACKGROUND

8.      Planet, Inc. is a retailer of shoes, boots, footwear and non-footwear clothing, and other products.  Planet, Inc. purchases footwear and clothing from a variety of manufacturers and distributors, and sells those items directly to consumers through web sites, including http://www.planetshoes.com.

9.      Among the brands purchased by Planet, Inc. is the EARTH brand, although this is by no means the only brand sold by Planet, Inc.  Planet, Inc. purchases its EARTH products from Earth, Inc.

10.     Earth, Inc. is a licensee of Meynard Designs, which owns rights in the EARTH mark at common law and also owns United States Registration Nos. 2,199,118 for EARTH for

clothing, namely, socks, t-shirts, caps, hats, and sweatshirts; 2,249,826 for EARTH for clothing, namely, jeans, pants, belts, shirts, jackets, and coats; and 1,371,439 for EARTH for footwear.

11.    For the reasons described in Meynard Designs and Earth, Inc.'s Complaint, paragraphs 6-29, which are incorporated herein, Meynard Designs has common law and registered rights in the EARTH mark superior to any purported rights Earth Products may have.

## FIRST COUNTERCLAIM OF PLANET, INC.
### (Declaratory Judgment of Non-Infringement)

12.    The allegations of Planet, Inc. Counterclaim Paragraphs 1-11 are incorporated herein.

13.    Earth Products has alleged that Planet, Inc.'s sale of non-footwear clothing under the EARTH mark has infringed Earth Products' trademark under the common law of the Commonwealth of Massachusetts, the States of California and Washington, and the several other states in which Planet, Inc. does business.

14.    Planet, Inc. has not infringed any valid trademark of Earth Products.

15.    As the owner of federal Registration Nos. 2,199,118 and 2,249,826, Meynard Designs has the exclusive right to use the mark EARTH for non-footwear clothing throughout the United States.  Earth, Inc., as a licensee, also has the right to use the EARTH mark free of competition from companies that are not licensed by Meynard Designs.  Planet, Inc., as a retail purchaser of EARTH clothing from Earth, Inc., has the right to offer for sale and resell these goods and make use of the mark in so doing.

16.    An actual and justicable controversy exists between the parties as described above.

17.    Planet, Inc. is entitled to a declaration that it has not infringed Earth Products' alleged rights in the EARTH mark.

## SECOND COUNTERCLAIM OF PLANET, INC.
### (Declaratory Judgment of No False Designation of Origin)

18.     The allegations of Planet, Inc. Counterclaim Paragraphs 1-17 are incorporated herein.

19.     Earth Products has alleged that Planet, Inc.'s sale of non-footwear clothing under the EARTH mark has violated 15 U.S.C. § 1125.

20.     Planet, Inc.'s use of the EARTH mark for non-footwear clothing has not violated 15 U.S.C. § 1125.

21.     As a purchaser of EARTH clothing from Earth, Inc., which is a licensee of Meynard Designs, Planet, Inc. has the right to offer for sale and resell these goods and make use of the mark in so doing.

22.     An actual and justicable controversy exists between the parties as described above.

23.     Planet, Inc. is entitled to a declaration that it has not violated 15 U.S.C. § 1125.

## THIRD COUNTERCLAIM OF PLANET, INC.
### (Declaratory Judgment of No Violation of Mass. Gen. L. ch. 93A)

24.     The allegations of Planet, Inc. Counterclaim Paragraphs 1-23 are incorporated herein.

25.     Earth Products has alleged that has Planet, Inc. violated Mass. Gen. L. ch. 93A.

26.     Planet, Inc. has not violated Mass. Gen. L. ch. 93A.

27.     As a purchaser of EARTH clothing from Earth, Inc., Planet, Inc. has the right to offer for sale and resell these goods and make use of the mark in so doing.

