IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>    Plaintiffs and<br>    Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>    Defendant and<br>    Counterclaim-Plaintiff. | |
| EARTH PRODUCTS INC.<br><br>    Third-Party Plaintiff and<br>    Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>    Third-Party Defendant and<br>    Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |

**DECLARATION OF SCOTT E. DAVIS IN SUPPORT OF
DEFENDANT EARTH PRODUCTS' MOTION TO COMPEL**

I, Scott E. Davis, the undersigned, declare:

1.  I am an attorney at law, and an associate at the law firm of Klarquist Sparkman, LLP, counsel for Earth Products Inc. in the above-captioned matter. I am over the age of 18 and competent to testify to the matters contained in this Declaration. I have personal knowledge of the matters stated herein unless indicated otherwise. All highlighting in the Exhibits hereto was added for ease of reference and does not appear in the original documents.

2.      Exhibit A is a true and correct copy of excerpts of Meynard Designs, Inc.'s Responses to Earth Products' First Set of Interrogatories, dated December 8, 2006.  Meynard Designs declined to de-designate the portions of its responses subject to the Stipulated Protective Order that Earth Products cited in the accompanying Motion to Compel.  Accordingly, Exhibit A is included under separate cover for filing under seal if the Court grants the associated Motion to Impound.

3.      Attached as Exhibit B is a true and correct copy of an article published in The New York Times, titled Resurrecting A Symbol of Comfort, and dated Sunday, November 17, 2002, bearing bates number EARTH000263.

4.      Attached as Exhibit C is a true and correct copy of the Disclosure of Plaintiffs and Third-Party Defendant Pursuant to Fed. R. Civ. P. 26(a)(1), dated September 13, 2006.

5.      Attached as Exhibit D is a true and correct copy of excerpts of a Complaint filed in this District by Mondial Trading Co. against Tony Sanders, d/b/a Earth.com, dated November 19, 1998.

6.      Attached as Exhibit E is a true and correct copy of a document purporting to assign rights in the trademark EARTH and trademark application no. 74/551,611 from Mondial Trading Company, Ltd., to Michel Meynard, Inc., effective as of June 25, 1997.

7.      Attached as Exhibit F is a true and correct copy of a document purporting to be a Request for Extension of Time Under 37 CFR 2.89 to File a Statement of Use, With Declaration, dated January 11, 1997, filed in trademark application Serial No. 74/551,611 for the mark EARTH and signed by Michel Meynard.

8.    Attached as Exhibit G is a true and correct copy of cited portions of Meynard Designs Inc.'s Responses to Earth Products' First Set of Requests for Production, dated December 8, 2006.

9.    Exhibit H is a true and correct copy of cited portions of Meynard Designs, Inc.'s Responses to Earth Products' Second Set of Interrogatories, dated April 6, 2007.  Meynard Designs declined to de-designate the portions of its responses subject to the Stipulated Protective Order that Earth Products cited in the accompanying Motion to Compel.  Accordingly, Exhibit H is included under separate cover for filing under seal if the Court grants the associated Motion to Impound.

10.    Attached as Exhibit I is a true and correct copy of a letter dated April 24, 2007 from Scott Davis to Laura Topper.

11.    Attached as Exhibit J is a true and correct copy of a letter dated May 10, 2007 from Laura Topper to Scott Davis.

12.    Attached as Exhibit K is a true and correct copy of a letter dated June 13, 2007 from Scott Davis to Laura Topper.

13.    Attached as Exhibit L is a true and correct copy of an e-mail communication dated June 11, 2007 from Laura Topper to Scott Davis.

14.    Attached as Exhibit M is a true and correct copy of an e-mail communication dated June 20, 2007 from Laura Topper to Chris Carraway.

EXECUTED this 22nd day of June, 2007, in Portland, Oregon.

Scott E. Davis
Counsel *pro hac vice* for Earth Products Inc.

3

## CERTIFICATE OF SERVICE

I certify that this DECLARATION OF SCOTT E. DAVIS IN SUPPORT OF

DEFENDANT EARTH PRODUCTS' MOTION TO COMPEL, except for Exhibits A and H, is

being filed through the Court's electronic filing system, which serves counsel for other parties

who are registered participants as identified on the Notice of Electronic Filing (NEF).  In

addition, such document, as well as Exhibits A and H, which are the subject of a Motion to

Impound, have been served by email to counsel of record for all other parties on June 25, 2007.

Any counsel for other parties who are not registered participants are being served by first

class mail on the date of electronic filing.

Dated:  June 25, 2007                     By: _____

                                    J. Christopher Carraway (*pro hac vice*)
                                    KLARQUIST SPARKMAN, LLP
                                    121 S.W. Salmon Street, Suite 1600
                                    Portland, Oregon  97204
                                    Phone:  503-595-5300
                                    Fax:  503-595-5301

                                    *Attorneys for Earth Products Inc.*

# EXHIBIT A
**This Exhibit is Filed Under Seal**

# EXHIBIT B

# The New York Times

Copyright © 2002 The New York Times

### SUNDAY, NOVEMBER 17, 2002

**UPDATE**

**MICHEL MEYNARD**

# Resurrecting A Symbol Of Comfort





One of the original Earth Shoes, left, circa 1976, and a new design introduced last year.

**R**EMEMBER the Earth Shoe? Like many things retro, those "minus" or "negative-heeled" shoes, a hippie staple of the 1960's and 1970's, are making a comeback, thanks to Michel Meynard, a shoe designer and manufacturer.

Anne Kalso, a Danish yoga instructor, designed the original Earth Shoe. While studying at a monastery in Santos, Brazil, she noticed the straight posture of the Brazilian Indians, who stood in the sand with their heels lower than their toes. Ms. Kalso spent more than 10 years designing the distinctive shoe style intended to improve posture and comfort. Her design became known in the United States as the Earth Shoe, and the name stuck. Earth Shoes quickly earned loyal fans around the world, then disappeared in the late 1970's.

Fast forward to 1991. Mr. Meynard, now 62, was traveling through Europe with his son when they spotted a Levi's billboard with a model wearing a vintage pair of Earth Shoes. "It was a name that I was always fascinated with," Mr. Meynard said. "It gave us the idea of looking for the brand, so we started digging."

They found that, after struggling through a nasty legal battle with retailers over supply, the company split up in 1977 and that Ms. Kalso had died.

After spending years tracking down the five people who still owned the brand, Meynard Designs, based in Waltham, Mass., bought the rights for $250,000. "The brand had been out of the marketplace for 15 years, totally abandoned, so we got it for very little," said Mr. Meynard, who re-introduced the shoes in fall 2001. "Now it is doing very well. I expect Earth Shoes to be a $100 million company in the next five years." The average price for a pair is $100.

The shoes, which use the original patented Kalso Negative Heel Technology, are now available in 32 styles with names like Energy for a fringed thong sandal and Lotus for a clog with a buckle, and in colors like deer, khaki and lime. "We're trying to make them comfortable and casual, but also fashionable," said Mr. Meynard, who has even worn the shoes jogging.

