IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.,<br><br>      Plaintiffs and Counterclaim Defendant,<br><br>v.<br><br>EARTH PRODUCTS INC.,<br><br>      Defendant and Counterclaim Plaintiff.<br>EARTH PRODUCTS INC.<br><br>      Third Party Plaintiff,<br><br>v.<br><br>PLANET, INC.<br><br>      Third-Party Defendant. | CIVIL ACTION NO. 05 CV 11781 NMG |

**OPPOSITION TO**
**EARTH PRODUCTS' MOTION TO COMPEL**

Meynard Designs, Inc. ("Meynard"), Earth, Inc. and Planet, Inc. (collectively "Plaintiffs") hereby oppose the motion of Earth Products Inc. ("Earth Products") to compel. Filed in support of this opposition is the Declaration of Michel Meynard ("Michel Decl.").

**INTRODUCTION**

Earth Products' request for the disclosure of contact information for Pierre Meynard ("Pierre") is futile and unduly harassing. Pierre is an elderly and ill non-party, whose medical condition prevents him from being competent to testify.

Furthermore, Plaintiffs are not required, as a matter of law, to disclose contact information for Pierre under Rule 26(a)(1)(A) as they do not intend to use Pierre as a witness. Meynard also did not disclose contact information for Pierre in response to Interrogatory No. 9 because of Pierre's age, mental condition, and the fact that he is unlikely to still have relevant documents or information. In addition, Earth Products is in error in claiming that Meynard lists Pierre as the only contact at Mondial Trading Company Ltd. ("Mondial") for the alleged supervision of the quality of the licensed goods in its response to Interrogatory No. 22.

Finally, Rule 37 does not apply, and none of the Plaintiffs should not be sanctioned, because they are not required to turn over Pierre's contact information.[1]

## BACKGROUND

Meynard is a well-respected designer and buying agent of high-quality footwear. Michel Meynard is the Chief Executive Officer for Meynard. (Michel Decl., ¶ 1).

In 1994, Mondial was assigned the EARTH family of marks and their associated goodwill from Tonus, Inc. ("Tonus"). (Id., ¶ 2). From 1994 to 2000, Mondial granted a license to Meynard to create, sell and have sold footwear and other items bearing marks containing or comprising EARTH. Id. Thereafter, in 2000, Meynard acquired all the ownership rights to the EARTH family of marks, together with the associated goodwill. Id. Since then, Meynard has continued to use the EARTH marks on footwear and other items throughout the United States and elsewhere, maintaining the high level of quality associated with the EARTH marks. Id. The dispute in this case centers around whether Earth Products is liable to Meynard for infringement of the EARTH trademarks.

---

[1] While not believing that they need to turn over contact information for Pierre Meynard, or that turning over such information will result in meaningful discovery, Plaintiffs will do so should they lose this motion, thus further obviating any need for sanctions.

Pierre Meynard, the subject of the current motion to compel, is Michel's father. (Id., ¶ 3). Pierre is currently eighty-eight years old and resides in France. (Id., ¶ 6). He is not involved in any business activities and has not been so involved for a number of years. Id. In addition, he is in ill health and, as detailed below, lacks the ability to recall or testify as to any substantive issues. Id.

Michel is aware that Pierre essentially controlled Mondial from at least 1994 to 2000. (Id., ¶ 4). In fact, Mondial's acquisition of the EARTH marks was a result of Michel's request that Pierre assist Michel in acquiring rights to the EARTH marks. Id. Pierre's connection to Mondial was disclosed in Meynard's Interrogatory Response No. 9. See (Pl.'s Resp. to Interrog. No. 9, Decl. of Scott E. Davis in Supp. of Def.'s Mot. to Compel, Ex. A). However, Meynard's contact with Mondial relating to legal matters was often with others at Mondial, including E.J. Christian, Thomas Clark, and Kareen Watler, as noted in Meynard's response to Interrogatory 9. (Michel Dec., ¶ 5); see also (Pl.'s Resp. to Interrog. No. 9, Decl. of Scott E. Davis in Supp. of Def.'s Mot. to Compel, Ex. A).

Although Pierre has not been involved in business affairs relating to Meynard for some years, Michel has frequently been in touch with his father via telephone and visits him roughly every six months. (Id., ¶ 7). These telephone conversations occur on a weekly or bi-weekly basis and sometimes include Pierre's wife and family. Id. During Michel's recent conversations with Pierre, Pierre is often incoherent and is unable to remember the past with any accuracy. Id. Pierre is also currently under medical attention and is carefully watched by his family. Id. As Michel sets forth in his declaration, his father is not competent to testify, either in court or at a deposition. Id. Tracking him

down in France and seeking to depose him is futile and being done out of harassment.[2] Id.

