IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>   Plaintiffs,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>   Defendant.<br><br>EARTH PRODUCTS INC.<br><br>   Counterclaim-Plaintiff,<br><br>v.<br><br>MEYNARD DESIGNS, INC., EARTH, INC. AND PLANET, INC.<br><br>   Counterclaim Defendants. | CIVIL ACTION NO. 05 cv 11781 NMG |

**DEFENDANT EARTH PRODUCTS INC.'S ASSENTED TO MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO SUPPLEMENT THEIR RULE 26(A)(1) INITIAL DISCLOSURES AND THEIR RESPONSE TO INTERROGATORY NUMBER 9**

Pursuant to Local Rule 7.1(b), Earth Products Inc. hereby seeks leave from this Honorable Court to file a reply brief ("Reply") in support of Defendant's Motion to Compel Plaintiffs To Supplement Their Rule 26(A)(1) Initial Disclosures And Their Response To Interrogatory Number 9 (the "Motion"). The proposed Reply is attached hereto as Exhibit A.

This brief five-page Reply is necessary to respond to the arguments raised in Plaintiffs' opposition to the Motion. Plaintiffs have assented to this motion for leave to file a reply brief.

Dated:  July 16, 2007            By:   _/s/ J. Christopher Carraway_____
                                                              **J. Christopher Carraway** *(pro hac vice)*
Email:  chris.carraway@klarquist.com
**Cindy L. Caditz** *(pro hac vice)*
Email: cindy.caditz@klarquist.com
**Lane M. Chitwood** *(pro hac vice)*
Email: lane.chitwood@klarquist.com
**Scott E. Davis** *(pro hac vice)*
Email: scott.davis@klarquist.com
**Derrick W. Toddy** *(pro hac vice)*
Email:  derrick.toddy@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR  97204
Phone:  503-595-5300
Fax:  503-595-5301

**Steven M. Bauer**, BBO# 542531
Email:  sbauer@proskauer.com
**Gina Lombardo**, BBO# 664839
Email:  glombardo@proskauer.com
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Phone:  617-526-9600
Fax:  617-526-9899

*Attorneys for Earth Products Inc.*

## CERTIFICATE OF SERVICE

I certify that this Motion for Leave to File Reply Brief in Support of Defendant's Motion to Compel Plaintiffs to Supplement Their Rule 26(a)(1) Initial Disclosures and Their Response To Interrogatory Number 9 was served by filing with the Court's ECF filing system and by e-mail on counsel for Plaintiffs:

>Michael Albert
>Hunter Keeton
>Laura Topper
>David Wolf
>WOLF, GREENFIELD & SACKS, P.C.
>600 Atlantic Avenue
>Boston, Massachusetts 02210
>
>Laura.Topper@WolfGreenfield.com
>
>*Attorneys for Meynard Designs, Inc,*
>*Earth, Inc., and Planet, Inc.*

Dated:  July 16, 2007                         By:  /s/ J. Christopher Carraway
                                                     J. Christopher Carraway
                                                     KLARQUIST SPARKMAN, LLP

                                                     *Attorneys for Earth Products Inc.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>　　　　Plaintiffs and<br>　　　　Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>　　　　Defendant and<br>　　　　Counterclaim-Plaintiff.<br><br>EARTH PRODUCTS INC.<br><br>　　　　Third-Party Plaintiff and<br>　　　　Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>　　　　Third-Party Defendant and<br>　　　　Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |

**DEFENDANT EARTH PRODUCTS' REPLY BRIEF IN SUPPORT OF ITS MOTION
TO COMPEL PLAINTIFFS TO SUPPLEMENT THEIR RULE 26(A)(1) INITIAL
DISCLOSURES AND THEIR RESPONSE TO INTERROGATORY NUMBER 9**

In a sworn interrogatory response, Plaintiffs identified *only one person* at their former licensor, Mondial Trading, who allegedly performed quality control of the licensed goods: Pierre Meynard. Quality control is not an ancillary issue; without it, Plaintiffs' alleged trademark rights are a nullity. Because he is the sole contact at Mondial Trading that Plaintiffs contend performed quality control, Pierre Meynard's contact information is directly responsive to the interrogatory seeking such information for Plaintiffs' "primary contacts" at Mondial Trading. Earth Products needs this information to pursue legitimate discovery, including a deposition and document discovery from Pierre Meynard relating to Plaintiffs' quality control contention. Plaintiffs are attempting to block necessary discovery of this one and only quality control contact at Mondial.

Plaintiffs' opposition fails to provide any valid reason for the Court to deny Earth Products' motion to compel Pierre Meynard's contact information. Specifically, the following points remain unrefuted, leading inexorably to the relief requested by Earth Products:

1. Pierre Meynard is the only person at Mondial Trading Plaintiffs identified in response to Interrogatory No. 22 as performing quality control for Mondial during their license; and

2. Because Pierre Meynard was the one and only contact at Mondial Trading for the alleged quality control, his contact information is directly responsive to Interrogatory No. 9.

