IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>Defendant and Counterclaim-Plaintiff.<br><br>EARTH PRODUCTS INC.<br><br>Third-Party Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>Third-Party Defendant and Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |

**DECLARATION OF DERRICK TODDY IN SUPPORT OF
DEFENDANT EARTH PRODUCTS INC.'S MOTION FOR LEAVE TO FILE
FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

I, Derrick W. Toddy, the undersigned, declare:

1.      I am an attorney at law, and an associate at the law firm of Klarquist Sparkman,

LLP, counsel for Earth Products Inc. in the above-captioned matter.  I am over the age of 18 and

competent to testify to the matters contained in this Declaration.  I have personal knowledge of

the matters stated herein unless indicated otherwise.

2.      Attached as Exhibit A is a true and correct copy of Earth Products Inc.'s proposed First Amended Answer, Affirmative Defenses and Counterclaims.

3.      Attached as Exhibit B is a true and correct copy of a July 23, 1998 Transmittal from Wolf, Greenfield & Sacks, P.C. to Assistant Commissioner for Trademarks.

4.      Attached as Exhibit C is a true and correct copy of selected portions of Meynard Design, Inc.'s Responses to Earth Products Inc.'s Third Set of Interrogatories, dated August 1, 2007.

5.      Exhibit D is a true and correct copy of selected portions of Meynard Designs, Inc.'s Responses to Earth Products' First Set of Interrogatories, dated December 8, 2006. Meynard Designs, Inc. declined to de-designate those portions of its responses that it originally designated subject to the Stipulated Protective Order that Earth Products cited in the accompanying Motion for Leave to File First Amended Answer, Affirmative Defenses and Counterclaims.  Exhibit D is separately filed under seal pursuant to the terms of the aforementioned Stipulated Protective Order and the Court's October 19, 2007 Order granting Earth Products Inc.'s Motion to Impound Materials Cited In Earth Products' Motion To Amend And Designated As Confidential By Plaintiffs.

6.      Attached as Exhibit E is a true and correct copy of a. February 21, 2007 Letter From Laura Topper to Scott E. Davis

7.      Exhibit F is a true and correct copy of selected portions of Meynard Designs, Inc.'s Supplemental Responses to Earth Products' First Set of Interrogatories, dated April 6, 2007.  Meynard Designs, Inc. declined to de-designate those portions of its responses that it originally designated subject to the Stipulated Protective Order that Earth Products cited in the accompanying Motion for Leave to File First Amended Answer, Affirmative Defenses and

Counterclaims.  Exhibit F is separately filed under seal pursuant to the terms of the aforementioned Stipulated Protective Order and the Court's October 19, 2007 Order granting Earth Products Inc.'s Motion to Impound Materials Cited In Earth Products' Motion To Amend And Designated As Confidential By Plaintiffs.

8.      Exhibit G is a true and correct copy of selected portions of the Transcript of the August 7, 2007 Deposition of Arlette Meynard.  Meynard Designs, Inc. declined to de-designate those portions of the deposition transcript that it originally designated subject to the Stipulated Protective Order that Earth Products cited in the accompanying Motion for Leave to File First Amended Answer, Affirmative Defenses and Counterclaims.  Exhibit G is separately filed under seal pursuant to the terms of the aforementioned Stipulated Protective Order and the Court's October 19, 2007 Order granting Earth Products Inc.'s Motion to Impound Materials Cited In Earth Products' Motion To Amend And Designated As Confidential By Plaintiffs.

9.      Exhibit H is a true and correct copy of selected portions of the Transcript of the September 26, 2007 Deposition of Celso Kiefer.  Meynard Designs, Inc. declined to de-designate those portions of the deposition transcript that it originally designated subject to the Stipulated Protective Order that Earth Products cited in the accompanying Motion for Leave to File First Amended Answer, Affirmative Defenses and Counterclaims.  Exhibit H is separately filed under seal pursuant to the terms of the aforementioned Stipulated Protective Order and the Court's October 19, 2007 Order granting Earth Products Inc.'s Motion to Impound Materials Cited In Earth Products' Motion To Amend And Designated As Confidential By Plaintiffs.

10.      Attached as Exhibit I is a true and correct copy of an email dated September 27, 2007 from Chris Carraway to Michael Albert.

11.     Attached as Exhibit J is a true and correct copy of an email dated October 5, 2007 from Michael Albert to Chris Carraway.

12.     Attached as Exhibit K is a true and correct copy of a January 16, 1997 Transmittal from Wolf, Greenfield & Sacks, P.C. to Assistant Commissioner for Trademarks

EXECUTED this 12th day of October, 2007, in Portland, Oregon.

Derrick W. Toddy
Counsel *pro hac vice* for Earth Products Inc.

## CERTIFICATE OF SERVICE

I certify that this Motion For Leave To File First Amended Answer, Affirmative

Defenses And Counterclaims was served by e-mail on counsel for Plaintiffs:

>
> Michael Albert
> Hunter Keeton
> Laura Topper
> David Wolf
> WOLF, GREENFIELD & SACKS, P.C.
> 600 Atlantic Avenue
> Boston, Massachusetts 02210
>
> Laura.Topper@WolfGreenfield.com
>
> *Attorneys for Meynard Designs, Inc,*
> *Earth, Inc., and Planet, Inc.*

Dated:  October 12, 2007                    By: _____
                                                 Derrick W. Toddy
                                                 KLARQUIST SPARKMAN, LLP

                                                 *Attorneys for Earth Products Inc.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. & EARTH INC., | |
| Plaintiffs and Counterclaim Defendants, | |
| v. | CIVIL ACTION NO. 05 CV 11781 NMG |
| EARTH PRODUCTS INC., | |
| Defendant and Counterclaim Plaintiff. | |
| EARTH PRODUCTS INC., | |
| Third-Party Plaintiff, | |
| v. | |
| PLANET, INC., | |
| Third-Party Defendant. | |

## EARTH PRODUCTS INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Earth Products Inc. ("Earth Products") hereby submits its First Amended Answer, Affirmative Defenses and Counterclaims in response to the Complaint filed August 29, 2005 by Plaintiffs Meynard Designs, Inc. ("Meynard Designs") and Earth, Inc. ("Earth Inc.") (collectively, "Meynard" or "Plaintiffs").  Further, Earth Products joins Counterclaim Defendant Planet, Inc. as a party to this action pursuant to Fed. R. Civ. P. 13(h) and Fed. R. Civ. P. 19(a) and/or 20(a).

For its Answer, Affirmative Defenses and Counterclaims, Earth Products states as follows:

1.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiffs' Complaint.

2.      Earth Products is without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 2 of Plaintiffs' Complaint.

3.     Earth Products admits the allegations in paragraph 3 of Plaintiffs' Complaint, except it is affirmatively stated that the correct name of Defendant is Earth Products Inc. (no comma).

4.     Earth Products admits that Plaintiffs' Complaint attempts to assert causes of action for trademark infringement and unfair competition arising under the laws of the United States, namely the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* Earth Products also admits that federal subject matter jurisdiction is found in 28 U.S.C. §§ 1331, 1332 and 1338, and state law jurisdiction is found in 28 U.S.C. § 1367. It is further admitted that Earth Products is a California corporation. Except as stated herein, Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of Plaintiffs' Complaint.

5.     Earth Products admits that it maintains a Web site, accessible in Massachusetts and elsewhere, which provides links to Web sites offering Earth Products' goods for sale, including EARTH clothing. Except as stated herein, Earth Products denies the allegations in paragraph 5 of Plaintiffs' Complaint.

6.     Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiffs' Complaint.

7.     Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiffs' Complaint.

8.     Earth Products denies that "Meynard acquired all the ownership rights to the EARTH family of marks, together with the associated goodwill." Further, the allegation that "Meynard has continued to use the EARTH mark on footwear throughout the United States" is

contradicted by the allegation in paragraph 6 of the Complaint that "Meynard does not presently sell any products, but instead licenses others to do so under trademarks and copyrights that it owns," and on at least that basis, Earth Products denies this allegation of paragraph 8. Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of Plaintiffs' Complaint.

9.       Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiffs' Complaint.

10.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiffs' Complaint.

11.      Earth Products denies that Meynard has any right to claim priority to any rights that may have been established by Anne Kalso or agents or successors of Anne Kalso. Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of Plaintiffs' Complaint.

12.      Earth Products admits that U.S. Patent and Trademark Office records identify Meynard Designs as the owner of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826. Except as stated herein, Earth Products denies the allegations in paragraph 12 of Plaintiffs' Complaint.

13.      Earth Products denies the allegations in paragraph 13 of Plaintiffs' Complaint.

14.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiffs' Complaint.

15.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiffs' Complaint.

16.      Earth Products is without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 16 of Plaintiffs' Complaint.

17.    Earth Products admits that its predecessor-in-interest adopted the PLANET EARTH trademark for clothing and skateboard equipment in 1990 and that Earth Products adopted the EARTH trademark for clothing and skateboard equipment in 1992. Earth Products also admits that it was formed as a clothing and skateboard equipment business and incorporated under the name Planet Earth Skateboards, Inc. in 1993. Except as stated herein, Earth Products denies the allegations in paragraph 17 of Plaintiffs' Complaint.

18.    Earth Products denies the allegations in paragraph 18 of Plaintiffs' Complaint.

19.    Earth Products admits it filed an application to register the mark EARTH and Design for footwear and apparel on April 26, 2002. This application was assigned Serial No. 76/401085. The application to register EARTH and Design claimed a first use date of December 2000. The Examining Attorney refused registration of the EARTH and Design mark in view of U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826. Except as stated herein, Earth Products denies the allegations in paragraph 19 of Plaintiffs' Complaint.

20.    Earth Products admits that Planet Earth changed its name to Earth Products Inc. on or around May 21, 2004. Except as herein stated, Earth Products denies the allegations in paragraph 20 of Plaintiffs' Complaint.

21.    Earth Products admits that it has sold and advertised for sale goods including T-shirts, jackets, and sweatshirts bearing its own trademark EARTH and bearing designs that emphasize the word EARTH, but denies that any such goods have borne any trademarks allegedly owned by Plaintiffs or any of their alleged predecessors. Earth Products also denies the remaining allegations in paragraph 21 of Plaintiffs' Complaint.

22.     Earth Products denies the allegations in paragraph 22 of Plaintiffs' Complaint.

23.     Earth Products denies the allegations in paragraph 23 of Plaintiffs' Complaint.

24.     Earth Products admits that it is aware of Meynard's claim.  Earth Products denies the remaining allegations in paragraph 24 of Plaintiffs' Complaint.

25.     Earth Products denies the allegations in paragraph 25 of Plaintiffs' Complaint.

26.     Earth Products admits it filed cancellation actions against two of Meynard's registrations for the mark EARTH for clothing items.  Except as stated herein, Earth Products denies the allegations in paragraph 26 of Plaintiffs' Complaint.

