

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
OFFICE OF THE CLERK
1 COURTHOUSE WAY
BOSTON, MASSACHUSETTS 02210

**Sarah Allison Thornton**
CLERK OF COURT

November 5, 2007

Cayman Islands Government
Central Authority
c/o P.O. Box 907 GT
1st Floor - Ansbacher Building
Grand Cayman KY1-1103
British West Indies

Governor's Office
4th Floor
AALL Building
8 North Church Street
Georgetown, Grand Cayman KY1-1103
British West Indies

ATTN:  Odia S. Reid, Crown Counsel for the Attorney General

Re:  Request for Judicial Assistance in the Matter of Meynard Designs, Inc. and Earth, Inc. v. Earth Products Inc., Earth Products Inc. v. Planet, Inc.
Civil Action No. 05-CV-11781 (NMG)
<u>United States District Court for the District of Massachusetts</u>

Dear Sir or Madam:

We have been requested by Judge Nathaniel M. Gorton to send on to you through the Governor's Office the attached Letter of Request. This first Letter of Request, filed June 6, 2007, seeks evidence and documentation from two witnesses in the Cayman Islands, namely:

(1) Thomas Clark of HSBC Financial Services (Cayman) Limited; and
(2) Kareen Watler of HSBC Financial Services (Cayman) Limited.

The Order directing Issuance of the Letter of Request, dated June 7, 2007, in the above matter is also enclosed.

Should you have any questions regarding the above-referenced documents, please direct them to the undersigned.

Very Truly Yours,

*Sarah Allison Thornton*
Clerk of Court

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>    Plaintiffs and<br>    Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>    Defendant and<br>    Counterclaim-Plaintiff. | |
| EARTH PRODUCTS INC.<br><br>    Third-Party Plaintiff and<br>    Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>    Third-Party Defendant and<br>    Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |

**PROPOSED ORDER DIRECTING ISSUANCE OF A LETTER OF REQUEST**

NATHANIAL M. GORTON, *District Judge.*

This matter having been considered upon the unopposed motion of defendant and counterclaim-plaintiff Earth Products Inc. for testimony and documents from Thomas Clark and Kareen Watler, and it appearing that such a letter of request is appropriate,

Now, therefore it is hereby ordered that the Clerk of this Court shall issue the letter of request attached to this order.

SO ORDERED.

Dated: June 7, 2007

                                              */s/ Nathaniel M. Gorton*
                                              Nathanial M. Gorton, United States
                                              District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>　　　　Plaintiffs and<br>　　　　Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>　　　　Defendant and<br>　　　　Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |
| EARTH PRODUCTS INC.<br><br>　　　　Third-Party Plaintiff and<br>　　　　Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>　　　　Third-Party Defendant and<br>　　　　Counterclaim-Plaintiff. | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE CONVENTION OF 18TH MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS ("HAGUE EVIDENCE CONVENTION")**

The United States District Court for the District of Massachusetts presents its compliments to the appropriate judicial authority in the Cayman Islands, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. This Court has determined that it would further the interests of justice if the persons described below were deposed, under oath, as to their knowledge of the facts which are relevant to the issues of this case, and ordered to produce relevant documents.

2

**SECTION I**

1. **Requester**

   Hon. Nathaniel M. Gorton, United States District Judge

2. **Central Authority of the Requested State**

   His Excellency the Governor of the Cayman Islands
   Government Administration Building
   Elgin Avenue
   George Town
   Grand Cayman
   Cayman Islands BWI3.

