IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.,<br><br>     Plaintiffs and Counterclaim Defendant,<br><br>v.<br><br>EARTH PRODUCTS INC.,<br><br>     Defendant and Counterclaim Plaintiff. | CIVIL ACTION NO. 05 CV 11781 NMG |
| EARTH PRODUCTS INC.<br><br>     Third Party Plaintiff,<br><br>v.<br><br>PLANET, INC.<br><br>     Third-Party Defendant. | |

**DECLARATION OF HUNTER D. KEETON IN SUPPORT
OF OPPOSITION TO EARTH PRODUCTS' MOTION FOR
LEAVE TO FILE FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Hunter D. Keeton states:

1.     I am an attorney with Wolf, Greenfield & Sacks, P.C., counsel for Meynard

Designs, Inc. ("Meynard"), Earth, Inc. and Planet, Inc. (collectively "Plaintiffs") in this matter.

2.     Attached as Exhibit A is a copy of the Electronic Clerk's Notes for the scheduling

conference held before the Court on November 28, 2006.

3.     Attached as Exhibit B is a copy of the Complaint filed in this case.

4.     Attached as Exhibit C is a copy of Meynard's Responses to Earth Products' First

Set of Interrogatories, served December 8, 2006. This Exhibit is designated subject to the Stipulated Protective Order that Meynard cited in the accompanying Assented-To Motion to Impound Confidential Materials Cited in Meynard's Opposition to Earth Products' Motion for Leave to File First Amended Answer, Affirmative Defenses and Counterclaims. This Exhibit will be separately filed under seal pursuant to the terms of that Stipulated Protective Order and if the Court grants Meynard's pending Motion to Impound Confidential Materials Cited in Meynard's Opposition to Earth Products' Motion for Leave to File First Amended Answer, Affirmative Defenses and Counterclaims.

5.      Attached as Exhibit D is a copy of excerpts from Meynard's Responses to Earth Products Third Set of Interrogatories, served August 1, 2007.

6.      Attached as Exhibit E is a copy of selection portions of the certified file history for U.S. Trademark Registration No. 2,249,826, which issued from Serial No. 74/551,611.

7.      Attached as Exhibit F is a copy of Earth Products Inc.'s ("Earth Products") Answer to the Complaint.

8.      Attached as Exhibit G is a copy of the March 1, 2000 assignment of rights in marks containing or comprising EARTH from Mondial Trading Co., Inc. ("Mondial"), to Michel Meynard, Inc., as recorded with the United States Patent and Trademark Office ("USPTO").

9.      Attached as Exhibit H is a copy of printouts from the USPTO's website, providing assignment information for application Serial Nos. 74/551,611 and 75/977,076.

10.     Attached as Exhibit I is a copy of a December 20, 2006, letter from Laura Topper, Esq., counsel for Plaintiffs, to Chris Carraway, Esq., counsel for Earth Products, enclosing Plaintiffs' initial production in the case.

11.     Attached as Exhibit J is a copy of samples of invoices produced in the range

M000469-1554 on December 20, 2006. This Exhibit is designated subject to the Stipulated

Protective Order that Meynard cited in the accompanying Assented-To Motion to Impound

Confidential Materials Cited in Meynard's Opposition to Earth Products' Motion for Leave to

File First Amended Answer, Affirmative Defenses and Counterclaims. This Exhibit will be

separately filed under seal pursuant to the terms of that Stipulated Protective Order and if the

Court grants Meynard's pending Motion to Impound Confidential Materials Cited in Meynard's

Opposition to Earth Products' Motion for Leave to File First Amended Answer, Affirmative

Defenses and Counterclaims.

12.     Based on my review of Plaintiffs' electronic database of documents produced in

this case, Earth Products has to date produced about 4,425 documents, representing around

30,000 pages, while Plaintiffs have produced approximately 41,579 documents, representing

more than 91,000 pages.


Sworn, under the pains and penalties of perjury, that the foregoing is true and correct to

the best of my knowledge and belief.


Dated: October 29, 2007

*Hunter D. Keeton*

Hunter D. Keeton

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).

Counsel for other parties were also served by electronic mail on October 29, 2007

Dated: November 8, 2007

/s/ Hunter D. Keeton
Hunter D. Keeton

**PeFine, Donna**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Monday, December 11, 2006 2:34 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-11781-NMG Meynard Designs, Inc. et al v. Earth Products, Inc. "Scheduling Conference" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**United States District Court**

**District of Massachusetts**

Notice of Electronic Filing

The following transaction was received from Nicewicz, Craig entered on 12/11/2006 at 2:33 PM EST and filed on 11/28/2006

| | |
|---|---|
| **Case Name:** | Meynard Designs, Inc. et al v. Earth Products, Inc. |
| **Case Number:** | 1:05-cv-11781 |
| **Filer:** | |
| **Document Number:** | |

**Docket Text:**
ElectronicClerk's Notes for proceedings held before Judge Nathaniel M. Gorton : Scheduling Conference held on 11/28/2006. Automatic discovery 12/15/06. Amendments and or supplements to pleadings 1/31/07. Written discovery served 4/30/07, answered 5/31/07. Fact discovery 8/31/07. Expert reports 9/30/07, rebutal 10/31/07, Dispositive motions 11/30/07. Refer to ADR late 9/07. Jury Trial set for 4/7/2008 09:00 AM in Courtroom 4 before Judge Nathaniel M. Gorton. Pretrial Conference set for 3/12/2008 03:00 PM in Courtroom 4 before Judge Nathaniel M. Gorton. (Nicewicz, Craig)

The following document(s) are associated with this transaction:

**1:05-cv-11781 Notice will be electronically mailed to:**

Michael A. Albert    malbert@WolfGreenfield.com, litigation@wolfgreenfield.com

Steven M. Bauer    sbauer@proskauer.com, bndocketing@proskauer.com

Cindy L. Caditz    cindy.caditz@klarquist.com

J. Christopher Carraway    chris.carraway@klarquist.com, mary.pressel@klarquist.com

Scott E. Davis    scott.davis@klarquist.com

Hunter D. Keeton    hkeeton@wolfgreenfield.com, litigation@wolfgreenfield.com

Gina Lombardo    glombardo@proskauer.com

Kimberly Ann Mottley    kmottley@proskauer.com

Derrick W. Tod! dy    derrick.toddy@klarquist.com

Laura E. Topper    LTopper@wolfgreenfield.com, litigation@wolfgreenfield.com

David Wolf    dwolf@wolfgreenfield.com, litigation@wolfgreenfield.com

**1:05-cv-11781 Notice will not be electronically mailed to:**

RECEIPT #_____
AMOUNT $ 230    66 525
SUMMONS ISSUED  4-1
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK  M
DATE  8-29-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

'05 CY 29 P 3:24

US DISTRICT COURT
DISTRICT OF MASS.

MEYNARD DESIGNS, INC. AND
EARTH VISIONS INC.,

              Plaintiffs,

v.                                              CIVIL ACTION NO.

EARTH PRODUCTS, INC.,

              Defendant.

## 05 CV 11781 NMG

MAGISTRATE JUDGE _Alexander_

### COMPLAINT AND JURY DEMAND

Meynard Designs, Inc. ("Meynard") and Earth Visions Inc. ("Earth Visions")

bring this civil action against Earth Products, Inc. ("Earth Products").

### THE PARTIES

1.    Plaintiff, Meynard, is a Massachusetts corporation with its principal place

of business at 135 Second Avenue, Waltham, MA 02451.

2.    Plaintiff, Earth Visions, is a Massachusetts corporation, with its principal

place of business at 135 Second Avenue, Waltham, Massachusetts 02451.

3.    On information and belief, Defendant, Earth Products, Inc. ("Earth

Products"), is a California corporation having an address at 5830 El Camino Real,

Carlsbad, CA 92008.

### JURISDICTION

4.    This is an action for trademark infringement and unfair competition

arising under the laws of the United States, namely the Lanham Act, 15 U.S.C. § 1051, *et*

*seq.* Therefore, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. In addition, Meynard and Earth Visions are Massachusetts corporations, while Earth Products is a California corporation, and Meynard and Earth Visions seek damages associated with the past sale of goods and injunctive relieve associated with on-going sales of goods believed to be greater than $75,000, therefore jurisdiction is also proper under 28 U.S.C. § 1332. Jurisdiction over the state law claims is proper under 28 U.S.C. § 1367.

5.  Earth Products sells goods under and in connection with the infringing mark EARTH in Massachusetts. In addition, Earth Products maintains a website, accessible in Massachusetts, which provides links to websites offering Earth Products' goods for sale. Therefore, this Court has personal jurisdiction over Earth Products.

<u>BACKGROUND</u>

6.  Meynard is a well-respected designer and buying agent of high-quality footwear. Meynard does not presently sell any products, but instead licenses others to do so under trademarks and copyrights that it owns.

7.  In 1970, Anne Kalso, a yoga instructor, who had designed shoes having a special negative heel, introduced those shoes in the United States under the EARTH mark. The EARTH mark was used on various goods and the brand was very popular throughout the 1970s. Its popularity continues today.

8.  In or about 1994 the EARTH family of marks and the associated good will were sold by Anne Kalso's immediate successors to Mondial Trading Company, Ltd., which then granted a license to Meynard at about that time under the rights it had acquired. Thereafter, in 2000, Meynard acquired all the ownership rights to the EARTH

family of marks, together with the associated goodwill. Since then, Meynard has continued to use the EARTH mark on footwear throughout the United States and elsewhere, maintaining the high level of quality associated with the EARTH mark.

9.    In addition to the longstanding use of EARTH in association with footwear, Meynard adopted and began using in interstate commerce the EARTH mark for clothing items. At least as early as 1995, the EARTH mark was used on clothing items other than footwear. From 1995 forward, Meynard as licensee and then owner of the EARTH mark, always intended to expand to a full line of clothing products under the EARTH mark, and, in fact, has continued to expand the line of products sold under the mark.

10.    Products sold under the EARTH mark include millions of pairs of shoes and other clothing and accessories, such as t-shirts, pants, caps, jackets, belts, sweaters, sweatshirts, jeans, socks, key chains, bags, and lotions.

11.    By virtue of the longstanding popularity of the EARTH mark and its continuous use, Meynard owns trademark rights in the mark at common law for footwear and other clothing and accessories.

12.    Meynard also owns a number of United States trademark registrations, including Registration Nos.: 2,199,118 for EARTH for clothing, namely, socks, t-shirts, caps, hats, sweatshirts (Exhibit 1); 2, 249, 826 for EARTH for clothing, namely jeans, pants, belts, shirts, jackets and coats and Registration Number (Exhibit 2); 1,371,439 for EARTH for footwear (Exhibit 3). These registrations have been assigned to Meynard by its predecessors in title, and such assignments have been recorded in the United States

Patent and Trademark Office. Registration No. 1,371,439 is now uncontestable and has been since 1999 pursuant to 15 U.S.C. § 1065.

13.     Through extensive sales and advertising, Meynard's EARTH mark has become well known, and the products sold under the mark have acquired significant good will and a reputation for quality.

14.     In December 2004, Earth Visions was organized as a Massachusetts corporation.

15.     Since January 2005, Earth Visions has taken over responsibility for the manufacture, advertising and sale of all goods under the EARTH mark, with the exception of sales to one retail chain, which are handled by a different licensee of Meynard.

16.     Earth Visions is the only licensee of Meynard that is presently selling and advertising items other than shoes under the EARTH mark.

17.     On information and belief, Earth Products was formed as a skateboard equipment seller in the early 1990s under the name Planet Earth Skateboards, Inc. ("Planet Earth"). At some point, Planet Earth adopted the mark PLANET EARTH for skateboard equipment and clothing.

18.     On information and belief, after Meynard's predecessors established rights in the EARTH mark, Planet Earth altered its use of the PLANET EARTH mark to emphasize the EARTH portion and later Planet Earth began using the trademark EARTH without the word PLANET. On information and belief, Planet Earth's adoption of EARTH as a mark for clothing apart from the word "Planet" commenced with the full knowledge of the prior use and substantial celebrity of the EARTH mark owned by

Meynard, and with the intent to trade on the good will previously established by Meynard and its predecessor's in title.

19.     In 2002, Planet Earth filed a trademark application, Serial No. 76/401,085 alleging that it had been using in commerce a mark including EARTH for footwear and clothing since December, 2000.  This application was refused in view of Meynard's prior registrations.

20.     In or around May 21, 2004, with the full knowledge of the celebrity and fame of the EARTH mark owned by Meynard, Planet Earth changed its name to Earth Products, Inc.

21.     On information and belief, Earth Products has sold and advertised for sale goods including t-shirts, jackets and sweatshirts, under the EARTH mark, or designs which emphasize the mark EARTH, thereby attempting to capitalize on the goodwill in the EARTH mark that was established by Meynard (and its predecessors) through extensive sales under the EARTH mark well prior to Earth Products' adoption of the EARTH mark.

22.     Meynard and its predecessor in title's common law and registered rights in the EARTH mark long pre-date Earth Products' uses of EARTH.

23.     Earth Products' use of the word EARTH in plain or stylized form and EARTH as a dominant portion of other marks is likely, when used in association with its goods, to cause confusion or mistake or to deceive consumers, who are likely to think that such goods originate with or are associated with Meynard or Earth Visions.

24.     Meynard placed Earth Products on actual notice of the similarity and likelihood of confusion between its uses of EARTH and Meynard's EARTH mark.

25.    Despite such notification, Earth Products' disregarded Meynard's rights and continued to sell infringing products.

26.    Earth Products further filed cancellation actions against two of Meynard's registrations for the mark EARTH for clothing items and alleged that, despite Meynard's prior use of the mark EARTH on footwear and Meynard's federal registrations for the EARTH mark, Meynard was infringing Earth Products' rights.

