IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.,<br><br>Plaintiffs and Counterclaim Defendant,<br>v.<br>EARTH PRODUCTS INC.,<br><br>Defendant and Counterclaim Plaintiff. | CIVIL ACTION NO. 05 CV 11781 NMG |
| EARTH PRODUCTS INC.<br><br>Third Party Plaintiff,<br>v.<br>PLANET, INC.<br><br>Third-Party Defendant. | |

**MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE EARTH PRODUCTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Meynard Designs, Inc. ("Meynard"), Earth, Inc. and Planet, Inc. (collectively "Plaintiffs") submit this memorandum in support of their motion to strike Earth Products Inc.'s ("EP") Motion for Partial Summary Judgment of Invalidity of United States Trademark Registrations 2,249,826 and 2,199,118 ("summary judgment motion"), and associated papers. (D.I. # 62-64).

**I.      INTRODUCTION**

EP has submitted a premature motion seeking summary judgment on a defense/counterclaim that is not in its Answer and is not properly in this case at all. Eight

months after the deadline to do so, and with no justification for its delay, EP filed a motion to amend its Answer (D.I. # 55). Plaintiffs have opposed that motion. (D.I. # 66). Without waiting for the motion to be acted on, EP has purported to file for summary judgment on the merits of an issue not actually in this case. (D.I. # 62-64). By submitting this untimely summary judgment motion, EP is seeking to circumvent not only the Court's scheduling order, which required that all amendments to pleadings be completed by January 31, 2007, but also the requirements of Fed. R. Civ. P. 8(c) and 13(a) that all relevant defenses and counterclaims appear in the pleadings. It is procedurally improper, as well as unfair and prejudicial, to force Plaintiffs to substantively oppose a motion for summary judgment on an issue that is not yet – and may never be – part of the case. As the First Circuit and numerous other courts have held, claims not timely asserted are barred, and a party cannot use a summary judgment motion to force its opponent to litigate the merits of an issue not properly in the pleadings.

## II.     BACKGROUND

Meynard and Earth, Inc. filed their Complaint in this trademark infringement action on August 29, 2005. (D.I. # 1; Declaration of Hunter D. Keeton ("Keeton Dec."), Ex. A). Among other claims, the Complaint alleged that EP had infringed Meynard's rights in EARTH based on its ownership of United States Trademark Registration Nos. 2,199,118 (the "'118 registration") and 2,249,826 (the "'826 registration") for the mark EARTH as used on clothing other than footwear. (Id., ¶¶ 12, 30-36).

On August 14, 2006, EP filed its Answer to the Complaint. (D.I. # 9; Keeton Dec., Ex. B). While EP's Answer alleged in its affirmative defenses and counterclaims that the '118 and '826 registrations were invalid for a variety reasons, the Answer never alleged that the registrations were either (1) generally invalid; or (2) invalid due to a violation of the prohibition

against assignment of "intent to use" ("ITU") applications contained in 15 U.S.C. § 1060(a)(1). (Id., Affirmative Defense ¶¶ 6-7, Counterclaim ¶¶ 34-35, 56, 69-73).

On November 28, 2006, the Court entered a docketing order specifying that all amendments and supplements to the pleadings must be submitted by January 31, 2007. (Keeton Dec., Ex. C). EP did not seek to amend its Answer by that date.

Not until more than eight months after this deadline did EP submit a motion to amend its Answer to add an affirmative defense and counterclaim that assignments in the file history of the application that led to the '118 and '826 registrations rendered them invalid under 15 U.S.C. § 1060(a)(1). (D.I. # 55). The opposition to that motion was due October 29, 2007.[1]

On October 25, 2007, while its motion to amend was still pending and even before Plaintiffs' opposition to that motion was due, EP purported to serve a summary judgment motion on exactly the same defense/counterclaim that it was seeking leave to add to this case in its motion to amend. (See D.I. # 60, 62-64; Keeton Dec., Ex. G). If that summary judgment motion were proper and timely, Plaintiffs' opposition would be due two weeks later, on November 8, 2007, – i.e. well before the Court would have ruled on EP's motion to amend. Plaintiffs served their Opposition to the Motion to Amend on October 29 (Keeton Dec., Ex. F), and are filing it today as the Court has today granted their motion to seal confidential materials in it. (D.I. # 66, 71-72). Plaintiffs' opposition to the summary judgment motion would be due before briefing on the motion to amend has even been completed, let alone any action taken.