28.     An actual and justicable controversy exists between the parties as described above.

29. Planet, Inc. is entitled to a declaration that it has not violated Mass. Gen. L. ch. 93A.

### FOURTH COUNTERCLAIM OF PLANET, INC.
**(Declaratory Judgment of No Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*)**

30. The allegations of Planet, Inc. Counterclaim Paragraphs 1-29 are incorporated herein.

31. Earth Products has alleged that Planet, Inc. has violated Cal. Bus. & Prof. Code § 17200 *et seq.*

32. Planet, Inc. has not violated Cal. Bus. & Prof. Code § 17200 *et seq*.

33. As a purchaser of EARTH clothing from Earth, Inc., Planet, Inc. has the right to offer for sale and resell these goods and make use of the mark in so doing.

34. Planet, Inc. is entitled to a declaration that it has not violated Cal. Bus. & Prof. Code § 17200 *et seq.*

### FIFTH COUNTERCLAIM OF PLANET, INC.
**(Declaratory Judgment of No Violation of R.C.W. § 19.86 *et seq.*)**

35. The allegations of Planet, Inc. Counterclaim Paragraphs 1-34 are incorporated herein.

36. Earth Products has alleged that Planet, Inc. has violated R.C.W. § 1986 *et seq.*

37. Planet, Inc. has not violated R.C.W. § 1986 *et seq*.

38. As a purchaser of EARTH clothing from Earth, Inc., Planet, Inc. has the right to offer for sale and resell these goods and make use of the mark in so doing.

39. Planet, Inc. is entitled to a declaration that it has not violated R.C.W. § 1986 *et seq.*

## **RELIEF REQUESTED**

For the above reasons, Planet, Inc. asks that:

A.      Judgment be entered that Planet, Inc. has not infringed any valid trademark of Earth Products;

B.      Judgment be entered that Planet, Inc. has not violated 15 U.S.C. § 1125 through its use of the EARTH mark for non-footwear clothing;

C.      Judgment be entered that Planet, Inc. has not violated Mass. Gen. L. ch. 93A;

D.      Judgment be entered that Planet, Inc. has not violated Cal. Bus. & Prof. Code § 17200 *et seq*;

E.      Judgment be entered that Planet, Inc. has not violated R.C.W. § 1986 *et seq*;

F.      Earth Products' Complaint be dismissed, with prejudice;

G.      Planet, Inc. be awarded its costs and attorneys' fees; and

H.      The Court grant Planet, Inc. any other relief deemed appropriate.

## JURY DEMAND

Plaintiffs request a trial by jury of the issues so triable herein.


Respectfully submitted,

MEYNARD DESIGNS, INC.,
EARTH, INC., and
PLANET, INC.,

By their attorneys,


Dated: September 5, 2006          __/s/ Michael Albert_____
                                 Michael Albert, BBO # 558566
                                 David Wolf, BBO # 532160
                                 Laura Topper, BBO # 652364
                                 WOLF, GREENFIELD & SACKS, P.C.
                                 600 Atlantic Avenue
                                 Boston, Massachusetts 02210
                                 Tel.  617 646.8000
                                 Fax  617 646.8646


## Certificate of Service

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                 __/s/ Hunter Keeton_____ ____

# EXHIBIT E

## TO EARTH PRODUCTS INC.'S REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

## ASSIGNMENT

WHEREAS, Tonus, Inc., a corporation of New York having an office and place of business at 1815 Oak Street, Columbus, Ohio 43205, has adopted and used the following U.S. marks and owns the Trademark registrations:

### SCHEDULE OF TRADEMARKS

| MARK | REG. NO. | REG. DATE |
|------|----------|-----------|
| KALSO EARTH SHOE | 1699166 | 07-07-92 |
| EARTH SHOE | 1372733 | 11-26-85 |
| ANNE KALSO EARTH SHOE | 1294415 | 09-11-84 |
| EARTH | 1371439 | 11-19-85 |

WHEREAS, Mondial Trading Company, Ltd., a corporation of Cayman Islands, having an office and place of business in Mary Street, Grand Cayman Island, BWI, is desirous of acquiring said marks and the registrations therefor.