Earth Shoes can be found in more than 500 stores and catalogs, including Nordstrom, Overland Trading and J. Jill. "There is something unique and different about Earth Shoes," Mr. Meynard said. "They are an experience. People have always been intrigued by them."

*JULIE DUNN*

EARTH000263

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC., <br><br> Plaintiffs, <br><br> v. <br><br> EARTH PRODUCTS INC., <br><br> Defendant. | CIVIL ACTION NO. 05 CV 11781 NMG |

## DISCLOSURE OF PLAINTIFFS AND THIRD-PARTY DEFENDANT PURSUANT TO FED. R. CIV. P. 26(a)(1)

Plaintiffs, Meynard Designs, Inc. ("Meynard Designs"), Earth, Inc., and third-party Defendant Planet, Inc.,[1] make the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Given the early stage of the case, and that discovery has not yet begun, Plaintiffs reserve the right to supplement this disclosure as needed to identify additional witnesses and/or documents or other materials that may be relevant.

A.    **Individuals Likely To Have Discoverable Information:**

Those individuals likely to have discoverable information that Plaintiffs may use to support their claims are:

**Plaintiffs Individuals:**

**Philippe Meynard,** contact through Plaintiffs' counsel - information relating to Plaintiffs' ownership and use of the EARTH marks and registrations for those marks, information relating to the use of the EARTH marks by Plaintiffs' predecessors, information relating to the fame and good will associated with the EARTH mark as used by Plaintiffs and their predecessors and information relating to Earth Products Inc.'s ("Earth Products") introduction and sale of goods under the EARTH mark;

---

[1] For the remainder of this disclosure, these parties will be referred to collectively as "Plaintiffs."

**Michel Meynard,** contact through Plaintiffs' counsel - information relating to Plaintiffs' acquisition, ownership and use of the EARTH marks and registrations for those marks, information relating to the use of the EARTH marks by Plaintiffs' predecessors, and information relating to the fame and good will associated with the EARTH mark as used by Plaintiffs and their predecessors;

**Celso Kiefer,** contact through Plaintiffs' counsel - information relating to Plaintiffs' use of the EARTH marks, including sales figures and information relating to the fame of the EARTH mark as used by Plaintiffs and their predecessors; and

**Ken Cummins, Esq.,** contact through Plaintiffs' counsel - information relating to Plaintiffs' ownership and use of the EARTH marks and registrations for those marks, information relating to the use of the EARTH marks by Plaintiffs' predecessors, information relating to the fame and good will associated with the EARTH mark as used by Plaintiffs and their predecessors, information relating to assignments and licensing agreements concerning the EARTH mark, and information relating to Earth Products' introduction and sale of goods under the EARTH mark.

**Earth Products Individuals:**

**Jeff Larson,** President, Earth Products, Inc., 5830 El Camino Real, Carlsbad, 92008, (760) 494-2004 – information relating to Earth Products' introduction and sale of goods under the EARTH marks, including geographic distribution of all shipment and sales, information relating to Earth Products' use of the mark PLANET EARTH on goods in commerce, information relating to Earth Products' sale of skateboards and associated equipment (other than clothing) in relation to its sale of clothing, and information relating to likely or actual confusion by consumers with Plaintiffs' marks.

**Persons at Earth Products** – both currently and formerly, who have responsibility for marketing, sales, shipments, and brand management, as well as all past and present officers of Earth Products, are suspected to have relevant information relating to Earth Products' use of the marks at issue and likely or actual confusion with Plaintiffs' marks. Plaintiffs expect to gather further information on this topic during discovery, and therefore reserve the right to utilize additional witnesses.

Plaintiffs reserve the right to supplement this list after discovery.

**B.     Documents In Plaintiffs' Control That May Be Relevant To Disputed Facts**

The following categories of documents and things may be used by Plaintiffs to prove

their claims and are located at the offices of Plaintiffs' counsel, Wolf, Greenfield & Sacks, P.C.,

600 Atlantic Avenue, Boston, MA 02210:

- samples of Plaintiffs' advertising

1072428-1                                          2

- samples of Plaintiffs' catalogs

- samples from Plaintiffs' websites

- representative invoices, shipping documents, and promotional documents demonstrating Plaintiffs' use of the EARTH marks

- samples of Earth Products' goods bearing the EARTH mark and promotional material therefore, as well as documents associated with the purchase of those goods in Massachusetts and elsewhere

- copies of Meynard Designs' trademark registrations for the mark EARTH

- documents relating to the assignment and licensing of the EARTH marks to Meynard Designs

- documents relating to Plaintiffs' promotional efforts

- product photographs, articles, advertising and other items relating to the historical use of the EARTH marks by Meynard Designs' predecessors and the fame of those marks from well prior to any alleged use by Earth Products

- documents and things already produced by Earth Products to Plaintiffs

Additional categories of documents and things that Plaintiffs' may use are located at the offices of Plaintiffs, 135 2nd Avenue, Waltham MA 02451:

- products having the EARTH mark and the labels, packaging and tags for such products.

- representative invoices, shipping documents, and promotional documents demonstrating Plaintiffs' use of the EARTH marks

- samples of Earth Products' goods bearing the EARTH mark and promotional material therefore, as well as documents associated with the purchase of those goods in Massachusetts and elsewhere

- additional invoices and sales records showing transport and sale of goods under the marks

- materials used at trade shows and/or sent to retailers

- additional advertising and marketing materials

- documents and things already produced by Earth Products to Plaintiffs

Because discovery has not begun, Plaintiffs reserve the right to supplement this list at a later time. There may be additional samples of goods and additional documents in the possession, custody, or control of others, including without limitation Plaintiffs' vendors and suppliers. If they come into the possession, custody, or control of Plaintiffs, they will be disclosed pursuant to Fed. R. Civ. P. 26(a)(1).

**C.     <u>Computation Of Damages</u>**

At this preliminary stage, Plaintiffs are unable to determine their damages with precision. At present, it is believed that at least a portion of Earth Products' gross sales represent profit that Plaintiffs are entitled to recover. Discovery will be necessary to determine Earth Products' sales. In addition, discovery regarding Earth Products' sales is necessary to determine the extent of any lost profit that Plaintiffs have suffered. Damages will also include Plaintiffs' attorney fees accrued in pursuing this action, the total amount of which will not be determined until much later in the case. Expert testimony may be required, and if so, expert disclosures will be provided as and when required by Rule 26(a)(2). Damages may be multiplied as allowed under the provisions of the Lanham Act and Mass. Gen. Laws Ch. 93A. As no discovery has begun and Plaintiffs have not yet received any production relating to the extent of sale and distribution of the infringing goods from Earth Products, Plaintiffs reserve the right to supplement this response when further facts come to light.