Although Michel in the past provided to Pierre samples, catalogs and the like related to the EARTH family of marks, given the passage of time, Meynard does not believe that Pierre is in possession of any documents relevant to issues in this litigation. (Id., ¶ 9). Therefore, as a result of Pierre's age, health, and lack of relevant documents, it would be unnecessary to this case and an undue strain on Pierre and his family to have him contacted by attorneys from Earth Products or forced to testify at a deposition. (Id., ¶ 8). As a result Meynard, Earth, Inc. and Planet, Inc. do not intend to use testimony or documents from Pierre at any point in this case. (Id., ¶ 10). Pierre's circumstances were made known to Earth Products during the Rule 37 process. In spite of Pierre's situation, Earth Products continues its futile attempt to get information where none exists, while at the same time seeking to subject an elderly third party to undue strain.

## ARGUMENT

**I.     UNDER RULE 26(A)(1), PLAINTIFFS ARE NOT REQUIRED TO DISCLOSE CONTACT INFORMATION FOR PIERRE MEYNARD**

Plaintiffs have complied fully with the Rule 26(a) requirements pertaining to both disclosure of potential witness and the identification of subjects of the information possessed by each potential witness.

**A.     Meynard Is Not Required To List Potential Witnesses That It Does Not Intend To Use.**

As amended in 2000, Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires the initial disclosure of any witness "that the disclosing party *may* use to support

---

[2] Should Earth Products succeed in this motion, it is expected that Pierre's representative will proceed through the French legal system to protect him from needless disruption.

its claims or defenses." (emphasis added).  In particular, The Advisory Committee Notes to the 2000 amendment specify that "a party is no longer obligated to disclose witnesses …, whether favorable or unfavorable, that it <u>does not intend to use</u>." Fed. R. Civ. P. 26(a)(1) advisory committee's note (2000).  In this case, Plaintiffs are not required to disclose the contact information for Pierre Meynard under Rule 26(a)(1)(A) because they do not intend to use Pierre Meynard as a witness.  (Michel Decl., ¶ 9). <u>Gillespie v. Sears, Roebuck & Co.</u>, 386 F.3d 21, 34 n.10 (1st Cir. 2004) (holding that the 2000 amendment limits initial discovery to material that the possessing party might intend to use to support its claims or defenses).  <u>See</u> <u>also</u> <u>Gluck v. Ansett Austl. Ltd.</u>, 204 F.R.D. 217, 221-22 (D.D.C. 2001) (holding under the new version of Rule 26 that the opposing party was not required to produce information with regard to potential witnesses because "the essential inquiry is whether the disclosing party intends to use the witness.").

      Earth Products attempts to draw a distinction under Rule 26(a)(1) between the disclosure of persons likely to have discoverable information that a party may use and the disclosure of witnesses that a party may use.  The comments to the Rules and case law refute this attempted argument by Earth Products.  They clarify that the Rule focuses on intent to use a person as a witness or their documents, rather than on whether the person has information that may be relevant to issues in the case.  <u>See</u> Fed. R. Civ. P. 26(a)(1) advisory committee's note (2000); <u>In re Initial Public Offering Securities Litigation</u>, 220 F.R.D. 30, 33 (S.D.N.Y. 2003) (denying motion to compel disclosure of identities of witnesses, even where witnesses may have had information of some relevance to issues in the case, where party did not intend to use witnesses or their information).  <u>Cf. Alvariza v. Home Depot</u>, 240 F.R.D. 586, 590 (D. Colo. 2007) (denying motion to compel and for

sanctions for failure to disclose personnel files where party made clear that it had no intention to use personnel files).  In this case, while Plaintiffs may rely on testimony of what Michel did, Michel's understandings of the interaction between Meynard and Mondial, and the familial relationship between Michel and Pierre, Plaintiffs have made it clear that Pierre will not appear as a witness on their behalf.  Plaintiffs are therefore not required to disclose contact information for Pierre.