### A. Pierre Meynard is the one and only person at Mondial Trading Plaintiffs identified in response to Interrogatory No. 22 as performing quality control for Mondial during Plaintiffs' license

Earth Products asked Plaintiffs to "state the basis" for their contention that Mondial Trading exercised sufficient control over the nature and quality of the goods of licensees using the EARTH and EARTH SHOE marks to avoid abandoning the marks. (Meynard's Response to Interrog. No. 22, Davis Decl., Ex. H.) In response to this "state the basis" interrogatory, the

Local Rules required Plaintiffs to identify every document and communication, and state the acts of any person forming part of the basis for the contention.  D. Mass. L.R. 26.5(8).  In sum, Plaintiffs were required to explain, completely and truthfully, the basis for their contention.

Plaintiffs' response to this interrogatory identified just one person at Mondial Trading who was allegedly involved with supervising quality:  Pierre Meynard.  (Davis Decl., Ex. H).  The response speaks for itself:  no one else at Mondial Trading other than Pierre Meynard was identified as a quality control contact, and Plaintiffs have not alleged any.

Now, facing a motion to compel information about Pierre Meynard's whereabouts, Plaintiffs suggest that there may have been others at Mondial Trading who might have been involved in the quality control.  For example, in their opposition brief, Plaintiffs argue:

- Even if Pierre were the only person at Mondial participating in quality control (which is not an accurate characterization of Meynard's interrogatory responses) …

- Earth Products is also in error in claiming that Meynard lists Pierre as the only contact at Mondial Trading for the alleged supervision of the quality of the licensed goods in the response to Interrogatory No. 22.

- To the extent Earth Products wants to explore Mondial's quality control, or Pierre's role in such efforts, Earth Products can seek information from Michel, E..J. Christian, Thomas Clark, and Kareen Watler.

(Opp. at 8-9.)  The first two statements above are simply untrue.  Despite failing to identify anyone other than Pierre Meynard in their response to Interrogatory No. 22 as performing quality control at Mondial Trading, Plaintiffs—incredibly—deny that this response identifies **only** Pierre Meynard as responsible for Mondial's quality control of the EARTH marks.[1]

---

[1] The interrogatory response identifies no one at Mondial Trading other than Pierre Meynard.  While the response also identifies Michel Meynard, Plaintiffs' CEO, as a person who may have communicated with Mondial, he could not have supervised the quality control because he was ***not*** affiliated with Mondial Trading (the licensor required to police quality) but instead was the CEO of the licensee (the party to be policed).  While Michel Meynard may be able to testify as to what he told his licensor Mondial Trading, he cannot testify to what anyone at Mondial Trading told him because such testimony would be inadmissible hearsay.

Plaintiffs' third argument that Earth Products should "explore" with the other Mondial witnesses whether or not they supervised quality of the marks does not change the fact that Plaintiffs identified no individual at Mondial other than Pierre Meynard who supervised quality. Plaintiffs carefully do not allege that the other Mondial individuals supervised quality.

In the end, the Court need not rely on the parties' arguments as to Plaintiffs' response regarding who at Mondial Trading provided quality control. The full response is attached as an exhibit to the motion. Only Pierre Meynard is identified. He is therefore the crucial witness (in fact, the only witness from Mondial Trading) who potentially has relevant documents and testimony as to whether or not such supervision occurred.

**B.    Because Pierre Meynard is the only contact at Mondial Trading alleged to be responsible for its quality control, his contact information is directly responsive to Interrogatory No. 9 (which asked for address and telephone numbers of Meynard's "primary contacts" at Mondial)**

Because Pierre Meynard was the only alleged quality control contact at Mondial Trading, Plaintiffs were required to disclose his contact information. Earth Products' Interrogatory No. 9 requested that Plaintiffs identify their "primary contacts" at Mondial Trading and provide their contact information. The only "primary contacts" that Plaintiffs provided in their response were for the three Cayman Islands bank employees who served as "officers" of Mondial Trading (E.J. Christian, Thomas Clark, and Kareen Watler). (Davis Decl., Ex. A.) Pierre Meynard was not listed and Plaintiffs did not provide contact information.

Months later, Plaintiffs in their sworn answer to Interrogatory No. 22 identified Pierre Meynard as the *only* contact at Mondial Trading who allegedly supervised Plaintiffs' product quality. Because Pierre was the only contact for this crucial issue, it would be laughable for

- 3 -

Plaintiffs to deny that he was one of their "primary contacts."[2]  In fact, Plaintiffs do ***not*** deny that Pierre Meynard was a "primary contact" at Mondial Trading, or that his information was directly responsive to Interrogatory No. 9.  Plaintiffs must now supplement their response to provide Pierre Meynard's contact information.  Fed. R. Civ. P. 26(e)(2).

Plaintiffs claim two reasons why they need not comply with their discovery obligations:

***First***, they argue that Pierre Meynard "is not competent to testify, is unlikely to have relevant information, and discovery would impose an undue burden on him."  (Opp. at 8.)  None of these arguments, even if true, changes the fact that his contact information must be disclosed.  Furthermore, none of Plaintiffs arguments is legitimate.  Plaintiffs do not refute that Pierre Meynard may have documents bearing on their quality control contention.  The Declaration of his son, Michel Meynard, states only that "it is my belief that, given the passage of time, those documents (or any others relevant to issues in this litigation) would have been discarded."  (Meynard Decl., ¶ 9.)  Meynard does not assert that he ***knows*** documents were discarded, or even that he believes they ***were discarded***.  Rather he believes they "would have been."  It seems clear that Plaintiffs have not searched Pierre Meynard's files to confirm whether documents still exist.