27.     Earth Products denies the allegations in paragraph 27 of Plaintiffs' Complaint.

28.     Earth Products admits the allegations in paragraph 28 of Plaintiffs' Complaint.

29.     Earth Products admits that Meynard sent a letter to Earth Products dated July 12, 2005.  Earth Products admits that counsel for Earth Products intended to and did respond to the settlement letter of July 12, 2005, after counsel for Earth Products returned from vacation in August 2005.   Earth Products further admits that it filed suit in the United States District Court for the Western District of Washington on July 28, 2005 alleging, *inter alia*, that Meynard was selling clothing items that infringed Earth Products' right in the EARTH mark for clothing.  Except as stated herein, Earth Products denies the allegations in paragraph 29 of Plaintiffs' Complaint.

## <u>ANSWER TO COUNT I</u>
### (Trademark Infringement Under 15 U.S.C. § 1114 And Common Law)

30.     In response to the allegations in paragraph 30 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 29 of this Answer and incorporates them herein by reference.

31.     Earth Products denies that Meynard has any valid rights in the mark EARTH, or

any rights to that mark that are prior to or superior to those owned by Earth Products. Earth

Products is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 31 of Plaintiffs' Complaint.

      32.     Earth Products denies the allegations in paragraph 32 of Plaintiffs' Complaint.

      33.     Earth Products denies the allegations in paragraph 33 of Plaintiffs' Complaint.

      34.     Earth Products denies the allegations in paragraph 34 of Plaintiffs' Complaint.

      35.     Earth Products denies the allegations in paragraph 35 of Plaintiffs' Complaint.

      36.     Earth Products denies the allegations in paragraph 36 of Plaintiffs' Complaint.

## <u>ANSWER TO COUNT II</u>
### (False Designation of Origin Under 15 U.S.C. § 1125(a))

      37.     In response to the allegations in paragraph 37 of Plaintiffs' Complaint, Earth

Products repeats and realleges the answers contained in paragraphs 1 though 36 of this Answer

and incorporates them herein by reference.

      38.     Earth Products denies the allegations in paragraph 38 of Plaintiffs' Complaint.

      39.     Earth Products admits that at least some of its goods are offered and sold to a

similar class of consumers. Earth Products is without knowledge or information sufficient to

fully form a belief as to the truth of the remaining allegations in paragraph 39 of Plaintiffs'

Complaint.

      40.     Because Meynard does not own any valid rights in the mark EARTH that are

prior to or superior to the rights in the mark EARTH owned by Earth Products, Earth Products

denies the allegations stated by paragraph 40 of Plaintiffs' Complaint. Earth Products also

denies any remaining allegations in paragraph 40 of Plaintiffs' Complaint.

      41.     Earth Products denies the allegations in paragraph 41 of Plaintiffs' Complaint.

      42.     Earth Products denies the allegations in paragraph 42 of Plaintiffs' Complaint.

43.     Earth Products denies the allegations in paragraph 43 of Plaintiffs' Complaint.

## ANSWER TO COUNT III
### (Common Law Unfair Competition)

44.     In response to the allegations in paragraph 44 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 43 of this Answer and incorporates them herein by reference.

45.     Earth Products denies the allegations in paragraph 44 of Plaintiffs' Complaint.

46.     Earth Products denies the allegations in paragraph 46 of Plaintiffs' Complaint.

47.     Earth Products denies the allegations in paragraph 47 of Plaintiffs' Complaint.

## ANSWER TO COUNT IV
### (Unfair and Deceptive Trade Practices Under Mass. Gen. L. ch. 93A)

48.     In response to the allegations in paragraph 48 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 47 of this Answer and incorporates them herein by reference.

49.     Earth Products admits that it has been and currently is engaged in commerce in Massachusetts.  Earth Products does not have sufficient information to form a belief as to whether it was engaged in such commerce "at all relevant times," and on that basis denies that allegation.  Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of Plaintiffs' Complaint, and on that basis denies them.

50.     Earth Products denies the allegations in paragraph 50 of Plaintiffs' Complaint.

51.     Earth Products denies the allegations in paragraph 51 of Plaintiffs' Complaint.

52.     Earth Products denies the allegations in paragraph 52 of Plaintiffs' Complaint.

## ANSWER TO COUNT V
### (Declaratory Judgment of Non-Infringement)

53.     In response to the allegations in paragraph 53 of Plaintiffs' Complaint, Earth

Products repeats and realleges the answers contained in paragraphs 1 though 52 of this Answer

and incorporates them herein by reference.

54.     Earth Products admits the allegations in paragraph 54 of Plaintiffs' Complaint.

55.     Earth Products admits the allegations in paragraph 55 of Plaintiffs' Complaint.

56.     Earth Products denies the allegations in paragraph 56 of Plaintiffs' Complaint.

57.     Earth Products denies the allegations in paragraph 57 of Plaintiffs' Complaint.

58.     Earth Products admits that Earth currently sells clothing using the Earth Products'

EARTH mark.  Earth Products is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in paragraph 58 of Plaintiffs' Complaint.

59.     Earth Products admits that a controversy exists, but otherwise is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 59 of Plaintiff's Complaint.

60.     Earth Products denies the allegations in paragraph 60 of Plaintiffs' Complaint.

## ANSWER TO COUNT VI
### (Declaratory Judgment of No False Designation of Origin)

61.     In response to the allegations in paragraph 61 of Plaintiffs' Complaint, Earth

Products repeats and realleges the answers contained in paragraphs 1 though 60 of this Answer

and incorporates them herein by reference.

62.     Earth Products admits the allegations in paragraph 62 of Plaintiffs' Complaint.

63.     Earth Products admits the allegations in paragraph 63 of Plaintiffs' Complaint.

64.     Earth Products denies the allegations in paragraph 64 of Plaintiffs' Complaint.

65.    Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of Plaintiffs' Complaint.

66.    Earth Products admits that a controversy exists, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of Plaintiffs' Complaint.

67.    Earth Products denies the allegations in paragraph 67 of Plaintiffs' Complaint.

## ANSWER TO COUNT VII
### (Declaration That R.C.W. § 19.86 *et seq.* Is Not Violated)

68.    In response to the allegations in paragraph 68 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 67 of this Answer and incorporates them herein by reference.

69.    Earth Products admits the allegations in paragraph 69 of Plaintiffs' Complaint.

70.    Earth Products admits the allegations in paragraph 70 of Plaintiffs' Complaint.

71.    Earth Products denies the allegations in paragraph 71 of Plaintiffs' Complaint.

72.    Earth Products admits that a controversy exists, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of Plaintiff's Complaint

73.    Earth Products denies the allegations in paragraph 73 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    Earth Products has superior rights in the mark EARTH for clothing.

### Second Affirmative Defense

2.    Meynard Designs and its alleged predecessors-in-interest abandoned the mark EARTH, including any rights to use that mark on footwear or clothing.

### Third Affirmative Defense

3.    Plaintiffs cannot rely upon any use of the mark EARTH SHOE to establish use of the mark EARTH.

### Fourth Affirmative Defense

4.    The alleged assignment of the EARTH mark to Meynard Designs and/or its alleged predecessor-in-interest was an assignment-in-gross.

### Fifth Affirmative Defense

5.    The mark EARTH used in connection with shoes is generic for negative heel shoes.

### Sixth Affirmative Defense

6.    False representations were intentionally made to the U.S. Patent and Trademark Office during the prosecution of U.S. Trademark Application Serial No. 74/551611 which issued (through division) as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, both of which have been asserted by Plaintiffs in this lawsuit.  In reliance upon these false representations, the U.S. Patent and Trademark Office took actions that subsequently resulted in the issuance of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.  For these reasons, Meynard's U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 are invalid and of no effect.

### Seventh Affirmative Defense

7.    False representations were intentionally made to the U.S. Patent and Trademark Office during the prosecution of U.S. Trademark Application Serial No. 74/551611 which issued (through division) as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark

Registration No. 2,249,826, both of which are asserted by Plaintiffs in this lawsuit. In reliance upon these false representations, the U.S. Patent and Trademark Office took actions that subsequently resulted in the issuance of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826. For these reasons, Meynard should be found to have unclean hands and thus be prohibited from enforcing U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

## Eighth Affirmative Defense

8.      False representations were intentionally made to the U.S. Patent and Trademark Office during the process of claiming incontestable status for U.S. Trademark Registration No. 1,371,439, which has been asserted by Plaintiffs in this lawsuit. In reliance upon these false representations, the U.S. Patent and Trademark Office accepted false documents intended to support incontestable status to U.S. Trademark Registration No. 1,371,439. For these reasons, Meynard's U.S. Trademark Registration No. 1,371,439 is invalid and of no effect.

## Ninth Affirmative Defense

9.      False representations were intentionally made to the U.S. Patent and Trademark Office during the process to claim incontestable status for U.S. Trademark Registration No. 1,371,439, which has been asserted by Plaintiffs in this lawsuit. In reliance upon these false representations, the U.S. Patent and Trademark Office accepted false documents intended to support incontestable status to U.S. Trademark Registration No. 1,371,439. For these reasons, U.S. Trademark Registration No. 1,371,439 is not entitled to incontestable status and Meynard, through its predecessor-in-interest, should be deemed to have unclean hands and thus be prohibited from enforcing U.S. Trademark Registration No. 1,371,439.

## **Tenth Affirmative Defense**

10.     U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 are invalid under Section 10 of the Lanham Act, 15 U.S.C. § 1060 because the intent-to-use application that resulted in these two registrations was assigned before a statement of use was filed.

## **EARTH PRODUCTS INC.'S COUNTERCLAIMS**

1.     As used herein, the term "clothing" includes socks and excludes shoes.

2.     As used herein, the term "footwear" includes shoes and excludes socks.

3.     Earth Products hereby asserts the following counterclaims ("Counterclaims") against Plaintiffs Meynard Designs, Inc. and Earth, Inc.:

## **A.  Parties**

4.     Counterclaim-plaintiff Earth Products Inc. ("Earth Products") is a California corporation with its principal place of business at 5830 El Camino Real, Carlsbad, CA 92008.

5.     On information and belief, Counterclaim-defendant Meynard Designs, Inc. ("Meynard Designs") is a Massachusetts corporation with its principal place of business at 135 Second Avenue, Waltham, MA 02451.

6.     On information and belief, Counterclaim-defendant Earth, Inc. ("Earth, Inc.") is a Massachusetts corporation with its principal place of business at 135 Second Avenue, Waltham, MA 02451.

7.     Meynard Designs and Earth, Inc. are referred to collectively herein as "Meynard" or "Counterclaim-defendants."

## B.  Jurisdiction and Venue

8.      This is an action arising out of the Trademark Act of 1946, 15 U.S.C. §§ 1051,

*et seq.*, the laws of the States of Massachusetts, California and Washington, and the common

law.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C.

§ 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1332 (diversity jurisdiction),

28 U.S.C. § 1338 (acts of Congress relating to trademarks and unfair competition), and 28 U.S.C.

§ 1367 (supplemental jurisdiction of related state law claims).  The amount in controversy

exceeds the sum or value of $75,000.00.

9.      Venue is permitted in this jurisdiction under 28 U.S.C. § 1391.

10.      This Court has personal jurisdiction over each of the Counterclaim-defendants

because they are found and regularly conduct business in the District of Massachusetts and

because Meynard Designs and Earth, Inc. have availed themselves of this Court by bringing this

action.