3. **Return of Executed Request**

   The person to whom the Executed Request is to be returned is

   Hon. Nathaniel M. Gorton
   John Joseph Moakley
   United States Courthouse
   Suite 2300
   One Courthouse Way
   Boston, MA 02210-3002

**SECTION II**

   IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE CONVENTION
   ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR
   COMMERCIAL MATTERS (THE "CONVENTION"), THE
   UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE
   FOLLOWING REQUEST:

4. (a) **Requesting Judicial Authority (Article 3 (a))**

   Hon. Nathaniel M. Gorton
   United States District Judge
   John Joseph Moakley
   United States Courthouse
   Suite 2300
   One Courthouse Way
   Boston, MA 02210-3002

3

(b) **To the Competent Authority of the Cayman Islands (Article 3 (a))**

His Excellency the Governor of the Cayman Islands
Government Administration Building
Elgin Avenue
George Town
Grand Cayman
Cayman Islands BWI3

5. **Purpose of the Request**

The purpose of this Request is to obtain documentary and oral evidence for use at trial in the above-captioned action. It has been made on the application of DEFENDANT AND PLAINTIFF BY COUNTERCLAIM EARTH PRODUCTS INC., who has demonstrated to us that the evidence sought is necessary for the due determination of the matters in dispute between the parties and that the witnesses identified in paragraph 11 below are likely to be able to give such evidence.

6. **Names and addresses of the parties and their representatives (article 3 (b))**

The evidence requested relates to the above-captioned matter. The parties and their representative in the above-captioned matter are listed in Schedule A hereto. The applicant for this letter of request is defendant Earth Products Inc.

7. **Nature and purpose of the proceedings and summary of facts (article 3 (c))**

The above-captioned action concerns the intellectual property rights to the EARTH and EARTH SHOE marks (collectively the "EARTH Marks"). Earth Products has been in a dispute regarding rights in the EARTH trademark for use with clothing since 2000.[1] Earth Products contends it has used the mark EARTH with clothing since at least as early as 1992.

---

[1] In July 2000, Earth Products notified Earth.Com, Inc. ("Earth.Com") of Earth Products' exclusive right to use the mark PLANET EARTH with footwear and clothing. Accordingly, Earth.Com abandoned its pending trademark applications for several marks, including PLANET EARTH. Earth.Com is the former name of Planet, Inc., one of the parties to this lawsuit.

4

Meynard Designs did not begin using the EARTH Marks with any products until 1994, but argues that it licensed and eventually purchased trademark registrations for the EARTH Marks, which it contends entitle it to claim the benefit of use of the mark with "Earth Shoes" back in the 1970's.[2]

In 2003, Earth Products filed petitions with the U.S. Patent and Trademark Office seeking cancellation of two trademark registrations for "EARTH" purportedly assigned to Meynard Designs.[3] Earth Products then filed a Complaint against Meynard Designs in the United States District Court for the Western District of Washington on July 28, 2005.[4] About one month later, Meynard Designs and Earth Visions (now called "Earth, Inc.") sued Earth Products in the District of Massachusetts and filed a motion to dismiss, transfer or stay the Washington action.[5] Earth Products filed its answer and counterclaims on August 14, 2006[6] and Meynard Designs and Earth, Inc. responded to Earth Products' Complaint on September 11,

---

[2] The original Earth Shoe footwear was developed and refined by Anne Kalso from 1957-1967. Earth Shoe footwear was distinguished by its positioning of the heel portion lower than the toe portion. Earth Products contends that Meynard Designs is not entitled to claim priority from Anne Kalso or any of her successors because it argues the EARTH Marks had been abandoned due to non-use before Meynard Designs purchased the alleged rights. Meynard Designs denies any such abandonment by its predecessors-in-interest.

[3] The two EARTH registrations at issue for clothing are U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

[4] Attached hereto as Exhibit A is a copy of Earth Products Inc.'s original complaint in the Western District of Washington case.

[5] Attached hereto as Exhibit B is a copy of the original complaint in the present District of Massachusetts case.

[6] Attached hereto as Exhibit C is a copy of Earth Products' answer and counterclaims in the present District of Massachusetts case.

2006.[7] The two cases were eventually consolidated in the District of Massachusetts in the present above-captioned case.