27.    Earth Products could not validly establish rights in the mark EARTH for clothing, since any use of the EARTH mark on clothing items by Earth Products was an infringement of Meynard's rights in the EARTH mark, which extended not only to footwear, but also other clothing items within Meynard's and its predecessors' natural zone of expansion.

28.    Following institution of the cancellations, Earth Products and Meynard entered into settlement talks, seeking to resolve all disputes between the parties.

29.    On July 12, 2005, Meynard sent a settlement offer to Earth Products. On July 29, 2005, Earth Products indicated that it would respond to this letter on August 1, 2005 when its counsel returned from vacation. Instead, on July 28, 2005, Earth Products filed suit in the United States District Court for the Western District of Washington, claiming that Meynard was selling clothing items that infringed Earth Products' rights in the EARTH mark for clothing.

## COUNT I

(Trademark Infringement Under 15 U.S.C. § 1114 And Common Law)

30.    The allegations of Paragraphs 1-29 above are incorporated by reference.

31.    Meynard owns United States Registrations numbered 2,199,118, 2,249,826 and 1,371,439 (incontestable) and has common law rights in the EARTH mark. Earth Visions is a licensed user of those marks.

32.    Earth Products uses colorable imitations of Meynard's EARTH mark, in commerce as its trademark and in association with its sale and advertisement of clothing similar to or identical to the types of goods sold by Earth Visions under Meynard's EARTH mark.

33.    Earth Products' use of the imitations is without permission of Meynard or Earth Visions and is likely to cause confusion or mistake or to deceive. Earth Products is therefore liable to Meynard for trademark infringement under 15 U.S.C. § 1114 and at common law.

34.    Upon information and belief, such use by Earth Products is knowing and willful and with the intent to trade off the good will established by Meynard in its relation to EARTH mark.

35.    Meynard and Earth Visions have been damaged by such conduct in an amount to be determined at trial.

36.    Unless stopped by an injunction, Earth Products' behavior will continue and will cause Meynard and Earth Visions to suffer irreparable harm for which there is



no adequate remedy at law.  Therefore, Meynard and Earth Visions are entitled to injunctive relief.  They are also entitled to damages for the infringement.

COUNT II

(False Designation Of Origin Under 15 U.S.C.§ 1125(a))

37.    The allegations of Paragraphs 1-36 above are incorporated by reference.

38.    Meynard's EARTH marks are recognized for quality in the footwear and clothing industries.

39.    Earth Products provides its goods to a similar class of consumers as Earth Visions does.

40.    On information and belief, Earth Products' use of a trademark confusingly similar to Meynard's EARTH mark has the effect of associating Earth Products or its goods with Meynard's EARTH mark in the minds of the purchasing public thereby trading off the good will acquired by Meynard.

41.    Earth Products' actions are likely to cause confusion or mistake, or to deceive as to the affiliation, connection or association of Earth Products with Meynard or Earth Visions or as to the origin, sponsorship or approval of Earth Products' goods by Meynard or Earth Visions, entitling Meynard to relief under 15 U.S.C.§ 1125(a).

42.    Meynard and Earth Visions have been damaged by such conduct in an amount to be determined at trial.

43.    Unless stopped by an injunction, Earth Products' behavior will continue and will cause Meynard and Earth Visions to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, Meynard and Earth Visions are entitled to injunctive relief.  They are also entitled to damages for such false designation of origin.

## COUNT III

### (Common Law Unfair Competition)

44.    The allegations of Paragraphs 1-43 above are incorporated by reference.

45.    By the above-described conduct, Earth Products has engaged in unfair competition under common law.

46.    Meynard and Earth Visions have been damaged by such conduct in an amount to be determined at trial.

47.    Unless stopped by an injunction, Earth Products' behavior will continue and will cause Meynard and Earth Visions to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, Meynard and Earth Visions are entitled to injunctive relief.  They are also entitled to damages for such conduct.

## COUNT IV

### (Unfair and Deceptive Trade Practices Under Mass. Gen. L. ch. 93A)

48.    The allegations of Paragraphs 1-47 above are incorporated by reference.

49.    Earth Products is, and was at all relevant times, engaged in commerce in Massachusetts, as set forth above.

50.    Earth Products' acts as described hereinabove constituted unfair and deceptive acts and practices in violation of Mass. Gen. L. ch. 93A.

51.    On information and belief, Earth Products' acts as described hereinabove were willful and knowing.

52.    Meynard and Earth Visions have been harmed by such action and are entitled to damages as set forth in Ch. 93A.

## COUNT V

(Declaratory Judgment Of Non-Infringement)

53.    The allegations of Paragraphs 1-52 are incorporated by reference.

54.    This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201-2.

55.    Earth Products has alleged that Meynard's sale of clothing under the EARTH mark infringes Earth Products' trademark under the common law of the state of Washington.

56.    Meynard does not infringe any valid trademark of Earth Products, as Meynard does not sell any products and Earth Products could not have established rights in the EARTH mark for clothing, in view of Meynard's prior use and registration of the EARTH mark for footwear, a natural expansion of which is the exclusive right to use the EARTH mark on clothing.

57.    As the owner of federal Registration Nos. 2,199,118 and 2,249,826 Meynard has the exclusive right to use the mark EARTH for clothing throughout the United States.  Earth Visions, as a licensee, also has the right to use the EARTH mark free of competition from companies that are not licensed by Meynard.

58.    Earth Visions sells clothing under the EARTH mark, therefore, based upon Earth Products' allegations against Meynard and the fact that it is actually Earth Visions that participates in the accused behavior, Earth Visions has a reasonable apprehension that Earth Products will file suit against it.

59.    An actual and justicable controversy exists between the parties as described above.

60.    Meynard and Earth Visions are entitled to a declaration that they do not infringe Earth Products' alleged rights in the EARTH mark.

## COUNT VI

### (Declaratory Judgment Of No False Designation Of Origin)

61.    The allegations of Paragraphs 1-60 are incorporated by reference).

62.    This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201-02.

63.    Earth Products has alleged that Meynard's sale of clothing under the EARTH mark violates 15 U.S.C. § 1125.

64.    Meynard and Earth Visions' use of the EARTH mark for clothing does not violate 15 U.S.C. § 1125, since the EARTH mark is strongly associated with Meynard and its predecessors in interest and Earth Products is not a lawful user of the EARTH mark.

65.    Meynard does not sell or advertise products under the EARTH mark, but instead licenses others, including Earth Visions, to do so.

66.    An actual and justicable controversy exists between the parties as described above.

67.    Meynard and Earth Visions are entitled to a declaration that they do not violate 15 U.S.C. § 1125.

## COUNT VII

### (Declaration That R.C.W. § 19.86 *et seq* Is Not violated)

68.    The allegations of Paragraph 1-67 are incorporated by reference.

69.    This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201-02.

70.    Earth Products has alleged that Meynard violates R.C.W. § 19.86 *et seq*.

71.     Neither Meynard nor Earth Visions violates R.C.W. § 19.86 *et seq*, since Earth Visions' products under the EARTH mark are properly associated with Meynard and its predecessors as well as Meynard's licensee, Earth Visions.

72.     An actual and justicable controversy exists between the parties as described above.

73.     Meynard and Earth Visions are entitled to a declaration that they do not violate R.C.W. § 19.86 *et seq*.

<u>RELIEF REQUESTED</u>

For the above reasons, Meynard and Earth Visions pray that the Court declare and a judgment be entered that:

A.     The Court has jurisdiction over the parties and subject matter of this action;

B.     Meynard's asserted trademark registrations above are valid and subsisting and are infringed by Earth Products and further that Earth Products has committed false designation of origin and unfair competition and has violated Mass. Gen. L. ch. 93A;

C.     Earth Products, as well as all its agents, representatives, employees, assigns and all persons acting in concert or privity with them, is permanently enjoined from maintaining, using, disseminating, reproducing, promoting, distributing or otherwise using the mark EARTH or any mark confusingly similar thereto, and is permanently enjoined from using EARTH as all or part of any mark, product configuration, or design except in the combination PLANET EARTH where each is given equal weight;

925010.1

12



D.     Earth Products' infringement, false designation of origin and unfair competition have been willful;

E.     Earth Products shall deliver to Meynard or to the Court for destruction all materials bearing the infringing marks or colorable copies of Meynard's marks;

F.     Earth Products shall file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction;

G.     Earth Products shall pay to Meynard and Earth Visions any damages attributable to Earth Products' infringement of Meynard's marks and its acts of unfair competition and shall account for all gains, profits, and advantages derived through those actions, and pay such damages authorized by law, including 15 U.S.C. § 1117;

H.     Earth Products shall pay damages, and such multiple damages up to three times actual damages as may be awarded by the Court pursuant to Mass. Gen. L. ch. 93A;

I.     Earth Products shall pay Meynard and Earth Visions their reasonable costs and attorneys fees;

J.     Earth Products has no valid right to the EARTH mark and Meynard and Earth Visions do not infringe any trademark rights of Earth Products;

K.     Meynard and Earth Visions do not violate 15 U.S.C. § 1125 through their use of the EARTH mark for clothing;

L.     Meynard and Earth Visions do not violate R.C.W. § 19.86 *et seq*; and

M.     Meynard and Earth Visions shall have such other and further relief as this Court may award.

<u>JURY DEMAND</u>

Meynard and Earth Visions demand a trial by jury of all issues so triable.

MEYNARD DESIGNS, INC. AND
EARTH VISIONS INC.

By its attorneys,

Dated: August 29, 2005

Michael Albert, BBO # 558566
David Wolf, BBO # 532160
Laura Topper, BBO # 652364
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.  617 646.8000
Fax  617 646.8646

**EXHIBIT C**
**(Filed Under Seal)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC., <br><br><br>          Plaintiffs and Counterclaim <br>          Defendants, <br><br> v. <br><br> EARTH PRODUCTS INC., <br><br><br>          Defendant and Counterclaim <br>          Plaintiff. | CIVIL ACTION NO. 05 CV 11781 NMG |
| EARTH PRODUCTS INC. <br><br><br>          Third Party Plaintiff, <br><br> v. <br><br> PLANET, INC. <br><br><br>          Third-Party Defendant. | |

**MEYNARD DESIGNS, INC.'S RESPONSE TO
EARTH PRODUCTS' THIRD SET
OF INTERROGATORIES (NOS. 23-32)**

Plaintiff Meynard Designs, Inc. ("Meynard"), hereby responds to Earth Products' Third
Set of Interrogatories.

**GENERAL OBJECTIONS**

A.     Meynard objects to each and every interrogatory insofar as any such request seeks

information protected by the work product doctrine, subject to the attorney-client privilege,

prepared or assembled in anticipation of litigation, subject to federal or state law prohibiting

disclosure, or otherwise not within the scope of discovery under Fed. R. Civ. P. 26.

1214578.3

or designed, developed, made or assembled in the United States, including identification of the

specific involvement of each Meynard Party and the corresponding time period.

## ANSWER TO INTERROGATORY NO. 25

Meynard objects to this interrogatory as it is compound and ambiguous.  The

interrogatory, especially if consideration is given to the definitions, is unintelligible.  Moreover,

the interrogatory relates to persons and entities that are not parties to this suit and are irrelevant

to the claims and defenses in this trademark infringement action.  To the extent the request seeks

information relating to production and sale of goods other than the accused non-footwear

clothing, it is overly broad and irrelevant.  Meynard further objects as this request is unduly

burdensome and calculated not to discover admissible evidence, but for purposes of harassment.

Earth, Inc. licenses the EARTH marks, among other marks, from Meynard Designs, Inc.

Earth, Inc. sells a number of goods under the EARTH marks, among other marks, mainly to

retailers for resale.  Planet, Inc. is a retailer of goods of many brands, including those bearing the

EARTH marks.  Mondial Trading Co. Ltd. was the owner of the EARTH marks from 1994.  It

licensed those marks to Meynard.  No further information is relevant to this dispute.

## INTERROGATORY NO. 26

State the basis for your contention that Meynard received a valid license from Mondial

Trading to use the EARTH Mark and EARTH SHOE Mark in association with clothing (*see*

Meynard's response to Interrogatory No. 11), including without limitation, the effective date of

the license, the royalty terms and total royalties paid, the basis for Mondial Trading's alleged

rights in the EARTH and EARTH SHOE Marks for use in association with clothing, any quality

control rights, terms or requirements included in the license, any quality control procedures

implemented by Mondial Trading, identification of the persons involved in the negotiation of the

6

license on behalf of Mondial Trading, identification of the persons involved in the negotiation of the license on behalf of Meynard, and identification of all documents that refer or relate to or evidence the alleged license arrangement.

**ANSWER TO INTERROGATORY NO. 26**

Meynard objects to this interrogatory as it is compound, ambiguous and constitutes more than one interrogatory. Meynard also objects to the request to identify all documents, in lieu of such identification, non-privileged documents will be produced. Subject to its objections, Meynard responds as follows:

Meynard was given an oral license to make use of the EARTH marks at some point in 1994. The presentations by Meynard to Wal-Mart in 1994 (as described in other discovery responses), which contained clothing, show that the license was effective prior to the first meeting. From its formation, the license was continuous throughout Mondial's ownership of the EARTH marks. Evidence of this license includes an agreement between Bradford License Associates (M003007) and Meynard relating to goods including clothing, effective March 20, 1996, making note that Meynard was a licensee. Further, Mondial approved of Meynard's use of the EARTH marks on clothing, and, in fact, used a specimen used by Meynard in relation to its trademark applications for clothing. Quality control provisions were the same or similar to provisions in the previously produced, written footwear license between Meynard and Mondial. The license was established in communications between Michel **Mey**nard and Pierre Meynard, although others representing Mondial may have been involved. **Pierre** Meynard was given and shown samples of goods and catalogs of Meynard's production **regularly** during visits between Michel Meynard, Philippe Meynard, and Arlette Meynard and Pierre Meynard in France, about four times a year. In addition, Michel and Pierre at spoke least weekly from 1994 to 2000,

7

during which time information about the EARTH business was exchanged. As previously disclosed, Pierre controlled Mondial. In addition, over time Pierre shifted control of Mondial's business line relating to the EARTH marks to Michel as his agent, and Michel began to act as agent for Pierre and Mondial. Meynard did not pay royalties as a result of the familial relationship between Pierre Meynard and Michel Meynard.