---

[1] EP filed a motion to impound the relevant confidential materials to this motion on October 12, 2007 (D.I. # 54), and served all relevant documents on Plaintiffs' counsel that same day. (Keeton Dec., Ex. D). Under paragraph 8 of the Stipulated Protective Order (D.I. # 30; Keeton Dec., Ex. E) and D. Mass. Local Rule 7.1(b)(2), Plaintiffs' opposition to the motion to amend was due two weeks later, on October 26, 2007. Counsel for the parties later agreed to extend the due date for the opposition by one business day to October 29. Plaintiffs submitted a motion to impound confidential materials in their opposition on that day (D.I. # 66), and served their opposition and all relevant papers that same day. (Keeton Dec., Ex. F).

## II.   ARGUMENT

### A.   EP's Motion For Summary Judgment Is Untimely And Premature

By filing its summary judgment motion on a defense and counterclaim that are the subject of its pending motion to amend (D.I. # 62-64), EP is seeking to circumvent the amendment process entirely and force Plaintiffs to defend substantively on this issue, despite EP's failure to provide notice of it in EP's original pleadings.  This maneuver by EP is contrary to the Federal Rules of Civil Procedure, and unfair to Plaintiffs (but unfortunately consistent with EP's pattern and practice of creating needless expense).[2]

EP concedes that its original Answer did not raise as either an affirmative defense or a counterclaim that the '118 or '826 registrations are invalid for violating the limited prohibition against the assignment of ITU applications in 15 U.S.C. § 1060(a)(1).  (Keeton Dec. Ex. B., Affirmative Defense ¶¶ 6-7, Counterclaim ¶¶ 34-35, 56, 69-73).  Nor were Plaintiffs on notice that EP intended to raise such a defense or counterclaim: this statutory provision is mentioned nowhere in the Answer, and was not raised in any of EP's interrogatory responses or any other communications, until EP sprung this latest invalidity allegation on Plaintiffs just recently. (Keeton Dec., ¶ 9; Ex. H).

Under Fed. R. Civ. P. 8(c), a responsive pleading such as an answer must "set forth affirmatively . . . any . . . matter constituting an avoidance or an affirmative defense."  "It is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver of that

---

[2] As discussed in more detail on page 15 of Plaintiffs' Opposition to EP's Motion to Amend (D.I. # 71), EP's attempts to run up the cost of this litigation include: overly broad and burdensome discovery requests (its first set of discovery requests to Plaintiffs alone totaled 344 separate requests); repeated complaints by EP's counsel about the scope of Plaintiffs' broad-reaching discovery that greatly outweighs EP's production; and EP's motion to compel contact information on Pierre Meynard (D.I. # 37-38), despite being informed of his incompetence to testify (D.I. # 48).

defense and its exclusion from the case." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (2004) (and cases cited). Courts, including in the First Circuit, have routinely excluded affirmative defenses that are not set forth in the pleadings. See, e.g., Jewelers Mut. Ins. Co. v. N. Barquet, Inc., 410 F.3d 2, 11 (1st Cir. 2005) ("Affirmative defenses must be pled or they will generally be deemed waived and excluded from the case."); Radford Trust v. First Unum Co. Life Ins. Co. of Am., 321 F. Supp. 2d 226, 242 (D. Mass. 2004) ("in general, failure to raise an affirmative defense in the original pleadings constitutes a waiver of the defense.").