NOW, THEREFORE, for One Dollar ($1.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, said Tonus, Inc. without representations or warranties with respect to said trademarks or registrations or the title thereto does hereby assign unto the said Mondial Trading Company, Ltd., all its rights, title and interest in and to the said marks and the registrations therefor, together with the goodwill of the business symbolized by said marks and the registrations therefor and including all rights to sue and recover for past infringement of said marks and the registrations therefor.

Tonus, Inc.

Dated: 9 March '94

By: _____
Name: Ascari Tshaka
Title: President

M003148
05cv11781

4995W

**ACKNOWLEDGMENT**

STATE OF NEW YORK    )
                     )
COUNTY OF *New York* )

      On this 9ᵗʰ day of *March*, 1994, before me
personally came Ascari Tshaka to me known, who, being by me
duly sworn, did depose and say that he resides in Columbus,
Ohio; that he is the President of Tonus, Inc. the corporation
described in and which executed the above instrument; and that
he signed his name thereto with full authorization of said
corporation.

 

———————————————————————
Notary Public

EDWIN BULLOCK
NOTARY PUBLIC, STATE OF NEW YORK
NO. 60-4970305
QUALIFIED IN WESTCHESTER COUNTY
CERT. FILED IN NEW YORK COUNTY
COMMISSION EXPIRES AUGUST 6, 199_

1144/0421



M0849/4000

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

MAY 27, 1994

N08B
TO:    WOLF, GREENFIELD & SACKS, P.C.
       DAVID WOLF, ESQ. (W0034/4000)
       600 ATLANTIC AVENUE, 17TH FLOOR
       BOSTON, MASSACHUSETTS 02210

|  | INITIAL |
|---|---|
| File Folder ☑ |  |
| Electronic Code Book ☑ | W |
| Docket Entry ☐ |  |
| Docket Cross Off ☑ | N/a |
| Order Copies ☐ |  |
| Annuities ☐ |  |

UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT BRANCH OF THE
U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS AVAILABLE
AT THE U.S. PATENT AND TRADEMARK OFFICE ON THE REEL AND FRAME NUMBER
REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE INFORMATION
CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA PRESENT IN THE
TRADEMARK ASSIGNMENT PROCESSING SYSTEM. IF YOU SHOULD FIND ANY ERRORS OR
QUESTIONS CONCERNING THIS NOTICE, YOU MAY CONTACT THE EMPLOYEE WHOSE NAME
APPEARS ON THIS NOTICE AT 703-308-9723. PLEASE SEND REQUEST FOR CORRECTION
TO: U. S. PATENT AND TRADEMARK OFFICE, ASSIGNMENT BRANCH, NORTH TOWER
BUILDING, SUITE 10C35, WASHINGTON, D.C. 20231.

ASSIGNOR:
    TONUS, INC.                        DOC DATE    : 03/09/1994
                                       CITIZENSHIP : NEW YORK


        ENTITY  :  CORPORATION

ASSIGNEE:
    MONDIAL TRADING CO. LTD.
    MARY STREET                        CITIZENSHIP : CAYMAN ISLANDS
    GRAND CAYMAN ISLAND GRAND CAYMANS B.W.I.
        ENTITY  :  CORPORATION

BRIEF:
    ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

NO. OF PAGES      :   003
                                       DATE RECORDED    :  05/02/1994

APPLICATION NUMBER :   74-157491       FILING DATE      :  04/12/1991
REGISTRATION NUMBER:   1699166         REGISTRATION DATE:  07/07/1992

MARK:  KALSO EARTH SHOE
DRAWING TYPE:  WORDS, LETTERS, OR NUMBERS AND DESIGN

APPLICATION NUMBER :   73-538528       FILING DATE      :  05/20/1985

M003302
05cv11781

1144/0421 PAGE  2

REGISTRATION NUMBER:    1372733               REGISTRATION DATE:   11/26/1985

MARK:  EARTH SHOE
DRAWING TYPE:  WORDS, LETTERS, OR NUMBERS IN TYPED FORM    M0849/2002

APPLICATION NUMBER :    73-282575          FILING DATE      :    10/20/1980
REGISTRATION NUMBER:    1294415            REGISTRATION DATE:    09/11/1984