**D.    Applicable Insurance**

Plaintiffs are, at present, aware of no insurance agreement that may be applicable.

MEYNARD DESIGNS, INC.,
EARTH, INC., and
PLANET, INC.,

By their attorneys,

Dated: September 13, 2006

Michael Albert, BBO # 558566
David Wolf, BBO # 532160
Laura Topper, BBO # 652364
Hunter Keeton, BBO # 660609
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel. 617 646.8000
Fax 617 646.8646

**Certificate of Service**

I certify that, on September 13, 2006, the foregoing document was served by hand upon counsel for Defendant Earth Products, Inc.:

Steven M. Bauer, Esq.
Kimberly A. Mottley, Esq.
Gina Lombardo, Esq.
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MONDIAL TRADING CO., | ] |
| Plaintiff, | ] |
| v. | ] Civil Action No. 98cv12376WGY |
| TONY SANDERS, d/b/a EARTH.COM, | ] |
| Defendant. | ] |

COPY

**COMPLAINT**

<u>Introduction</u>

1.     Plaintiff, Mondial Trading Company ("Mondial"), is a corporation organized and existing under the law of the Cayman Islands, having its principal place of business at 763 Salem End Road, Framingham, MA 01702.

2.     Upon information and belief, the Defendant, Tony Sanders, d/b/a EARTH.COM ("Defendant"), resides at 8370 St. Helena Drive, Colorado Springs, Colorado 80920-4607.

3.     This is a lawsuit of a civil nature arising under the Trademark Act of July 5, 1946, as amended, the United States Code, Title 15, Sections 1051, et seq., and this Court has jurisdiction under the United States Code, Title 28, Section 1338. Jurisdiction as to common law claims are founded upon the principles of pendent jurisdiction.

M003193
05cv11781

Background

4.     Since prior to the acts of the Defendant complained of herein, Mondial has been and is now engaged in the sale of clothing items and related accessories throughout the United States, including this jurisdiction.  Mondial's goods have acquired wide public acceptance and a fine reputation for quality goods that is well known throughout the United States.

5.     Mondial acquired the trademark EARTH.  (See Ex. A - U.S. Registration No. 1,371,439 for EARTH, issued November 19, 1985.)  For many years, Mondial has prominently and continually used the mark EARTH for footwear.

6.     Over the years, Mondial has been careful, skillful, and diligent in the conduct of its business and has applied a uniform standard of high quality in the production of its products.

7.     In addition to its rights in EARTH at common law, Mondial is the owner of United States Principal Registration Nos.: 1,372,733 for EARTH SHOE, issued November 26, 1985 and 2,199,118 for EARTH, issued October 20, 1998.  Copies of the foregoing registrations are attached hereto as Exhibit B.  The registrations are valid and are in full force and effect.

8.     Since its introduction as a product name, Mondial has had millions of dollars in sales all in conjunction with the mark EARTH.

9.     The EARTH trademark is famous.

216149.1

2

10.    Without authorization from Mondial, the Defendant registered EARTH.COM as a domain name on the Internet under the name earth.com.  (Exhibit C.)

### First Claim For Relief For Unfair Competition

11.    Mondial repeats and realleges the allegations contained in paragraphs 1 through 10 herein.

12.    The Defendant's registration of the domain name EARTH.COM precludes Mondial from registering EARTH.COM.

13.    The general consuming public may readily view the ownership of EARTH.COM, and when doing so will likely believe that the Defendant is related to Mondial.

14.    Such acts of the Defendant constitute unfair competition, unauthorized use, misappropriation, false designation of origin, and false designation of sponsorship under 15 U.S.C. §1125(a).  Unless permanently enjoined by this Court, these acts will produce irreparable injury and damage to Mondial for which there exists no adequate remedy at law.

### Second Claim For Relief For Dilution

15.    Mondial repeats and realleges the allegations contained in paragraph 1 through 14.

216149.1

3

16.    The Defendant's registration of EARTH.COM dilutes the distinctiveness of

Mondial's trademark EARTH pursuant to 15 U.S.C. §1125(c).  Unless permanently enjoined by

this Court, these acts will produce irreparable injury and damage to Mondial for which there

exists no adequate remedy at law.

### Third Claim For Relief For Common Law Unfair Competition

17.    Mondial repeats and realleges the allegations contained in paragraphs 1 through

16 herein.

18.    Such acts of the Defendant constitute unfair competition, unauthorized use,

misappropriation, false designation of origin, and false designation of sponsorship under

common law.  Unless permanently enjoined by this Court, these acts will produce irreparable

injury and damage to Mondial for which there exists no adequate remedy at law.

WHEREFORE, Plaintiff Mondial demands judgment as follows:

1.    That this Court adjudge and declare:

(a)    That it has jurisdiction of the parties and of the subject matter of this

action;

(b)    That the trademark EARTH is famous; and

(c)    That the Defendant has infringed upon the trademark rights of Mondial

and has committed acts of unfair competition and dilution by registering EARTH.COM as a

domain name.

216149.1

4

M003196
05cv11781

2.     That the Defendant, his agents, representatives, employees, assigns and all persons acting in consort or privity with him be permanently enjoined from using or registering EARTH.COM or any similar variation thereof.

3.     That the Defendant be required by mandatory injunction pursuant to 15 U.S.C. §1118 to deliver up for destruction any and all labels, wrappers, packaging, advertising materials, or any other writings or materials which display the mark EARTH.COM.

4.     That the Defendant be directed to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment a report in writing under oath setting forth in detail the manner in which the Defendant has complied with said judgment.

5.     That the Defendant provide a log of visitors to the EARTH.COM site to Mondial.

6.     That the Court find this case to be exceptional under 15 U.S.C. § 1117(a)

7.     That Mondial have and recover its costs in the suit, including attorney's fees and expenses.

8.     That the Court require the Defendant to immediately release to Mondial his interests in the Internet Domain Name EARTH.COM, to transfer all interest in EARTH.COM to Mondial, and to execute all documents necessary to immediately effect such transfer.

216149.1

5

M003197
05cv11781

9.    That the Plaintiff have such other and further relief as this Court may deem just

and proper.

Respectfully submitted,

Date:   November 19, 1998

Douglas R. Wolf, BBO # 500,116
David Wolf, BBO # 17,528
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Federal Reserve Plaza
Boston, MA 02210
Tel.: (617) 720-3500

Attorneys for Plaintiff
Mondial Trading Company

Attorney's Docket: M0849/5002

6

216149.1

M003198
05cv11781

# EXHIBIT E

/23/97  TUE 16:48 FAX                    MIDLAND TRUST                              ☑002

M0849/2005 (DW)

## ASSIGNMENT

WHEREAS, Mondial Trading Company, Ltd., a corporation of the Cayman Islands having an office and place of business at P.O. Box 1109, Mary Street, Grand Cayman, Cayman Islands B.W.I. has adopted and used the following marks and the trademark Registrations:

### SCHEDULE OF TRADEMARKS

| MARK | Application No. | Filing Date |
|------|-----------------|-------------|
| EARTH | 74/551611 | July 20, 1994 |

WHEREAS, Michel Meynard, Inc., a corporation of Massachusetts, having an office and place of business at 763 Salem End Road Framingham, MA 01702-5542 is desirous of acquiring said mark and the registrations therefor.