        **B.    Requiring Pierre To Testify Or Provide Information Would Be Unduly Burdensome And Is Not Required.**

The Lanham Act imposes an affirmative duty upon the trademark licensor to control the quality of goods produced under the license.  Earth Products has provided no evidence to show lack of control on the part of Mondial so as to result in abandonment, a "stringent" burden that Earth Products has to meet by clear and convincing evidence.  3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition §§ 17.12, 18.48 (4th Ed. 2007).  Even assuming that it could do so, there is no strict rule of what Meynard needs to do to rebut such a showing.  See Restatement (Third) of Unfair Competition § 33, cmt. c (1995) (noting that the quality control requirement is a flexible standard responsive to the particular facts of the case).[3]  Meynard has already provided evidence of Mondial's quality control of licensed goods between 1994 and 2000, including the family relationship between Michel and Pierre and Meynard's interactions with Pierre,

---

[3] In fact, a licensing arrangement arising from familial or longstanding relationships can contribute to a finding of sufficient quality control in even informal circumstances.  See, e.g., Taco Cabana Int'l Inc. v. Two Pesos, Inc., 932 F.2d 1113 (5th Cir. 1991) (inferring quality control in the absence of any formal policies based on the fact that the licensor and licensee were brothers); Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812 (3d Cir. 2006) (finding sufficient evidence of quality control where licensing parties were closely-held business entities owned and managed by family members and which included a high degree of interlocking ownership and control).

(see Meynard Interrogatory Response 22), and will continue to do so as the case continues.

Given Pierre's health and lack of documents, he is not a useful source of any further information. Requiring him to testify or provide such information would be unduly burdensome on him. Pierre is elderly, and has not been involved in business activities (nor in activities related to Mondial) for a number of years. (Michel Decl., ¶ 6). Further, he is in seriously ill health, is often unable to function with any coherence or remember the past accurately and is believed to have no relevant documents. (Id., ¶¶ 6-9).

Discovery from Pierre is not required to establish his paternal relationship with Michel, which is not disputed. (Def.'s Mem. Supp. Mot. to Compel 2); (Michel Decl., ¶ 3). In addition, the other issues of quality control by Mondial can be explored through others, who have not been shown to be in ill-health. Earth Products already has Court issued Letters of Requests for the foreign discovery of two officers of Mondial, Thomas Clark and Kareen Watler, (D.I. #35), and will likely receive one for E.J. Christian. Earth Products has no explanation as to why the harassment of an elderly man with limited capacity is or could be necessary.

Given that Pierre's testimony is not required to establish the policing of the goods produced under the trademark license, the fact that any testimony by Pierre would be of dubious quality, and the fact that Plaintiffs do not intend to use Pierre as a witness, Plaintiffs have complied with their initial disclosure requirements. Defendant's Motion must be denied.

## II. MEYNARD IS NOT REQUIRED TO DISCLOSE CONTACT INFORMATION FOR PIERRE MEYNARD IN RESPONSE TO INTERROGATORY NO. 9

Interrogatory No. 9 sought from Meynard "Meynard's primary contact(s) at Mondial and the last known address and telephone number for such person(s)." (Pl.'s Resp. to Interrog. No. 9, Decl. of Scott E. Davis in Supp. of Def.'s Mot. to Compel, Ex. A). Pierre's contact information was not provided, and need not be provided, for two reasons: 1.) Pierre is not competent to testify, is unlikely to have relevant information, and discovery would impose an undue burden on him; and 2.) contact information for other persons at Mondial who are likely to have relevant information at this time has been provided to the extent known.[4]

As explored in more detail above, seeking discovery from Pierre would be both futile and unduly burdensome. Even if Pierre were the only person at Mondial participating in quality control (which is not an accurate characterization of Meynard's interrogatory responses), this does not excuse putting him and his family under a discovery burden at this time especially in view of the likely futility of efforts to get meaningful information from him. A non-party witness is entitled to consideration regarding inconvenience. See Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996). "While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery." Blount Int'l, Ltd. v. Schuylkill Energy Resources Inc., 124 F.R.D. 523, 526 (D. Mass. 1989) (internal citations omitted).

---

[4] Meynard is continuing to investigate the situation with Mondial, and, to the extent that evidence is uncovered that requires a supplementation to its interrogatory responses, including interrogatory responses 9 and 22, Meynard will do so.