Similarly, Plaintiffs do not confirm to the Court whether or not Pierre Meynard has relevant information that he could provide in a deposition.  Instead, they continue to equivocate, deliberately using vague and shifting language as to Pierre Meynard's condition and knowledge.  Citing Michel Meynard's declaration, Plaintiffs state that Pierre Meynard is "often incoherent and is unable to remember the past with any accuracy."  (Opp. at 3.)  Michel Meynard's declaration, however, admits that Pierre "is occasionally coherent, but very often he is

---

[2] Plaintiffs again carefully do not deny that Pierre Meynard was a primary contact, stating that "[Pierre Meynard] is Michel's father … Pierre essentially controlled Mondial … Meynard's contact with Mondial relating to legal matters was often with others."  (Opp. at 3.)  These statements strengthen an inference that Pierre was Meynard's primary Mondial contact.

- 4 -

incoherent, and also is unable to remember the past with any accuracy." (Meynard Decl., ¶ 7.) Thus, Michel Meynard claims only that his father is "very often" unable to remember the past with any accuracy, conceding that Pierre Meynard is at least "occasionally" competent.

Plaintiffs state that Pierre Meynard is under close medical care, but fail to produce any evidence from a physician that "[Pierre Meynard] is not competent to testify, either in court or at a deposition" (Opp. at 3.) despite many months having passed since Plaintiffs raised the issue of Pierre's testimony by their response to Interrogatory No. 22. Their only support comes from Michel Meynard, who states: "it is my belief that [Pierre Meynard] is not competent to testify." (Meynard Decl., ¶ 7.) Michel Meynard claims that he is "attempting to obtain a specific diagnosis from a doctor" to support his "belief." (*Id.*) Thus, Plaintiffs' refusal to answer an interrogatory is improper, and based on "beliefs" unsupported by the records. Even were such beliefs supported, they would not excuse Plaintiffs' refusal to provide relevant information.[3]

***Second***, Plaintiffs argue that they need not provide Pierre Meynard's contact information because they provided "contact information for other persons at Mondial who are likely to have relevant information at this time." (Opp. at 8.) Plaintiffs' partial answer cannot excuse the lack of a complete answer. Selective withholding of relevant discoverable information is improper. Moreover, as discussed in Section A above, Plaintiffs **have never alleged** that the other three contacts at Mondial Trading that Plaintiffs included in their response have information regarding quality control. Pierre Meynard is the only contact at Mondial Trading identified on this key issue. Plaintiffs should be required to provide his contact information to allow Earth Products to pursue discovery regarding Plaintiffs' quality control contentions.

---

[3] If Pierre Meynard is indeed incompetent to testify, his counsel may bring a motion to quash or a motion for a protective order and present evidence of his incompetence once a subpoena issues. Plaintiffs are not excused from properly and completely responding now to a valid interrogatory.

- 6 -

Dated: July __, 2007          By: _____
**J. Christopher Carraway** (*pro hac vice*)
Email: chris.carraway@klarquist.com
**Cindy L. Caditz** (*pro hac vice*)
Email: cindy.caditz@klarquist.com
**Lane M. Chitwood** (*pro hac vice*)
Email: lane.chitwood@klarquist.com
**Scott E. Davis** (*pro hac vice*)
Email: scott.davis@klarquist.com
**Derrick W. Toddy** (*pro hac vice*)
Email: derrick.toddy@klarquist.com
**KLARQUIST SPARKMAN, LLP**
121 S.W. Salmon Street, Suite 1600
Portland, OR  97204
Phone:  503-595-5300
Fax:  503-595-5301

**Steven M. Bauer, BBO# 542531**
Email:  sbauer@proskauer.com
**Gina Lombardo, BBO# 664839**
Email:  glombardo@proskauer.com
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110
Phone:  617-526-9600
Fax:  617-526-9899

*Attorneys for Earth Products Inc.*

## CERTIFICATE OF SERVICE

I certify that this Reply Brief in Support of its Motion to Compel Plaintiffs to Supplement Their Rule 26(a)(1) Initial Disclosures and Their Response To Interrogatory Number 9 was served by filing with the Court's ECF filing system and by e-mail on counsel for Plaintiffs:

>Michael Albert
>Hunter Keeton
>Laura Topper
>David Wolf
>WOLF, GREENFIELD & SACKS, P.C.
>600 Atlantic Avenue
>Boston, Massachusetts 02210
>
>Laura.Topper@WolfGreenfield.com
>
>*Attorneys for Meynard Designs, Inc,*
>*Earth, Inc., and Planet, Inc.*

Dated: July __, 2007                              By: _____
                                                  J. Christopher Carraway
                                                  KLARQUIST SPARKMAN, LLP

                                                  *Attorneys for Earth Products Inc.*

- 7 -