## C.  Facts In Support Of Counterclaims

### *Earth Products' Rights in the EARTH Trademark*

11.      Counterclaim-plaintiff Earth Products has directly and through its predecessor-in-

interest adopted and used the mark EARTH in association with the sale of clothing since at least

as early as 1992 and currently owns the valid and exclusive right to use the mark in association

with the sale of clothing throughout the United States.

12.      The adoption and use of the mark EARTH for clothing by Earth Products in 1992

was in good faith and was the first use of the mark EARTH in association with the sale of

clothing.

13.      Earth Products has at all times since adoption exercised exclusive control of the

EARTH mark as used in association with clothing.  Earth Products has used the mark EARTH in association with the promotion, advertisement and sale of clothing throughout the United States in, among other things, advertising, print media, display at trade shows, point of sale materials, and promotional events.

14.    Earth Products filed an application to register the mark EARTH and Design on April 26, 2002.  This application was assigned Serial No. 76/401,085.  Application Serial No. 76/401,085 was refused registration on the ground that the mark was confusingly similar to the marks shown by Registration No. 1,371,439, Registration No. 2,249,826, and Registration No. 2,199,118, all of which are at issue in this litigation.

### _Background of "Earth" Shoes_

15.    On information and belief, Meynard purports to be a successor-in-interest to the rights of the owner of the mark EARTH used in association with the promotion of shoes that were developed by a Yoga teacher from Copenhagen, Denmark named Anne Kalso.  Ms. Kalso invented a shoe sole design having a heel portion lower than the toe portion (hereinafter, "negative heel shoes").  For this shoe sole design, Ms. Kalso (under the name Kalsoy) was issued U.S. Patent No. 3,305,947 entitled "Footwear with Heavy Sole Parts" on February 28, 1967.

16.    On information and belief, Ms. Kalso's negative heel shoes were introduced under the mark EARTH in 1970.  Print advertisements for EARTH shoes highlighted the negative heel construction of the shoes and Ms. Kalso's U.S. Patent No. 3,305,947.

17.    On information and belief, various third parties sold negative heel shoes, generally referred to as "earth" shoes, in the 1970's.  On information and belief, at least one of those third parties, Roots, still makes and sells earth shoes, i.e., shoes with negative heel construction.  Use of the term "earth" in connection with shoes became and is generic for a shoe

with negative heel construction.

18.     On information and belief, Kalso Systemet, Inc., the business entity established to distribute EARTH shoes in the United States, encountered business difficulties and declared bankruptcy around 1977.  Thereafter, EARTH shoes were not available for intermittent periods of time, some of which exceeded three years and during which there was no specific intention to resume use of the mark EARTH for any products.

### *Prosecution of U.S. Trademark Registrations Nos. 2,199,118 and 2,249,826*

19.     Mondial Trading Co., Ltd. ("Mondial Trading"), a Cayman Islands corporation, filed an Intent to Use application to register the mark EARTH for "clothing, namely, socks, t-shirts, jeans, pants, caps, belts, shirts, hats, sweatshirts, sweaters, jackets and coats" with the U.S. Patent and Trademark Office on July 20, 1994.  This application was assigned serial No. 74/551611.

20.     U.S. Trademark Application Serial No. 74/551611 was filed and prosecuted by Wolf, Greenfield, & Sacks, P.C., the same law firm which represents Meynard in the present lawsuit.

21.     On January 21, 1997, Mondial Trading filed a second "Request for Extension of Time under 37 C.F.R. §2.89 to File a Statement of Use, with Declaration", executed by Michel Meynard in his capacity as CEO.  On information and belief, Michel Meynard is CEO of Plaintiff Meynard Designs and is also CEO of Plaintiff Earth, Inc..

22.     On July 22, 1997, a third Request for Extension of Time with Declaration was filed for U.S. Trademark Application Serial No. 74/551611.  Again, the Request with Declaration was executed by Michel Meynard as CEO.  However, instead of applicant Mondial Trading, this Request with Declaration was filed by Michel Meynard, Inc.  Michel Meynard, Inc.

is the former name of Plaintiff/Counterclaim-defendant Meynard Designs.

23.     On August 27, 1997, the Applications Examiner sent counsel a letter noting that the third Request for Extension of Time with Declaration was not filed by the applicant of record.  The Applications Examiner informed counsel that "[t]he request must be filed by the entity that owns the mark at the time the request is filed."  Accordingly, on September 24, 1997, counsel submitted an Assignment of U.S. Trademark Application Serial No. 74/551611 from Mondial Trading to Michel Meynard, Inc., effective June 25, 1997.  In reliance upon the submission of this Assignment by Michel Meynard, Inc., the U.S. Patent and Trademark Office accepted the third Request for Extension of Time.

24.     On information and belief, despite Mondial Trading's purported Assignment of U.S. Trademark Application Serial No. 74/551611 to Michel Meynard, Inc., effective June 25, 1997, Mondial Trading proceeded to improperly file documents with the U.S. Patent and Trademark Office in connection with the prosecution of this application.  On January 23, 1998, a fourth Request for Extension of Time under 37 C.F.R. §2.89 to File a Statement of Use, with Declaration was filed for U.S. Trademark Application Serial No. 74/551611, along with a Request to Divide Application and a Statement of Use under 37 C.F.R. §2.88, with Declaration for socks, t-shirts, caps, hats and sweatshirts.  These documents were submitted by Mondial Trading and executed by Kareen Watler, Director of Mondial Trading, who also executed the Assignment of U.S. Trademark Application Serial No. 74/551611 from Mondial Trading to Michel Meynard, Inc. (now Meynard Designs, Inc.) submitted to the U.S. Patent and Trademark Office just four months earlier.

25.     The Statement of Use filed by Mondial Trading for socks, t-shirts, caps, hats and sweatshirts set forth a first use date of February 1, 1995 and a first use in commerce date of

February 1, 1995.  The Statement of Use was filed with specimens displaying the term EARTH

SHOE.

26.     On March 30, 1998, the Trademark Attorney issued an Office Action stating that

the specimens displaying EARTH SHOE did not conform to the drawing which displayed the

mark as EARTH.  The Trademark Attorney noted that to change the EARTH drawing to EARTH

SHOE would be a material alteration of the mark.  Accordingly, the Trademark Attorney

required the submission of substitute specimens.

27.     On July 27, 1998, Mondial Trading submitted a new Statement of Use under 37

C.F.R. §2.88, with Declaration executed by Director Kareen Watler for socks, t-shirts, caps, hats

and sweatshirts.  This Statement of Use set forth a first use date of "prior to" January 1, 1998 and

a first use in commerce date of "prior to" January 1, 1998.  The Statement of Use was filed with

substitute specimens displaying the term EARTH and not the term EARTH SHOE.

28.     On July 27, 1998, Mondial Trading submitted a Request for Fifth Extension of

Time under 37 C.F.R. §2.89 to File a Statement of Use, with Declaration executed by Director

Kareen Watler, for jeans, pants, belts, shirts, sweaters, jackets "and/or" coats.

29.     The U.S. Patent and Trademark Office granted the Request to Divide Application

filed by Mondial Trading.  Parent application Serial No. 74/551611 included jeans, pants, belts,

shirts, sweaters, jackets and coats, and child application Serial No. 75/977076 included socks, t-

shirts, caps, hats and sweatshirts.

30.     The Examining Attorney accepted the new Statement of Use and substitute

specimens for child application Serial No. 75/977076.  On October 20, 1998, the U.S. Patent and

Trademark Office issued U.S. Registration No. 2,199,118 for the mark EARTH for socks, t-

shirts, caps, hats and sweatshirts.  The registration identified a first use date and first use in

**EARTH PRODUCTS INC.'S FIRST AMENDED ANSWER AND COUNTERCLAIMS**

commerce date of February 1, 1995, which was the date Mondial Trading identified for its

rejected specimens for EARTH SHOE.  On information and belief, neither Mondial Trading nor

Meynard Designs contacted the U.S. Patent and Trademark Office to correct this error.

31.    On January 22, 1999, Mondial Trading submitted a Statement of Use under 37

C.F.R. §2.88, with Declaration executed by Director Kareen Watler for jeans, pants, belts, shirts,

sweaters, jackets and coats in Application Serial No. 74/551611.  The Statement of Use set forth

a first use date of December 1998 and a first use in commerce date of January 4, 1999.

32.    On June 1, 1999, the U.S. Patent and Trademark Office issued U.S. Trademark

Registration No. 2,249,826 for the mark EARTH for jeans, pants, belts, shirts, sweaters, jackets

and coats.

33.    In March 2000, an Assignment of U.S. Trademark Registration No. 2,199,118 and

U.S. Trademark Registration No. 2,249,826 from Mondial Trading to Meynard Designs was

filed with the U.S. Patent and Trademark Office.

34.    On information and belief, during prosecution of U.S. Trademark Application

Serial No. 74/551611, Meynard Designs and Mondial Trading knew that false representations as

to the ownership of the mark EARTH had been made to the U.S. Patent and Trademark Office.

Meynard Designs and Mondial Trading made these false representations with the intent to induce

the U.S. Patent and Trademark Office to accept the Request for Extension of Time to File a

Statement of Use and eventually issue U.S. Trademark Registration No. 2,199,118 and U.S.

Trademark Registration No. 2,249,826.  On information and belief, these false representations

induced the U.S. Patent and Trademark Office to take actions it would not otherwise have taken

and damaged Earth Products by, among other things, causing the U.S. Patent and Trademark

Office to reject an application filed by Earth Products based upon the false representations as to

the ownership of the mark EARTH made by Meynard Designs and/or Mondial Trading.

35.    On information and belief, during prosecution of U.S. Trademark Application Serial Nos. 74/551611 and 75/977076, Meynard Designs and Mondial Trading knew that false representations as to the use of the mark EARTH had been made to the U.S. Patent and Trademark Office.  Meynard Designs and Mondial Trading made these false representations with the intent to induce the U.S. Patent and Trademark Office to accept earlier dates of use based on a mark that the U.S. Patent and Trademark Office considered to be materially different.  On information and belief, these false representations induced the U.S. Patent and Trademark Office to take actions it would not otherwise have taken, such as causing the U.S. Patent and Trademark Office to record incorrect first dates of use for U.S. Trademark Registration No. 2,199,118.

36.    On October 15, 2003, Earth Products initiated Cancellation Action 92042587 and Cancellation Action 92042597 before the U.S. Patent and Trademark Office Trademark Trial and Appeal Board by filing Petitions seeking cancellation of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, respectively.

### *Post-Registration Activity for U.S. Trademark Registration No. 1,371,439*

37.    U.S. Trademark Registration No. 1,371,439 for the mark EARTH for footwear issued to Tonus, Inc., the apparent assignee of Anne Kalso, on November 19, 1985.

38.    On information and belief, Tonus, Inc. purported to assign U.S. Trademark Registration No. 1,371,439 to Mondial Trading in March 1994.