Meynard Designs originally licensed trademark registrations for the EARTH Marks for use with footwear in 1994 from a Cayman Islands corporation called Mondial Trading Co. Ltd. ("Mondial"). Mondial apparently acquired the trademark registrations on or about March 9, 1994 and later assigned them to Meynard Designs on or about March 1, 2000.[8] Mondial's use and/or control over the EARTH Marks during the period it purported to own the trademark registrations is an issue in dispute between the parties to the litigation. Issues which this Court must determine is whether (and, if so, to what extent) Mondial ever used the EARTH Marks and exercised control over the nature and quality of goods in connection with which Mondial's licensees used the EARTH Marks. Since Mondial was a Cayman Islands corporation, it is necessary to seek this information in the Cayman Islands. Though Mondial was struck off the Cayman Islands Register of Companies in September 2000, the individuals who were directors of Mondial between 1994 and 2000 are resident in the Cayman Islands. Testimony is sought from these former directors, Thomas Clark and Kareen Watler, in connection with the use or control of the EARTH Marks between 1994 and 2000, together with the production of documents relevant to this issue.

On February 10, 1995 the aforementioned Thomas Clark, as a director of Mondial, wrote to the United States Customs Service describing Mondial's license of EARTH Marks and authorizing the release of certain goods bearing the EARTH Marks to International

---

[7] Attached hereto as Exhibit D is a copy of Meynard Designs, Inc.'s and Earth, Inc.'s answer and counterclaims.

[8] Attached hereto as Exhibit E is a copy of documents reflecting Mondial's purported interest in the EARTH Marks, including the assignments to Mondial recorded with the U.S. Patent and Trademark Office.

Shoe Trading Ltd. and Michel Meynard, Inc. Additionally, on May 7, 1996, Mr. Clark filed a request for an extension of time to file a statement of use with the United States Patent and Trademark Office.[9] In 1996 and 1997, the aforementioned Kareen Watler signed documents as a director of Mondial attesting to use of trademarks at issue, which documents were submitted to the United States Patent and Trademark Office.[10] Earth Products contends that testimony from these individuals, together with relevant documents, is required to determine whether Mondial used or took any steps to control use of the EARTH Marks between 1994 and 2000.

### 8.    Summary of the Complaint

Plaintiffs
Meynard Designs, Inc. and Earth Visions, Inc.[11]

Defendant
Earth Products Inc.

Plaintiffs' claims
Plaintiffs assert that Earth Products Inc.'s use of the EARTH Marks in connection with clothing infringes on their trademarks.

### 9.    Summary of the Answer

As relevant to this request, Defendants assert that the Plaintiffs' trademarks are invalid and are therefore not infringed because, among other reasons, the EARTH Marks were abandoned, including during the period of ownership by Mondial.

### 10.    Evidence to be obtained or other judicial act to be performed (article 3 (d))

The evidence to be obtained consists of testimony and documents for use in the trial of the claims and defenses in the above-captioned CIVIL ACTION NO. 05 cv 11781 NMG

---

[9] Attached hereto as Exhibit F are copies of the aforementioned documents signed by Thomas Clark. Michel Meynard, Inc. is now known as Meynard Designs, Inc., a party to this litigation.

[10] Attached hereto as Exhibit G are copies of the documents signed by Kareen Watler.

[11] Earth Visions, Inc. has since changed its name to "Earth, Inc."

pending in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

Evidence regarding use of and control over the EARTH Marks during the period of ownership by Mondial is required for trial, because any evidence indicating a lack of control by Mondial of the nature and quality of goods in connection with which the EARTH Marks were used may establish abandonment of the marks by Mondial, and serve as a complete defense to the claims against Earth Products. Because Mondial was struck from the registry of the Cayman Islands on September 29, 2000, documents cannot be obtained directly from Mondial. However, those who served as officers or directors of Mondial should be able to provide testimony, and may be able to produce documents, concerning any use of and control over the EARTH Marks between 1994 and 2000. Therefore, oral testimony and production of documents is required of the individuals who served as directors of Mondial at the time that Mondial was identified as the owner of the EARTH Marks. Thomas Clark and Kareen Watler were directors of Mondial during this period, according to documents produced in the litigation and filed with the United States Customs Office and/or United States Patent and Trademark Office.[12]

It is necessary for the purposes of justice and for the due determination of the matters in dispute between the parties that you cause the following witnesses, who are resident within your jurisdiction, to be examined and to produce relevant documents. The names and addresses of the witnesses are as follows:

> Thomas Clark
> c/o HSBC Financial Services (Cayman) Limited
> P O 1109 GT
> Second Floor Strathvale House
> 90 Church Street

---

[12] Attached hereto as Exhibits F and G are copies of documents indicating that Thomas Clark and Kareen Watler were directors of Mondial during the period that Mondial was identified as the owner of the EARTH Marks.