Meynard objects to the independent request for the basis of Mondial's rights to EARTH for non-footwear clothing, as seeking legal analysis or privileged or work product information. Subject to the objections, Mondial had effective nationwide rights as of the filing date of its trademark application for EARTH for various clothing items. Even without the rights stemming from the registrations of the mark EARTH for clothing items, Mondial had acquired the registrations and common law rights to the EARTH marks for footwear, which included the right to use the marks on all goods and services within its natural zone of expansion, such as non-footwear clothing.

Pursuant to Fed. R. 33(d), any documents still in existence relating to the license will be, or have been, produced.

**INTERROGATORY NO. 27**

State the basis for your contention that there was no fraud or unclean hands involved in the submission of the assignment of U.S. Trademark Application Serial No. 74/551611 from Mondial Trading to Meynard effective June 25, 1997 (bates No. M0028) to the U.S. Patent and Trademark Office, including without limitation, identification of the persons involved in the negotiations on behalf of Meynard, the persons involved in the negotiations on behalf of Mondial Trading, the consideration paid by Meynard for the assignment, identification of the persons who prepared the assignment document, the reason for executing the assignment of U.S. Trademark

8

Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 in March 2000 (bates No. M003280) and the consideration paid by Meynard for this assignment, and all documents that refer or relate to one or both of the assignments.

**ANSWER TO INTERROGATORY NO. 27**

Meynard objects to the compound nature of this interrogatory. In connection with the many parts of the other interrogatories, Earth Products' requests well exceed 50 interrogatories. Accordingly, Meynard has no obligation to respond to this interrogatory.

Earth Products has the burden to prove fraud occurred. Meynard's contention that there was no fraud is, at least in part, based on the complete absence of evidence of fraud presented by Earth Products. Meynard provides the following additional information.

The assignment to the USPTO was a document that accurately reflected an assignment from Mondial to Meynard. The persons involved on behalf of Meynard were Michel Meynard and counsel. At various times, Michel Meynard interacted with Pierre Meynard to obtain authorization for various transactions between the companies. Over time, Michel Meynard was granted authorization by Pierre Meynard to act as agent for Pierre and Mondial for purposes of taking various corporate actions relating to the EARTH marks on behalf of Mondial. Pierre relied heavily on his son in matters pertaining to Mondial's ownership and development of the EARTH business. To the best of Michel's memory, the assignment resulted from either Pierre's decision or Michel's decision as an agent for Pierre and Mondial with respect to the EARTH marks. The assignment document was prepared by counsel for Meynard and Mondial. There was little negotiation between the parties with relation to the assignment, because they had been working closely and the controlling persons had a close family relationship. As to consideration, aside from that recited in the assignment document, in many instances Pierre Meynard, Michel's

9

father, made gifts from his company to Meynard. Both were closely-held family businesses, and as commonly occurs in such situations, assets were from time to time conveyed from one to the other, in consideration of the close family relationship between the persons who owned, controlled, and operated these companies.

The documents reflected Mondial, Meynard, and its attorneys' good faith beliefs as to the nature of the ownership of the application at the time.

Like the June 25, 1997 assignment, the later assignment was an accurate recitation of a transfer of rights and goodwill from Mondial to its long time licensee (and company owned by Pierre Meynard's son). As noted above, as between Mondial and Meynard, assets were occasionally transferred. In this case, in late 1997 or early 1998, the rights for EARTH for clothing were assigned back to Mondial from Meynard. As a result of the 1997 or 1998 assignment back to Mondial, in 2000, when Mondial decided to assign all rights to Michel Meynard's company, it was also necessary to assign the rights to EARTH for clothing, including the two registrations for EARTH for various clothing items. As with the prior assignment between Mondial and Meynard, to the best of Meynard's knowledge, the assignment was a gift in consideration of the familial relationship between Michel and Pierre and the fact that Michel's company had been a longtime licensee of the marks. The 2000 assignment from Mondial to Meynard was prepared by their trademark counsel. There was little or no negotiation, as Pierre and Michel generally agreed the transfer should take place.

## INTERROGATORY NO. 28

For each Meynard Family Member who has had and/or does have a Relationship with a Meynard Entity, describe in detail the Relationship, including, if the nature or scope of the Relationship has changed over time, the time period for each phase of the Relationship.

1214578.3

**JURAT**

On behalf of the Meynard, I have read the foregoing responses to interrogatories. Said responses were prepared by or with the assistance of agents, employees, and/or representatives of Meynard and/or others believed to have relevant information, and with the assistance and advice of counsel, upon which I have relied. The responses set forth herein, subject to inadvertent or undiscovered errors or omissions, are based on, and therefore necessarily limited by, the records and information still in existence, presently recollected, thus far discovered in the course of the preparation of these responses, and currently available to Meynard. Consequently, Meynard reserves the right to make any changes or additions to any of these responses if it appears at any time that errors or omissions have been made therein or that more accurate or complete information has become available. Subject to the limitations set forth herein, the said responses are true to the best of my present knowledge, information and belief. I certify under penalty of perjury on behalf of Meynard that the foregoing is true and correct.

Dated:   7/31/07

Name: Michel Meynard
Title:   CEO
Meynard Designs, Inc.

As to objections and reservations of rights

Dated: 8/1/07

Michael Albert, BBO # 558566
malbert@wolfgreenfield.com
Laura Topper, BBO # 652364
ltopper@wolfgreenfield.com
Hunter Keeton, BBO #660609
hkeeton@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.  617 646.8000
Fax  617 646.8646

1214578.3

18

**Certificate of Service**

The undersigned hereby certifies that on August 1, 2007, a true copy of the foregoing MEYNARD DESIGNS, INC.'S RESPONSE TO EARTH PRODUCTS' THIRD SET OF INTERROGATORIES (NOS. 23-32) was served via FEDEX to:

Chris Carraway, Esq.
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204

with a courtesy copy served via First Class Mail to:

Steven M. Bauer, Esq.
Kimberly A. Mottley, Esq.
Gina Lombardo, Esq.
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110

Hunter Keeton
_____
Hunter Keeton

19

1214578.3

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 09, 2003

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,249,826* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *June 01, 1999*

SAID RECORDS SHOW TITLE TO BE IN:
 *MEYNARD DESIGNS, INC.*
 *A MASSACHUSETTS CORPORATION*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

N. WOODSON
Certifying Officer

M011389
05cv11781

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,249,826

Registered June 1, 1999

## TRADEMARK
### PRINCIPAL REGISTER

## EARTH

MONDIAL TRADING CO. LTD. (CAYMAN IS-
LANDS CORPORATION)
P.O. BOX 1109, MARY STREET
GRAND CAYMAN B.W.I., CAYMAN ISLANDS

FOR: CLOTHING, NAMELY, JEANS, PANTS,
BELTS, SHIRTS, SWEATERS, JACKETS AND
COATS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-0-1998; IN COMMERCE
1-4-1999.
OWNER OF U.S. REG. NOS. 1,294,415,
1,699,166, AND OTHERS.

SN 74-551,611, FILED 7-20-1994.

DIANE B. MELNICK, EXAMINING ATTOR-
NEY



1102614

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE
#### United States Patent and Trademark Office

**January 30, 2004**

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE
RECORDS OF THIS OFFICE OF THE TRADEMARK FILE WRAPPER AND
CONTENTS OF:

TRADEMARK APPLICATION: *74/551,611*
FILING DATE: *July 20, 1994*
REGISTRATION NUMBER: *2,249,826*
REGISTRATION DATE: *June 01, 1999*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

**P. R. GRANT**
**Certifying Officer**

M011391
05cv11781



4551611

PTO-103 (8-98)
U.S. DEPT. OF COMMERCE
Patent and Trademark Office

FP1-LOM

REG NUM: 2249826
REG DT: 06/01/1999

S/N 74/551611

| 3. MARK | | 4. SER. NO. |
|---|---|---|
| | | 74/551611 |
| | | 5. REGISTER |
| | | PRINCIPAL |

| 6. INTERNATIONAL CLASS | 7. PRIOR U.S. CLASS | 8. FILING DATE | 9. LAW OFFICE |
|---|---|---|---|
| 25 | 37 | 07/25/94 | 108 |

| 10. APPLICANT AND POST OFFICE | 16. EXAMINING ATTORNEY |
|---|---|
| Mondial Trading Co. Ltd. | David J. Cho |
| P.O. Box 1154, Mary Street | 17. TYPE OF MARK   SECTION 1(B) |
| Grand CAYMAN ISLANDS | TRADEMARK |
| CORPORATION OF CAYMAN ISLANDS | |
| | 18. FIRST USE |
| | ICL 025  00/00/0000 |
| 11. CORRESPONDENCE ADDRESS   #0349.2003 | 19. IN COMMERCE |
| David Wolf | ICL 025  00/00/0000 |
| c/o Wolf, Greenfield & Sacks, P.C. | 20. FOREIGN REG. AND APPL. DATA |
| 600 Atlantic Avenue | |
| Boston, MA  02210-2211 | |

12. DOMESTIC REPRESENTATIVE  WOLF, Greenfield & Sacks

13. APPLICANT'S ATTORNEY
David Wolf

15. GOODS — SERVICES
025—clothing, namely socks, T-shirts, jeans, pants, caps, belts, shirts, hats, sweatshirts, sweaters, jackets and coats

21. OTHER DATA   U.S. Reg No 1294415, 1649166

PTO-102L. (REV. 12/82) U.S. DEPT. OF COMMERCE — PATENT AND TRADEMARK OFFICE

| 22. AMENDED | PRINCIPAL REGISTER | 25. Examiner | David J. Cho |
|---|---|---|---|
| | | 26. Section 1(C) Accepted | |
| | | 27. Section 1(D) Accepted | Diane B. Melnick 2/28/99 |
| 23. AFFIDAVIT | Section 8 | 28. Approved for Publication | 7/3/95 |
| | | David J. Cho | |
| | Section 15 | 29. Approved for Supplemental Registration | |
| 24. Approved for Renewal | | 30. O.G. Date | |

PUBLISHED
JUL 1 1 1995

M011392
05cv11781

TRADEMARK APPLICATION SERIAL NO. 74551611

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

PTO-1555
(5/87)

M011393
05cv11781

Express Mail Label No. EM192426735US

ATTORNEY'S DOCKET NO. **M0849/2005 (DW)**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: | Michel Meynard, Inc. |
| Serial No: | 74/551611 |
| Filed: | July 20, 1994 |
| Mark: | EARTH |
| | |
| Examiner: | David J. Cho |
| Law Office: | 10 |

Box ITU FEE
ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 CRYSTAL DRIVE
ARLINGTON, VA 22202-3513

Sir:

Transmitted herewith is/are the following document(s):

[X]    ITU Request For Extension of Time Under 37 CFR 2.89 To File a Statement of Use, With Declaration

If the enclosed papers are considered incomplete, the Mail Room and/or the Application Branch is respectfully requested to contact the undersigned at (617)720-3500, Boston, Massachusetts.

A check in the amount of $100.00 is enclosed to cover the filing fee. If the fee is insufficient, the balance may be charged to the account of the undersigned, Deposit Account No. 23/2825. A duplicate of this sheet is enclosed.

Respectfully Submitted,

David Wolf
Reg. No. 17,528
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2211
(617)720-3500

Docket No. M0849/2005 (DW)
July 21, 1997

x7/23/97

-1-

M011438
05cv11781

354    ITU

ATTORNEY'S DOCKET NO. **M0849/2005 (DW)**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: | Michel Meynard, Inc. |
| Serial No: | 74/551611 |
| Filed: | July 20, 1994 |
| Mark: | EARTH |
| Class No: | 25 |

EXTENSION
REQUEST
GRANTED
11-19-97

| | |
|---|---|
| Examiner: | David J. Cho |
| Law Office: | 10 |
| Notice of Allowance Mailing Date: January 23, 1996 | |

### REQUEST FOR EXTENSION OF TIME UNDER 37 CFR 2.89
### TO FILE A STATEMENT OF USE, WITH DECLARATION

Assistant Commissioner For Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

Dear Sirs:

Applicant requests a six-month extension of time to file the Statement of Use under 37 CFR 2.88 in this application.

Applicant has a continued bona fide intention to use the mark in commerce in connection with those goods/services identified in the Notice of Allowance in this application.

This is the 3rd Request for an Extension of Time following mailing of the Notice of Allowance.

Applicant has not used the mark in commerce yet on all goods/services specified in the Notice of Allowance; however, applicant has made the following ongoing efforts to use the mark in commerce on or in connection with each of the goods/services specified above:

> Product development has been undertaken to produce and sell the goods identified in the Notice of Allowance. The work includes: sourcing, product design and development, and marketing efforts. The mark has been used on some of the goods for which a divisional case will shortly be filed, but additional time is needed to prepare documentation for such filing.

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he is properly authorized to execute this Request for Extension of Time to File a

M011435
05cv11781

/18/1997 12:18    PAGE 4/    RightFAX

Statement of Use on behalf of the applicant; he believes the applicant to be the owner of the trademark mark sought to be registered; and all statements made of his own knowledge are true and all statements made on information and belief are believed to be true.

7/21/97
_____
Date

508 820 7242
_____
Telephone No.