Similarly, Fed R. Civ. P. 13(a) requires that a pleading contain "as a counterclaim any claim . . . the pleader has against any opposing party, if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." In this case, EP's proposed defense based on 15 U.S.C. § 1060(a)(1) arises out of the same transaction or occurrence: it relates directly to the '118 and '826 trademark registrations that Meynard has asserted against EP in this litigation, and the allegedly improper assignments are part of the file history of the application that led to those registrations being issued. "A counterclaim which is compulsory but is not brought is thereafter barred." Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n.1 (1974). See also Eon Labs., Inc. v. Smithkline Beecham Corp., 298 F. Supp. 2d 175, 179 (D. Mass. 2003) (same).[3]

As a result, a determination of whether EP is entitled to amend it answer must logically precede any action to raise this new invalidity issue on the merits. If EP's motion to amend is

---

[3] Even if EP's proposed Section 1060 counterclaim were considered a permissive counterclaim (which it is not), it could still not be raised in the current action without being part of a pleading. Fed. R. Civ. P. 13(b) states that "A pleading may state" a permissive counterclaim, not that a party may raise any permissive counterclaim it likes as part of the case even when the counterclaim is not in the pleadings. Cf. Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7 of Jefferson County, Mo., 747 F.2d 1195, 1197-1198 (8th Cir. 1984) (dismissing counterclaims that were so unclear that it was impossible to tell what was being asserted or whether they were compulsory or permissive; "pleadings under the Federal Rules of Civil Procedure are designed to give the opposing party fair notice of the claim asserted.").

denied, the issue is not in the case, and EP cannot move for summary judgment on it. See, e.g., Jeweler's Mut. Ins., 410 F.3d at 11 (finding that defense had been waived where party did not plead defense).

EP's motion for summary judgment on this invalidity defense attempts to bypass the motion-to-amend process completely. If allowed to be filed at this time, the practical effect of its premature summary judgment motion would be to force Plaintiffs to substantively oppose entirely new invalidity allegations, notwithstanding the fact that they are not presently in the case. It would be inefficient to argue about an issue that is not, and may never be, in the case.

Courts in this Circuit and elsewhere have rejected such attempts to secure premature summary judgment. See Duffy v. AT & T Network Sys., Inc., 50 F.3d 1 (Table), 1995 WL 138455, at *1 (1st Cir. 1995) (upholding district court rejection of new claim an untimely attempt to amend the pleadings, where claim first argued in summary judgment context); Radford Trust, 321 F. Supp. at 242-243 ("Because First Unum failed to raise this defense in its Answer . . . it could not raise it at the summary judgment stage."); Florida Realty Trust v. F.D.I.C., 871 F. Supp. 85, 88 (D. Mass. 1994) (party "inappropriately attempted" to add an increased claim for damages in its summary judgment motion that was not in pleadings, and denying motion to amend counterclaim in part as a result).[4] This result is unsurprising.

---

[4] See also United States v. Landau, 155 F.3d 93, 107 (2d Cir. 1998) (finding waiver of defense when first raised in defendants' motion for summary judgment); Funk v. F & K Supply, Inc., 43 F. Supp. 2d 205, 221-222 (N.D.N.Y. 1999), and cases cited (allowing defendant to argue defense that was not pleaded in original or amended pleadings was inconsistent with notice function of Fed. R. Civ. P. 8(c) and discretionary design of Fed. R. Civ. P. 15); Connolly v. Bidermann Ind. U.S.A., No. 95 Civ. 1791(RPP), 1998 WL 305643, at *8-*9 (S.D.N.Y. June 9, 1998) (finding waiver when issue raised, for first time, in defendant's motion for summary judgment); Holland v. Cardiff Coal Co., 991 F. Supp. 508, 515-516 (S.D.W. Va. 1997) (defendant waived constitutional takings defense where it raised defense for the first time in summary judgment and had failed to attempt to amend its answer before the deadline set by the court); Harris v. U.S. Dept. of Veterans Affairs, 126 F.3d 339, 343-345 (D.D.C. 1997) (defendant who failed to raise defense in answer was not permitted to raise it in summary judgment motion); ADC Telecomms., Inc. v. Siecor Corp., 954 F. Supp. 820, 825-826 (D. Del. 1997) (refusing to let defendant raise equitable estoppel defense for first time in summary judgment motion; "[a]ny determination on the merits of Siecor's equitable estoppel defense must await the disposition of its motion to amend" to add that defense); Ramos v. O'Connell, 169 F.R.D. 260 (W.D.N.Y. 1996) (where motion to amend complaint outstanding at same time as summary judgment motion,

Otherwise, any party can effectively force any other party to substantively address any issue they want – including putting together lengthy briefs, affidavits, and other evidence needed to adequately respond to a dispositive motion – notwithstanding rules and scheduling orders governing the addition of claims. It makes no sense for parties to have to expend resources responding to summary judgment motions on issues that are not and may never be in the case.