MARK:  ANNE KALSO EARTH SHOE
DRAWING TYPE:  STYLIZED WORDS, LETTERS, OR NUMBERS    M0849/2000

APPLICATION NUMBER :    73-538529          FILING DATE      :    05/20/1985
REGISTRATION NUMBER:    1371439            REGISTRATION DATE:    11/19/1985

MARK:  EARTH
DRAWING TYPE:  WORDS, LETTERS, OR NUMBERS IN TYPED FORM    M0849/2001

EXAMINER/PARALEGAL    Tonya Lee /DR
ASSIGNMENT BRANCH
ASSIGNMENT/CERTIFICATION SERVICES DIVISION

M003303
05cv11781

FORM PTO-1594
(Rev. 6-93)
OMB No. 0651-0011 (exp. 4/94)

## RECORDATION FORM COVER SHEET
## TRADEMARKS ONLY

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

Tab settings ▭ ▭ ▭ ▼    ▼    ▼    ▼    ▼    ▼    ▼

To the Honorable Commissioner of Patents and Trademarks: Please record the attached original documents or copy thereof.

| 1. Name of conveying party(ies): | 2. Name and address of receiving party(ies) |
|---|---|
| Tonus, Inc. | Name: Mondial Trading Co. Ltd. |
| ☐ Individual(s)   ☐ Association | Internal Address: |
| ☐ General Partnership   ☐ Limited Partnership | Street Address: Mary Street |
| ☒ Corporation-State | City: Grand Cayman Island, Grand Caymans  State:_____  ZIP: B.W.I. |
| ☐ Other _____ | ☐ Individual(s) citizenship_____ |
| Additional name(s) of conveying party(ies) attached? ☐ Yes ☒ No | ☐ Association _____ |

3. Nature of conveyance:

☒ Assignment    ☐ Merger
☐ Security Agreement    ☐ Change of Name
☐ Other _____

Execution Date: ___03-09-94___

☐ General Partnership_____
☐ Limited Partnership_____
☒ Corporation-State_____
☐ Other_____

If assignee is not domiciled in the United States, a domestic representative designation is attached:    ☒ Yes ☐ No
(Designations must be a separate document from assignment)
Additional name(s) & address(es) attached? ☐ Yes ☒ No

4. Application number(s) or patent number(s):

A. Trademark Application No.(s)

B. Trademark Registration No.(s)
1699166
1372733
1294415
1371439

Additional numbers attached? ☐ Yes ☒ No

| 5. Name and address of party to whom correspondence concerning document should be mailed: | 6. Total number of applications and registrations involved: ............ | 4 |
|---|---|---|
| Name: David Wolf, Esq. |  |  |
| (W0034/4000) | 7. Total fee (37 CFR 3.41)............ $ 115.00 |  |
| Internal Address: | ☒ Enclosed |  |
| Wolf, Greenfield & Sacks, P.C. |  |  |
| 17th Floor | ☐ Authorized to be charged to deposit account |  |
| Street Address: 600 Atlantic Avenue | 8. Deposit account number: |  |
| City: Boston  State: MA  ZIP: 02210 | (Attach duplicate copy of this page if paying by deposit account) |  |

DO NOT USE THIS SPACE

9. Statement and signature.
To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.

David Wolf
Name of Person Signing

_(signature)_
Signature

4/27/94
Date

Total number of pages including cover sheet, attachments, and document:

Mail documents to be recorded with required cover sheet information to:
Commissioner of Patents & Trademarks, Box Assignments

M003146
05cv11781

# EXHIBIT F

## TO EARTH PRODUCTS INC.'S REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

# MONDIAL TRADING COMPANY LTD.

TELEPHONE: 809-949-7755 EXT. 112           MIDLAND BANK TRUST BUILDING
TELEX CP 4490                                               P.O. BOX 1109
TELECOPIER: 809-949-7634                        CAYMAN ISLANDS, B.W.I.