NOW, THEREFORE, for one Dollar ($1.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, said Mondial Trading Company, Ltd. without representations or warranties with respect to said trademarks or registrations or the title thereto does hereby assign unto the said Michel Meynard, Inc., all its rights, title and interest in and to the said marks and the registrations therefor, together with the goodwill of the business symbolized by said marks and the registrations therefor and including all rights to sue and recover for past infringement of said marks and the registrations therefor.  Effective as of June 25, 1997.

Mondial Trading Company, Ltd.

By _____
Name: Kareen Watler
Title: Director

M0028

138400.1

# EXHIBIT F

*1/11/97*

**ATTORNEY'S DOCKET NO. M0849/2005 (DW)**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:          Mondial Trading Company Ltd.
Serial No:          74/551611
Filed:              July 20, 1994
Mark:               EARTH
Class No:           25
Examiner:           David J. Cho
Law Office:         10
Notice of Allowance Mailing Date: January 23, 1996

REQUEST FOR EXTENSION OF TIME UNDER 37 CFR 2.89
TO FILE A STATEMENT OF USE, WITH DECLARATION

Assistant Commissioner For Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

Dear Sirs:

Applicant requests a six-month extension of time to file the Statement of Use under 37 CFR 2.88 in this application.

Applicant has a continued bona fide intention to use the mark in commerce in connection with those goods identified in the Notice of Allowance in this application.

This is the 2nd Request for an Extension of Time following mailing of the Notice of Allowance.

Applicant has not used the mark in commerce yet on all goods specified in the Notice of Allowance; however, applicant has made the following ongoing efforts to use the mark in commerce on or in connection with each of the goods specified above:

The product line is still under development, but the full line has not yet been finalized.

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this Request for Extension of Time to File A Statement of Use on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered; and all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

_1/11/97_
Date

_Michael Meynard._
Signature

_508. 820-7242_
Telephone No.

MICHEL MEYNARD     CEO
Print or Type Name and Position

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC., <br><br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> EARTH PRODUCTS INC., <br><br><br> Defendant and Counterclaim Plaintiff. | CIVIL ACTION NO. 05 CV 11781 NMG |
| EARTH PRODUCTS INC. <br><br><br> Third Party Plaintiff, <br><br> v. <br><br> PLANET, INC. <br><br> Third-Party Defendant. | |

**MEYNARD DESIGNS INC.'S RESPONSES TO
EARTH PRODUCTS' FIRST SET
OF REQUESTS FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. 34, Plaintiff Meynard Designs, Inc. ("Meynard"), hereby

responds to Earth Products Inc.'s ("Earth Products") First Set of Requests For Production of

Documents and Things.

**GENERAL OBJECTIONS**

A.    Meynard objects to each and every document request insofar as any such request

seeks information protected by the work product doctrine, subject to the attorney-client privilege,

prepared or assembled in anticipation of litigation, subject to federal or state law prohibiting

disclosure, or otherwise not within the scope of discovery under Fed. R. Civ. P. 26.  In addition,

request is overbroad and unduly burdensome and also duplicative of other requests.
Accordingly, Meynard interprets this request to seek documents that refer to, relate to,
memorialize, evidence or describe the sale, distribution, promotion or marketing by parties other
than Earth Products, Meynard, Meynard's predecessors, Meynard licensees and/or customers of
Meynard, Meynard's predecessors or Meynard's licensees. Without waiving and subject to its
objections, Meynard will produce non-privileged, responsive documents found after a reasonable
search, to be in its possession, if any, once an appropriate protective order has been entered.

**REQUEST NO. 51**

All trademark license agreements, and all documents and things that refer to, relate to,
memorialize, evidence or describe any such agreements, that relate to a Miscellaneous EARTH
Mark between Meynard and Earth, Inc., between Meynard and Planet, Inc., between Meynard
and Mondial Trading, between Earth, Inc. and Mondial Trading, between Planet, Inc. and
Mondial Trading, and between Planet, Inc., and Earth, Inc.

**RESPONSE TO REQUEST NO. 51**

In addition to its General Objections, including an objection to the extent this request
seeks materials protected by the attorney-client, work product or other privilege and objections
as to relevance and the definitions, Meynard objects to the request to produce agreements, and
documents relating to agreements, to which Meynard is not a party. Without waiving and
subject to its objections, Meynard will produce non-privileged, responsive documents found,
after a reasonable search, to be in its possession, if any, once an appropriate protective order has
been entered.

for "all documents and things." Accordingly, Meynard will not produce documents in response to this request.

## REQUEST NO. 60

All documents and things that refer or relate to Mondial Trading and a Miscellaneous EARTH Mark, Miscellaneous EARTH Good or Negative Heel Footwear.

## RESPONSE TO REQUEST NO. 60

In addition to its General Objections, including an objection to the extent this request seeks materials protected by the attorney-client, work product or other privilege and an objection to the production of documents relating to lowered heel footwear, Meynard objects to this request as being overbroad. Moreover, Meynard objects as it is unclear what category of material is sought. In addition, this request is duplicative of other requests relating to the use of the marks by third parties or Meynard's predecessors. The request is also overbroad in asking for "all documents and things." Accordingly, Meynard will not produce documents in response to this request.

## REQUEST NO. 61

All documents and things that refer or relate to Roots Canada Ltd. and a Miscellaneous EARTH Mark or Negative Heel Footwear.

## RESPONSE TO REQUEST NO. 61

In addition to its General Objections, including an objection to the extent this request seeks materials protected by the attorney-client, work product or other privilege and an objection to the production of documents relating to lowered heel footwear, Meynard objects to this request as being overbroad. Moreover, Meynard objects as it is unclear what category of material is sought. In addition, this request is duplicative of other requests relating to the use of

Negative Heel Footwear; U.S. Trademark Registration No. 1,371,439; U.S. Trademark

Registration No. 2,199,118; U.S. Trademark Registration No. 2,249,826; or this litigation.

**RESPONSE TO REQUEST NO. 71**

In addition to its General Objections, Meynard objects to this request as overbroad and

irrelevant in that it calls for production of "any communications" between various parties, even

when those communications are unrelated to the claims or defenses of any party.  Without

waiving and subject to its objections, Meynard will produce non-privileged, responsive

documents found to be in its possession after a reasonable search, if any, once an appropriate

protective order has been entered.