In addition, contact with Mondial relating to legal matters was often accomplished through others at Mondial, including E.J. Christian, Thomas Clark, and Kareen Watler. Id., ¶ 5, Pl.'s Resp. to Interrog. No. 9, Decl. of Scott E. Davis in Supp. of Def.'s Mot. to Compel, Ex. A. Plaintiff has disclosed the names and contact information (to the extent known) of these contacts at Mondial. Id.[5, 6] Earth Products is also in error in claiming that Meynard lists Pierre as the only contact at Mondial Trading for the alleged supervision of the quality of the licensed goods in the response to Interrogatory No. 22. (Def.'s Mem. Supp. Mot. to Compel 13). Meynard lists Pierre as having contact with Mondial insofar as Pierre received quality control information from Michel for Mondial. (Pl.'s Resp. to Interrog. No. 22, Decl. of Scott E. Davis in Supp. of Def.'s Mot. to Compel, Ex. H). To the extent Earth Products wants to explore Mondial's quality control, or Pierre's role in such efforts, Earth Products can seek information from Michel, E.J. Christian, Thomas Clark, and Kareen Watler. Burdening Pierre is not required.

### III. PRECLUSION IS NOT JUSTIFIED

The alternative remedy of preclusion sought by Earth Products is not justified by the Rules and should be denied.

Plaintiffs have not acted in a manner that meets the requirements for sanctions under Rule 37. To impose sanctions, there must be an actual violation of the disclosure requirements of Rule 26. Lore v. City of Syracuse, No. 5:00-CV-1833, 2005 WL 3095506, at *2 (N.D.N.Y. Nov. 17, 2005). For the reasons set forth in this Opposition,

---

[5] To the extent that this response is not what Earth Products wanted, it may be a result of the vague and compound nature of Interrogatory No. 9. See (Pl.'s Resp. to Interrog. No. 9, Decl. of Scott E. Davis in Supp. of Def.'s Mot. to Compel, Ex. A).

[6] It is frequently the case that controlling authority is not a "primary" contact.

Plaintiffs have not violated Rule 26, and the disclosure sought by Defendant is not required. Even if there were such a requirement, no such sanction would be justified. See <u>Reedy v. Lull Eng'g Co., Inc.</u>, 137 F.R.D. 405, 409 (M.D. Fla. 1991) (plaintiff's opposition to defendant's motion to compel discovery of photographs and videotapes taken by plaintiff at the scene of an accident was substantially justified, although the grounds for such opposition were found unpersuasive). Should the Court deem the disclosure required, of course, it will be made, so there is no harm to Earth Products, and preclusion is unwarranted. <u>Fleet Capital Corp. v. Yamaha Motor Corp.</u>, No. 01 Civ. 1047 (AJP), 2002 U.S. Dist. LEXIS 17502, at *5-*6 (S.D.N.Y. Sep. 19, 2002) ("'a failure to disclose witness information is 'harmless' if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial.'"); <u>quoting</u> 6 James Wm. Moore et al., Moore's Federal Practice § 26.27[2][d].

      Even if Rule 37(c)(l) applied, the exclusion of evidence or argument pertaining to Mondial's policing of Meynard's licensed goods would be extreme and unwarranted. <u>See</u> 8A C. Wright et al., <u>Federal Practice and Procedure</u> § 2289 n. 21 (1994 & Supp. 2007) (discussing preclusion orders as an appropriate sanction only in extreme cases); <u>see also</u> <u>Freeman v. Package Mach. Co.</u>, 865 F.2d 1331, 1340-1341 (1st Cir. 1988) (holding that preclusion under Rule 37(b)(2)(B) is an extreme sanction); <u>Montgomery v. Mitsubishi Motors Corp.</u>, 448 F. Supp. 2d 619, 633 (E.D. Pa. 2006) (exclusion of evidence of an issue under Rule 37(b)(2)(B) is "an extreme sanction that is rarely imposed") (quotation omitted). Only in cases of extreme prejudice or surprise are such sanctions considered. <u>Johnson v. H.K. Webster, Inc.</u>, 775 F.2d 1, 7 (1st Cir. 1985). In this case, prejudice to Earth Products caused by the failure to disclose Pierre's contact

information is virtually nonexistent, because he is incompetent to testify and because the information Earth Products seeks can be discovered by alternative means.  (Michel Decl., ¶¶ 1, 5-9).  Furthermore, there is no bad faith or surprise on the part of the Plaintiffs.  They disclosed Pierre's association with Mondial early, in an interrogatory response.  In any event, no sanction is warranted as Plaintiffs' position is supported by fact and law as discussed above.

## CONCLUSION

For the above reasons, Earth Products' Motion to Compel should be denied.