39.    On May 11, 1999, Mondial Trading submitted a Declaration under Section 15 for U.S. Trademark Registration No. 1,371,439 for the mark EARTH for footwear.  The Section 15 Declaration was executed by Kareen Walter (identified as Kareen Watler in other Mondial Trading filings), Director of Mondial Trading, on January 28, 1999.  On information and belief, a

specimen for the mark EARTH SHOE, which is materially different from the mark EARTH, accompanied the Section 15 Declaration.

40.    On information and belief, Mondial Trading was not using the mark EARTH in interstate commerce in connection with footwear on January 28, 1999, the date on which Director Walter executed the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439.

41.    On information and belief, Mondial Trading was not using the mark EARTH in interstate commerce in connection with footwear on May 11, 1999, the date on which Mondial Trading submitted the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439 to the U.S. Patent and Trademark Office.

42.    On information and belief, the mark EARTH had not been in continuous use in interstate commerce in connection with footwear for at least five consecutive years prior to January 28, 1999, the date on which Director Walter executed the Section 15 Declaration.

43.    On information and belief, the mark EARTH had not been in continuous use in interstate commerce in connection with footwear for at least five consecutive years prior to May 11, 1999, the date on which Mondial Trading submitted the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439 to the U.S. Patent and Trademark Office.

44.    On information and belief, the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439 included material false statements.  There is no valid basis for a claim of incontestable status for U.S. Trademark Registration No. 1,371,439.

45.    On information and belief, Mondial Trading purported to assign U.S. Trademark Registration No. 1,371,439 to Meynard Designs in March 2000.

### *Meynard's EARTH and EARTH SHOE Brands*

46.     On information and belief, Meynard Designs introduced its EARTH shoes to the marketplace no earlier than 2001.  Meynard's EARTH shoes feature negative heel construction.  A New York Times article dated November 17, 2002, quotes Michel Meynard of Meynard Designs, Inc. as saying, "The brand [EARTH] had been out of the marketplace for 15 years, totally abandoned, so we got it for very little."

47.     On information and belief, shoes sold under the mark EARTH SHOE are designed and produced by, or on behalf of, Meynard Designs.  Meynard Designs' EARTH SHOE brand shoes entered the market no earlier than 1995 and sold exclusively at Wal-Mart stores.  EARTH SHOE brand shoes do not have negative heel construction.

48.     The message board on Meynard's Web site, located at the Uniform Resource Locator www.earth.us, includes inquiries from consumers confused between EARTH brand shoes and EARTH SHOE brand shoes.  In response to these inquiries, Meynard represents that EARTH and EARTH SHOE are different brands, and further that EARTH shoes are a high-grade product featuring negative heel technology as compared to low cost EARTH SHOE brand shoes which do not.

49.     Meynard cannot rely upon any use of the mark EARTH SHOE for shoes or clothing to establish use of the mark EARTH for shoes or clothing.

### *Unlawful Activities of Meynard Designs and Earth, Inc.*

50.     On information and belief, Meynard Designs and Earth, Inc. commenced the use of the mark EARTH in association with the sale and promotion of clothing after Earth Products' first use in commerce of the mark EARTH in association with the sale and promotion of clothing.

51.     Because Earth Products owns the exclusive right to use the mark EARTH in association with the sale of clothing, Earth Products is entitled to cancellation of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

52.     The use of the mark EARTH by Counterclaim-defendants in association with the sale of clothing is likely to cause confusion among customers as to the source of the clothing or may cause customers to believe that Counterclaim-defendants' clothing sold or promoted in association with the mark EARTH is associated with, endorsed by or sponsored by Earth Products.  For these reasons, the use of the mark EARTH by Counterclaim-defendants in association with the sale of clothing infringes valuable rights owned by Earth Products and causes injury and damage to Earth Products.

53.     Counterclaim-defendants' use of the mark EARTH in association with the labeling, packaging, advertising, and marketing of clothing has caused, and is likely to continue to cause, confusion, mistake or customer deception as to the source of said clothing.  Further, Counterclaim-defendants' use of the mark EARTH gives the mistaken impression that Counterclaim-defendants' products are endorsed by Earth Products, or that Counterclaim-defendants' products are sponsored by, affiliated with, or in some way connected with Earth Products.

54.     Counterclaim-defendants are acting without license or consent of Earth Products and have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Earth Products, and serious and irreparable injury to the goodwill associated with the mark EARTH for clothing.  Earth Products' remedies at law are not adequate to compensate for the injury caused by Counterclaim-defendants' actions because Earth Products is entitled to be in exclusive control of the mark EARTH as used in association with clothing in

order to prevent the likelihood that customers may be confused, mistaken, or deceived into believing that the clothing sold by Counterclaim-defendants originate with Earth Products or are endorsed by, sponsored by, affiliated with, or in some way connected to Earth Products.

55.    Earth Products advised Meynard of its prior rights in the mark EARTH as used in association with clothing.  Despite Earth Products' provision of express notice to Meynard of Earth Products' exclusive rights in the mark EARTH for clothing, Meynard initiated use of the mark and continues to manufacture, promote, and sell clothing in association with the mark EARTH in violation of Earth Products' exclusive rights thereto.  Accordingly, Meynard's continued acts of infringement are willful, and Earth Products is therefore entitled to recover all profits derived from Counterclaim-defendants' acts of infringement, dilution, and false designation of origin, including treble damages, together with all attorneys' fees and costs incurred by Earth Products.

56.    Because Meynard Designs and/or Mondial Trading falsely or fraudulently sought to obtain registration of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit, Earth Products is entitled to cancellation of U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826.

57.    Earth Products has been damaged by Meynard's falsely or fraudulently obtained U.S. Trademark Registration No. 2,249,826 and U.S. Trademark Registration No. 2,199,118. Earth Products is unlikely to be able to secure U.S. trademark registration for EARTH for clothing as long as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 are allowed to continue to subsist.

## COUNTERCLAIM I
## COMMON LAW TRADEMARK INFRINGEMENT

58.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-57 above.

59.     By their acts as described herein, Counterclaim-defendants have intentionally deceived, and continue to deceive, consumers by using the mark EARTH on clothing and misrepresenting that its EARTH clothing is associated with or endorsed by Earth Products.

60.     Counterclaim-defendants' activities constitute trademark infringement in violation of the common law of the Commonwealth of Massachusetts, the States of Washington and California and the several states.

61.     On information and belief, Counterclaim-defendants' conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## COUNTERCLAIM II
## FALSE DESIGNATION OF ORIGIN

62.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-61 above.

63.     Counterclaim-defendants have used the EARTH mark in a manner that falsely identifies and misrepresents the source of goods in a manner likely to cause confusion as to the source of those goods.

64.     Counterclaim-defendants' actions constitute false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     On information and belief, Counterclaim-defendants' conduct alleged herein has been willful and designed to cause confusion or mistake.

**COUNTERCLAIM III**
**VIOLATION OF MASSACHUSETTS LAW**

66.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-65 above.

67.     Counterclaim-defendants' activities described herein constitute unfair competition and false and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

68.     On information and belief, Counterclaim-defendants' conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

**COUNTERCLAIM IV**
**CANCELLATION OF FALSE OR FRAUDULENT REGISTRATIONS**

69.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-68 above.

70.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court has the authority to order the Director of the United States Patent and Trademark Office to cancel trademark registrations.

71.     Upon information and belief, Meynard Designs and its predecessor-in-interest, Mondial Trading, falsely or fraudulently sought to obtain issuance of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit.

72.     Earth Products has been and continues to be damaged by continued registration of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, which are allegedly owned by Meynard Designs and asserted in this lawsuit.

73. Earth Products is entitled to cancellation of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 in accordance with Section 14(3) of the Lanham Act, 15 U.S.C. § 1064.

## COUNTERCLAIM V
## DAMAGES FOR FALSE OR FRAUDULENT REGISTRATION

74. Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-73 above.

75. Upon information and belief, Meynard Designs and its purported predecessor-in-interest, Mondial Trading, falsely or fraudulently sought to obtain issuance of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit.

76. Earth Products has been and continues to be damaged by U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826, which are allegedly owned by Meynard Designs and asserted in this lawsuit.

77. Earth Products is entitled to damages in accordance with Section 38 of the Lanham Act, 15 U.S.C. § 1120.

## COUNTERCLAIM VI
## DECLARATORY JUDGMENT OF TRADEMARK ABANDONMENT
## AND EARTH PRODUCTS' SUPERIOR TRADEMARK RIGHTS

78. Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-77 above.

79. The absence of EARTH goods from the marketplace for intermittent periods of time, some of which exceeded three years and during which there was no specific intention to resume use of the mark EARTH for any products, constitutes abandonment of the mark by Meynard Designs and/or its alleged predecessors-in-interest.

80.    Earth Products first used the mark EARTH in commerce in association with the sale of clothing was at least as early as 1992.  Counterclaim-defendants cannot establish a first use date for the mark EARTH for clothing prior to Earth Products' first use.  Accordingly, this Court should declare that Earth Products has superior rights to the use of the mark EARTH in connection with clothing and should therefore order cancellation of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

### COUNTERCLAIM VII
### CANCELLATION OF AND DECLARATORY JUDGMENT OF INVALIDITY OF TRADEMARK REGISTRATIONS UNDER 15 U.S.C. § 1060

81.    U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 are invalid under Section 10 of the Lanham Act, 15 U.S.C. § 1060 because the intent-to-use application that resulted in these two registrations was assigned before a statement of use was filed.

### EARTH PRODUCTS INC.'S
### COUNTERCLAIMS INCLUDING PLANET, INC.

### Parties

1.    Counterclaim-plaintiff Earth Products Inc. ("Earth Products") is a California corporation with its principal place of business at 5830 El Camino Real, Carlsbad, CA 92008.

2.    On information and belief, additional Counterclaim-defendant Planet, Inc. is a Massachusetts corporation with its principal place of business at 135 Second Avenue, Waltham, MA 02451.

3.    Counterclaim-defendants Meynard Designs and Earth, Inc. were described above.

### Jurisdiction and Venue

4.    This is an action arising out of the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, the laws of the States of Massachusetts, California and Washington, and the common

law.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C.

§ 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1332 (diversity jurisdiction),

28 U.S.C. § 1338 (acts of Congress relating to trademarks and unfair competition), and 28 U.S.C.

§ 1367 (supplemental jurisdiction of related state law claims).  The amount in controversy

exceeds the sum or value of $75,000.00.

  5.  Venue is permitted in this jurisdiction under 28 U.S.C. § 1391.

  6.  This Court has personal jurisdiction over Planet, Inc. because Planet, Inc. is a

Massachusetts corporation headquartered and doing business in Massachusetts.

  7.  This Court has personal jurisdiction over each of the other Counterclaim-

defendants for the reasons recited above and because they have availed themselves of this Court

by bringing this action.

## Facts In Support Of Planet, Inc. Counterclaims

  8.  On information and belief, Michel Meynard is Chief Executive Officer of Planet,

Inc. and Philippe Meynard is President of Planet, Inc.  Michel Meynard is also Chief Executive

Officer of Meynard Designs, Inc. and Earth, Inc.  Philippe Meynard is also President of Meynard

Designs, Inc. and Earth, Inc.

  9.  On information and belief, Planet, Inc. shares the same business address as

Meynard Designs, Inc. and Earth, Inc.