8

George Town
Grand Cayman
KY1-1102
Cayman Islands

Kareen Watler
c/o HSBC Financial Services (Cayman) Limited
P O 1109 GT
Second Floor Strathvale House
90 Church Street
George Town
Grand Cayman
KY1-1102
Cayman Islands

It is requested that the Cayman Islands judicial authority compel the parties identified above to appear and be deposed, under oath, as to their knowledge of the facts that are relevant to the issues of the case.

11.   **Identity and Addresses of persons to be examined (article 3 (e))**

The names and addresses of those to be examined are annexed at Schedule B.

12.   **Subject matter about which deponents are to be examined (article 3 (f))**

The subject matter about which the persons named above are to be examined is annexed at Schedule C.

13.   **Requirement that the evidence be given on oath or affirmation and the specific form to be used (article 3 (h))**

The examinations of the persons listed in Schedule B shall be taken under oath (1) before any officer authorized to administer oaths under the laws of the United States of America or any officer authorized to administer oaths under the laws of the Cayman Islands, or (2) before a person appointed by the court and empowered to administer oaths and take testimony.

Accordingly, the assistance of His Excellency the Governor, or other appropriate judicial authority is hereby sought, and it is hereby requested that, in the interest of justice and by

9

usual and proper process, His Excellency the Governor of the Cayman Islands cause to be entered such orders as the laws of the Cayman Islands permit, directing that the persons identified in Schedule B be summoned to provide testimony and produce documents identified on the attached Schedule D at a time and a place to be determined by His Excellency the Governor of the Cayman Islands or other judicial authority.

### 14. Special methods or procedures to be followed (article 3 (i))

The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the laws of the Cayman Islands.

The examination shall be recorded stenographically before a commercial stenographer and a verbatim transcript shall be produced. This Court requests that the examination be taken in English.

### 15. Request for Notification

**Please send notice of the time and place for the execution of the Request to:**

> **Clerk of Court**
> **United States District Court for the District of Massachusetts**
> John Joseph Moakley United States Courthouse
> Suite 2300
> One Courthouse Way
> Boston, MA 02210-3002

**And to the party representatives, as set forth in Schedule A.**

**The documents requested are to be produced at the office of**

> **Truman Bodden & Co**
> P O Box 866
> Anderson Square Building
> George Town
> Cayman Islands BWI

10

16. **Fees and costs**

The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Hague Evidence Convention will be borne by Earth Products Inc. Its payment of any such fees and costs is without prejudice to its making a subsequent request to be reimbursed by other parties in the litigation.

17. **Conclusion**

This Court expresses its appreciation of His Excellency the Governor of the Cayman Islands or other judicial authority of the Cayman Islands for the courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of the Cayman Islands in a similar manner when required.