Michel Meynard
CEO

M011436
05cv11781



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia 22202-3513

David Wolf
c/o Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2211

Rev. No. 1
August 27, 1997

RE: Serial Number: 74/551611
Applicant: Mondial Trading Co. Ltd.
Mark: EARTH

The Request for Extension of Time to File a Statement of Use, received on July 22, 1997, was not field by the applicant of record. The request must be filed by the entity that owns the mark at the time the request is filed. TMEP section 1105.05(d). In order to request an extension of time to file a Statement of Use, or take other action in an application, a party must establish its ownership of the application. Ownership is established by submitting to the Office documentary evidence of a chain of title or by specifying where such evidence is recorded in the Office. 37 C.F.R. Section 3.73(b); TMEP section 502. Therefore, you must do the following:

(1) submit documentary evidence of a chain of title from the original owner to the party that filed the extension request (e.g. a copy of a document transferring ownership or an explanation, supported by a notarized affidavit or a declaration under 37 C.F.R. Section 2.20, that a valid transfer of legal title has occurred); or

(2) specify the reel and frame numbers at which the relevant documents are recorded in the Assignment Division of the Patent and Trademark Office.

**You have 30 days from the date of this letter, or until the expiration of the current extension period, whichever is longer, to respond to avoid abandonment of this application.**

*Dana D. Austin*
Dana D. Austin
Applications Examiner
ITU/Divisional Unit
(703) 308-9500 Ext. 119

**M011429**
**05cv11781**



Express Mail Label No. EM192426214US

**ATTORNEY'S DOCKET NO. M0849/2005 (DW)**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

Applicant:       Mondial Trading Company, Limited
Serial No:       74/551611
Filed:           July 20, 1994
Mark:            EARTH

Examiner:        Dana D. Austin
Law Office:      ITU/Divisional unit

Box ITU
ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 CRYSTAL DRIVE
ARLINGTON, VA 22202-3513

Sir:

Transmitted herewith is/are the following document(s):

[✔]    Trademark Response/Amendment
[✔]    Assignment

If the enclosed papers are considered incomplete, the Mail Room and/or the Application Branch is respectfully requested to contact the undersigned at (617)720-3500, Boston, Massachusetts.

A check in the amount of $0.00 is enclosed to cover the filing fee.  If the fee is insufficient, the balance may be charged to the account of the undersigned, Deposit Account No. 23/2825.  A duplicate of this sheet is enclosed.

Respectfully Submitted,

David Wolf
Reg. No. 17,528
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2211
(617)720-3500

Docket No. M0849/2005 (DW)
September 24/1997

x9/26/97

-1-

M011433
05cv11781

Express Mail Label No. EM192426214US

ATTORNEY'S DOCKET NO: **M0849/2005 (DW)**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:      Mondial Trading Company, Limited
Serial No:      74/551611
Filed:          July 20, 1994
Mark:           EARTH

Examiner:       Dana D. Austin
Law Office:     ITU/Divisional Unit

Assistant Commissioner For Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

Sir:

Your letter of August 27, 1997 in the above identified case is acknowledged.

Herewith submitted is an assignment from the original applicant to the entity that

executed the Statement of Use with an effective date of June 25, 1997.

Applicant believes this submission complies with the requirement of the

Applications Examiner.  Acceptance of the Request for Extension of Time is

solicited.

Respectfully submitted,

David Wolf, Reg. No. 17,528
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02110
(617) 720-3500

M0849/2005 (DW)

## ASSIGNMENT

WHEREAS, Mondial Trading Company, Ltd., a corporation of the Cayman Islands having an office and place of business at P.O. Box 1109, Mary Street, Grand Cayman, Cayman Islands B.W.I. has adopted and used the following marks and the trademark Registrations:

### SCHEDULE OF TRADEMARKS

| MARK | Application No. | Filing Date |
|------|----------------|-------------|
| EARTH | 74/551611 | July 20, 1994 |

WHEREAS, Michel Meynard, Inc., a corporation of Massachusetts, having an office and place of business at 763 Salem End Road Framingham, MA 01702-5542 is desirous of acquiring said mark and the registrations therefor.

NOW, THEREFORE, for one Dollar ($1.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, said Mondial Trading Company, Ltd. without representations or warranties with respect to said trademarks or registrations or the title thereto does hereby assign unto the said Michel Meynard, Inc., all its rights, title and interest in and to the said marks and the registrations therefor, together with the goodwill of the business symbolized by said marks and the registrations therefor and including all rights to sue and recover for past infringement of said marks and the registrations therefor.  Effective as of June 25, 1997.

Mondial Trading Company, Ltd.


By _____
   Name: Kareen Watler
   Title: Director

J38400.1

M011431
05cv11781

Express Mail Label No. EM529450234US

ATTORNEY'S DOCKET NO. **M0849/2005 (DW)**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: | Mondial Trading Company, Ltd. |
| Serial No: | 74/551611 |
| Filed: | July 11, 1995 |
| Mark: | EARTH |
| | |
| Examiner: | David J. Cho |
| Law Office: | 10 |

Box ITU FEE
ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 CRYSTAL DRIVE
ARLINGTON, VA 22202-3513

Sir:

Transmitted herewith is/are the following document(s):

[✔]   ITU Request For Extension of Time Under 37 CFR 2.89 To  File a Statement of Use, With Declaration

[✔]   ITU Statement of Use Under 37 CFR 2.88, With Declaration

[✔]   Request to Divide Application

[✔]   Postcard

If the enclosed papers are considered incomplete, the Mail Room and/or the Application Branch is respectfully requested to contact the undersigned at (617)720-3500, Boston, Massachusetts.

A check in the amount of $300.00 is enclosed to cover the filing fee.  If the fee is insufficient, the balance may be charged to the account of the undersigned, Deposit Account No. 23/2825. A duplicate of this sheet is enclosed.

Respectfully Submitted,

David Wolf
Reg. No. 17,528
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2211
(617)720-3500

Docket No. M0849/2005 (DW)
1/23/98

x1/23/98

I58774 I                        -1-

M011444
05cv11781

01/23/98  FRI 15:17 FAX 345 9497634          MIDLAND BANK  100 730 · 1 · 0        ⊠006
TRADEMARKS 11:44 FR WOLF GREENFIELD SACKS617 720 2441 TO 905#9999   777#1 P.06

*(TRADEMARK MAILROOM REC'D JAN 23 1998 64 US PATENT & TRADEMARK OFFICE — stamp)*

see Faxed Ex
Req dated
3/6/96

**ATTORNEY'S DOCKET NO. M0849/2005 (DW)**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: | Mondial Trading Company, Ltd. |
| Serial No: | 74/551611 |
| Filed: | July 20, 1994 |
| Mark: | EARTH |
| Class No: | 25 |
| Examiner: | David J. Cho |
| Law Office: | 10 |

Notice of Allowance Mailing Date: January 23, 1996

**REQUEST FOR EXTENSION OF TIME UNDER 37 CFR 2.89
TO FILE A STATEMENT OF USE, WITH DECLARATION**

Assistant Commissioner For Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

Dear Sirs:

Applicant requests a six-month extension of time to file the Statement of Use under 37 CFR 2.88 in this application.

A Request to Divide under 37 CFR 2.87 is being submitted with this request.

Applicant has a continued bona fide intention to use the mark in commerce in connection with those goods identified in the Notice of Allowance in this application except: jeans, pants, belts, shirts, sweaters, jackets, coats.

This is the 4th Request for an Extension of Time following mailing of the Notice of Allowance.

If this is not the first Request for an Extension of Time, check one box below.  If the first box is checked, explain the circumstance(s) of non-use in the space provided:

Box 4 [✓]    Applicant has not used the mark in commerce yet on all services specified in the Notice of Allowance; however, applicant has made the following ongoing efforts to use the mark in commerce on or in connection with each of the goods specified above:

THE COMPANY IS PRESENTLY NEGOTIATING

01/29/1998 JHARLEY  00000070 74551611
03 FC:364                   100.00 OP

01/21/98  WED 11:40  [TX/RX NO 7572]  ⊠006

JAN 23 '98 15:23                      345 9497634      PAGE.06

M011440
05cv11781

01/23/98  FRI 15:17 FAX 345 949763      MIDLAND BANK                                  ☒007
JAN 21 '98 11:45 FR WOLF GREENFIELD SACKS617 720 2441 TO 905#999:  ↗777#1 P.07

2

WITH WALMART FOR THEM TO USE THE

EARTH MARK ON THE PRODUCTS

LISTED.

Box 5 [  ]    Applicant believes that it has made valid use of the mark in
commerce, as evidenced by the Statement of Use submitted with
this request; however, if the Statement of Use is found by the
Patent and Trademark Office to be fatally defective, applicant will
need additional time in which to file a new statement.

The undersigned being hereby warned that willful false statements and the like
so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001,
and that such willful false statements may jeopardize the validity of the
application or any resulting registration, declares that he/she is properly
authorized to execute this Request for Extension of Time to File A Statement of
Use on behalf of the applicant; he/she believes the applicant to be the owner of
the trademark/service mark sought to be registered; and all statements made of
his/her own knowledge are true and all statements made on information and
belief are believed to be true.

23 January 1998                          Akward
Date                                     Signature

345-949-7755                             KAREEN WATTLER - DIRECTOR
Telephone No.                            Print or Type Name and Position

151248.1                          -2-

01/21/98  WED 11:40  [TX/RX NO 7572] ☒007

345 9497634        PAGE.07

JAN 23 '98 15:24

M011441
05cv11781

UNITED STATES    PARTMENT OF COMMERCE
**Patent and Trademar ' Office**
OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia  22202-3513

David Wolf
c/o Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210-2211

Rev. No. 1
March 17, 1998

RE: Serial Number: 74/551611
Applicant: Mondial Trading Co, Ltd.
Mark: EARTH

Dear Sir or Madam:

This letter is to confirm that the divisional request filed on January 23, 1998 has been completed
The goods and/or services in use in commerce as indicated by the Statement of Use have been
placed in the newly created (child serial number 75/977076) application.  The goods and
or/services that are not in use remain in the original (parent serial number 74/551611)
application.  Any further extensions of time or Statements of Use should be filed in the original
serial number

NOTE:  The reason for this procedure is that more than one child application may be created
from the parent file and it is the policy of the ITU/Divisional Unit to photocopy from original
papers.  Please address any questions or concerns to the undersigned

Shana P. Webster-Trotman
Paralegal Specialist
ITU/Divisional Unit
703-308-9500 ext. 134

M011451
05cv11781

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC.<br><br><br>Plaintiffs,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br><br>Defendant. | CIVIL ACTION NO. 05 cv 11781 NMG<br><br><br>**Jury Trial Demanded** |
| EARTH PRODUCTS INC.,<br><br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>PLANET, INC., MEYNARD DESIGNS, INC. AND EARTH VISIONS INC.<br><br><br>Counterclaim-Defendants. | |

**EARTH PRODUCTS INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Earth Products Inc. ("Earth Products") hereby submits its Answer, Affirmative

Defenses and Counterclaims in response to the Complaint filed August 29, 2005 by Plaintiffs

Meynard Designs, Inc. ("Meynard Designs") and Earth Visions Inc. ("Earth Visions")

(collectively, "Meynard" or "Plaintiffs"). Further, Earth Products joins Counterclaim Defendant

1

Planet, Inc. as a party to this action pursuant to Fed. R. Civ. P. 13(h) and Fed. R. Civ. P. 19(a) and/or 20(a).

For its Answer, Affirmative Defenses and Counterclaims, Earth Products states as follows:

1.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiffs' Complaint.

2.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Plaintiffs' Complaint.

3.      Earth Products admits the allegations in paragraph 3 of Plaintiffs' Complaint, except it is affirmatively stated that the correct name of Defendant is Earth Products Inc. (no comma).

4.      Earth Products admits that Plaintiffs' Complaint attempts to assert causes of action for trademark infringement and unfair competition arising under the laws of the United States, namely the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* Earth Products also admits that federal subject matter jurisdiction is found in 28 U.S.C. §§ 1331, 1332 and 1338, and state law jurisdiction is found in 28 U.S.C. § 1367. It is further admitted that Earth Products is a California corporation. Except as stated herein, Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of Plaintiffs' Complaint.

5.      Earth Products admits that it maintains a Web site, accessible in Massachusetts and elsewhere, which provides links to Web sites offering Earth Products' goods for sale, including EARTH clothing. Except as stated herein, Earth Products denies the allegations in paragraph 5 of Plaintiffs' Complaint.

2

6.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiffs' Complaint.

7.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiffs' Complaint.

8.      Earth Products denies that "Meynard acquired all the ownership rights to the EARTH family of marks, together with the associated goodwill." Further, the allegation that "Meynard has continued to use the EARTH mark on footwear throughout the United States" is contradicted by the allegation in paragraph 6 of the Complaint that "Meynard does not presently sell any products, but instead licenses others to do so under trademarks and copyrights that it owns," and on at least that basis, Earth Products denies this allegation of paragraph 8. Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of Plaintiffs' Complaint.

9.      Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiffs' Complaint.

10.     Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiffs' Complaint.

11.     Earth Products denies that Meynard has any right to claim priority to any rights that may have been established by Anne Kalso or agents or successors of Anne Kalso. Earth Products is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of Plaintiffs' Complaint.

12.     Earth Products admits that U.S. Patent and Trademark Office records identify Meynard Designs as the owner of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826. Except as stated

3

herein, Earth Products denies the allegations in paragraph 12 of Plaintiffs' Complaint.

13.    Earth Products denies the allegations in paragraph 13 of Plaintiffs' Complaint.

14.    Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiffs' Complaint.

15.    Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiffs' Complaint.

16.    Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiffs' Complaint.