### B.    Plaintiffs Would Be Prejudiced If They Are Forced To Substantively Oppose The Summary Judgment Motion At This Time

Requiring Plaintiffs to oppose EP's summary judgment motion on the merits while EP's motion to amend its Answer is outstanding would prejudice Plaintiffs in the same ways as would granting the motion to amend, if not more so:

- The written discovery period has closed. (D.I. # 53, Stipulation and Request for Extension of Various Deadlines, at 2).

- Fact discovery closes shortly, on December 15, 2007. (Id.).

- Pierre Meynard, perhaps the only person with certain information relevant to Meynard's defending against this claim, has become incompetent to testify. (D.I. # 48).

- Other, overseas persons who worked for Mondial may be the only ones with such relevant information, but the due date to seek documents from third parties has passed. (D.I. # 53, at 2). Even if it had not, seeking information through letters of request (as EP has sought to do) is a time-consuming process that very likely would not be completed by the close of discovery.

- All of Plaintiffs' discovery requests and legal research has been structured around the claims as pled. If the motion to amend is granted, additional discovery and legal research would be required to deal with this new claim.

- The summary judgment motion increases the prejudice from all of the other factors, as Plaintiffs would have to marshal all of their evidence and legal argumentation to oppose

---

proper remedy was for defendant to file new summary judgment motion once motion to amend was granted); Abyaneh v. Merchants Bank, North, 670 F. Supp. 1298, 1300 (M.D. Pa. 1987) (summary judgment "in favor of a claimant is appropriate only when he seeks 'to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment;'" denying summary judgment motion where claim not in party's pleadings).

the motion in short order, notwithstanding key players' travel abroad,[5] and would irretrievably expend resources on an issue not properly raised.

### IV.   CONCLUSION

For the foregoing reasons, the Court should strike EP's untimely Motion for Partial Summary Judgment.[6]

        Respectfully submitted,

        MEYNARD DESIGNS, INC.,
        EARTH, INC., and
        PLANET, INC.,

        By their attorneys,

Dated:  November 8, 2007        /s/ Hunter Keeton
        Michael Albert, BBO # 558566
        malbert@wolfgreenfield.com
        Laura Topper, BBO # 652364
        ltopper@wolfgreenfield.com
        Hunter Keeton, BBO # 660609
        hkeeton@wolfgreenfield.com
        WOLF, GREENFIELD & SACKS, P.C.
        600 Atlantic Avenue
        Boston, Massachusetts 02210
        Tel.  617 646.8000
        Fax  617 646.8646

---

[5] Michel Meynard, one of the few people who may have information relevant to defending against this claim, is travelling in Europe and China currently and through most of November.  (Keeton Dec., ¶ 10).

[6] If the Court denies Plaintiffs' motion to strike, Plaintiffs respectfully request that, in the alternative, they be provided a reasonable period (e.g. three weeks) after such denial to substantively oppose EP's summary judgment motion.  See, e.g., Carroll v. City of Quincy, 441 F. Supp. 2d 215 (D. Mass. 2006) (Gorton, J.) (granting plaintiff three weeks after denial of motion to strike summary judgment motion to file his opposition to the motion); First Am. Bank, N. A. v. United Equity Corp., 89 F.R.D. 81, 87 (D.D.C. 1981) (allowing extra time to oppose summary judgment motion on merits after denying opposition based on untimeliness).  For the record, Plaintiffs vigorously dispute both the material facts alleged in the Local Rule 56.1 statement (D.I. # 64), and the legal assertions made in EP's summary judgment motion.  (D.I. # 62).  See generally Plaintiffs' Opposition to EP's Motion to Amend (D.I. # 71), at 11-15.

## **CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

      /s/ Hunter Keeton