10th February, 1995


United States Customs Service


To Whom It May Concern:


Please be advised that the "Earth" trademark, the "Earth Shoe" trademark and "e" logo trademark are each properties of Mondial Trading Company Ltd. This letter is to further advise you that International Shoe Trading Ltd. is our licensee in connection with footwear bearing the "Earth" trademark, and/or the "Earth Shoe" trademark and/or the "e" logo trademark, and has been authorized to use, import, advertise, offer for sale, sell, and distribute the foregoing merchandise and to designate third parties who may use, import, advertise, offer for sale, sell and distribute the foregoing merchandise in the United States.

You are hereby authorized to release the footwear to authorized companies as they are identified by International Shoe Trading Ltd.

Sincerely,

For and on behalf of
Mondial Trading Company Ltd.

Thomas Clark
Director


EJC/MISC/mondial1.wp/jb

M000405
05cv11781

# MONDIAL TRADING COMPANY LTD.

**TELEPHONE: 809-949-7755 EXT. 112**       MIDLAND BANK TRUST BUILDING
**TELEX CP 4490**                                              P.O. BOX 1109
**TELECOPIER: 809-949-7634**                      CAYMAN ISLANDS, B.W.I.


10th February, 1995


United States Customs Service


To Whom It May Concern:


Please be advised that the "Earth" trademark, the "Earth Shoe" trademark and "e" logo trademark are each properties of Mondial Trading Company Ltd. This letter is to further advise you that Michel Meynard, Inc. is our licensee in connection with footwear bearing the "Earth" trademark, and/or the "Earth Shoe" trademark and/or the "e" logo trademark, and has been authorized to import, and sell the foregoing merchandise and to designate third parties who may import and sell the foregoing merchandise in the United States.

You are hereby authorized to release the footwear to authorized companies as they are identified by Michel Meynard, Inc.


Sincerely,

For and on behalf of
Mondial Trading Company Ltd.


Thomas Clark
Director


EJC/MISC/mondial3.wp/jb

5/13/96

**Attorney Docket No. M0849/2005 (DW)**

| | |
|---|---|
| Applicant: | Mondial Trading Company Ltd. |
| Serial No. | 74/551611 |
| Filed: | July 20, 1994 |
| For: | EARTH |
| Examiner: | David J. Cho |
| Law Office: | 10 |

ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, VA  22202-3513

Sir:

Transmitted herewith for filing is the following document:

Request for Extension of Time

If the enclosed papers are considered incomplete, the Mail Room and/or the Application Branch is respectfully requested to contact the undersigned collect at (617) 720-3500 (Boston, Massachusetts).

A check in the amount of $100.00 is enclosed to cover the filing fee.  If the fee is insufficient, the balance may be charged to the account of the undersigned, Deposit Account No. 23/2825. A duplicate of this sheet is enclosed.

Respectfully submitted,

David Wolf, Reg. No. 17,528
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA  02210
(617) 720-3500

Date:  5/13/96
Due Date:    7/20/94

CERTIFICATE OF MAILING UNDER 37 C.F.R. §1.10

I hereby certify that this document is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service, mailing label number RB656993392US, under 37 C.F.R. §1.10 on the 13th day of May 1996 and is addressed to the Assistant Commissioner for Trademarks, 2900 Crystal Drive, Arlington, VA  22202-3513.

Chris Galiano
_____          _____
Signature                                      Printed Name of Person Mailing

5960.1

M003431
05cv11781

<u>**ATTORNEY'S DOCKET NO. M0849/2005 (DW)**</u>

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:          Mondial Trading Company Ltd.
Serial No:          74/551611
Filed:              July 20, 1994
Mark:               EARTH
Class No:           25
Examiner:           David J. Cho
Law Office:         10
Notice of Allowance Mailing Date: January 23, 1996

### REQUEST FOR EXTENSION OF TIME UNDER 37 CFR 2.89
### TO FILE A STATEMENT OF USE, WITH DECLARATION

Assistant Commissioner For Trademarks
2900 Crystal Drive
Arlington, VA. 22202-3513

Dear Sirs:

Applicant requests a six-month extension of time to file the Statement of Use under 37 CFR 2.88 in this application.