**REQUEST NO. 72**

All documents and things that refer to, relate to, memorialize, evidence or describe any

communications with Mondial Trading regarding a Miscellaneous EARTH Mark (including any

trademark application filings therefor); EARTH Goods; EARTH SHOE Goods; EARTH Variant

Goods; Anne Kalso; Kalso Systemet, Inc.; Raymond or Eleanor Jacobs; Tonus, Inc.; Aorta, Inc.;

Wal-Mart; Negative Heel Footwear; Earth, Inc.; Planet, Inc.; U.S. Trademark Registration No.

1,371,439; U.S. Trademark Registration No. 2,199,118; U.S. Trademark Registration No.

2,249,826; or this litigation.

**RESPONSE TO REQUEST NO. 72**

In addition to its General Objections, Meynard objects to this request as overbroad and

irrelevant in that it calls for production of "any communications" between various parties, even

when those communications are unrelated to the claims or defenses of any party.  Without

waiving and subject to its objections, Meynard will produce non-privileged, responsive

documents found to be in its possession after a reasonable search, if any, once an appropriate

protective order has been entered.

**REQUEST NO. 73**

All documents and things that refer to, relate to, memorialize, evidence or describe any

communications with Kareen Watler (alternatively, Kareen Walter) or any agent or

representative for Kareen Watler regarding a Miscellaneous EARTH Mark (including any

trademark application filings therefor); EARTH Goods; EARTH SHOE Goods; EARTH Variant

Goods; Anne Kalso; Kalso Systemet, Inc.; Raymond or Eleanor Jacobs; Tonus, Inc.; Aorta, Inc.;

Mondial Trading; Wal-Mart; Negative Heel Footwear; U.S. Trademark Registration No.

1,371,439; U.S. Trademark Registration No. 2,199,118; U.S. Trademark Registration No.

2,249,826; or this litigation.

**RESPONSE TO REQUEST NO. 73**

In addition to its General Objections, Meynard objects to this request as overbroad and

irrelevant in that it calls for production of "any communications" between various parties, even

when those communications are unrelated to the claims or defenses of any party.  Without

waiving and subject to its objections, Meynard will produce non-privileged, responsive

documents found to be in its possession after a reasonable search, if any, once an appropriate

protective order has been entered.

**REQUEST NO. 74**

All documents and things that refer to, relate to, memorialize, evidence or describe any

communications with Caprice Scott-Leggatt or any agent or representative for Caprice Scott-

Leggatt regarding a Miscellaneous EARTH Mark (including any trademark application filings

therefor); EARTH Goods; EARTH SHOE Goods; EARTH Variant Goods; Anne Kalso; Kalso

**REQUEST NO. 172**

All director and shareholder minutes of Meynard that contain, refer to or evidence the discussion of any matter referenced in any of the foregoing requests.

**RESPONSE TO REQUEST NO. 172**

In addition to its General Objections, Meynard objects to this request as overbroad and seeking irrelevant documents, as any meeting minutes would deal with irrelevant matters, and, to the extent they deal with relevant matters, would be duplicative of other document requests. In addition, the request is objectionable as vague and ambiguous. If there are minutes or other documents related to specific issues that Earth Products is seeking, such categories should be identified with particularity. Accordingly, Meynard will not produce documents responsive to this request.

MEYNARD DESIGNS, INC.,

By its attorneys,

Dated:  December 8, 2006

Michael Albert, BBO # 558566
malbert@wolfgreenfield.com
David Wolf, BBO # 532160
dwolf@wolfgreenfield.com
Laura Topper, BBO # 652364
ltopper@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.  617 646.8000
Fax  617 646.8646

1082570-3

109

# EXHIBIT H
**This Exhibit is Filed Under Seal**

# EXHIBIT I



# KLARQUIST SPARKMAN, LLP
INTELLECTUAL PROPERTY LEGAL SERVICES · INCLUDING PATENTS, TRADEMARKS, COPYRIGHTS & LITIGATION · SINCE 1941

**Partners**
Patrick M. Bible †
Lisa M. Caldwell
J. Christopher Carraway ‡‡
Kristin L. Cleveland
James E. Geringer
Michael P. Girard
Tanya M. Harding, Ph.D.
Joseph T. Jakubek
Stephen J. Joncus
Michael D. Jones, Ph.D.
Ramon A. Klitzke II
Jeffrey S. Love
Gregory L. Maurer
William D. Noonan, M.D.
David P. Petersen
Richard J. Polley
Kyle B. Rinehart
Wayne W. Rupert
Todd M. Siegel
Stacey C. Slater
Donald L. Stephens, Jr.
John D. Vandenberg ‡‡
Stephen A. Wight
Garth A. Winn
Michael N. Zachary ‡‡

**Senior Counsel**
Kenneth S. Klarquist
James S. Leigh
Arthur L. Whinston

**Of Counsel**
Cindy L. Caditz *‡‡
Robert C. Ryan *†
Rodney C. Tullett *‡‡

**Associates**
Karri K. Bradley, Ph.D. *
Gillian L. Bunker, Ph.D.
Lane M. Chitwood
Scott E. Davis
Paula A. DeGrandis *
Kelly I. Dunham *
B. Casey Fitzpatrick
Ryan C. Fox
Jared S. Goff
Jeffrey B. Haendler
Kevin M. Hayes
Ryan A. Heck, Ph.D. *†
Stephanie S. Irvine
Cory A. Jones
Genie Lyons
Bryan J. Massey
Richard D. Mc Leod
Samir N. Pandya *
Sheree Lynn Rybak, Ph.D.
Barbara Smythe
Derrick W. Toddy *
A. Jonathan Vance
Justin D. Wagner
Jonathan M. Ward
Adam R. Wichman *‡‡
Travis Young, Ph.D.

**Registered Patent Agents** *
Anne Carlson, Ph.D.
Jodi L. Connolly, Ph.D.
Ian J. Griswold, Ph.D.
Susan Alpert Siegel, Ph.D.

**Technical Consultant** *
Kristen Reichenbach, Ph.D.

*Not a Member of
the Oregon Bar

†Only Klarquist Sparkman
Attorneys Admitted to the
Nevada Bar

‡‡Only Klarquist Sparkman
Attorneys Admitted to the
Washington Bar

April 24, 2007

**VIA EMAIL AND U.S. MAIL**
Laura Topper
ltopper@wolfgreenfield.com
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206

RE:     *Meynard Designs, Inc. et al. v. Earth Products Inc.*
        Case Number 05-CV-11781 NMG

Dear Laura:

We write concerning several discovery issues.

Meynard's response to Interrogatory No. 22 identifies Pierre Meynard as a person with relevant information. Please immediately supplement your disclosures made pursuant to Rule 26(a)(1)(A) to provide last known contact information for Pierre Meynard if he is not deceased. If he is deceased, please promptly provide all information within the control of any party you represent (including any third parties subject to our subpoenas) as to the whereabouts of Pierre Meynard's effects, including things related to any of his relevant business affairs and all documents related to Mondial Trading and its dealings with Michel Meynard and/or any of the various entities related to the EARTH or EARTH SHOE marks. If anyone you represent has control over Pierre Meynard's effects (or former effects, as the case may be), promptly produce such materials as are covered by our requests for production and subpoenas.