Respectfully submitted,

MEYNARD DESIGNS, INC.,
EARTH, INC., and
PLANET, INC.,

By their attorneys,

Dated:  July 9, 2007

/s/ Michael Albert
Michael Albert, BBO # 558566
malbert@wolfgreenfield.com
Laura Topper, BBO # 652364
ltopper@wolfgreenfield.com
Hunter Keeton, BBO # 660609
hkeeton@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.  617 646.8000
Fax  617 646.8646

1214752-3                                    11

## **CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

      /s/ Michael Albert

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.,<br><br>       Plaintiffs and Counterclaim Defendant,<br><br>v.<br><br>EARTH PRODUCTS INC.,<br><br>       Defendant and Counterclaim Plaintiff.<br><br>EARTH PRODUCTS INC.<br><br>       Third Party Plaintiff,<br><br>v.<br><br>PLANET, INC.<br><br>       Third-Party Defendant. | CIVIL ACTION NO. 05 CV 11781 NMG |

**DECLARATION OF MICHEL MEYNARD IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO EARTH PRODUCTS'
<u>MOTION TO COMPEL</u>**

I, Michel Meynard, declare and state:

1.    I am the Chief Executive Officer for Meynard Designs, Inc. ("Meynard"). I have knowledge of Meynard's business generally and of the events relating to the licensing of marks containing or comprising the word EARTH ("the EARTH marks") from Mondial Trading Company Ltd. ("Mondial"). I also have knowledge of the policing of the quality of Meynard goods under that license by Mondial. This declaration is based on my personal knowledge and, if required, I would be competent to testify to the facts stated herein.

2. In 1994, Mondial was assigned the EARTH family of marks from Tonus, Inc. ("Tonus"). From 1994 to 2000, Mondial licensed Meynard to create, sell, and have sold footwear and other items bearing marks containing or comprising EARTH. Thereafter, in 2000, Meynard acquired all the ownership rights to the EARTH family of marks, together with the associated goodwill. Since then, Meynard has continued to use the EARTH marks on footwear and other items throughout the United States and elsewhere, maintaining the high level of quality associated with the EARTH marks.

3. Pierre Meynard, the subject of the current motion to compel, is my father.

4. I am personally aware that my father had essential control of Mondial's affairs during at least 1994 to 2000. For example, around 1994, I asked him to financially assist in acquisition of rights in the EARTH trademarks for use by Meynard. As a result, Mondial acquired the EARTH marks from Tonus, following which Mondial licensed the EARTH marks to my company, which is now Meynard. In my experience and understanding, Mondial acted according to my father's recommendations.

5. Although my father controlled Mondial's activities from at least 1994 to 2000, Meynard's primary legal contact with Mondial was accomplished through others at Mondial, including E.J. Christian, Thomas Clark, and Kareen Watler, as noted in the response to Interrogatory 9, served upon Earth Products.

6. My father is eighty-eight years old. He resides in France. He is not involved in any business activities and has not been so involved for a number of years. In addition, he is in seriously ill health.

7. I am in constant contact with him, including at least weekly (and sometimes bi-weekly) telephone conversation with him, his wife, and family, with whom

he lives. I also visit him in France roughly every six months. During our conversations, including when he is able to speak on the phone, he is occasionally coherent, but very often he is incoherent, and also is unable to remember the past with any accuracy. It is my understanding that he is currently under medical attention and is carefully watched by his family. It is my belief that he is not competent to testify, either in court or at a deposition. I am attempting to obtain a specific diagnosis from a doctor that I believe will support a determination that my father, as a result of his mental condition, is not competent to testify, either in court or at a deposition.

8. As a result of my father's age, health, and lack of relevant documents (see paragraph 9 below), I feel it would be unnecessary to this case and an undue strain on him to have him contacted by attorneys from Earth Products or forced to testify at a deposition. I think subjecting my father to a deposition or court proceedings would put unreasonable strain on his health and stress on his family, including me, his son.

9. During at least 1994 to 2000, I gave my father copies of then-available catalogs and footwear associated with Meynard, Earth, Inc., or Planet, Inc., on my visits. It is my belief that, given the passage of time, those documents (or any others relevant to issues in this litigation) would have been discarded. In any event, comparable or duplicative catalogs and images of footwear have already been produced by the parties in the case.

10. Meynard Designs, Inc., Earth, Inc. and Planet, Inc. do not intend to use testimony or documents from him at any point in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 9, 2007                         /s/ Michel Meynard
                                            Michel Meynard.