  10.  On information and belief, Michel Meynard and Philippe Meynard control the

design, manufacture, wholesale and retail sale of EARTH shoes and clothing through a network

of businesses:  Meynard Designs, Earth, Inc., and Planet, Inc.  Meynard Designs, Inc. designs

and arranges for the manufacture of EARTH clothing and shoes.  Earth, Inc. sells EARTH

clothing and shoes to retailers.  Planet, Inc. sells EARTH clothing and shoes directly to

consumers through its Web site located at Uniform Resource Locator www.planetshoes.com.

(the "Planet Web site").  Planet, Inc. was formerly known as Planet Shoes, Inc.

11.    On information and belief, from at least some time in 2001 until some time in September 2005, the Planet Web site stated, "Planet Shoes is a division of Meynard Designs, inc. (sic); a family-owned business dedicated to making shoes for retailers across the country for over 30 years.  The Internet has created a gateway for us to provide these same shoes directly to the public."

12.    On information and belief, Planet, Inc. commenced the use of the mark EARTH in association with the sale and promotion of clothing after Earth Products' first use in commerce of the mark EARTH in association with the sale and promotion of clothing.

13.    On information and belief, Planet, Inc. purports to have rights to use the EARTH mark derived from the other Counterclaim-defendants.

14.    On information and belief, Planet, Inc. in using the EARTH mark acts at the direction of and/or with the authorization or ratification of the other Counterclaim-defendants.

15.    On information and belief, Planet, Inc. and each of the other Counterclaim-defendants act in concert and/or as a single legal entity in using the EARTH mark.

16.    On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

17.    In the absence of Planet, Inc. as a party to this lawsuit, Earth Products will not be able to obtain complete relief.

## PLANET, INC. COUNTERCLAIM I
## COMMON LAW TRADEMARK INFRINGEMENT

18.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80

and Planet, Inc. Counterclaim paragraphs 1-17 above.

19.    By its acts as described herein, Planet, Inc. has intentionally deceived, and continues to deceive, consumers by using the mark EARTH on clothing and misrepresenting that its EARTH clothing is associated with or endorsed by Earth Products.

20.    Planet, Inc.'s activities constitute trademark infringement in violation of the common law of the Commonwealth of Massachusetts, the States of Washington and California and the several other states in which Planet, Inc. does business.

21.    On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## PLANET, INC. COUNTERCLAIM II
## FALSE DESIGNATION OF ORIGIN

22.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-21 above.

23.    Planet, Inc. has used the EARTH mark in a manner that falsely identifies and misrepresents the source of goods in a manner likely to cause confusion as to the source of those goods.

24.    Planet, Inc.'s actions constitute false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.    On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion or mistake.

## PLANET, INC. COUNTERCLAIM III
## VIOLATION OF MASSACHUSETTS LAW

26.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-25 above.

27.     Planet, Inc.'s activities described herein constitute unfair competition and false and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

28.     On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## PLANET, INC. COUNTERCLAIM IV
## VIOLATION OF CALIFORNIA LAW

29.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-28 above.

30.     Planet, Inc.'s and the other Counterclaim-defendants' use of the EARTH mark harms Earth Products in California.

31.     Planet, Inc. and the other Counterclaim-defendants are causing confusion and deception to injure Earth Products and consumers in California to the detriment of fair competition within California.

32.     Planet, Inc. and the other Counterclaim-defendants are liable for unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*

33.     Planet, Inc. and the other Counterclaim-defendants should be enjoined from further unfair competition and Earth Products should recover its attorneys' fees and costs incurred herein.

## RESERVATION OF RIGHTS TO AMEND
## AND REFERENCE TO TRANSFERRED CLAIMS

Nothing herein shall be deemed to waive or impair, and Earth Products expressly reserves, all rights to assert at any time additional claims, affirmative defenses, counterclaims, cross-claims and requests for relief, whether based on law or evidence, in this case.  Earth Products also notes that all of the claims asserted in Civil Action No. 05-1326Z have been

transferred to this Court by Order of the U.S. District Court for the Western District of

Washington at Seattle entered July 31, 2006 and therefore said claims remain pending and are

now ripe for adjudication by this Court.  Earth Products expects that related action to be

consolidated with this one by the Court.

## DAMAGE AND IRREPARABLE HARM TO EARTH PRODUCTS INC.

By reason of Counterclaim-defendants' acts alleged herein, Earth Products is suffering

and will continue to suffer irreparable damage.

Earth Products' remedy at law is not adequate to compensate it for the injuries caused

and threatened by Counterclaim-defendants' current and intended use of the EARTH mark.

## PRAYER FOR RELIEF

WHEREFORE, Earth Products Inc. prays that the Court declare and a judgment be

entered that:

A.      Plaintiffs' claims for affirmative relief are dismissed with prejudice.

B.      Earth Products has superior and exclusive rights for the mark EARTH for

clothing.  Meynard Designs, Earth, Inc. and Planet, Inc. have infringed Earth Products' rights in

the mark EARTH and further have committed false designation of origin and unfair competition

in violation of common law and statutory law of Massachusetts, including Mass. Gen. L. ch.

93A, and the laws of the States of Washington and California.

C.      Meynard Designs', Earth Inc.'s and Planet, Inc.'s trademark infringement,

false designation of origin, and unfair competition have been willful.

D.      Meynard Designs, Earth Inc., and Planet, Inc., their agents, servants,

employees, and attorneys, and all other persons, firms and corporations acting in concert or in

participation with Meynard Designs, Earth, Inc. and Planet, Inc., are permanently enjoined from

using or registering the EARTH mark, or any mark confusingly similar thereto, in association

with clothing.

E.      Meynard's asserted trademark registrations were falsely or fraudulently obtained and/or incontestable status was falsely or fraudulently claimed.

F.      Meynard's U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 be declared invalid under 15 U.S.C. § 1060.

G.      An Order be issued to the Director of the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826.

H.      Meynard Designs, Earth, Inc. and Planet Inc. cannot rely upon any use of the mark EARTH SHOE to establish use of the mark EARTH.

I.      Meynard Designs, Earth, Inc. and Planet Inc. have no valid right to the mark EARTH for clothing.

J.      Earth Products does not infringe any trademark rights of Meynard Designs or Earth, Inc..

K.      Earth Products does not violate 15 U.S.C. § 1125(a) by its use of the mark EARTH on clothing.

L.      Earth Products' use of the mark EARTH on clothing does not constitute unfair competition.

M.      Earth Products' use of the mark EARTH on clothing does not constitute unfair and deceptive trade practices under Mass. Gen. L. ch. 93A.

N.      Plaintiffs/Counterclaim-defendants shall pay compensatory and exceptional damages to Earth Products pursuant to 15 U.S.C. § 1117, Mass. Gen. L. ch. 93A and all other applicable laws, plus reasonable attorney's fees and costs incurred in this matter.

O.      Plaintiffs/Counterclaim-defendants shall be enjoined from further unfair competition and pay to Earth Products its full attorney's fees and costs associated with this dispute.

P.      Such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Earth Products Inc. demands a jury trial on all issues triable to a jury.


Dated:  October 23, 2007                By:  /s/ Derrick W. Toddy

**J. Christopher Carraway** (*pro hac vice*)
Email:  chris.carraway@klarquist.com
**Cindy L. Caditz** (*pro hac vice*)
Email:  cindy.caditz@klarquist.com
**Lane M. Chitwood** (*pro hac vice*)
Email:  lane.chitwood@klarquist.com
**Scott E. Davis** (*pro hac vice*)
Email:  scott.davis@klarquist.com
**Derrick W. Toddy** (*pro hac vice*)
Email:  derrick.toddy@klarquist.com
**KLARQUIST SPARKMAN, LLP**
121 S.W. Salmon Street, Suite 1600
Portland, OR  97204
Phone:  503-595-5300
Fax:  503-595-5301


**Steven M. Bauer, BBO# 542531**
Email:  sbauer@proskauer.com
**Gina Lombardo, BBO# 664839**
Email:  glombardo@proskauer.com
**PROSKAUER ROSE LLP**
One International Place
Boston, MA  02110
Phone:  617-526-9600
Fax:  617-526-9899

*Attorneys for Earth Products Inc.*

# EXHIBIT B

ATTORNEY'S DOCKET NO. M0849/2016 (DW)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : | Mondial Trading Company, Ltd. |
| Serial No | : | 75/977076 |
| Filed | : | July 20, 1994 |
| Mark | : | EARTH |
| Examiner | : | Lesley LaMothe |
| Law Office | : | 108 |

CERTIFICATE OF MAILING UNDER 37 C.F.R. §1.8(a)

The undersigned hereby certifies that this document is being placed in the United States mail with First Class postage attached, addressed to the Assistant Commissioner for Trademarks, 2900 Crystal Drive, Arlington, VA 22202-3513, on the 23 day of JULY.

David Wolf, Reg. No. 17,528

Box ITU Fee
ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 CRYSTAL DRIVE
ARLINGTON, VA 22202-3513

Sir:

Transmitted herewith are the following documents:

Response to Office Action
Substitute Statement of Use with Specimens
Postcard

If the enclosed papers are considered incomplete, the Mail Room and/or the Application Branch is respectfully requested to contact the undersigned at (617)720-3500, Boston, Massachusetts.

A check in the amount of $00 is enclosed to cover the filing fee. If the fee is insufficient, the balance may be charged to the account of the undersigned, Deposit Account No. 23/2825. A duplicate of this sheet is enclosed.

Respectfully submitted,

David Wolf
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2211
(617)720-3500

July 23, 1998
x7/23/98

M003499
05cv11781

ATTORNEY'S DOCKET NO. M0849/2016 (DW)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : | Mondial Trading Company, Ltd. |
| Serial No | : | 75/977076 |
| Filed | : | July 20, 1994 |
| Mark | : | EARTH |
| Class | : | 25 |
| Examiner | : | Lesley LaMothe |
| Law Office | : | 108 |
| Notice of Allowance Issue Date | : | July 23, 1997 |

Box Response No Fee
Assistant Commissioner For Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

Sir:

Applicant acknowledges the Office Action of March 30, 1998 and in response to the

rejection of the specimens herewith submits substitute specimens that display the mark

as EARTH in a manner consistent with the drawing as originally filed. The substitute

specimens are supported by a declaration consistent with 37 CFR Sec. 2.20 in the form

of a new Statement of Use.

In addition the substitute specimens do not function as ornamention and therefore the

ojection previously made with respect to the original specimens is mooted.

Further consideration is solicited.

Respectfully submitted,

David Wolf, Reg. No. 17,528
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02110
(617) 720-3500

-1-

M003500
05cv11781

ATTORNEY'S DOCKET NO. M0849/2016 (DW)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : | Mondial Trading Company, Ltd. |
| Serial No | : | 75/977076 |
| Filed | : | July 20, 1994 |
| Mark | : | EARTH |
| Class | : | 25 |
| Examiner | : | Lesley LaMothe |
| Law Office | : | 108 |
| Notice of Allowance Issue Date | : | July 23, 1997 |

STATEMENT OF USE UNDER 37 CFR §2.88, WITH DECLARATION

Box ITU Fee
Assistant Commissioner For Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

Sir:

Applicant requests registration of the above-identified trademark in the United

States Patent and Trademark Office on the Principal Register established by the Act of

July 5, 1946 (15 U.S.C. 1051 et. seq., as amended).