Dated: June 8, 2007

Boston, Massachusetts

/s/ Nathaniel M. Gorton
Nathanial M. Gorton
United States District Judge



11

## SCHEDULE A

### Names and Addresses of the Party Representatives

| **Plaintiffs** | **Defendant** |
| --- | --- |
| Meynard Designs, Inc., Earth, Inc., and Planet, Inc. (collectively, "Meynard") | Earth Products Inc. |
| By their Counsel: | By its Counsel: |
| Michael Albert, BBO # 558566<br>malbert@wolfgreenfield.com<br>David Wolf, BBO # 532160<br>dwolf@wolfgreenfield.com<br>Laura Topper, BBO # 652364<br>ltopper@wolfgreenfield.com<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210 | Chris Carraway<br>christopher.carraway@klarquist.com<br>Scott Davis<br>scott.davis@klarquist.com<br>Derrick Toddy<br>derrick.toddy@klarquist.com<br>KLARQUIST SPARKMAN, LLP<br>121 SW Salmon Street, Suite 1600<br>Portland, Oregon 97204<br><br>Cindy L. Caditz<br>cindy.caditz@klarquist.com<br>KLARQUIST SPARKMAN, LLP<br>One Union Square<br>600 University Street, Suite 2950<br>Seattle, WA 98101<br><br>Steven M. Bauer<br>sbauer@proskauer.com<br>Kimberly A. Mottley<br>kmottley@proskauer.com<br>Gina Lombardo<br>glombardo@proskauer.com<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, MA 02110 |

## SCHEDULE B

### Names and Addresses of the Requested Deponents

**Thomas Clark**
c/o HSBC
HSBC Financial Services (Cayman) Limited
P.O. 1109 GT
Second Floor Strathvale House
90 North Church Street
George Town Grand Cayman KY1-1102
Cayman Islands

**Kareen Watler**
c/o HSBC
HSBC Financial Services (Cayman) Limited
P.O. 1109 GT
Second Floor Strathvale House
90 North Church Street
George Town Grand Cayman KY1-1102
Cayman Islands

## SCHEDULE C

### Subject Matter About Which the Persons Named In Schedule B Are to Be Examined

1. Knowledge of the use, if any, of the "EARTH" and "EARTH SHOE" Marks while those marks were owned by Mondial;

2. Knowledge of the licensing of the "EARTH" and "EARTH SHOE" Marks while those marks were owned by Mondial;

3. Knowledge of the control (if any) Mondial exerted over the nature and quality of goods or services in connection with which a licensee(s) was/were authorized to use the "EARTH" and "EARTH SHOE" Marks;

4. Knowledge of the individuals having authority to exercise control over the nature and quality of any goods or services in connection with which any licensee was authorized to use the "EARTH" and "EARTH SHOE" Marks on behalf of Mondial;

5. Knowledge of any relationship between Mondial and Michel Meynard, Meynard Designs, Inc., Michel Meynard, Inc., Earth Visions, Inc., International Shoe Trading Ltd., and/or Planet, Inc.;

6. Documents the persons named in Schedule B executed for or on behalf of Mondial; and

7. Involvement in the trademark application and registration activities for the "EARTH" and/or "EARTH SHOE" Marks.

## SCHEDULE D

### Documents Requested to be Produced by the Persons Named In Schedule B

1. Documents reflecting or relating to acquisition of the "EARTH" and "EARTH SHOE" Marks by Mondial.

2. Documents reflecting or relating to licensing agreements between Mondial and third party(ies) relating to the "EARTH" and "EARTH SHOE" Marks, including but not limited to, licensing agreements with:

   a. International Shoe Trading Ltd.;

   b. Michel Meynard, Inc.; and/or

   c. Other entity(ies) acting as a licensee of the Marks.

3. Documents reflecting or relating to use of the "EARTH" and "EARTH SHOE" Marks by Mondial and/or its licensee(s).

4. Documents reflecting or relating to control Mondial exerted over the nature and quality of goods or services in connection with which any licensee was authorized to use the "EARTH" and "EARTH SHOE" Marks.

5. Documents reflecting or relating to the sale or assignment of rights to the "EARTH" and "EARTH SHOE" Marks from Mondial to Michel Meynard, Inc.

6. Documents reflecting or relating to enforcement of any rights in the "EARTH" or "EARTH SHOE" Marks against third parties by Mondial.

7. Documents reflecting or relating to the authority of the following individuals to exert control on behalf of Mondial over the nature and quality of any goods or services in connection with which any licensee was authorized to use the "EARTH" and "EARTH SHOE" Marks, as well as documents reflecting or relating to the exercise of said authority:

   a. Pierre Meynard;

   b. Michel Meynard;

   c. E. J. Christian;

   d. E. Caprice Scott-Leggatt;

   e. Thomas Clark;

   f. Kareen Watler; and/or

   g. Any other individual acting with such authority.