17.    Earth Products admits that its predecessor-in-interest adopted the PLANET EARTH and EARTH trademarks for clothing and skateboard equipment in 1990. Earth Products also admits that it was formed as a clothing and skateboard equipment business and incorporated under the name Planet Earth Skateboards, Inc. in 1993. Except as stated herein, Earth Products denies the allegations in paragraph 17 of Plaintiffs' Complaint.

18.    Earth Products denies the allegations in paragraph 18 of Plaintiffs' Complaint.

19.    Earth Products admits it filed an application to register the mark EARTH and Design for footwear and apparel on April 26, 2002. This application was assigned Serial No. 76/401085. The application to register EARTH and Design claimed a first use date of December 2000. The Examining Attorney refused registration of the EARTH and Design mark in view of U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826. Except as stated herein, Earth Products denies the allegations in paragraph 19 of Plaintiffs' Complaint.

20.    Earth Products admits that Planet Earth changed its name to Earth Products Inc. on or around May 21, 2004.  Except as herein stated, Earth Products denies the allegations in paragraph 20 of Plaintiffs' Complaint.

21.    Earth Products admits that it has sold and advertised for sale goods including T-shirts, jackets, and sweatshirts bearing its own trademark EARTH and bearing designs that emphasize the word EARTH, but denies that any such goods have borne any trademarks allegedly owned by Plaintiffs or any of their alleged predecessors.  Earth Products also denies the remaining allegations in paragraph 21 of Plaintiffs' Complaint.

22.    Earth Products denies the allegations in paragraph 22 of Plaintiffs' Complaint.

23.    Earth Products denies the allegations in paragraph 23 of Plaintiffs' Complaint.

24.    Earth Products admits that it is aware of Meynard's claim.  Earth Products denies the remaining allegations in paragraph 24 of Plaintiffs' Complaint.

25.    Earth Products denies the allegations in paragraph 25 of Plaintiffs' Complaint.

26.    Earth Products admits it filed cancellation actions against two of Meynard's registrations for the mark EARTH for clothing items.  Except as stated herein, Earth Products denies the allegations in paragraph 26 of Plaintiffs' Complaint.

27.    Earth Products denies the allegations in paragraph 27 of Plaintiffs' Complaint.

28.    Earth Products admits the allegations in paragraph 28 of Plaintiffs' Complaint.

29.    Earth Products admits that Meynard sent a letter to Earth Products dated July 12, 2005.  Earth Products admits that counsel for Earth Products intended to and did respond to the settlement letter of July 12, 2005, after counsel for Earth Products returned from vacation in August 2005.  Earth Products further admits that it filed suit in the United States District Court for the Western District of Washington on July 28, 2005 alleging, *inter alia*, that Meynard was

selling clothing items that infringed Earth Products' right in the EARTH mark for clothing.

Except as stated herein, Earth Products denies the allegations in paragraph 29 of Plaintiffs'

Complaint.

## ANSWER TO COUNT I
### (Trademark Infringement Under 15 U.S.C. § 1114 And Common Law)

30.    In response to the allegations in paragraph 30 of Plaintiffs' Complaint, Earth

Products repeats and realleges the answers contained in paragraphs 1 though 29 of this Answer

and incorporates them herein by reference.

31.    Earth Products denies that Meynard has any valid rights in the mark EARTH, or

any rights to that mark that are prior to or superior to those owned by Earth Products.  Earth

Products is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 31 of Plaintiffs' Complaint.

32.    Earth Products denies the allegations in paragraph 32 of Plaintiffs' Complaint.

33.    Earth Products denies the allegations in paragraph 33 of Plaintiffs' Complaint.

34.    Earth Products denies the allegations in paragraph 34 of Plaintiffs' Complaint.

35.    Earth Products denies the allegations in paragraph 35 of Plaintiffs' Complaint.

36.    Earth Products denies the allegations in paragraph 36 of Plaintiffs' Complaint.

## ANSWER TO COUNT II
### (False Designation of Origin Under 15 U.S.C. § 1125(a))

37.    In response to the allegations in paragraph 37 of Plaintiffs' Complaint, Earth

Products repeats and realleges the answers contained in paragraphs 1 though 36 of this Answer

and incorporates them herein by reference.

38.    Earth Products denies the allegations in paragraph 38 of Plaintiffs' Complaint.

39.    Earth Products admits that at least some of its goods are offered and sold to a

similar class of consumers. Earth Products is without knowledge or information sufficient to

fully form a belief as to the truth of the remaining allegations in paragraph 39 of Plaintiffs'

Complaint.

40.    Because Meynard does not own any valid rights in the mark EARTH that are

prior to or superior to the rights in the mark EARTH owned by Earth Products, Earth Products

denies the allegations stated by paragraph 40 of Plaintiffs' Complaint. Earth Products also

denies any remaining allegations in paragraph 40 of Plaintiffs' Complaint.

41.    Earth Products denies the allegations in paragraph 41 of Plaintiffs' Complaint.

42.    Earth Products denies the allegations in paragraph 42 of Plaintiffs' Complaint.

43.    Earth Products denies the allegations in paragraph 43 of Plaintiffs' Complaint.

## ANSWER TO COUNT III
### (Common Law Unfair Competition)

44.    In response to the allegations in paragraph 44 of Plaintiffs' Complaint, Earth

Products repeats and realleges the answers contained in paragraphs 1 though 43 of this Answer

and incorporates them herein by reference.

45.    Earth Products denies the allegations in paragraph 44 of Plaintiffs' Complaint.

46.    Earth Products denies the allegations in paragraph 46 of Plaintiffs' Complaint.

47.    Earth Products denies the allegations in paragraph 47 of Plaintiffs' Complaint.

## ANSWER TO COUNT IV
### (Unfair and Deceptive Trade Practices Under Mass. Gen. L. ch. 93A)

48.    In response to the allegations in paragraph 48 of Plaintiffs' Complaint, Earth

Products repeats and realleges the answers contained in paragraphs 1 though 47 of this Answer

and incorporates them herein by reference.

49.    Earth Products admits that it has been and currently is engaged in commerce in

Massachusetts. Earth Products does not have sufficient information to form a belief as to

whether it was engaged in such commerce "at all relevant times," and on that basis denies that

allegation. Earth Products is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 49 of Plaintiffs' Complaint, and on that basis

denies them.

      50.     Earth Products denies the allegations in paragraph 50 of Plaintiffs' Complaint.

      51.     Earth Products denies the allegations in paragraph 51 of Plaintiffs' Complaint.

      52.     Earth Products denies the allegations in paragraph 52 of Plaintiffs' Complaint.

### ANSWER TO COUNT V
#### (Declaratory Judgment of Non-Infringement)

      53.     In response to the allegations in paragraph 53 of Plaintiffs' Complaint, Earth

Products repeats and realleges the answers contained in paragraphs 1 though 52 of this Answer

and incorporates them herein by reference.

      54.     Earth Products admits the allegations in paragraph 54 of Plaintiffs' Complaint.

      55.     Earth Products admits the allegations in paragraph 55 of Plaintiffs' Complaint.

      56.     Earth Products denies the allegations in paragraph 56 of Plaintiffs' Complaint.

      57.     Earth Products denies the allegations in paragraph 57 of Plaintiffs' Complaint.

      58.     Earth Products admits that Earth Visions currently sells clothing using the Earth

Products' EARTH mark. Earth Products is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in paragraph 58 of Plaintiffs' Complaint.

      59.     Earth Products admits that a controversy exists, but otherwise is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 59 of Plaintiff's Complaint.

      60.     Earth Products denies the allegations in paragraph 60 of Plaintiffs' Complaint.

## ANSWER TO COUNT VI
### (Declaratory Judgment of No False Designation of Origin)

61.    In response to the allegations in paragraph 61 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 60 of this Answer and incorporates them herein by reference.

62.    Earth Products admits the allegations in paragraph 62 of Plaintiffs' Complaint.

63.    Earth Products admits the allegations in paragraph 63 of Plaintiffs' Complaint.

64.    Earth Products denies the allegations in paragraph 64 of Plaintiffs' Complaint.

65.    Earth Products is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of Plaintiffs' Complaint.

66.    Earth Products admits that a controversy exists, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of Plaintiffs' Complaint.

67.    Earth Products denies the allegations in paragraph 67 of Plaintiffs' Complaint.

## ANSWER TO COUNT VII
### (Declaration That R.C.W. § 19.86 *et seq.* Is Not Violated)

68.    In response to the allegations in paragraph 68 of Plaintiffs' Complaint, Earth Products repeats and realleges the answers contained in paragraphs 1 though 67 of this Answer and incorporates them herein by reference.

69.    Earth Products admits the allegations in paragraph 69 of Plaintiffs' Complaint.

70.    Earth Products admits the allegations in paragraph 70 of Plaintiffs' Complaint.

71.    Earth Products denies the allegations in paragraph 71 of Plaintiffs' Complaint.

72.    Earth Products admits that a controversy exists, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 72 of Plaintiff's Complaint

73.    Earth Products denies the allegations in paragraph 73 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    Earth Products has superior rights in the mark EARTH for clothing.

### Second Affirmative Defense

2.    Meynard Designs and its alleged predecessors-in-interest abandoned the mark

EARTH, including any rights to use that mark on footwear or clothing.

### Third Affirmative Defense

3.    Plaintiffs cannot rely upon any use of the mark EARTH SHOE to establish use of

the mark EARTH.

### Fourth Affirmative Defense

4.    The alleged assignment of the EARTH mark to Meynard Designs and/or its

alleged predecessor-in-interest was an assignment-in-gross.

### Fifth Affirmative Defense

5.    The mark EARTH used in connection with shoes is generic for negative heel

shoes.

### Sixth Affirmative Defense

6.    False representations were intentionally made to the U.S. Patent and Trademark

Office during the prosecution of U.S. Trademark Application Serial No. 74/551611 which issued

(through division) as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark

Registration No. 2,249,826, both of which have been asserted by Plaintiffs in this lawsuit.  In

reliance upon these false representations, the U.S. Patent and Trademark Office took actions that

10

subsequently resulted in the issuance of U.S. Trademark Registration No. 2,199,118 and U.S.

Trademark Registration No. 2,249,826.  For these reasons, Meynard's U.S. Trademark

Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 are invalid and of no

effect.

### Seventh Affirmative Defense

7.      False representations were intentionally made to the U.S. Patent and Trademark

Office during the prosecution of U.S. Trademark Application Serial No. 74/551611 which issued

(through division) as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark

Registration No. 2,249,826, both of which are asserted by Plaintiffs in this lawsuit.  In reliance

upon these false representations, the U.S. Patent and Trademark Office took actions that

subsequently resulted in the issuance of U.S. Trademark Registration No. 2,199,118 and U.S.

Trademark Registration No. 2,249,826.  For these reasons, Meynard should be found to have

unclean hands and thus be prohibited from enforcing U.S. Trademark Registration No. 2,199,118

and U.S. Trademark Registration No. 2,249,826.

### Eighth Affirmative Defense

8.      False representations were intentionally made to the U.S. Patent and Trademark

Office during the process of claiming incontestable status for U.S. Trademark Registration No.

1,371,439, which has been asserted by Plaintiffs in this lawsuit.  In reliance upon these false

representations, the U.S. Patent and Trademark Office accepted false documents intended to

support incontestable status to U.S. Trademark Registration No. 1,371,439.  For these reasons,

Meynard's U.S. Trademark Registration No. 1,371,439 is invalid and of no effect.

### Ninth Affirmative Defense

9.      False representations were intentionally made to the U.S. Patent and Trademark

Office during the process to claim incontestable status for U.S. Trademark Registration No.

1,371,439, which has been asserted by Plaintiffs in this lawsuit.  In reliance upon these false

representations, the U.S. Patent and Trademark Office accepted false documents intended to

support incontestable status to U.S. Trademark Registration No. 1,371,439.  For these reasons,

U.S. Trademark Registration No. 1,371,439 is not entitled to incontestable status and Meynard,

through its predecessor-in-interest, should be deemed to have unclean hands and thus be

prohibited from enforcing U.S. Trademark Registration No. 1,371,439.

## EARTH PRODUCTS INC.'S COUNTERCLAIMS

1.     As used herein, the term "clothing" includes socks and excludes shoes.

2.     As used herein, the term "footwear" includes shoes and excludes socks.

3.     Earth Products hereby asserts the following counterclaims ("Counterclaims")

against Plaintiffs Meynard Designs, Inc. and Earth Visions Inc.:

### A.  Parties

4.     Counterclaim-plaintiff Earth Products Inc. ("Earth Products") is a California

corporation with its principal place of business at 5830 El Camino Real, Carlsbad, CA 92008.

5.     On information and belief, Counterclaim-defendant Meynard Designs, Inc.

("Meynard Designs") is a Massachusetts corporation with its principal place of business at 135

Second Avenue, Waltham, MA 02451.

6.     On information and belief, Counterclaim-defendant Earth Visions Inc. ("Earth

Visions") is a Massachusetts corporation with its principal place of business at 135 Second

Avenue, Waltham, MA 02451.

7.     Meynard Designs and Earth Visions are referred to collectively herein as

"Meynard" or "Counterclaim-defendants."

12

### B.  Jurisdiction and Venue

8.      This is an action arising out of the Trademark Act of 1946, 15 U.S.C. §§ 1051,

*et seq.*, the laws of the States of Massachusetts, California and Washington, and the common

law.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C.

§ 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1332 (diversity jurisdiction),

28 U.S.C. § 1338 (acts of Congress relating to trademarks and unfair competition), and 28 U.S.C.

§ 1367 (supplemental jurisdiction of related state law claims).  The amount in controversy

exceeds the sum or value of $75,000.00.