Applicant has a continued bona fide intention to use the mark in commerce in connection with those goods identified in the Notice of Allowance in this application.

This is the first Request for an Extension of Time following mailing of the Notice of Allowance.

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this Request for Extension of Time to File A

M003432
05cv11781

Statement of Use on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered; and all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

_7th May, 1996_
Date

(809) 949-7755
Telephone No.

_____
Signature

Thomas Clark - Director
Print or Type Name and Position

-2-

M003433
05cv11781

Serial No. 74/551611    File No. 00849/2005    By: DW/bse

Title: EARTH

Application of Mondial Trading Company Ltd.

* The following, DUE 3/20/96 in the U.S. PTO, was received in the PTO Mail Room on the date stamped hereon.

[✓] Cert. of Mailing by Express Mail (37 CFR 1.10)
    Express Mail Label No. RB617-                    NO.

[  ] Cert. of Mailing under 37 CFR 1.8 (a)
[  ] Application for [ ] TM [ ] SM Registration        [  ] Notice of Opposition
    incl. Specimens                                    [  ] Amendment
[  ] Intent to Use (ITU) Application for               [  ] Petition for Cancellation
    [ ] TM [ ] SM Registration                         [  ] Assignment
[  ] ITU Statement of Use w/ Decl. & Spec.             [  ] Declaration Under 8 & 15 and Specimens
[  ] Amendment To Allege Use ITU w/
    Decl. & Specimens
[✓] Extension of Time - ITU w/ Declaration            [  ] Drawings _____ Sheet(s)
[  ] Application for Renewal                           [✓] Transmittal letter (x2)
[  ] Other _____

MAILED 5-13-96

**TRADEMARK**

RECEIVED

MAY 3 1 1996

Wolf, Greenfield & Sacks, P.C.
Legal Services Dept.

USA 19

**WOLF, GREENFIELD & SACKS, P.C.**

FEDERAL RESERVE PLAZA

600 ATLANTIC AVENUE

BOSTON, MASSACHUSETTS 02210

(617) 720-3500

# EXHIBIT G

## TO EARTH PRODUCTS INC.'S REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

ATTORNEY'S DOCKET NO. M0849/2016 (DW)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : | Mondial Trading Company, Ltd. |
| Serial No | : | 75/977076 |
| Filed | : | July 20, 1994 |
| Mark | : | EARTH |
| Class | : | 25 |
| Examiner | : | Lesley LaMothe |
| Law Office | : | 108 |
| Notice of Allowance Issue Date | : | July 23, 1997 |

STATEMENT OF USE UNDER 37 CFR §2.88, WITH DECLARATION

Box ITU Fee
Assistant Commissioner For Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

Sir:

Applicant requests registration of the above-identified trademark in the United

States Patent and Trademark Office on the Principal Register established by the Act of

July 5, 1946 (15 U.S.C. 1051 et. seq., as amended).

Three (3) specimens showing the mark as used in commerce are submitted with

this statement.

A Request to Divide under 37 CFR 2.87 is not being submitted with this

statement.

Applicant is using the mark in commerce on or in connection with those goods

identified in Notice of Allowance .

The date of first use of the mark anywhere is: prior to 1/98.

The date of first use of the mark in commerce which the U.S. Congress may

-1-

M003501
05cv11781

regulate is: prior to 1/98.

The type of commerce in which the mark is used is: interstate.

The manner or mode of use of the mark on or in connection with the goods is: applied to labels and in other ways customary to the trade.

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he is properly authorized to execute this Statement of Use on behalf of the applicant; he believes the applicant to be the owner of the trademark sought to be registered; the trademark is now in use in commerce; and all statements made of his own knowledge are true and all statements made on information and belief are believed to be true.

Mondial Trading Company, Ltd.