Meynard's April 6, 2007 supplemental response to Interrogatory No. 7 and responses to Request for Admission Nos. 1 and 3 place the "Elm" and "Navajo" styles in issue. Promptly produce samples of those styles and all documents relating to those styles. Such materials are covered at least by our Request for Production Nos. 9, 14, 20, 30, 32, 34-35, 48, 50, 97, 104-05, and 124-25 to Meynard and Request for Production Nos. 6-8, 11-13, and 30-32 to Planet.

Related to the foregoing request, your clients' document production does not appear to contain documents showing the chronological development of each of the negative heel[1] designs. Please supplement the production with these

---

[1] We will continue to describe shoe designs as having a "negative heel" despite your objection as your proposed generic term "inclined soles" is ambiguous in



Laura Topper
April 24, 2007
Page 2

materials or confirm no more documents showing the dates each negative heel design was developed and first sold in commerce exist.

We await detailed privilege logs from each of the parties you represent. Earth Products produced its log on April 13. Please let us know on what date before May 1 we can expect to receive at least a preliminary privilege log from each party you represent.

We have reviewed your April 23, 2007 response regarding another privilege log issue related to Wal-Mart. We disagree with your characterization of relevance and we continue to find it unlikely Meynard and Wal-Mart could share identical legal interests in responding to a Customs inquiry directed to understanding the relationship among Meynard-related entities (though it is difficult to assess this issue given that no documents have been produced showing the exact nature of the Customs inquiry). In any event, we share in the confusion Customs apparently had about the relationship among the parties to the Wal-Mart transactions. A reason for our pressing this issue is simple: we want to know what Customs was told about the relationship among the various entities. That, along with what Customs asked, clearly is not privileged. Please produce any non-privileged documents, redacted if necessary, reflecting the answer to the Customs inquiry, keeping in mind that neither attorney-client privilege nor work product could immunize the facts of Customs' questions or any responses. This request for production of documents extends to each of your clients – including parties as well as the non-parties Sandler Travis, the Meynards and Mr. Cummins.

Finally, your clients to whom we sent subpoenas have asserted numerous baseless objections, including over breadth and relevance. The relevance of the requested materials is summarized, at least in part, in the attached charts. Please let us know by May 1 if your clients will withdraw their objections and produce materials responsive to these requests.

Your prompt attention to each of the foregoing issues is appreciated as we hope to avoid a motion to compel.

Sincerely yours,

KLARQUIST SPARKMAN, LLP

Scott E. Davis

SED:lds

---

that it would obviously include pumps, stilettos and many other "inclined" shoes we have described as having a "standard heel."

**EXHIBIT J**



Celebrating 80 Years
1927 - 2007

Laura Topper
ltopper@wolfgreenfield.com
direct dial 617.646.8307

May 10, 2007

**VIA EMAIL**
scott.davis@klarquist.com

Scott E. Davis, Esq.
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204

      Re:    Meynard Designs, Inc., et al. v. Earth Products, Inc.,
                 Civil Action No. 05-cv-11781 NMG
                 <u>Our File No. M0849.50028US00</u>

Dear Scott:

      Your continued focus on irrelevant issues and conspiracy theories requires us to again address a number of open issues. Our hope is that this letter puts these tangential matters to rest.

      First, we will not provide further information relating to Pierre Meynard. We do not currently believe he has any relevant information and we do not expect to use him at trial, as he is suffering from Alzheimer's.

      With respect to responses to document requests and the subpoenas of Michel, Philippe and Arlette Meynard, we believe we have complied with any discovery obligations. We will continue to produce any other materials that are located, subject to our objections. With respect to your specific request for documents showing the chronological development of each "negative heel" design, we first note that you have not made a discovery request for these materials. Further, any such documents are irrelevant to the current trademark dispute, which is focused on use of the mark, not design of the shoes. To the extent there are records of use of the mark EARTH on shoes that have an inclined sole, we have produced them and will produce anything else that is found as the case continues. Further information can also be obtained at deposition if you so desire.

      With respect to the customs issue, we disagree with your position on the common interest privilege. However, to move matters forward, without waiver of any privilege with respect to the communications, we confirm that all documents our clients have on the matter have been logged or produced and we are not aware of any response to customs. In addition, we have



Scott E. Davis, Esq.
May 10, 2007
Page 2

produced to you any letters to customs related to rights in the EARTH mark. Should any other letters to customs be located, they will also be produced. We trust this puts an end to this line of inquiry.

We have also considered your arguments with respect to the subpoenas to Wolf Greenfield and Ken Cummins. Our objection as to the breadth, ambiguity and overall incomprehensible nature of these subpoenas stands. We have been more than cooperative in addressing a number of seemingly baseless inquiries, however, we will not continue to be subject of your fishing expeditions. If you would like Wolf Greenfield and Ken Cummins to make searches of their files beyond those conducted as part of the responses to the document requests to the parties, please provide a concise schedule of topics actually relevant to the current dispute and appropriately narrowed to protect these third parties from undue burden and continued harassment, and we may reconsider our position.

With respect to your request for supplementation of interrogatory responses 5 and 11, we have provided all necessary information that we have, including the production of numerous documents relating to those issues. Specifically, with respect to request number 5, we do not withdraw our objection to the production of evidence of use of the marks in other countries, an objection you have also asserted. In addition, with respect to IST, you appear to be confused as to the distinction of the use of a mark as opposed to a shipment of goods from a manufacturer or vendor to the trademark owner and/or licensee. We have and will continue to respond to your inquiries related to damages based on use of the mark in United States commerce.

Lastly, we have provided the information you requested about IST to the best of our ability. We will not continue to go back and forth with new or revised questions. As far as we know, the items set forth in the April 5, 2007 letter are accurate. In addition, your disbelief of our explanation of Michel Meynard Ltd and MDA, Ltd. does not change the fact. If you would like to inquire as to these matters at a deposition, feel free.

In the meantime, since you seem to believe that information on manufacturers, suppliers, selling or buying agents, and other vendors used by the parties to supply to them or their licensees goods is relevant, please provide to us by May 18, 2007, an identification of all of Earth Products manufacturers, suppliers, buying or selling agents and any other vendors used by Earth Products to obtain goods to be sold or distributed under the EARTH mark. In addition, please provide the following representations for each such entity: it is not related to Earth Products; Earth Products is not under common ownership or control with it; Earth Products has never shared offices or other places of business with it; it has at all times from 1990 to the


Wolf Greenfield
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

Scott E. Davis, Esq.
May 10, 2007
Page 3

present supplied goods to third parties other than Earth Products, entities related to Earth
Products or entities doing business with Earth Products; neither Earth Products nor any company
related to Earth Products was involved in the organization, incorporation or creation of it; neither
Earth Products, nor any officer or employee of Earth Products is involved in the governance,
management or operations of it; neither Earth Products or any entity related to Earth Products is
entitled to receive a portion of any revenues from it; and that Earth Products has at all times
maintained an arm's length relationship with it.