Three (3) specimens showing the mark as used in commerce are submitted with

this statement.

A Request to Divide under 37 CFR 2.87 is not being submitted with this

statement.

Applicant is using the mark in commerce on or in connection with those goods

identified in Notice of Allowance .

The date of first use of the mark anywhere is: prior to 1/98.

The date of first use of the mark in commerce which the U.S. Congress may

-1-

M003501
05cv11781

regulate is: prior to 1/98.

The type of commerce in which the mark is used is: interstate.

The manner or mode of use of the mark on or in connection with the goods is: applied to labels and in other ways customary to the trade.

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he is properly authorized to execute this Statement of Use on behalf of the applicant; he believes the applicant to be the owner of the trademark sought to be registered; the trademark is now in use in commerce; and all statements made of his own knowledge are true and all statements made on information and belief are believed to be true.

Mondial Trading Company, Ltd.

_16 July 1998_
Date

By: _ALWatt_
Name:  Kareen Walter
Title:    Director

187841.1                              -2-

ATTY DOCKET NO. H8049/2016 (DW)

M003502
05cv11781

Applicant:            Mondial Trading Company, Ltd.
Address:              763 P.O. Box 1109, Mary Street, Grand Cayman
                      CAYMAN ISLANDS, B.W.I.
Date of First Use:    prior to 1/98
First Use in Commerce: prior to 1/98
Class:
Goods/Services:       clothing
Mark:                 EARTH







187841.1

-3-

ATTY DOCKET NO. M8049/2016 (PW)

M003503
05cv11781

Serial No: 75/977076          File: m0849/2016          By: DW

Re: EARTH

Applicant: Montrol Trading Company, Ltd.

The following, DUE 9/30/98 in the USPTO, was received in the PTO Mail Room on the date stamped hereon.

[X] Actual Use Application for
    [ ] TM  [ ] SM  Registration
    incl. Drawing and 3 Specimens
[ ] Intent to Use (ITU) Application for
    [ ] TM  [ ] SM  Registration incl. Drawing
[X] Response to Office Action/Amendment
[X] Amn. to Allege Use w/Decl. & 3 Specimens
[X] Statement of Use w/Decl. & 3 Specimens
[ ] Declaration under Sec. 8 & Specimen
[ ] Declaration under Secs. 8 & 15 & Specimen
[ ] Application for Renewal & Specimen
[ ] Status Inquiry Letter
[ ] Affidavit  [ ] Declaration
[ ] _____
[ ] _____
[ ] _____
[ ] _____

[ ] Petition for Cancellation
[ ] Notice of Opposition
[ ] Notice of Appeal
[ ] Appeal Brief
[ ] _____ Request for Extension of Time _____
[ ] Assignment & PTO Cover Sheet
[ ] Appointment of Domestic Representative
[ ] Declaration for Substitute Specimens & Specimens
[ ] $_____
[X] Transmi
[ ] Mailing     U.S. Patent & TMOfc/TM Mail Rcpt Dt. #26
    Express
[X] Cert. of      ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
            07-27-1998

Date Mailed: 7/23/98

M003504
05cv11781

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC., <br><br>          Plaintiffs and Counterclaim <br>          Defendants, <br><br> v. <br><br> EARTH PRODUCTS INC., <br><br><br>          Defendant and Counterclaim <br>          Plaintiff. | CIVIL ACTION NO. 05 CV 11781 NMG |
| EARTH PRODUCTS INC. <br><br>          Third Party Plaintiff, <br><br> v. <br><br> PLANET, INC. <br><br><br>          Third-Party Defendant. | |

## MEYNARD DESIGNS, INC.'S RESPONSE TO EARTH PRODUCTS' THIRD SET OF INTERROGATORIES (NOS. 23-32)

Plaintiff Meynard Designs, Inc. ("Meynard"), hereby responds to Earth Products' Third Set of Interrogatories.

### GENERAL OBJECTIONS

A.      Meynard objects to each and every interrogatory insofar as any such request seeks information protected by the work product doctrine, subject to the attorney-client privilege, prepared or assembled in anticipation of litigation, subject to federal or state law prohibiting disclosure, or otherwise not within the scope of discovery under Fed. R. Civ. P. 26.

or designed, developed, made or assembled in the United States, including identification of the specific involvement of each Meynard Party and the corresponding time period.

## ANSWER TO INTERROGATORY NO. 25

Meynard objects to this interrogatory as it is compound and ambiguous. The interrogatory, especially if consideration is given to the definitions, is unintelligible. Moreover, the interrogatory relates to persons and entities that are not parties to this suit and are irrelevant to the claims and defenses in this trademark infringement action. To the extent the request seeks information relating to production and sale of goods other than the accused non-footwear clothing, it is overly broad and irrelevant. Meynard further objects as this request is unduly burdensome and calculated not to discover admissible evidence, but for purposes of harassment.

Earth, Inc. licenses the EARTH marks, among other marks, from Meynard Designs, Inc. Earth, Inc. sells a number of goods under the EARTH marks, among other marks, mainly to retailers for resale. Planet, Inc. is a retailer of goods of many brands, including those bearing the EARTH marks. Mondial Trading Co. Ltd. was the owner of the EARTH marks from 1994. It licensed those marks to Meynard. No further information is relevant to this dispute.

## INTERROGATORY NO. 26

State the basis for your contention that Meynard received a valid license from Mondial Trading to use the EARTH Mark and EARTH SHOE Mark in association with clothing (*see* Meynard's response to Interrogatory No. 11), including without limitation, the effective date of the license, the royalty terms and total royalties paid, the basis for Mondial Trading's alleged rights in the EARTH and EARTH SHOE Marks for use in association with clothing, any quality control rights, terms or requirements included in the license, any quality control procedures implemented by Mondial Trading, identification of the persons involved in the negotiation of the

6

license on behalf of Mondial Trading, identification of the persons involved in the negotiation of the license on behalf of Meynard, and identification of all documents that refer or relate to or evidence the alleged license arrangement.

**ANSWER TO INTERROGATORY NO. 26**

Meynard objects to this interrogatory as it is compound, ambiguous and constitutes more than one interrogatory. Meynard also objects to the request to identify all documents, in lieu of such identification, non-privileged documents will be produced. Subject to its objections, Meynard responds as follows:

Meynard was given an oral license to make use of the EARTH marks at some point in 1994. The presentations by Meynard to Wal-Mart in 1994 (as described in other discovery responses), which contained clothing, show that the license was effective prior to the first meeting. From its formation, the license was continuous throughout Mondial's ownership of the EARTH marks. Evidence of this license includes an agreement between Bradford License Associates (M003007) and Meynard relating to goods including clothing, effective March 20, 1996, making note that Meynard was a licensee. Further, Mondial approved of Meynard's use of the EARTH marks on clothing, and, in fact, used a specimen used by Meynard in relation to its trademark applications for clothing. Quality control provisions were the same or similar to provisions in the previously produced, written footwear license between Meynard and Mondial. The license was established in communications between Michel Meynard and Pierre Meynard, although others representing Mondial may have been involved. Pierre Meynard was given and shown samples of goods and catalogs of Meynard's production regularly during visits between Michel Meynard, Philippe Meynard, and Arlette Meynard and Pierre Meynard in France, about four times a year. In addition, Michel and Pierre at spoke least weekly from 1994 to 2000,

7

during which time information about the EARTH business was exchanged. As previously disclosed, Pierre controlled Mondial. In addition, over time Pierre shifted control of Mondial's business line relating to the EARTH marks to Michel as his agent, and Michel began to act as agent for Pierre and Mondial. Meynard did not pay royalties as a result of the familial relationship between Pierre Meynard and Michel Meynard.

Meynard objects to the independent request for the basis of Mondial's rights to EARTH for non-footwear clothing, as seeking legal analysis or privileged or work product information. Subject to the objections, Mondial had effective nationwide rights as of the filing date of its trademark application for EARTH for various clothing items. Even without the rights stemming from the registrations of the mark EARTH for clothing items, Mondial had acquired the registrations and common law rights to the EARTH marks for footwear, which included the right to use the marks on all goods and services within its natural zone of expansion, such as non-footwear clothing.

Pursuant to Fed. R. 33(d), any documents still in existence relating to the license will be, or have been, produced.

**INTERROGATORY NO. 27**

State the basis for your contention that there was no fraud or unclean hands involved in the submission of the assignment of U.S. Trademark Application Serial No. 74/551611 from Mondial Trading to Meynard effective June 25, 1997 (bates No. M0028) to the U.S. Patent and Trademark Office, including without limitation, identification of the persons involved in the negotiations on behalf of Meynard, the persons involved in the negotiations on behalf of Mondial Trading, the consideration paid by Meynard for the assignment, identification of the persons who prepared the assignment document, the reason for executing the assignment of U.S. Trademark

8

Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 in March 2000

(bates No. M003280) and the consideration paid by Meynard for this assignment, and all

documents that refer or relate to one or both of the assignments.

**ANSWER TO INTERROGATORY NO. 27**

Meynard objects to the compound nature of this interrogatory. In connection with the

many parts of the other interrogatories, Earth Products' requests well exceed 50 interrogatories.

Accordingly, Meynard has no obligation to respond to this interrogatory.

Earth Products has the burden to prove fraud occurred. Meynard's contention that there

was no fraud is, at least in part, based on the complete absence of evidence of fraud presented by

Earth Products. Meynard provides the following additional information.

The assignment to the USPTO was a document that accurately reflected an assignment

from Mondial to Meynard. The persons involved on behalf of Meynard were Michel Meynard

and counsel. At various times, Michel Meynard interacted with Pierre Meynard to obtain

authorization for various transactions between the companies. Over time, Michel Meynard was

granted authorization by Pierre Meynard to act as agent for Pierre and Mondial for purposes of

taking various corporate actions relating to the EARTH marks on behalf of Mondial. Pierre

relied heavily on his son in matters pertaining to Mondial's ownership and development of the

EARTH business. To the best of Michel's memory, the assignment resulted from either Pierre's

decision or Michel's decision as an agent for Pierre and Mondial with respect to the EARTH

marks. The assignment document was prepared by counsel for Meynard and Mondial. There

was little negotiation between the parties with relation to the assignment, because they had been

working closely and the controlling persons had a close family relationship. As to consideration,

aside from that recited in the assignment document, in many instances Pierre Meynard, Michel's

9

father, made gifts from his company to Meynard. Both were closely-held family businesses, and as commonly occurs in such situations, assets were from time to time conveyed from one to the other, in consideration of the close family relationship between the persons who owned, controlled, and operated these companies.

The documents reflected Mondial, Meynard, and its attorneys' good faith beliefs as to the nature of the ownership of the application at the time.