9.      Venue is permitted in this jurisdiction under 28 U.S.C. § 1391.

10.     This Court has personal jurisdiction over each of the Counterclaim-defendants

because they are found and regularly conduct business in the District of Massachusetts and

because Meynard Designs and Earth Visions have availed themselves of this Court by bringing

this action.

### C.  Facts In Support Of Counterclaims

#### *Earth Products' Rights in the EARTH Trademark*

11.     Counterclaim-plaintiff Earth Products has directly and through its predecessor-in-

interest adopted and used the mark EARTH in association with the sale of clothing since at least

as early as 1990 and currently owns the valid and exclusive right to use the mark in association

with the sale of clothing throughout the United States.

12.     The adoption and use of the mark EARTH for clothing by Earth Products in 1990

was in good faith and was the first use of the mark EARTH in association with the sale of

clothing.

13.     Earth Products has at all times since adoption exercised exclusive control of the

13

EARTH mark as used in association with clothing.  Earth Products has used the mark EARTH in association with the promotion, advertisement and sale of clothing throughout the United States in, among other things, advertising, print media, display at trade shows, point of sale materials, and promotional events.

14.     Earth Products filed an application to register the mark EARTH and Design on April 26, 2002.  This application was assigned Serial No. 76/401,085.  Application Serial No. 76/401,085 was refused registration on the ground that the mark was confusingly similar to the marks shown by Registration No. 1,371,439, Registration No. 2,249,826, and Registration No. 2,199,118, all of which are at issue in this litigation.

*__Background of "Earth" Shoes__*

15.     On information and belief, Meynard purports to be a successor-in-interest to the rights of the owner of the mark EARTH used in association with the promotion of shoes that were developed by a Yoga teacher from Copenhagen, Denmark named Anne Kalso.  Ms. Kalso invented a shoe sole design having a heel portion lower than the toe portion (hereinafter, "negative heel shoes").  For this shoe sole design, Ms. Kalso (under the name Kalsoy) was issued U.S. Patent No. 3,305,947 entitled "Footwear with Heavy Sole Parts" on February 28, 1967.

16.     On information and belief, Ms. Kalso's negative heel shoes were introduced under the mark EARTH in 1970.  Print advertisements for EARTH shoes highlighted the negative heel construction of the shoes and Ms. Kalso's U.S. Patent No. 3,305,947.

17.     On information and belief, various third parties sold negative heel shoes, generally referred to as "earth" shoes, in the 1970's.  On information and belief, at least one of those third parties, Roots, still makes and sells earth shoes, i.e., shoes with negative heel construction.  Use of the term "earth" in connection with shoes became and is generic for a shoe

with negative heel construction.

18.    On information and belief, Kalso Systemet, Inc., the business entity established to distribute EARTH shoes in the United States, encountered business difficulties and declared bankruptcy around 1977. Thereafter, EARTH shoes were not available for intermittent periods of time, some of which exceeded three years and during which there was no specific intention to resume use of the mark EARTH for any products.

### *Prosecution of U.S. Trademark Registrations Nos. 2,199,118 and 2,249,826*

19.    Mondial Trading Co., Ltd. ("Mondial Trading"), a Cayman Islands corporation, filed an Intent to Use application to register the mark EARTH for "clothing, namely, socks, t-shirts, jeans, pants, caps, belts, shirts, hats, sweatshirts, sweaters, jackets and coats" with the U.S. Patent and Trademark Office on July 20, 1994. This application was assigned serial No. 74/551611.

20.    U.S. Trademark Application Serial No. 74/551611 was filed and prosecuted by Wolf, Greenfield, & Sacks, P.C., the same law firm which represents Meynard in the present lawsuit.

21.    On January 21, 1997, Mondial Trading filed a second "Request for Extension of Time under 37 C.F.R. §2.89 to File a Statement of Use, with Declaration", executed by Michel Meynard in his capacity as CEO. On information and belief, Michel Meynard is CEO of Plaintiff Meynard Designs and is also CEO of Plaintiff Earth Visions.

22.    On July 22, 1997, a third Request for Extension of Time with Declaration was filed for U.S. Trademark Application Serial No. 74/551611. Again, the Request with Declaration was executed by Michel Meynard as CEO. However, instead of applicant Mondial Trading, this Request with Declaration was filed by Michel Meynard, Inc. Michel Meynard, Inc.

is the former name of Plaintiff/Counterclaim-defendant Meynard Designs.

23.    On August 27, 1997, the Applications Examiner sent counsel a letter noting that the third Request for Extension of Time with Declaration was not filed by the applicant of record. The Applications Examiner informed counsel that "[t]he request must be filed by the entity that owns the mark at the time the request is filed." Accordingly, on September 24, 1997, counsel submitted an Assignment of U.S. Trademark Application Serial No. 74/551611 from Mondial Trading to Michel Meynard, Inc., effective June 25, 1997. In reliance upon the submission of this Assignment by Michel Meynard, Inc., the U.S. Patent and Trademark Office accepted the third Request for Extension of Time.

24.    On information and belief, despite Mondial Trading's purported Assignment of U.S. Trademark Application Serial No. 74/551611 to Michel Meynard, Inc., effective June 25, 1997, Mondial Trading proceeded to improperly file documents with the U.S. Patent and Trademark Office in connection with the prosecution of this application. On January 23, 1998, a fourth Request for Extension of Time under 37 C.F.R. §2.89 to File a Statement of Use, with Declaration was filed for U.S. Trademark Application Serial No. 74/551611, along with a Request to Divide Application and a Statement of Use under 37 C.F.R. §2.88, with Declaration for socks, t-shirts, caps, hats and sweatshirts. These documents were submitted by Mondial Trading and executed by Kareen Watler, Director of Mondial Trading, who also executed the Assignment of U.S. Trademark Application Serial No. 74/551611 from Mondial Trading to Michel Meynard, Inc. (now Meynard Designs, Inc.) submitted to the U.S. Patent and Trademark Office just four months earlier.

25.    The Statement of Use filed by Mondial Trading for socks, t-shirts, caps, hats and sweatshirts set forth a first use date of February 1, 1995 and a first use in commerce date of

February 1, 1995. The Statement of Use was filed with specimens displaying the term EARTH
SHOE.

26.      On March 30, 1998, the Trademark Attorney issued an Office Action stating that
the specimens displaying EARTH SHOE did not conform to the drawing which displayed the
mark as EARTH. The Trademark Attorney noted that to change the EARTH drawing to EARTH
SHOE would be a material alteration of the mark. Accordingly, the Trademark Attorney
required the submission of substitute specimens.

27.      On July 27, 1998, Mondial Trading submitted a new Statement of Use under 37
C.F.R. §2.88, with Declaration executed by Director Kareen Watler for socks, t-shirts, caps, hats
and sweatshirts. This Statement of Use set forth a first use date of "prior to" January 1, 1998 and
a first use in commerce date of "prior to" January 1, 1998. The Statement of Use was filed with
substitute specimens displaying the term EARTH and not the term EARTH SHOE.

28.      On July 27, 1998, Mondial Trading submitted a Request for Fifth Extension of
Time under 37 C.F.R. §2.89 to File a Statement of Use, with Declaration executed by Director
Kareen Watler, for jeans, pants, belts, shirts, sweaters, jackets "and/or" coats.

29.      The U.S. Patent and Trademark Office granted the Request to Divide Application
filed by Mondial Trading. Parent application Serial No. 74/551611 included jeans, pants, belts,
shirts, sweaters, jackets and coats, and child application Serial No. 75/977076 included socks, t-
shirts, caps, hats and sweatshirts.

30.      The Examining Attorney accepted the new Statement of Use and substitute
specimens for child application Serial No. 75/977076. On October 20, 1998, the U.S. Patent and
Trademark Office issued U.S. Registration No. 2,199,118 for the mark EARTH for socks, t-
shirts, caps, hats and sweatshirts. The registration identified a first use date and first use in

commerce date of February 1, 1995, which was the date Mondial Trading identified for its

rejected specimens for EARTH SHOE. On information and belief, neither Mondial Trading nor

Meynard Designs contacted the U.S. Patent and Trademark Office to correct this error.

31.    On January 22, 1999, Mondial Trading submitted a Statement of Use under 37

C.F.R. §2.88, with Declaration executed by Director Kareen Watler for jeans, pants, belts, shirts,

sweaters, jackets and coats in Application Serial No. 74/551611. The Statement of Use set forth

a first use date of December 1998 and a first use in commerce date of January 4, 1999.

32.    On June 1, 1999, the U.S. Patent and Trademark Office issued U.S. Trademark

Registration No. 2,249,826 for the mark EARTH for jeans, pants, belts, shirts, sweaters, jackets

and coats.

33.    In March 2000, an Assignment of U.S. Trademark Registration No. 2,199,118 and

U.S. Trademark Registration No. 2,249,826 from Mondial Trading to Meynard Designs was

filed with the U.S. Patent and Trademark Office.

34.    On information and belief, during prosecution of U.S. Trademark Application

Serial No. 74/551611, Meynard Designs and Mondial Trading knew that false representations as

to the ownership of the mark EARTH had been made to the U.S. Patent and Trademark Office.

Meynard Designs and Mondial Trading made these false representations with the intent to induce

the U.S. Patent and Trademark Office to accept the Request for Extension of Time to File a

Statement of Use and eventually issue U.S. Trademark Registration No. 2,199,118 and U.S.

Trademark Registration No. 2,249,826. On information and belief, these false representations

induced the U.S. Patent and Trademark Office to take actions it would not otherwise have taken

and damaged Earth Products by, among other things, causing the U.S. Patent and Trademark

Office to reject an application filed by Earth Products based upon the false representations as to

the ownership of the mark EARTH made by Meynard Designs and/or Mondial Trading.

35.    On information and belief, during prosecution of U.S. Trademark Application

Serial Nos. 74/551611 and 75/977076, Meynard Designs and Mondial Trading knew that false

representations as to the use of the mark EARTH had been made to the U.S. Patent and

Trademark Office.  Meynard Designs and Mondial Trading made these false representations with

the intent to induce the U.S. Patent and Trademark Office to accept earlier dates of use based on

a mark that the U.S. Patent and Trademark Office considered to be materially different.  On

information and belief, these false representations induced the U.S. Patent and Trademark Office

to take actions it would not otherwise have taken, such as causing the U.S. Patent and Trademark

Office to record incorrect first dates of use for U.S. Trademark Registration No. 2,199,118.

36.    On October 15, 2003, Earth Products initiated Cancellation Action 92042587 and

Cancellation Action 92042597 before the U.S. Patent and Trademark Office Trademark Trial and

Appeal Board by filing Petitions seeking cancellation of U.S. Trademark Registration No.

2,199,118 and U.S. Trademark Registration No. 2,249,826, respectively.

### *Post-Registration Activity for U.S. Trademark Registration No. 1,371,439*

37.    U.S. Trademark Registration No. 1,371,439 for the mark EARTH for footwear

issued to Tonus, Inc., the apparent assignee of Anne Kalso, on November 19, 1985.

38.    On information and belief, Tonus, Inc. purported to assign U.S. Trademark

Registration No. 1,371,439 to Mondial Trading in March 1994.

39.    On May 11, 1999, Mondial Trading submitted a Declaration under Section 15 for

U.S. Trademark Registration No. 1,371,439 for the mark EARTH for footwear.  The Section 15

Declaration was executed by Kareen Walter (identified as Kareen Watler in other Mondial

Trading filings), Director of Mondial Trading, on January 28, 1999.  On information and belief, a

specimen for the mark EARTH SHOE, which is materially different from the mark EARTH, accompanied the Section 15 Declaration.

40.    On information and belief, Mondial Trading was not using the mark EARTH in interstate commerce in connection with footwear on January 28, 1999, the date on which Director Walter executed the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439.

41.    On information and belief, Mondial Trading was not using the mark EARTH in interstate commerce in connection with footwear on May 11, 1999, the date on which Mondial Trading submitted the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439 to the U.S. Patent and Trademark Office.

42.    On information and belief, the mark EARTH had not been in continuous use in interstate commerce in connection with footwear for at least five consecutive years prior to January 28, 1999, the date on which Director Walter executed the Section 15 Declaration.

43.    On information and belief, the mark EARTH had not been in continuous use in interstate commerce in connection with footwear for at least five consecutive years prior to May 11, 1999, the date on which Mondial Trading submitted the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439 to the U.S. Patent and Trademark Office.

44.    On information and belief, the Section 15 Declaration for U.S. Trademark Registration No. 1,371,439 included material false statements.  There is no valid basis for a claim of incontestable status for U.S. Trademark Registration No. 1,371,439.

45.    On information and belief, Mondial Trading purported to assign U.S. Trademark Registration No. 1,371,439 to Meynard Designs in March 2000.

*__Meynard's EARTH and EARTH SHOE Brands__*

46.    On information and belief, Meynard Designs introduced its EARTH shoes to the marketplace no earlier than 2001.  Meynard's EARTH shoes feature negative heel construction. A New York Times article dated November 17, 2002, quotes Michel Meynard of Meynard Designs, Inc. as saying, "The brand [EARTH] had been out of the marketplace for 15 years, totally abandoned, so we got it for very little."

47.    On information and belief, shoes sold under the mark EARTH SHOE are designed and produced by, or on behalf of, Meynard Designs.  Meynard Designs' EARTH SHOE brand shoes entered the market no earlier than 1995 and sold exclusively at Wal-Mart stores.  EARTH SHOE brand shoes do not have negative heel construction.

48.    The message board on Meynard's Web site, located at the Uniform Resource Locator www.earth.us, includes inquiries from consumers confused between EARTH brand shoes and EARTH SHOE brand shoes.  In response to these inquiries, Meynard represents that EARTH and EARTH SHOE are different brands, and further that EARTH shoes are a high-grade product featuring negative heel technology as compared to low cost EARTH SHOE brand shoes which do not.