___16 July 1998___
Date

By: ___AWalter___
Name:  Kareen Walter
Title:    Director

ATTY DOCKET NO. H8049/2016 (DW)

M003502
05cv11781

| | |
|---|---|
| Applicant: | Mondial Trading Company, Ltd. |
| Address: | 763 P.O. Box 1109, Mary Street, Grand Cayman |
| | CAYMAN ISLANDS, B.W.I. |
| Date of First Use: | prior to 1/98 |
| First Use in Commerce: | prior to 1/98 |
| Class: | |
| Goods/Services: | clothing |
| Mark: | EARTH |







187841.1

-3-

ATTY DOCKET NO. M8049/2016 (DW)

M003503
05cv11781

01/23/98 FRI 15:16 FAX 34⁷ 9497634    MIDLAND BANK    @002
JAN 21 '98 11:45 FR \   GREENFIELD SACKS617 729 2441 TO    999999777781 P.08

Attorney Docket No. M0849/2005 (DW)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : | Mondial Trading Company, Ltd. |
| Serial No. | : | 74/551611 |
| Filed | : | July 20, 1994 |
| Mark | : | EARTH |
| Class | : | 25 |
| Examiner | : | David J. Cho |
| Law Office | : | 10 |
| Notice of Allowance | : | January 23, 1996 |

REQUEST TO DIVIDE APPLICATION

The Applicant hereby requests that the application identified above be divided as follows:

Please retain in the original application the following goods: jeans, pants, belts, shirts, sweaters, jackets, coats.

Please include in the new, divided application the following goods: socks, t-shirts, caps, hats, sweatshirts.

Respectfully submitted,

Mondial Trading Company, Ltd.

By:   *Accuwatter*
Name: KAREEN WATTER
Title: DIRECTOR

** TOTAL PAGE.08 **

01/21/98  WED 11:40  [TX/RX NO 7572] @008
345 9497634    PAGE 08

JAN 23 '98 15:22

M003526
05cv11781

☑006

01/23/98  FRI 15:17 FAX 34⁵ 9487634          MIDLAND BANK
    JAN 21 '98 11:44 FR ᴸ    GREENFIELD SACKS617 720 2441 TO    9999997777H1 P.06

<u>ATTORNEY'S DOCKET NO. M0849/2005 (DW)</u>

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:        Mondial Trading Company, Ltd.
Serial No:        74/551611
Filed:            July 20, 1994
Mark:             EARTH
Class No:         25
Examiner:         David J. Cho
Law Office:       10
Notice of Allowance Mailing Date: January 23, 1996

REQUEST FOR EXTENSION OF TIME UNDER 37 CFR 2.89
TO FILE A STATEMENT OF USE, WITH DECLARATION

Assistant Commissioner For Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

Dear Sirs:

Applicant requests a six-month extension of time to file the Statement of Use
under 37 CFR 2.88 in this application.

A Request to Divide under 37 CFR 2.87 is being submitted with this request.

Applicant has a continued bona fide intention to use the mark in commerce in
connection with those goods identified in the Notice of Allowance in this
application except: jeans, pants, belts, shirts, sweaters, jackets, coats.

This is the 4th Request for an Extension of Time following mailing of the Notice
of Allowance.

If this is not the first Request for an Extension of Time, check one box below. If
the first box is checked, explain the circumstance(s) of non-use in the space
provided:

Box 4 [☑]    Applicant has not used the mark in commerce yet on all services
             specified in the Notice of Allowance; however, applicant has made
             the following ongoing efforts to use the mark in commerce on or in
             connection with each of the goods specified above:

             <u>THE COMPANY IS PRESENTLY NEGOTIATING</u>

01/21/98  WED 11:40  [TX/RX NO 7572] ☑006

JAN 23 '98 15:23

M003527
05cv11781

01/23/98  FRI 15:17 FAX 34  9497634      MIDLAND BANK                   @007
JAN 21 '98 11:45 FR   GREENFIELD SACKS617 728 2441 TO    399999777781 P.07

2

WITH WALMART FOR THEM TO USE THE

EARTH MARK ON THE PRODUCTS

LISTED.

**Box 5 [ ]**    Applicant believes that it has made valid use of the mark in commerce, as evidenced by the Statement of Use submitted with this request; however, if the Statement of Use is found by the Patent and Trademark Office to be fatally defective, applicant will need additional time in which to file a new statement.