If you would like to discuss these matters further, feel free to contact us.

Very truly yours,

WOLF, GREENFIELD & SACKS, P.C.

Laura Topper

LXT/ars

# EXHIBIT K



# KLARQUIST SPARKMAN, LLP

INTELLECTUAL PROPERTY LEGAL SERVICES • INCLUDING PATENTS, TRADEMARKS, COPYRIGHTS & LITIGATION • SINCE 1941

*Partners*
Patrick M. Bible †
Lisa A. Caldwell
J. Christopher Carraway ‡‡
Kristin L. Cleveland
James E. Geringer
Michael P. Girard
Tanya M. Harding, Ph.D.
Joseph T. Jakubek
Stephen J. Joncus
Michael D. Jones, Ph.D.
Ramon A. Klitzke II
Jeffrey S. Love
Gregory L. Maurer
William D. Noonan, M.D.
David P. Petersen
Richard J. Polley
Kyle B. Rinehart
Wayne W. Rupert
Todd M. Siegel
Stacey C. Slater
Donald L. Stephens, Jr.
John D. Vandenberg ‡‡
Stephen A. Wight
Garth A. Winn
Michael N. Zachary ‡‡

*Senior Counsel*
Kenneth L. Klarquist
James S. Leigh
Arthur L. Whinston

*Of Counsel*
Cindy L. Caditz *‡‡
Robert C. Ryan *†
Rodney C. Tullett *‡‡

*Associates*
Karri K. Bradley, Ph.D. *
Gillian L. Bunker, Ph.D.
Lane M. Chitwood
Scott E. Davis
Paula A. DeGrandis *
Kelly I. Dunham *
B. Casey Fitzpatrick
Ryan C. Fox
Jared S. Goff
Jeffrey B. Haendler
Kevin M. Hayes
Ryan A. Heck, Ph.D. *†
Stephanie S. Irvine
Cory A. Jones
Genie Lyons
Bryan J. Massey
Richard D. Mc Leod
Samir N. Pandya *
Sheree Lynn Rybak, Ph.D.
Barbara Smythe
Derrick W. Toddy *
A. Jonathan Vance
Justin D. Wagner
Jonathan M. Ward
Adam R. Wichman *‡‡
Travis Young, Ph.D.

*Registered Patent Agents *
Anne Carlson, Ph.D.
Jodi L. Connolly, Ph.D.
Ian J. Griswold, Ph.D.
Susan Alpert Siegel, Ph.D.

*Technical Consultant *
Kristen Reichenbach, Ph.D.

*\*Not a Member of*
*the Oregon Bar*

*†Only Klarquist Sparkman*
*Attorneys Admitted to the*
*Nevada Bar*

*‡‡Only Klarquist Sparkman*
*Attorneys Admitted to the*
*Washington Bar*

June 13, 2007

**Via Email**
Laura Topper
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206

      RE:   *Meynard Designs, Inc. et al. v. Earth Products Inc.*
             Case Number 05-CV-11781 NMG

Dear Laura:

    Thank you for making yourself available yesterday for a discovery conference pursuant to Local Rule 37.1. This memorializes our discussion of the following issues:

1. Disclosure of the whereabouts and condition of Pierre Meynard and any documents in his custody or control.

    Your clients will adhere to their position that they need not disclose any contact information for Pierre Meynard pursuant to Rule 26(a)(1)(A). The basis asserted for your clients' position is that there is no duty to disclose Pierre Meynard since they "do not expect Pierre Meynard to be a witness at trial and [] do not think he has relevant information at this point." (L. Topper email dated June 11, 2007.) Your clients have not asserted that (1) Pierre Meynard is unable to testify or recall information based on his condition or otherwise, (2) someone investigated whether he has discoverable information, including documents, and determined that he currently does not, (3) your clients do not know the address and phone number for Pierre Meynard, or (4) your clients will <u>not</u> attempt to use information known to or possessed by Pierre Meynard about alleged quality control of the goods licensed by Mondial Trading.

    As we discussed, your clients' position is based on an erroneous view of the disclosure obligation under Rule 26(a)(1)(A). It is irrelevant that your clients apparently do not intend to use Pierre Meynard's testimony. The plain language of the Rule requires disclosure of the identity and contact information for individuals who are "likely to have discoverable <u>information that</u> the disclosing party <u>may use</u>." Your clients already identified Pierre Meynard as having discoverable <u>information</u> on which they will rely. (See Meynard's response to



Laura Topper
June 13, 2007
Page 2

Interrogatory No. 22.)  Indeed, Pierre Meynard was identified as a percipient witness to the alleged quality control over the Meynard Designs goods licensed by Mondial Trading.  Pierre Meynard is accordingly likely to have discoverable information—the same types of information to which Michel Meynard surely expects to testify.

Because your clients have failed to identify any legal basis for failing to disclose Pierre Meynard's contact information, we will move to compel unless by June 14 your clients make the requested disclosure or provide a legally sufficient excuse for failing to do so.

2.  The search for and existence of any documents showing use of any mark at issue on negative heel footwear during the period 1994-2001.

Your clients agreed to produce any additional non-privileged documents in this category that can be located.

3.  Whether any offshore revenue is derived by a Meynard family member or Meynard company based on infringing goods destined for the U.S. market or whether a search for any relevant records has even been conducted.

Your clients appear to adhere to their objection that foreign information is not relevant.  Additionally, you asserted that revenue derived by non-parties, including Meynard family members, from infringing articles destined for the U.S. market is not relevant.

As stated, we disagree with your blanket objections on this issue.  We have over the course of many months attempted to get information from you necessary to track the relationships and revenue of the many different entities involved in making and importing infringing goods.  Your clients have refused to produce such information, asserting instead that entities such as Michel Meynard Ltd. and Meynard Designs Asia Ltd. are unrelated to Michel Meynard and his companies that are parties to this suit.  Additionally you asserted in the past that International Shoe Trading is unrelated, though you declined to provide specific information we requested that would establish that fact.

We reserve the right to seek sanctions and any other appropriate relief if we establish that Michel Meynard or another Meynard family member or company derives offshore revenue from infringing articles destined for the U.S. market.  That information is relevant to at least calculating damages and ensuring all necessary or appropriate parties have been named to this suit.

4.  Whether any search for relevant records was performed in response to the subpoenas to Wolf Greenfield and Mr. Cummins and, if not, why;

5.  Whether any documents responsive to the subpoenas to Wolf Greenfield and Mr. Cummins are being withheld and, if so, on what basis; and



Laura Topper
June 13, 2007
Page 3

6.  Whether Mr. Cummins has, or has even searched for, responsive "foreign" documents and electronic records subject to his control (and/or accessible from the U.S.), *see* his objection to subpoena Instruction UU.