Like the June 25, 1997 assignment, the later assignment was an accurate recitation of a transfer of rights and goodwill from Mondial to its long time licensee (and company owned by Pierre Meynard's son). As noted above, as between Mondial and Meynard, assets were occasionally transferred. In this case, in late 1997 or early 1998, the rights for EARTH for clothing were assigned back to Mondial from Meynard. As a result of the 1997 or 1998 assignment back to Mondial, in 2000, when Mondial decided to assign all rights to Michel Meynard's company, it was also necessary to assign the rights to EARTH for clothing, including the two registrations for EARTH for various clothing items. As with the prior assignment between Mondial and Meynard, to the best of Meynard's knowledge, the assignment was a gift in consideration of the familial relationship between Michel and Pierre and the fact that Michel's company had been a longtime licensee of the marks. The 2000 assignment from Mondial to Meynard was prepared by their trademark counsel. There was little or no negotiation, as Pierre and Michel generally agreed the transfer should take place.

**INTERROGATORY NO. 28**

For each Meynard Family Member who has had and/or does have a Relationship with a Meynard Entity, describe in detail the Relationship, including, if the nature or scope of the Relationship has changed over time, the time period for each phase of the Relationship.

10

**JURAT**

On behalf of the Meynard, I have read the foregoing responses to interrogatories. Said responses were prepared by or with the assistance of agents, employees, and/or representatives of Meynard and/or others believed to have relevant information, and with the assistance and advice of counsel, upon which I have relied. The responses set forth herein, subject to inadvertent or undiscovered errors or omissions, are based on, and therefore necessarily limited by, the records and information still in existence, presently recollected, thus far discovered in the course of the preparation of these responses, and currently available to Meynard. Consequently, Meynard reserves the right to make any changes or additions to any of these responses if it appears at any time that errors or omissions have been made therein or that more accurate or complete information has become available. Subject to the limitations set forth herein, the said responses are true to the best of my present knowledge, information and belief. I certify under penalty of perjury on behalf of Meynard that the foregoing is true and correct.

Dated:   7/31/07

Name: Michel Meynard
Title:   CEO
Meynard Designs, Inc.

As to objections and reservations of rights

Dated: 8/1/07

Michael Albert, BBO # 558566
malbert@wolfgreenfield.com
Laura Topper, BBO # 652364
ltopper@wolfgreenfield.com
Hunter Keeton, BBO #660609
hkeeton@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.  617 646.8000
Fax  617 646.8646

1214578.3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>          Plaintiffs and<br>          Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>          Defendant and<br>          Counterclaim-Plaintiff. | Civil No. 1:05-CV-11781 NMG<br>Judge Nathaniel M. Gorton |
| EARTH PRODUCTS INC.<br><br>          Third-Party Plaintiff and<br>          Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>          Third-Party Defendant and<br>          Counterclaim-Plaintiff. | **<u>CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER</u>**<br><br>**FILED UNDER SEAL WITH THE COURT IN ACCORDANCE WITH THE ASSENTED-TO MOTION TO FILE UNDER SEAL ON OCTOBER 12, 2007 (DOCKET #54) and PER ORDER DATED 10/19/2007** |

# EXHIBIT D

# FILED UNDER SEAL

# EXHIBIT E



**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

Celebrating 80 Years
1927 - 2007

**Laura Topper**
ltopper@wolfgreenfield.com
direct dial 617.646.8307

February 21, 2007

**VIA EMAIL**
scott.davis@klarquist.com

Scott E. Davis, Esq.
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204

Re:     Meynard Designs, Inc., et al. v. Earth Products, Inc.,
Civil Action No. 05-cv-11781 NMG
Our File No. M0849.50028US00

Dear Scott:

We write in response to your letter dated February 14, 2007. First, we disagree with your characterization of the businesses of the Meynard family as a web and the unfounded implication that there is something inappropriate about their business dealings.

In addition, we disagree that discovery from the third parties recited in the letter is "critical" to this case. This case relates to the use of the EARTH mark in the United States. We similarly disagree with the statement that our clients or the Meynard family have control and influence over these entities.

We will not (and have no authority) to agree to a blanket request that a number of different entities accept and be bound by a subpoena issued from the District of Massachusetts. With respect to Meynard Trading Corp. and Meynard Shoes, Inc., we will accept service of a subpoena, reserving our objections to any discovery requested. With respect to the foreign entities, we have no authority to accept service of a subpoena on their behalf. If you feel such discovery is necessary, you are free to pursue discovery through the Hague Convention or other applicable rules.

Please feel free to contact us if you would like to discuss this matter further.

Very truly yours,

WOLF, GREENFIELD & SACKS, P.C.

Laura Topper

LXT/ars

1149223.1   **Wolf, Greenfield & Sacks, P.C.**  |  600 Atlantic Avenue  |  Boston, Massachusetts 02210-2206
617.646.8000  |  fax 617.646.8646  |  www.wolfgreenfield.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>               Plaintiffs and<br>               Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>               Defendant and<br>               Counterclaim-Plaintiff. | Civil No. 1:05-CV-11781 NMG<br><br>Judge Nathaniel M. Gorton |
| EARTH PRODUCTS INC.<br><br>               Third-Party Plaintiff and<br>               Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>               Third-Party Defendant and<br>               Counterclaim-Plaintiff. | **CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER**<br><br>**FILED UNDER SEAL WITH THE COURT IN ACCORDANCE WITH THE ASSENTED-TO MOTION TO FILE UNDER SEAL ON OCTOBER 12, 2007 (DOCKET #54) and PER ORDER DATED 10/19/2007** |

# EXHIBIT F

# FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>           Plaintiffs and<br>           Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>           Defendant and<br>           Counterclaim-Plaintiff. | Civil No. 1:05-CV-11781 NMG<br>Judge Nathaniel M. Gorton |
| EARTH PRODUCTS INC.<br><br>           Third-Party Plaintiff and<br>           Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br>           Third-Party Defendant and<br>           Counterclaim-Plaintiff. | **<u>CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER</u>**<br><br>**FILED UNDER SEAL WITH THE COURT IN ACCORDANCE WITH THE ASSENTED-TO MOTION TO FILE UNDER SEAL ON OCTOBER 12, 2007 (DOCKET #54) and PER ORDER DATED 10/19/2007** |

# EXHIBIT G

# FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>        Plaintiffs and<br>        Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>        Defendant and<br>        Counterclaim-Plaintiff. | Civil No. 1:05-CV-11781 NMG<br>Judge Nathaniel M. Gorton |
| EARTH PRODUCTS INC.<br><br>        Third-Party Plaintiff and<br>        Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>        Third-Party Defendant and<br>        Counterclaim-Plaintiff. | **CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER**<br><br>**FILED UNDER SEAL WITH THE COURT IN ACCORDANCE WITH THE ASSENTED-TO MOTION TO FILE UNDER SEAL ON OCTOBER 12, 2007 (DOCKET #54) and PER ORDER DATED 10/19/2007** |

# EXHIBIT H

# FILED UNDER SEAL

# EXHIBIT I

**Susan E. Miller**

| | |
|---|---|
| **From:** | Derrick W. Toddy |
| **Sent:** | Thursday, October 11, 2007 5:06 PM |
| **To:** | Susan E. Miller |
| **Subject:** | Exhibit 9 and Exhibit 1 (attached pleading) |

**Attachments:**    First Amended Answer.doc

**From:** Chris Carraway
**Sent:** Thursday, September 27, 2007 4:31 PM
**To:** 'Albert, Michael'
**Cc:** 'Topper, Laura'; 'Keeton, Hunter'; Scott E. Davis; Derrick W. Toddy
**Subject:** Meynard v Earth Products - Proposed Amendment

Dear Michael,

Thank you for the hospitality at yesterday's deposition of Celso Kiefer. Due to information we learned in that deposition, Earth Products will be filing a motion to amend its Answer and Counterclaims to include a defense and counterclaim that MDI's two EARTH clothing registrations are invalid under Section 10 of the Lanham Act, 15 U.S.C. § 1060. I am writing to ask if your clients will consent to the motion so that the parties can avoid wasteful motion practice on this straightforward amendment issue.

The basis for the defense is that the intent-to-use (ITU) application that resulted in those registrations was assigned several times prior to the filing of a statement of use, which renders the resulting registrations invalid pursuant to 15 U.S.C. § 1060(a). Specifically, on July 20, 1994, Mondial Trading filed Application No. 74/551,611 as an ITU application under Section 1(b) of the Lanham Act for the mark EARTH for use on clothing. On June 25, 1997, Mondial Trading assigned the '611 ITU application to Michel Meynard, Inc. Then, according to MDI's interrogatory responses, MMI assigned this ITU application back to Mondial Trading in late 1997 or early 1998. The '611 intent-to-use application was divided into two applications that issued as Registration Nos. 2,199,118 and 2,249,826. Proper statements of use were not filed for these two EARTH clothing applications until July 27, 1998 and January 22, 1999. Thus, the ITU application that resulted in the '118 and '826 EARTH clothing registrations was assigned *twice* before the filing of a proper statement of use.

Section 10(a)(1) of the Lanham Act states: "[N]o application to register a mark under section 1(b) shall be assignable prior to the filing of an amendment under section 1(c) to bring the application into conformity with section 1(a) or the filing of the verified statement of use under section 1(d), except for an assignment to a successor to the business of the applicant, or portion thereof, to which the mark pertains, if that business is ongoing and existing."

Mr. Kiefer's testimony yesterday revealed that MMI's business regarding the EARTH mark was continuous from at least 1995 to the present and that MMI "never stopped" being in that business. Thus, we learned yesterday that the assignments of the ITU applications did not meet the very limited exception to Section 10 for ITU assignments in conjunction with the transfer of the business associated with the mark.

I have attached a copy of the proposed First Amended Answer and Counterclaims, in a red-line version from the earlier filed pleading. The additions for the Section 10 invalidity appear as the Tenth Affirmative Defense, Seventh Counterclaim, and Prayer for Relief Paragraph F. In addition, to update the pleading to match events that have occurred since or facts that have been uncovered in discovery, I have changed all instances of "Earth Visions" to "Earth Inc." and the averments of Earth Products' first use date for EARTH from 1990 to 1992 (see pp. 4, 13).

1

Please let me know as soon as possible whether your clients will oppose Earth Products' motion to file the First Amended Answer and Counterclaims.

Kind regards,

Chris



First Amended
Answer.doc (233 ...


Chris Carraway
KLARQUIST SPARKMAN, LLP
Phone: (503) 595-5300
E-mail: chris.carraway@klarquist.com

The information contained in this e-mail is confidential and may be legally privileged. It is intended solely for the addressee. Access to this e-mail by anyone else is not authorized. If you are not the intended recipient, any disclosure, copying, distribution, use, or any action you take or fail to take in reliance on it, is prohibited and may be unlawful. Please immediately notify us by telephone (collect) or return e-mail, destroy the original message, and retain no copy - on your system or otherwise.