49.    Meynard cannot rely upon any use of the mark EARTH SHOE for shoes or clothing to establish use of the mark EARTH for shoes or clothing.

*__Unlawful Activities of Meynard Designs and Earth Visions__*

50.    On information and belief, Meynard Designs and Earth Visions commenced the use of the mark EARTH in association with the sale and promotion of clothing after Earth Products' first use in commerce of the mark EARTH in association with the sale and promotion of clothing.

51.    Because Earth Products owns the exclusive right to use the mark EARTH in association with the sale of clothing, Earth Products is entitled to cancellation of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

52.    The use of the mark EARTH by Counterclaim-defendants in association with the sale of clothing is likely to cause confusion among customers as to the source of the clothing or may cause customers to believe that Counterclaim-defendants' clothing sold or promoted in association with the mark EARTH is associated with, endorsed by or sponsored by Earth Products.  For these reasons, the use of the mark EARTH by Counterclaim-defendants in association with the sale of clothing infringes valuable rights owned by Earth Products and causes injury and damage to Earth Products.

53.    Counterclaim-defendants' use of the mark EARTH in association with the labeling, packaging, advertising, and marketing of clothing has caused, and is likely to continue to cause, confusion, mistake or customer deception as to the source of said clothing.  Further, Counterclaim-defendants' use of the mark EARTH gives the mistaken impression that Counterclaim-defendants' products are endorsed by Earth Products, or that Counterclaim-defendants' products are sponsored by, affiliated with, or in some way connected with Earth Products.

54.    Counterclaim-defendants are acting without license or consent of Earth Products and have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Earth Products, and serious and irreparable injury to the goodwill associated with the mark EARTH for clothing.  Earth Products' remedies at law are not adequate to compensate for the injury caused by Counterclaim-defendants' actions because Earth Products is entitled to be in exclusive control of the mark EARTH as used in association with clothing in

22

order to prevent the likelihood that customers may be confused, mistaken, or deceived into believing that the clothing sold by Counterclaim-defendants originate with Earth Products or are endorsed by, sponsored by, affiliated with, or in some way connected to Earth Products.

55.     Earth Products advised Meynard of its prior rights in the mark EARTH as used in association with clothing.  Despite Earth Products' provision of express notice to Meynard of Earth Products' exclusive rights in the mark EARTH for clothing, Meynard initiated use of the mark and continues to manufacture, promote, and sell clothing in association with the mark EARTH in violation of Earth Products' exclusive rights thereto.  Accordingly, Meynard's continued acts of infringement are willful, and Earth Products is therefore entitled to recover all profits derived from Counterclaim-defendants' acts of infringement, dilution, and false designation of origin, including treble damages, together with all attorneys' fees and costs incurred by Earth Products.

56.     Because Meynard Designs and/or Mondial Trading falsely or fraudulently sought to obtain registration of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit, Earth Products is entitled to cancellation of U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826.

57.     Earth Products has been damaged by Meynard's falsely or fraudulently obtained U.S. Trademark Registration No. 2,249,826 and U.S. Trademark Registration No. 2,199,118. Earth Products is unlikely to be able to secure U.S. trademark registration for EARTH for clothing as long as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 are allowed to continue to subsist.

## COUNTERCLAIM I
## COMMON LAW TRADEMARK INFRINGEMENT

58.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of

Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-57

above.

59.     By their acts as described herein, Counterclaim-defendants have intentionally

deceived, and continue to deceive, consumers by using the mark EARTH on clothing and

misrepresenting that its EARTH clothing is associated with or endorsed by Earth Products.

60.     Counterclaim-defendants' activities constitute trademark infringement in violation

of the common law of the Commonwealth of Massachusetts, the States of Washington and

California and the several states.

61.     On information and belief, Counterclaim-defendants' conduct alleged herein has

been willful and designed to cause confusion, deception or mistake.

## COUNTERCLAIM II
## FALSE DESIGNATION OF ORIGIN

62.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of

Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-61

above.

63.     Counterclaim-defendants have used the EARTH mark in a manner that falsely

identifies and misrepresents the source of goods in a manner likely to cause confusion as to the

source of those goods.

64.     Counterclaim-defendants' actions constitute false designation of origin under

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     On information and belief, Counterclaim-defendants' conduct alleged herein has

been willful and designed to cause confusion or mistake.

24

## COUNTERCLAIM III
### VIOLATION OF MASSACHUSETTS LAW

66.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-65 above.

67.    Counterclaim-defendants' activities described herein constitute unfair competition and false and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

68.    On information and belief, Counterclaim-defendants' conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## COUNTERCLAIM IV
### CANCELLATION OF FALSE OR FRAUDULENT REGISTRATIONS

69.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-68 above.

70.    Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court has the authority to order the Director of the United States Patent and Trademark Office to cancel trademark registrations.

71.    Upon information and belief, Meynard Designs and its predecessor-in-interest, Mondial Trading, falsely or fraudulently sought to obtain issuance of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit.

72.    Earth Products has been and continues to be damaged by continued registration of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, which are allegedly owned by Meynard Designs and asserted in this lawsuit.

73.    Earth Products is entitled to cancellation of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 in accordance with Section 14(3) of the Lanham Act, 15 U.S.C. § 1064.

## COUNTERCLAIM V
## DAMAGES FOR FALSE OR FRAUDULENT REGISTRATION

74.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-73 above.

75.    Upon information and belief, Meynard Designs and its purported predecessor-in-interest, Mondial Trading, falsely or fraudulently sought to obtain issuance of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit.

76.    Earth Products has been and continues to be damaged by U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826, which are allegedly owned by Meynard Designs and asserted in this lawsuit.

77.    Earth Products is entitled to damages in accordance with Section 38 of the Lanham Act, 15 U.S.C. § 1120.

## COUNTERCLAIM VI
## DECLARATORY JUDGMENT OF TRADEMARK ABANDONMENT
## AND EARTH PRODUCTS' SUPERIOR TRADEMARK RIGHTS

78.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-77 above.

79.    The absence of EARTH goods from the marketplace for intermittent periods of time, some of which exceeded three years and during which there was no specific intention to resume use of the mark EARTH for any products, constitutes abandonment of the mark by Meynard Designs and/or its alleged predecessors-in-interest.

26

80.     Earth Products first used the mark EARTH in commerce in association with the

sale of clothing was at least as early as 1990. Counterclaim-defendants cannot establish a first

use date for the mark EARTH for clothing prior to Earth Products' first use. Accordingly, this

Court should declare that Earth Products has superior rights to the use of the mark EARTH in

connection with clothing and should therefore order cancellation of U.S. Trademark Registration

No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

### EARTH PRODUCTS INC.'S
### COUNTERCLAIMS AND THIRD PARTY COMPLAINT AGAINST PLANET, INC.

#### Parties

1.     Counterclaim-plaintiff Earth Products Inc. ("Earth Products") is a California

corporation with its principal place of business at 5830 El Camino Real, Carlsbad, CA 92008.

2.     On information and belief, additional Counterclaim-defendant Planet, Inc. is a

Massachusetts corporation with its principal place of business at 135 Second Avenue, Waltham,

MA 02451.

3.     Counterclaim-defendants Meynard Designs and Earth Visions were described

above.

#### Jurisdiction and Venue

4.     This is an action arising out of the Trademark Act of 1946, 15 U.S.C. §§ 1051,

*et seq.*, the laws of the States of Massachusetts, California and Washington, and the common

law. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C.

§ 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1332 (diversity jurisdiction),

28 U.S.C. § 1338 (acts of Congress relating to trademarks and unfair competition), and 28 U.S.C.

§ 1367 (supplemental jurisdiction of related state law claims). The amount in controversy

exceeds the sum or value of $75,000.00.

5.     Venue is permitted in this jurisdiction under 28 U.S.C. § 1391.

6.     This Court has personal jurisdiction over Planet, Inc. because Planet, Inc. is a Massachusetts corporation headquartered and doing business in Massachusetts.

7.     This Court has personal jurisdiction over each of the other Counterclaim-defendants for the reasons recited above and because they have availed themselves of this Court by bringing this action.

## Facts In Support Of Planet, Inc. Counterclaims

8.     On information and belief, Michel Meynard is Chief Executive Officer of Planet, Inc. and Philippe Meynard is President of Planet, Inc.  Michel Meynard is also Chief Executive Officer of Meynard Designs, Inc. and Earth Visions Inc.  Philippe Meynard is also President of Meynard Designs, Inc. and Earth Visions Inc.

9.     On information and belief, Planet, Inc. shares the same business address as Meynard Designs, Inc. and Earth Visions Inc.

10.     On information and belief, Michel Meynard and Philippe Meynard control the design, manufacture, wholesale and retail sale of EARTH shoes and clothing through a network of businesses: Meynard Designs, Earth Visions, and Planet, Inc.  Meynard Designs, Inc. designs and arranges for the manufacture of EARTH clothing and shoes.  Earth Visions Inc. sells EARTH clothing and shoes to retailers.  Planet, Inc. sells EARTH clothing and shoes directly to consumers through its Web site located at Uniform Resource Locator www.planetshoes.com. (the "Planet Web site").  Planet, Inc. was formerly known as Planet Shoes, Inc.

11.     On information and belief, from at least some time in 2001 until some time in September 2005, the Planet Web site stated, "Planet Shoes is a division of Meynard Designs, inc. (sic); a family-owned business dedicated to making shoes for retailers across the country for over

30 years. The Internet has created a gateway for us to provide these same shoes directly to the public."

12.     On information and belief, Planet, Inc. commenced the use of the mark EARTH in association with the sale and promotion of clothing after Earth Products' first use in commerce of the mark EARTH in association with the sale and promotion of clothing.

13.     On information and belief, Planet, Inc. purports to have rights to use the EARTH mark derived from the other Counterclaim-defendants.

14.     On information and belief, Planet, Inc. in using the EARTH mark acts at the direction of and/or with the authorization or ratification of the other Counterclaim-defendants.

15.     On information and belief, Planet, Inc. and each of the other Counterclaim-defendants act in concert and/or as a single legal entity in using the EARTH mark.

16.     On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

17.     In the absence of Planet, Inc. as a party to this lawsuit, Earth Products will not be able to obtain complete relief.

## PLANET, INC. COUNTERCLAIM I
## COMMON LAW TRADEMARK INFRINGEMENT

18.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-17 above.

19.     By its acts as described herein, Planet, Inc. has intentionally deceived, and continues to deceive, consumers by using the mark EARTH on clothing and misrepresenting that its EARTH clothing is associated with or endorsed by Earth Products.

20.     Planet, Inc.'s activities constitute trademark infringement in violation of the

29

common law of the Commonwealth of Massachusetts, the States of Washington and California and the several other states in which Planet, Inc. does business.

21.    On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## PLANET, INC. COUNTERCLAIM II
### FALSE DESIGNATION OF ORIGIN

22.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-21 above.

23.    Planet, Inc. has used the EARTH mark in a manner that falsely identifies and misrepresents the source of goods in a manner likely to cause confusion as to the source of those goods.

24.    Planet, Inc.'s actions constitute false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.    On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion or mistake.

## PLANET, INC. COUNTERCLAIM III
### VIOLATION OF MASSACHUSETTS LAW

26.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80 and Planet, Inc. Counterclaim paragraphs 1-25 above.

27.    Planet, Inc.'s activities described herein constitute unfair competition and false and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

28.    On information and belief, Planet, Inc.'s conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

**PLANET, INC. COUNTERCLAIM IV**
**VIOLATION OF CALIFORNIA LAW**

29.    Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of

Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9, Counterclaim paragraphs 1-80

and Planet, Inc. Counterclaim paragraphs 1-28 above.

30.    Planet, Inc.'s and the other Counterclaim-defendants' use of the EARTH mark

harms Earth Products in California.

31.    Planet, Inc. and the other Counterclaim-defendants are causing confusion and

deception to injure Earth Products and consumers in California to the detriment of fair

competition within California.

32.    Planet, Inc. and the other Counterclaim-defendants are liable for unfair

competition in violation of California Business and Professions Code §§ 17200 *et seq.*

33.    Planet, Inc. and the other Counterclaim-defendants should be enjoined from

further unfair competition and Earth Products should recover its attorneys' fees and costs

incurred herein.

**RESERVATION OF RIGHTS TO AMEND**
**AND REFERENCE TO TRANSFERRED CLAIMS**

Nothing herein shall be deemed to waive or impair, and Earth Products expressly

reserves, all rights to assert at any time additional claims, affirmative defenses, counterclaims,

cross-claims and requests for relief, whether based on law or evidence, in this case.  Earth

Products also notes that all of the claims asserted in Civil Action No. 05-1326Z have been

transferred to this Court by Order of the U.S. District Court for the Western District of

Washington at Seattle entered July 31, 2006 and therefore said claims remain pending and are

now ripe for adjudication by this Court.  Earth Products expects that related action to be

consolidated with this one by the Court.

## DAMAGE AND IRREPARABLE HARM TO EARTH PRODUCTS INC.

By reason of Counterclaim-defendants' acts alleged herein, Earth Products is suffering and will continue to suffer irreparable damage.

Earth Products' remedy at law is not adequate to compensate it for the injuries caused and threatened by Counterclaim-defendants' current and intended use of the EARTH mark.

## PRAYER FOR RELIEF

WHEREFORE, Earth Products Inc. prays that the Court declare and a judgment be entered that:

A.    Plaintiffs' claims for affirmative relief are dismissed with prejudice.

B.    Earth Products has superior and exclusive rights for the mark EARTH for clothing. Meynard Designs, Earth Visions and Planet, Inc. have infringed Earth Products' rights in the mark EARTH and further have committed false designation of origin and unfair competition in violation of common law and statutory law of Massachusetts, including Mass. Gen. L. ch. 93A, and the laws of the States of Washington and California.