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this Request for Extension of Time to File A Statement of Use on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered; and all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

23 January 1998
_____          _____
Date                     Signature

345-949-7755             KAREEN WAFFLEX - DIRECTOR
_____          _____
Telephone No.            Print or Type Name and Position

151248.1                        -2-

M003528
05cv11781

01/23/98  FRI 15:17 FAX 34⁵ 9497634        MIDLAND BANK                      @003
      JAN 21 '98 11:44 FR    GREENFIELD SACKS617 720 2441 TO        3999997777#1 P.03

ATTORNEY'S DOCKET NO. M0849/2005 (DW)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : | Mondial Trading Company, Ltd. |
| Serial No | : | 74/551611 |
| Filed | : | July 20, 1994 |
| Mark | : | EARTH |
| Class | : | 25 |
| Examiner | : | David J. Cho |
| Law Office | : | 10 |
| Notice of Allowance Issue Date | : | January 23, 1996 |

STATEMENT OF USE UNDER 37 CFR §2.88, WITH DECLARATION

Box ITU Fee
Assistant Commissioner For Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

Sir:

        Applicant requests registration of the above-identified trademark in the United

States Patent and Trademark Office on the Principal Register established by the Act of

July 5, 1946 (15 U.S.C. 1051 et. seq., as amended).

        Three (3) specimens showing the mark as used in commerce are submitted with

this statement.

        A Request to Divide under 37 CFR 2.87 is being submitted with this statement.

        Applicant is using the mark in commerce on or in connection with those goods

identified in Notice of Allowance, EXCEPT: jeans, pants, belts, shirts, sweaters, jackets,

coats.

        The date of first use of the mark anywhere is: 2/1/95.

        The date of first use of the mark in commerce which the U.S. Congress may

-1-

M003529
05cv11781

01/23/98  FRI 15:17 FAX 3/" 9497634        MIDLAND BANK                                    ☒004
       JAN 21 '98 11:44 FR .    GREENFIELD SACKS617 728 2441 TO _  3999997777#1 P.04

regulate is: 2/1/95.

The type of commerce in which the mark is used is: interstate.

The manner or mode of use of the mark on or in connection with the goods is: applied to labels and packaging and in other ways customary to the trade.

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he is properly authorized to execute this Statement of Use on behalf of the applicant; he believes the applicant to be the owner of the trademark sought to be registered; the trademark is now in use in commerce; and all statements made of his own knowledge are true and all statements made on information and belief are believed to be true.

Mondial Trading Company, Ltd.


23 January 1998
_____
Date

By:  _____
     Name: KAREEN WAYLER
     Title: DIRECTOR

151253.1                            -2-
                         01/21/98  WED 11:40  [TX/RX NO 7572] ☒004

TON 27 '00 15:37

M003530
05cv11781

# EXHIBIT 2

**To Affidavit of Derrick W. Toddy in Support of
Earth Products Inc.'s Unopposed
Motion for Issuance of a Letter of Request**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MEYNARD DESIGNS, INC. AND EARTH, INC.

Plaintiffs and
Counterclaim-Defendants,

v.

EARTH PRODUCTS INC.

Defendant and
Counterclaim-Plaintiff.

EARTH PRODUCTS INC.

Third-Party Plaintiff and
Counterclaim-Defendant,

v.

PLANET, INC.

Third-Party Defendant and
Counterclaim-Plaintiff.

CIVIL ACTION NO. 05 cv 11781 NMG

**PROPOSED ORDER DIRECTING ISSUANCE OF A LETTER OF REQUEST**

NATHANIAL M. GORTON, *District Judge.*

This matter having been considered upon the unopposed motion of defendant and counterclaim-plaintiff Earth Products Inc. for testimony and documents from Thomas Clark and Kareen Watler, and it appearing that such a letter of request is appropriate,

Now, therefore it is hereby ordered that the Clerk of this Court shall issue the letter of request attached to this order.

SO ORDERED.

Dated: _____, 2007        _____

**Nathanial M. Gorton, United States
District Judge**

1