You asserted that a reasonable search was conducted for materials responsive to subpoenas and that there are no non-privileged materials to produce that were not produced by a party. There is a dearth of information on Mondial Trading, including who owned and controlled it. As we stated, we believe more relevant information must exist. Such information is covered by numerous outstanding discovery requests. (See, e.g., Wolf Greenfield Subpoena Request Nos. 21 (sufficiency of any alleged quality control cannot be assessed without knowing who owned and controlled Mondial), 23 (non-privileged information in the *Earth.com* litigation file surely reflects who made decisions for Mondial, which is relevant to control over Mondial for evaluating alleged quality control measures), 24 (non-privileged information such as billing addresses are relevant to determining whether Mondial was related to a Meynard entity).

Additional production documents from your clients were delivered yesterday. We will review those materials and determine if we require additional follow up on the subpoenas to Mr. Cummins and Wolf Greenfield.

\* \* \*

Please let us know this week if we have omitted or misstated any of your clients' positions on these issues.

Sincerely yours,

KLARQUIST SPARKMAN, LLP

Scott E. Davis

SED:lds
cc:    Michael Albert

# EXHIBIT L

| From: | Topper, Laura [Laura.Topper@WolfGreenfield.com] |
|---|---|
| Sent: | Monday, June 11, 2007 3:24 PM |
| To: | Scott E. Davis |
| Cc: | Keeton, Hunter; Albert, Michael |
| Subject: | RE: Meynard Designs et al. v. Earth Products: Discovery Conference |

Scott- We are happy to discuss these issues, and we hope to avoid unnecessary motion practice. We are generally available June 12 at 2 p.m. eastern, if this works for you. To confirm our position before we talk, we do not think a motion to compel is necessary with respect to these issues. More specifically:

1. We do not expect Pierre Meynard to be a witness at trial and we do not think he has relevant information at this point. It is our understanding that he is suffering from Alzheimer's and there is no point to bothering him.

2. We have been searching for documents related to styles identified as inclined sole and expect to produce follow up documents to the extent they can be found within the next 2 weeks.

3-6. We conducted a reasonable search of Mr. Cummins and Wolf Greenfield's files in relation to our production of documents on behalf of the parties and produced non-privileged documents relevant to this dispute. With respect to foreign files, we do not believe they are relevant in view of the nature of this case (a case limited to rights in the United States). You have also imposed this limitation on your production, so it is unclear why you expect a different standard from us.

We look forward to speaking to you.

Laura Topper
ltopper@wolfgreenfield.com
Direct dial: 617.646.8307

Wolf Greenfield
Specialists in Intellectual Property Law
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000 | 617.646.8646 fax
For more information about Wolf Greenfield, please visit us at
www.wolfgreenfield.com
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.

---

**From:** Scott E. Davis [mailto:scott.davis@klarquist.com]
**Sent:** Friday, June 08, 2007 3:40 PM
**To:** Topper, Laura; Keeton, Hunter; Albert, Michael
**Cc:** Chris Carraway; Mary Pressel
**Subject:** Meynard Designs et al. v. Earth Products: Discovery Conference

Counsel,

Pursuant to Local Rule 37.1, Earth Products requests a discovery conference to attempt to narrow or eliminate areas of apparent disagreement. Please let us know as soon as possible when you can be available for a

1. Disclosure of the whereabouts and condition of Pierre Meynard and any documents in his custody or control;
2. The search for and existence of any documents showing use of any mark at issue on negative heel footwear during the period 1994-2001;
3. Whether any offshore revenue is derived by a Meynard family member or Meynard company based on infringing goods destined for the U.S. market or whether a search for any relevant records has even been conducted;
4. Whether any search for relevant records was performed in response to the subpoenas to Wolf Greenfield and Mr. Cummins and, if not, why;
5. Whether any documents responsive to the subpoenas to Wolf Greenfield and Mr. Cummins are being withheld and, if so, on what basis;
6. Whether Mr. Cummins has, or has even searched for, responsive "foreign" documents and electronic records subject to his control (and/or accessible from the U.S.), *see* his objection to subpoena Instruction UU.

Regards,

Scott E. Davis
Klarquist Sparkman, LLP
One World Trade Center
121 S.W. Salmon Street, 16th Floor
Portland, OR 97204-2988
Phone: 503-595-5300
Fax: 503-595-5301
Email: scott.davis@klarquist.com

This email is confidential and may be subject to the attorney-client privilege. If you have received this email in error, please notify the sender and then delete the message.

# EXHIBIT M

**Chris Carraway**

---

**From:**    Topper, Laura [Laura.Topper@WolfGreenfield.com]
**Sent:**    Wednesday, June 20, 2007 6:19 AM
**To:**    Chris Carraway
**Cc:**    Keeton, Hunter; Albert, Michael; Foster, James
**Subject:**    RE: Earth Products v Meynard

Chris-

Our position is the same.  We provided the information we have for Mondial, and we do not agree that disclosure of Pierre Meynard's contact information is required.

Regards,

Laura

---

**From:** Chris Carraway [mailto:christopher.carraway@klarquist.com]
**Sent:** Tuesday, June 19, 2007 11:56 AM
**To:** Topper, Laura
**Cc:** Scott E. Davis
**Subject:** Earth Products v Meynard

Laura,

I write to follow up on our discovery conference last week and Scott's letter memorializing the conference.  Specifically, I want to confirm the bases by which Earth Products believes Plaintiffs must disclose the address and telephone number of Pierre Meynard.  While we discussed in detail Earth Products' position that such contact information must be provided as the required supplementation of Plaintiffs' Rule 26(e)(1) Initial Disclosures, I meant to add that such information also is responsive to Earth Products' Interrogatory No. 9 directed to Meynard Designs, which asks for "Meynard's primary contact(s) at Mondial and the last known address and telephone number for such person(s)..."  My understanding based on our discovery conference is that Plaintiffs are refusing to provide contact information for Pierre Meynard whether as supplementation of the Initial Disclosures or as a response to the interrogatories posed to date.  However, to ensure that we have discussed everything we need to discuss prior to bringing this matter to the Court, I wanted to check with you to make sure I understand Plaintiffs' position.  Please let me know whether the interrogatory quoted above changes Plaintiffs' position of refusing to provide contact information for Pierre Meynard.

Kind regards,

Chris

Chris Carraway
**KLARQUIST SPARKMAN, LLP**
Phone:  (503) 595-5300
E-mail:  chris.carraway@klarquist.com

The information contained in this e-mail is confidential and may be legally privileged.  It is intended solely for the addressee. Access to this e-mail by anyone else is not authorized.  If you are not the intended recipient, any disclosure, copying, distribution, use, or any action you take or fail to take in reliance on it, is prohibited and may be unlawful.  Please immediately notify us by telephone (collect) or return e-mail, destroy the original message, and retain no copy - on your system or otherwise.

6/22/2007