# EXHIBIT J

## Susan E. Miller

| | |
|---|---|
| **From:** | Derrick W. Toddy |
| **Sent:** | Thursday, October 11, 2007 5:06 PM |
| **To:** | Susan E. Miller |

**Subject:** Exhibit 10

**From:** Albert, Michael [mailto:Michael.Albert@WolfGreenfield.com]
**Sent:** Friday, October 05, 2007 8:58 AM
**To:** Chris Carraway
**Cc:** Topper, Laura; Keeton, Hunter; Scott E. Davis; Derrick W. Toddy
**Subject:** RE: Meynard v Earth Products - Proposed Amendment

Dear Chris,

We have reviewed your request to amend Earth Products' Answer to add an affirmative defense and counterclaim that Meynard Designs, Inc.'s ("MDI") trademark registrations for EARTH for non-footwear clothing are invalid for violating 15 U.S.C. Sec. 1060(a)(1). Our clients will not consent to this motion, for several reasons.

First, your request to amend comes long after the due date for amendments of pleadings. According to the schedule entered by the judge on November 28, 2006, all amendments and supplements to pleadings had to be completed by January 31, 2007. This date was never altered by any motion or stipulation of the parties to extend various other dates. Almost nine months passed before you requested our consent to amend the Answer; a very significant delay and one that would prejudice our clients should any amendments now occur.

Second, this delay occurred despite the fact that Earth Products knew the basis of any such defense long before the recent deposition of Celso Kiefer. Earth Products was previously informed that MDI's business relating to the EARTH marks was continuous and "never stopped," both as a licensee of Mondial on various rights, including Serial No. 74/551,611, as owner of that application for a period in 1997 and possibly 1998, and again as a licensee of Mondial on that application until 2000. See, e.g., Paragraph 11 of Plaintiffs' Complaint, filed August 29, 2005 (MDI's use of the marks was "continuous"); MDI Interrogatory Responses 2-5, 11, 13, 14, 18, and 19, served on December 8, 2006; MDI Interrogatory Response 20, served April 6, 2007; and MDI Interrogatory Responses 26, 27, and 30, served August 1, 2007. In addition, Plaintiffs have produced many documents long before the deposition of Celso Kiefer that demonstrate that MDI's business under the EARTH marks was continuous. See, for example, the invoices produced at M000469-1554, which show continuous use of EARTH marks by MDI and/or its licensees from 1994 going forward, and which were produced to Earth Products on December 20, 2006.

Earth Products was thus on notice from the very beginning of the case that MDI claimed to be continuously using the EARTH marks from at least as early as 1994 onwards. Earth Products had plentiful evidence of this activity before the due date to amend pleadings by January 31, 2007, and had even more evidence of it long before Mr. Kiefer's deposition. Earth Products has simply delayed too long to assert a defense of which it was on notice since the start of the case. There was nothing about Mr. Kiefer's deposition that came as any surprise on this point.

Thirdly, Earth Products' proposed amendment would be futile, as the situation between Mondial and MDI complies with the portion of Sec. 1060 that allows "an assignment to a successor corporation to the business of the applicant, or portion thereof, to which the mark pertains." The law is clear that the relevant portion of Sec. 1060 is meant to combat "trafficking" of ITU applications for registration – that is, "the buying and selling of 'inchoate' marks" by companies that have not generated any goodwill in them. No such trafficking in marks prior to use occurred here, where the marks at all times were assigned and used solely by companies operating, directly or through a licensee, in the relevant field and with a close family nexus between those operating the entities in question.

For at least the above reasons, Plaintiffs do not consent to Earth Products amending its Answer to add this defense and counterclaim.

Regards,
Michael


**Michael A. Albert**
malbert@wolfgreenfield.com
direct dial 617.646.8240
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000 | 617.646.8646 fax

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Chris Carraway [mailto:christopher.carraway@klarquist.com]
**Sent:** Thursday, September 27, 2007 7:31 PM
**To:** Albert, Michael
**Cc:** Topper, Laura; Keeton, Hunter; Scott E. Davis; Derrick W. Toddy
**Subject:** Meynard v Earth Products - Proposed Amendment

Dear Michael,

Thank you for the hospitality at yesterday's deposition of Celso Kiefer. Due to information we learned in that deposition, Earth Products will be filing a motion to amend its Answer and Counterclaims to include a defense and counterclaim that MDI's two EARTH clothing registrations are invalid under Section 10 of the Lanham Act, 15 U.S.C. § 1060. I am writing to ask if your clients will consent to the motion so that the parties can avoid wasteful motion practice on this straightforward amendment issue.

The basis for the defense is that the intent-to-use (ITU) application that resulted in those registrations was assigned several times prior to the filing of a statement of use, which renders the resulting registrations invalid pursuant to 15 U.S.C. § 1060(a). Specifically, on July 20, 1994, Mondial Trading filed Application No. 74/551,611 as an ITU application under Section 1(b) of the Lanham Act for the mark EARTH for use on clothing. On June 25, 1997, Mondial Trading assigned the '611 ITU application to Michel Meynard, Inc. Then, according to MDI's

interrogatory responses, MMI assigned this ITU application back to Mondial Trading in late 1997 or early 1998. The '611 intent-to-use application was divided into two applications that issued as Registration Nos. 2,199,118 and 2,249,826. Proper statements of use were not filed for these two EARTH clothing applications until July 27, 1998 and January 22, 1999. Thus, the ITU application that resulted in the '118 and '826 EARTH clothing registrations was assigned *twice* before the filing of a proper statement of use.

Section 10(a)(1) of the Lanham Act states: "[N]o application to register a mark under section 1(b) shall be assignable prior to the filing of an amendment under section 1(c) to bring the application into conformity with section 1(a) or the filing of the verified statement of use under section 1(d), except for an assignment to a successor to the business of the applicant, or portion thereof, to which the mark pertains, if that business is ongoing and existing."

Mr. Kiefer's testimony yesterday revealed that MMI's business regarding the EARTH mark was continuous from at least 1995 to the present and that MMI "never stopped" being in that business. Thus, we learned yesterday that the assignments of the ITU applications did not meet the very limited exception to Section 10 for ITU assignments in conjunction with the transfer of the business associated with the mark.

I have attached a copy of the proposed First Amended Answer and Counterclaims, in a red-line version from the earlier filed pleading. The additions for the Section 10 invalidity appear as the Tenth Affirmative Defense, Seventh Counterclaim, and Prayer for Relief Paragraph F. In addition, to update the pleading to match events that have occurred since or facts that have been uncovered in discovery, I have changed all instances of "Earth Visions" to "Earth Inc." and the averments of Earth Products' first use date for EARTH from 1990 to 1992 (see pp. 4, 13).

Please let me know as soon as possible whether your clients will oppose Earth Products' motion to file the First Amended Answer and Counterclaims.

Kind regards,

Chris

<<First Amended Answer.doc>>

Chris Carraway
KLARQUIST SPARKMAN, LLP
Phone: (503) 595-5300
E-mail: chris.carraway@klarquist.com

The information contained in this e-mail is confidential and may be legally privileged. It is intended solely for the addressee. Access to this e-mail by anyone else is not authorized. If you are not the intended recipient, any disclosure, copying, distribution, use, or any action you take or fail to take in reliance on it, is prohibited and may be unlawful. Please immediately notify us by telephone (collect) or return e-mail, destroy the original message, and retain no copy - on your system or otherwise.

# EXHIBIT K



Attorney Docket No. M0849/2005 (DW)

Applicant:        Mondial Trading Company Ltd.
Serial No.        74/551611
Filed:            July 20, 1994
For:              EARTH
Examiner:         David J. Cho
Law Office:       10

1/23/96
1X

ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, VA  22202-3513

Sir:

Transmitted herewith for filing is the following document:

Request for Extension of Time to File a Statement of Use

If the enclosed papers are considered incomplete, the Mail Room and/or the Application Branch is respectfully requested to contact the undersigned collect at (617) 720-3500 (Boston, Massachusetts).

A check in the amount of $100.00 is enclosed to cover the filing fee.  If the fee is insufficient, the balance may be charged to the account of the undersigned, Deposit Account No. 23/2825. A duplicate of this sheet is enclosed.

Respectfully submitted,

David Wolf
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA  02210
(617) 720-3500

Date:  1/16/97
Due Date:     1/23/97

CERTIFICATE OF MAILING UNDER 37 C.F.R. §1.8(a)

I hereby certify that this document is being deposited with the United States Postal Service with First Class postage attached and is addressed to the Assistant Commissioner for Trademarks, 2900 Crystal Drive, Arlington, VA  22202-3513.

1/16/97
Date of Deposit

David Wolf

5960.1





<u>Attorney Docket No. M0849/2005 (DW)</u>

| | |
|---|---|
| Applicant: | Mondial Trading Company Ltd. |
| Serial No.: | 74/551611 |
| Filed: | July 20, 1994 |
| For: | EARTH |
| Examiner: | David J. Cho |
| Law Office: | 10 |

ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, VA 22202-3513

Sir:

Transmitted herewith for filing is the following document:

Request for Extension of Time to File a Statement of Use

If the enclosed papers are considered incomplete, the Mail Room and/or the Application Branch is respectfully requested to contact the undersigned collect at (617) 720-3500 (Boston, Massachusetts).

A check in the amount of $100.00 is enclosed to cover the filing fee. If the fee is insufficient, the balance may be charged to the account of the undersigned, Deposit Account No. 23/2825. A duplicate of this sheet is enclosed.

Respectfully submitted,

David Wolf
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 720-3500

Date: 1/16/97
Due Date: 1/23/97

---

<u>CERTIFICATE OF MAILING UNDER 37 C.F.R. §1.8(a)</u>

I hereby certify that this document is being deposited with the United States Postal Service with First Class postage attached and is addressed to the Assistant Commissioner for Trademarks, 2900 Crystal Drive, Arlington, VA 22202-3513.

Date of Deposit

David Wolf

5960.1



100/3 ☉ ITU

TRADEMARK MAILROOM
REC'D
JAN 21 1997
61
US PATENT & TRADEMARK OFFICE

**ATTORNEY'S DOCKET NO. M0849/2005 (DW)**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

EXTENSION
REQUEST
GRANTED
3-4-97
DNS

Applicant:        Mondial Trading Company Ltd.
Serial No:        74/551611
Filed:            July 20, 1994
Mark:             EARTH
Class No:         25
Examiner:         David J. Cho
Law Office:       10
Notice of Allowance Mailing Date: January 23, 1996

630 BO 01/30/97 74551611
100.00 CK
0 364

REQUEST FOR EXTENSION OF TIME UNDER 37 CFR 2.89
TO FILE A STATEMENT OF USE, WITH DECLARATION

Assistant Commissioner For Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

Dear Sirs:

Applicant requests a six-month extension of time to file the Statement of Use under 37 CFR 2.88 in this application.

Applicant has a continued bona fide intention to use the mark in commerce in connection with those goods identified in the Notice of Allowance in this application.

This is the 2nd Request for an Extension of Time following mailing of the Notice of Allowance.

Applicant has not used the mark in commerce yet on all goods specified in the Notice of Allowance; however, applicant has made the following ongoing efforts to use the mark in commerce on or in connection with each of the goods specified above:

The product line is still under development, but the full line has not yet been finalized.

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this Request for Extension of Time to File A Statement of Use on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered; and all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

1/11/97
_____
Date

_____
Signature

508. 820.7242
_____
Telephone No.

MICHEL MEYNARD   CEO
_____
Print or Type Name and Position