C.    Meynard Designs', Earth Visions' and Planet, Inc.'s trademark infringement, false designation of origin, and unfair competition have been willful.

D.    Meynard Designs, Earth Visions and Planet, Inc., their agents, servants, employees, and attorneys, and all other persons, firms and corporations acting in concert or in participation with Meynard Designs, Earth Visions and Planet, Inc., are permanently enjoined from using or registering the EARTH mark, or any mark confusingly similar thereto, in association with clothing.

E.    Meynard's asserted trademark registrations were falsely or fraudulently obtained and/or incontestable status was falsely or fraudulently claimed.

F.    An Order be issued to the Director of the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826.

32

G.    Meynard Designs, Earth Visions and Planet Inc. cannot rely upon any use of the mark EARTH SHOE to establish use of the mark EARTH.

H.    Meynard Designs, Earth Visions and Planet Inc. have no valid right to the mark EARTH for clothing.

I.    Earth Products does not infringe any trademark rights of Meynard Designs or Earth Visions.

J.    Earth Products does not violate 15 U.S.C. § 1125(a) by its use of the mark EARTH on clothing.

K.    Earth Products' use of the mark EARTH on clothing does not constitute unfair competition.

L.    Earth Products' use of the mark EARTH on clothing does not constitute unfair and deceptive trade practices under Mass. Gen. L. ch. 93A.

M.    Plaintiffs/Counterclaim-defendants shall pay compensatory and exceptional damages to Earth Products pursuant to 15 U.S.C. § 1117, Mass. Gen. L. ch. 93A and all other applicable laws, plus reasonable attorney's fees and costs incurred in this matter.

N.    Plaintiffs/Counterclaim-defendants shall be enjoined from further unfair competition and pay to Earth Products its full attorney's fees and costs associated with this dispute.

O.    Such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Earth Products Inc. demands a jury trial on all issues triable to a jury.

Dated:  August 14, 2006

| | |
|---|---|
| By: /s/ Steven M. Bauer<br><br>**Steven M. Bauer, Esq. BBO# 542531**<br>sbauer@proskauer.com<br>**Kimberly A. Mottley, Esq. BBO# 651190**<br>kmottley@proskauer.com<br>**PROSKAUER ROSE LLP**<br>One International Place<br>Boston, MA 02110<br>(617) 526-9600<br><br>*Attorneys for Earth Products Inc.* | *Of counsel:*<br><br>**J. Christopher Carraway**<br>chris.carraway@klarquist.com<br>**Cindy L. Caditz**<br>cindy.caditz@klarquist.com<br>**Scott E. Davis**<br>scott.davis@klarquist.com<br>**KLARQUIST SPARKMAN, LLP**<br>121 S.W. Salmon Street, Suite 1600<br>Portland, Oregon  97204<br>Phone:  503-595-5300<br>Fax:  503-595-5301 |

M0849/4001 (DW)

## ASSIGNMENT

WHEREAS, Mondial Trading Company, Ltd., a corporation of Grand Cayman Islands having an office and place of business at P.O. Box 1109, Mary Street, Grand Cayman, CAYMAN ISLANDS, B.W.I. has adopted and used the following marks and the trademark Registrations:

### SCHEDULE OF TRADEMARKS

| MARK | REG. NO. | REG. DATE |
|------|----------|-----------|
| ANNE KALSO EARTH SHOE | 1,294,415 | September 11, 1984 |
| EARTH | 1,371,439 | November 19, 1985 |
| EARTH SHOE | 1,372,733 | November 26, 1985 |
| E (LOGO) | 2,051,653 | April 8, 1997 |
| EARTH SHOE | 2,211,331 | December 15, 1998 |
| EARTH | 2,199,118 | October 20, 1998 |
| EARTH | 2,249,826 | June 1, 1999 |

WHEREAS, Michel Meynard, Inc., a corporation of Massachusetts, having an office and place of business at 763 Salem End Road, Framingham, Massachusetts 01702 is desirous of acquiring said mark and the registrations therefor.

NOW, THEREFORE, for one Dollar ($1.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, said Mondial Trading Company, Ltd. without representations or warranties with respect to said trademarks or registrations or the title thereto does hereby assign unto the said Michel Meynard, Inc., all its rights, title and interest in and to the said marks and the registrations therefor, together with the goodwill of the business symbolized by said marks and the registrations therefor and including all rights to sue and recover for past infringement of said marks and the registrations therefor.

Mondial Trading Company, Ltd.

1ST MARCH, 2000
Date

By _E.G. Christian_
Name:   E. G. CHRISTIAN
Title:   MANAGING DIRECTOR

STATE OF CAYMAN ISLANDS
COUNTY OF GEORGE TOWN

Subscribed to and sworn before me this  1ST  day of  MARCH, 2000

SEAL

_John Billings_
Notary Public  JOHN BILLINGS
**My Commission Expires**  10TH DECEMBER, 2004

274430_1.DOC

M003280
05cv11781



**United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



Assignments on the Web > **Trademark Query**

# Trademark Assignment Abstract of Title

## Total Assignments: 4

**Serial #:** 74551611     **Filing Dt:** 07/20/1994     **Reg #:** 2249826     **Reg. Dt:** 06/01/1999

**Registrant:** Mondial Trading Co. Ltd.

**Mark:** EARTH

## Assignment: 1

**Reel/Frame:** 2055/0058     **Received:** 04/20/2000     **Recorded:** 03/13/2000     **Pages:** 3

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** MONDIAL TRADING COMPANY, LTD.

**Exec Dt:** 03/01/2000
**Entity Type:** CORPORATION
**Citizenship:** CAYMAN ISLANDS

**Assignee:** MICHEL MEYNARD, INC.
763 SALEM END ROAD
FRAMINGHAM, MASSACHUSETTS 01702

**Entity Type:** CORPORATION
**Citizenship:** MASSACHUSETTS

**Correspondent:** WOLF, GREENFIELD & SACKS, P.C.
DAVID WOLF
600 ATLANTIC AVENUE
FEDERAL RESERVE PLAZA
BOSTON, MA 02210

## Assignment: 2

**Reel/Frame:** 2668/0024     **Received:** 06/13/2003     **Recorded:** 06/13/2003     **Pages:** 7

**Conveyance:** CORRECTIVE DOCUMENT REEL 2169 AND FRAME 0509 TO CORRECT INCOOECTLY FILED REGISTRATION NUMBER

**Assignor:** MICHEL MEYNARD, INC.

**Exec Dt:** 03/27/2000
**Entity Type:** CORPORATION
**Citizenship:** MASSACHUSETTS

**Assignee:** MEYARND DESIGNS, INC.
763 SALEM END ROAD
FRAMINGHAM, MASSACHUSETTS 01702

**Entity Type:** CORPORATION
**Citizenship:** MASSACHUSETTS

**Correspondent:** WOLF GREENFIELD & SACKS, P.C.
DAVID WOLF
600 ATLANTIC AVENUE
FEDERAL RESERVE PLAZA
BOSTON, MA 02210

## Assignment: 3

**Reel/Frame:** 2668/0040     **Received:** 06/13/2003     **Recorded:** 06/13/2003     **Pages:** 6

**Conveyance:** CORRECTIVE DOCUMENT REEL 2162 FAND FRAME 0134 TO CORRECT INCORRECTLY FILED REGISTRATION NUMBER.

**Assignor:** MICHEL MEYNARD, INC.

**Exec Dt:** 03/27/2000
**Entity Type:** CORPORATION
**Citizenship:** MASSACHUSETTS

**Assignee:** MEYNARD DESIGNS, INC.
763 SALEM END ROAD
FRAMINGHAM, MASSACHUSETTS 01702

**Entity Type:** CORPORATION
**Citizenship:** MASSACHUSETTS

**Correspondent:** WOLF, GREENFIELD & SACKS, P.C.
DAVID WOLF
600 ATLANTIC AVENUE

FEDERAL RESERVE PLAZA
BOSTON, MA 02210

## Assignment: 4

**Reel/Frame:** 2761/0046     **Received:** 12/09/2003          **Recorded:** 12/09/2003               **Pages:** 3

**Conveyance:** CHANGE OF ADDRESS

**Assignor:** MEYNARD DESIGNS INC.                          **Exec Dt:** 12/09/2003
                                                            **Entity Type:** CORPORATION
                                                            **Citizenship:** MASSACHUSETTS

**Assignee:** MEYNARD DESIGNS INC.                          **Entity Type:** CORPORATION
             151 NEWTON STREET                              **Citizenship:** MASSACHUSETTS
             WALTHAM, MASSACHUSETTS 02453

**Correspondent:** WOLF, GREENFIELD & SACKS, P.C.
                  DAVID WOLF
                  FEDERAL RESERVE PLAZA
                  600 ATLANTIC AVENUE
                  BOSTON, MA 02210

Search Results as of: 10/18/2007 03:15 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.0.1
Web interface last modified: April 20, 2007 v.2.0.1

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

 **United States Patent and Trademark Office** 

**Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help**

## Assignments on the Web > **Trademark Query**

# Trademark Assignment Abstract of Title

### Total Assignments: 4

**Serial #:** 75977076     **Filing Dt:** 07/20/1994     **Reg #:** 2199118     **Reg. Dt:** 10/20/1998

**Registrant:** Mondial Trading Co. Ltd.

**Mark:** EARTH

### Assignment: 1

**Reel/Frame:** 2055/0058     **Received:** 04/20/2000     **Recorded:** 03/13/2000     **Pages:** 3

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** MONDIAL TRADING COMPANY, LTD.     **Exec Dt:** 03/01/2000
           **Entity Type:** CORPORATION
           **Citizenship:** CAYMAN ISLANDS

**Assignee:** MICHEL MEYNARD, INC.     **Entity Type:** CORPORATION
           763 SALEM END ROAD     **Citizenship:** MASSACHUSETTS
           FRAMINGHAM, MASSACHUSETTS 01702

**Correspondent:** WOLF, GREENFIELD & SACKS, P.C.
           DAVID WOLF
           600 ATLANTIC AVENUE
           FEDERAL RESERVE PLAZA
           BOSTON, MA 02210

### Assignment: 2

**Reel/Frame:** 2162/0134     **Received:** 12/18/2000     **Recorded:** 09/27/2000     **Pages:** 6

**Conveyance:** CHANGE OF NAME

**Assignor:** MICHEL MEYNARD, INC.     **Exec Dt:** 03/27/2000
           **Entity Type:** CORPORATION
           **Citizenship:** MASSACHUSETTS

**Assignee:** MEYNARD DESIGNS, INC.     **Entity Type:** CORPORATION
           763 SALEM END ROAD     **Citizenship:** MASSACHUSETTS
           FRAMINGHAM, MASSACHUSETTS 01702

**Correspondent:** WOLF, GREENFIELD & SACKS, P.C.
           DAVID WOLF
           600 ATLANTIC AVENUE
           FEDERAL RESERVE PLAZA
           BOSTON, MA 02210

### Assignment: 3

**Reel/Frame:** 2169/0509     **Received:** 11/08/2000     **Recorded:** 09/29/2000     **Pages:** 6

**Conveyance:** CHANGE OF NAME

**Assignor:** MICHEL MEYNARD, INC.     **Exec Dt:** 03/27/2000
           **Entity Type:** CORPORATION
           **Citizenship:** MASSACHUSETTS

**Assignee:** MEYNARD DESIGNS, INC.     **Entity Type:** CORPORATION
           763 SALEM END ROAD     **Citizenship:** MASSACHUSETTS
           FRAMINGHAM, MASSACHUSETTS 01702

**Correspondent:** WOLF, GREENFIELD, SACKS, P.C.
           DAVID WOLF
           600 ATLANTIC AVENUE
           FEDERAL RESERVE PLAZA

BOSTON, MA 02210

**Assignment: 4**

| | | | |
|---|---|---|---|
| **Reel/Frame:** 2761/0046 | **Received:** 12/09/2003 | **Recorded:** 12/09/2003 | **Pages:** 3 |

**Conveyance:** CHANGE OF ADDRESS

**Assignor:** MEYNARD DESIGNS INC.

**Exec Dt:** 12/09/2003
**Entity Type:** CORPORATION
**Citizenship:** MASSACHUSETTS

**Assignee:** MEYNARD DESIGNS INC.
151 NEWTON STREET
WALTHAM, MASSACHUSETTS 02453

**Entity Type:** CORPORATION
**Citizenship:** MASSACHUSETTS

**Correspondent:** WOLF, GREENFIELD & SACKS, P.C.
DAVID WOLF
FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MA 02210

Search Results as of: 10/18/2007 04:18 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.0.1
Web interface last modified: April 20, 2007 v.2.0.1

**| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT**



Wolf Greenfield
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

**Laura Topper**
ltopper@wolfgreenfield.com
direct dial 617.646.8307

December 20, 2006

**VIA FEDEX**

Chris Carraway, Esq.
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204

     Re:   Meynard Designs, Inc., et al. v. Earth Products, Inc.,
             Civil Action No. 05-cv-11781 NMG
             <u>Our File No. M0849.50028US00</u>

Dear Chris:

    Enclosed are three disks containing documents labeled: M000001-M001554; EV00001- EV029637; and P000001-P000860. As agreed, these documents are in TIFF format with a Summation load file. If you have any difficulty with the disks, feel free to contact us.

    This production is subject to the agreement that all parties will follow the draft protective order, with the exception that no designated documents will be shown to Julie VanDerZanden or Ken Cummins. This production is also without waiver of our objections.

    If you have any difficulty with the disks, feel free to contact us.

                        Very truly yours,

                        WOLF, GREENFIELD & SACKS, P.C.

                        Laura Topper

LXT/ars
Enclosures

**EXHIBIT J
(Filed Under Seal)**