IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC., <br><br>        Plaintiffs and Counterclaim Defendant, <br><br> v. <br><br> EARTH PRODUCTS INC., <br><br>        Defendant and Counterclaim Plaintiff. | CIVIL ACTION NO. 05 CV 11781 NMG |
| EARTH PRODUCTS INC. <br><br>        Third Party Plaintiff, <br><br> v. <br><br> PLANET, INC. <br><br>        Third-Party Defendant. | |

**DECLARATION OF HUNTER D. KEETON IN SUPPORT
OF MOTION TO STRIKE EARTH PRODUCTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Hunter D. Keeton states:

1.      I am an attorney with Wolf, Greenfield & Sacks, P.C., counsel for Meynard

Designs, Inc. ("Meynard"), Earth, Inc. and Planet, Inc. (collectively "Plaintiffs") in this matter.

2.      Attached as Exhibit A is a copy of portions of the Complaint filed in this case.

3.      Attached as Exhibit B is a copy of portions of Earth Products Inc.'s ("EP")

Answer to the Complaint.

4.      Attached as Exhibit C is a copy of the Electronic Clerk's Notes for the scheduling

conference held before the Court on November 28, 2006.

5.      Attached as Exhibit D is a copy of email correspondence on October 12, 2007, from Derrick W. Toddy, Esq., counsel for EP, to counsel for Plaintiffs.

6.      Attached as Exhibit E is a copy of portions of the Stipulated Protective Order entered in this case.

7.      Attached as Exhibit F is a copy of email correspondence on October 29, 2007 from Hunter D. Keeton, Esq., counsel for Plaintiffs, to counsel for EP.

8.      Attached as Exhibit G is a copy of email correspondence on October 25, 2007 from Derrick W. Toddy to counsel for Plaintiffs.

9.      Attached as Exhibit H is a copy of email correspondence on September 27, 2007, from Chris Carraway to counsel for Plaintiffs, seeking consent to a motion to amend EP's Answer.  This was the first time Plaintiffs learned that EP maintained that some of Meynard's trademark registrations were invalid under 15 U.S.C. § 1060.

10.     I have been informed that Michel Meynard is travelling in Europe and China currently and through most of November.

Sworn, under the pains and penalties of perjury, that the foregoing is true and correct to the best of my knowledge and belief.


Dated: November 8, 2007                    /s/ Hunter D. Keeton_____
                                           Hunter D. Keeton

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Hunter D. Keeton

# EXHIBIT A

RECEIPT #
AMOUNT $ 250      66525
SUMMONS ISSUED 4-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. m
DATE 8-29-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

[illegible] P 3: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

MEYNARD DESIGNS, INC. AND
EARTH VISIONS INC.,

           Plaintiffs,

v.                                              CIVIL ACTION NO.

EARTH PRODUCTS, INC.,

           Defendant.

# 05 cv 11781 NMG

MAGISTRATE JUDGE Alexaa

## COMPLAINT AND JURY DEMAND

Meynard Designs, Inc. ("Meynard") and Earth Visions Inc. ("Earth Visions")
bring this civil action against Earth Products, Inc. ("Earth Products").

### THE PARTIES

1.    Plaintiff, Meynard, is a Massachusetts corporation with its principal place
of business at 135 Second Avenue, Waltham, MA 02451.

2.    Plaintiff, Earth Visions, is a Massachusetts corporation, with its principal
place of business at 135 Second Avenue, Waltham, Massachusetts 02451.

3.    On information and belief, Defendant, Earth Products, Inc. ("Earth
Products"), is a California corporation having an address at 5830 El Camino Real,
Carlsbad, CA 92008.

### JURISDICTION

4.    This is an action for trademark infringement and unfair competition
arising under the laws of the United States, namely the Lanham Act, 15 U.S.C. § 1051, *et*

family of marks, together with the associated goodwill.  Since then, Meynard has

continued to use the EARTH mark on footwear throughout the United States and

elsewhere, maintaining the high level of quality associated with the EARTH mark.

      9.     In addition to the longstanding use of EARTH in association with

footwear, Meynard adopted and began using in interstate commerce the EARTH mark for

clothing items.  At least as early as 1995, the EARTH mark was used on clothing items

other than footwear.  From 1995 forward, Meynard as licensee and then owner of the

EARTH mark, always intended to expand to a full line of clothing products under the

EARTH mark, and, in fact, has continued to expand the line of products sold under the

mark.

      10.    Products sold under the EARTH mark include millions of pairs of shoes

and other clothing and accessories, such as t-shirts, pants, caps, jackets, belts, sweaters,

sweatshirts, jeans, socks, key chains, bags, and lotions.

      11.    By virtue of the longstanding popularity of the EARTH mark and its

continuous use, Meynard owns trademark rights in the mark at common law for footwear

and other clothing and accessories.

      12.    Meynard also owns a number of United States trademark registrations,

including Registration Nos.:  2,199,118 for EARTH for clothing, namely, socks, t-shirts,

caps, hats, sweatshirts (Exhibit 1); 2, 249, 826 for EARTH for clothing, namely jeans,

pants, belts, shirts, jackets and coats and Registration Number (Exhibit 2); 1,371,439 for

EARTH for footwear (Exhibit 3).  These registrations have been assigned to Meynard by

its predecessors in title, and such assignments have been recorded in the United States

925010.1

3

Patent and Trademark Office. Registration No. 1,371,439 is now uncontestable and has been since 1999 pursuant to 15 U.S.C. § 1065.

13.    Through extensive sales and advertising, Meynard's EARTH mark has become well known, and the products sold under the mark have acquired significant good will and a reputation for quality.

14.    In December 2004, Earth Visions was organized as a Massachusetts corporation.

15.    Since January 2005, Earth Visions has taken over responsibility for the manufacture, advertising and sale of all goods under the EARTH mark, with the exception of sales to one retail chain, which are handled by a different licensee of Meynard.

16.    Earth Visions is the only licensee of Meynard that is presently selling and advertising items other than shoes under the EARTH mark.

17.    On information and belief, Earth Products was formed as a skateboard equipment seller in the early 1990s under the name Planet Earth Skateboards, Inc. ("Planet Earth"). At some point, Planet Earth adopted the mark PLANET EARTH for skateboard equipment and clothing.

18.    On information and belief, after Meynard's predecessors established rights in the EARTH mark, Planet Earth altered its use of the PLANET EARTH mark to emphasize the EARTH portion and later Planet Earth began using the trademark EARTH without the word PLANET. On information and belief, Planet Earth's adoption of EARTH as a mark for clothing apart from the word "Planet" commenced with the full knowledge of the prior use and substantial celebrity of the EARTH mark owned by

4

## COUNT I

(Trademark Infringement Under 15 U.S.C. § 1114 And Common Law)

30.    The allegations of Paragraphs 1-29 above are incorporated by reference.

31.    Meynard owns United States Registrations numbered 2,199,118, 2,249,826 and 1,371,439 (incontestable) and has common law rights in the EARTH mark. Earth Visions is a licensed user of those marks.

32.    Earth Products uses colorable imitations of Meynard's EARTH mark, in commerce as its trademark and in association with its sale and advertisement of clothing similar to or identical to the types of goods sold by Earth Visions under Meynard's EARTH mark.

33.    Earth Products' use of the imitations is without permission of Meynard or Earth Visions and is likely to cause confusion or mistake or to deceive. Earth Products is therefore liable to Meynard for trademark infringement under 15 U.S.C. § 1114 and at common law.

34.    Upon information and belief, such use by Earth Products is knowing and willful and with the intent to trade off the good will established by Meynard in its relation to EARTH mark.

35.    Meynard and Earth Visions have been damaged by such conduct in an amount to be determined at trial.

36.    Unless stopped by an injunction, Earth Products' behavior will continue and will cause Meynard and Earth Visions to suffer irreparable harm for which there is

925010.1

no adequate remedy at law.  Therefore, Meynard and Earth Visions are entitled to injunctive relief.  They are also entitled to damages for the infringement.

COUNT II

(False Designation Of Origin Under 15 U.S.C.§ 1125(a))

37.    The allegations of Paragraphs 1-36 above are incorporated by reference.

38.    Meynard's EARTH marks are recognized for quality in the footwear and clothing industries.

39.    Earth Products provides its goods to a similar class of consumers as Earth Visions does.

40.    On information and belief, Earth Products' use of a trademark confusingly similar to Meynard's EARTH mark has the effect of associating Earth Products or its goods with Meynard's EARTH mark in the minds of the purchasing public thereby trading off the good will acquired by Meynard.

41.    Earth Products' actions are likely to cause confusion or mistake, or to deceive as to the affiliation, connection or association of Earth Products with Meynard or Earth Visions or as to the origin, sponsorship or approval of Earth Products' goods by Meynard or Earth Visions, entitling Meynard to relief under 15 U.S.C.§ 1125(a).

42.    Meynard and Earth Visions have been damaged by such conduct in an amount to be determined at trial.

43.    Unless stopped by an injunction, Earth Products' behavior will continue and will cause Meynard and Earth Visions to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, Meynard and Earth Visions are entitled to injunctive relief.  They are also entitled to damages for such false designation of origin.

925010.1                                          8

JURY DEMAND

Meynard and Earth Visions demand a trial by jury of all issues so triable.

MEYNARD DESIGNS, INC. AND
EARTH VISIONS INC.

By its attorneys,

Dated: August 29, 2005

Michael Albert, BBO # 558566
David Wolf, BBO # 532160
Laura Topper, BBO # 652364
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.  617 646.8000
Fax  617 646.8646

925010.1                    14

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH VISIONS INC.<br><br>    Plaintiffs,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>    Defendant.<br><br>EARTH PRODUCTS INC.,<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>PLANET, INC., MEYNARD DESIGNS, INC. AND EARTH VISIONS INC.<br><br>    Counterclaim-Defendants. | CIVIL ACTION NO. 05 cv 11781 NMG<br><br>**Jury Trial Demanded** |

## EARTH PRODUCTS INC.'S ANSWER,
## AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Earth Products Inc. ("Earth Products") hereby submits its Answer, Affirmative

Defenses and Counterclaims in response to the Complaint filed August 29, 2005 by Plaintiffs

Meynard Designs, Inc. ("Meynard Designs") and Earth Visions Inc. ("Earth Visions")

(collectively, "Meynard" or "Plaintiffs").  Further, Earth Products joins Counterclaim Defendant

1

paragraph 72 of Plaintiff's Complaint

73.    Earth Products denies the allegations in paragraph 73 of Plaintiffs' Complaint.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

1.    Earth Products has superior rights in the mark EARTH for clothing.

#### Second Affirmative Defense

2.    Meynard Designs and its alleged predecessors-in-interest abandoned the mark
EARTH, including any rights to use that mark on footwear or clothing.

#### Third Affirmative Defense

3.    Plaintiffs cannot rely upon any use of the mark EARTH SHOE to establish use of
the mark EARTH.

#### Fourth Affirmative Defense

4.    The alleged assignment of the EARTH mark to Meynard Designs and/or its
alleged predecessor-in-interest was an assignment-in-gross.

#### Fifth Affirmative Defense

5.    The mark EARTH used in connection with shoes is generic for negative heel
shoes.

#### Sixth Affirmative Defense

6.    False representations were intentionally made to the U.S. Patent and Trademark
Office during the prosecution of U.S. Trademark Application Serial No. 74/551611 which issued
(through division) as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark
Registration No. 2,249,826, both of which have been asserted by Plaintiffs in this lawsuit.  In
reliance upon these false representations, the U.S. Patent and Trademark Office took actions that

subsequently resulted in the issuance of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826. For these reasons, Meynard's U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 are invalid and of no effect.

### Seventh Affirmative Defense

7.    False representations were intentionally made to the U.S. Patent and Trademark Office during the prosecution of U.S. Trademark Application Serial No. 74/551611 which issued (through division) as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, both of which are asserted by Plaintiffs in this lawsuit. In reliance upon these false representations, the U.S. Patent and Trademark Office took actions that subsequently resulted in the issuance of U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826. For these reasons, Meynard should be found to have unclean hands and thus be prohibited from enforcing U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826.

### Eighth Affirmative Defense

8.    False representations were intentionally made to the U.S. Patent and Trademark Office during the process of claiming incontestable status for U.S. Trademark Registration No. 1,371,439, which has been asserted by Plaintiffs in this lawsuit. In reliance upon these false representations, the U.S. Patent and Trademark Office accepted false documents intended to support incontestable status to U.S. Trademark Registration No. 1,371,439. For these reasons, Meynard's U.S. Trademark Registration No. 1,371,439 is invalid and of no effect.

### Ninth Affirmative Defense

9.    False representations were intentionally made to the U.S. Patent and Trademark

Office during the process to claim incontestable status for U.S. Trademark Registration No.

1,371,439, which has been asserted by Plaintiffs in this lawsuit. In reliance upon these false

representations, the U.S. Patent and Trademark Office accepted false documents intended to

support incontestable status to U.S. Trademark Registration No. 1,371,439. For these reasons,

U.S. Trademark Registration No. 1,371,439 is not entitled to incontestable status and Meynard,

through its predecessor-in-interest, should be deemed to have unclean hands and thus be

prohibited from enforcing U.S. Trademark Registration No. 1,371,439.

### EARTH PRODUCTS INC.'S COUNTERCLAIMS

1.    As used herein, the term "clothing" includes socks and excludes shoes.

2.    As used herein, the term "footwear" includes shoes and excludes socks.

3.    Earth Products hereby asserts the following counterclaims ("Counterclaims")

against Plaintiffs Meynard Designs, Inc. and Earth Visions Inc.:

### A. Parties

4.    Counterclaim-plaintiff Earth Products Inc. ("Earth Products") is a California

corporation with its principal place of business at 5830 El Camino Real, Carlsbad, CA 92008.

5.    On information and belief, Counterclaim-defendant Meynard Designs, Inc.

("Meynard Designs") is a Massachusetts corporation with its principal place of business at 135

Second Avenue, Waltham, MA 02451.

6.    On information and belief, Counterclaim-defendant Earth Visions Inc. ("Earth

Visions") is a Massachusetts corporation with its principal place of business at 135 Second

Avenue, Waltham, MA 02451.

7.    Meynard Designs and Earth Visions are referred to collectively herein as

"Meynard" or "Counterclaim-defendants."

12

commerce date of February 1, 1995, which was the date Mondial Trading identified for its

rejected specimens for EARTH SHOE. On information and belief, neither Mondial Trading nor

Meynard Designs contacted the U.S. Patent and Trademark Office to correct this error.

31.    On January 22, 1999, Mondial Trading submitted a Statement of Use under 37

C.F.R. §2.88, with Declaration executed by Director Kareen Watler for jeans, pants, belts, shirts,

sweaters, jackets and coats in Application Serial No. 74/551611. The Statement of Use set forth

a first use date of December 1998 and a first use in commerce date of January 4, 1999.

32.    On June 1, 1999, the U.S. Patent and Trademark Office issued U.S. Trademark

Registration No. 2,249,826 for the mark EARTH for jeans, pants, belts, shirts, sweaters, jackets

and coats.

33.    In March 2000, an Assignment of U.S. Trademark Registration No. 2,199,118 and

U.S. Trademark Registration No. 2,249,826 from Mondial Trading to Meynard Designs was

filed with the U.S. Patent and Trademark Office.

34.    On information and belief, during prosecution of U.S. Trademark Application

Serial No. 74/551611, Meynard Designs and Mondial Trading knew that false representations as

to the ownership of the mark EARTH had been made to the U.S. Patent and Trademark Office.

Meynard Designs and Mondial Trading made these false representations with the intent to induce

the U.S. Patent and Trademark Office to accept the Request for Extension of Time to File a

Statement of Use and eventually issue U.S. Trademark Registration No. 2,199,118 and U.S.

Trademark Registration No. 2,249,826. On information and belief, these false representations

induced the U.S. Patent and Trademark Office to take actions it would not otherwise have taken

and damaged Earth Products by, among other things, causing the U.S. Patent and Trademark

Office to reject an application filed by Earth Products based upon the false representations as to

the ownership of the mark EARTH made by Meynard Designs and/or Mondial Trading.

35.    On information and belief, during prosecution of U.S. Trademark Application

Serial Nos. 74/551611 and 75/977076, Meynard Designs and Mondial Trading knew that false

representations as to the use of the mark EARTH had been made to the U.S. Patent and

Trademark Office.  Meynard Designs and Mondial Trading made these false representations with

the intent to induce the U.S. Patent and Trademark Office to accept earlier dates of use based on

a mark that the U.S. Patent and Trademark Office considered to be materially different.  On

information and belief, these false representations induced the U.S. Patent and Trademark Office

to take actions it would not otherwise have taken, such as causing the U.S. Patent and Trademark

Office to record incorrect first dates of use for U.S. Trademark Registration No. 2,199,118.

36.    On October 15, 2003, Earth Products initiated Cancellation Action 92042587 and

Cancellation Action 92042597 before the U.S. Patent and Trademark Office Trademark Trial and

Appeal Board by filing Petitions seeking cancellation of U.S. Trademark Registration No.

2,199,118 and U.S. Trademark Registration No. 2,249,826, respectively.

***Post-Registration Activity for U.S. Trademark Registration No. 1,371,439***

37.    U.S. Trademark Registration No. 1,371,439 for the mark EARTH for footwear

issued to Tonus, Inc., the apparent assignee of Anne Kalso, on November 19, 1985.

38.    On information and belief, Tonus, Inc. purported to assign U.S. Trademark

Registration No. 1,371,439 to Mondial Trading in March 1994.

39.    On May 11, 1999, Mondial Trading submitted a Declaration under Section 15 for

U.S. Trademark Registration No. 1,371,439 for the mark EARTH for footwear.  The Section 15

Declaration was executed by Kareen Walter (identified as Kareen Watler in other Mondial

Trading filings), Director of Mondial Trading, on January 28, 1999.  On information and belief, a

order to prevent the likelihood that customers may be confused, mistaken, or deceived into

believing that the clothing sold by Counterclaim-defendants originate with Earth Products or are

endorsed by, sponsored by, affiliated with, or in some way connected to Earth Products.

55.    Earth Products advised Meynard of its prior rights in the mark EARTH as used in

association with clothing.  Despite Earth Products' provision of express notice to Meynard of

Earth Products' exclusive rights in the mark EARTH for clothing, Meynard initiated use of the

mark and continues to manufacture, promote, and sell clothing in association with the mark

EARTH in violation of Earth Products' exclusive rights thereto.  Accordingly, Meynard's

continued acts of infringement are willful, and Earth Products is therefore entitled to recover all

profits derived from Counterclaim-defendants' acts of infringement, dilution, and false

designation of origin, including treble damages, together with all attorneys' fees and costs

incurred by Earth Products.

56.    Because Meynard Designs and/or Mondial Trading falsely or fraudulently sought

to obtain registration of, and/or claim incontestable status for, the trademark registrations

asserted in this lawsuit, Earth Products is entitled to cancellation of U.S. Trademark Registration

No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration

No. 2,249,826.

57.    Earth Products has been damaged by Meynard's falsely or fraudulently obtained

U.S. Trademark Registration No. 2,249,826 and U.S. Trademark Registration No. 2,199,118.

Earth Products is unlikely to be able to secure U.S. trademark registration for EARTH for

clothing as long as U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration

No. 2,249,826 are allowed to continue to subsist.

## COUNTERCLAIM III
### VIOLATION OF MASSACHUSETTS LAW

66.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-65 above.

67.     Counterclaim-defendants' activities described herein constitute unfair competition and false and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

68.     On information and belief, Counterclaim-defendants' conduct alleged herein has been willful and designed to cause confusion, deception or mistake.

## COUNTERCLAIM IV
### CANCELLATION OF FALSE OR FRAUDULENT REGISTRATIONS

69.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-68 above.

70.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court has the authority to order the Director of the United States Patent and Trademark Office to cancel trademark registrations.

71.     Upon information and belief, Meynard Designs and its predecessor-in-interest, Mondial Trading, falsely or fraudulently sought to obtain issuance of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit.

72.     Earth Products has been and continues to be damaged by continued registration of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826, which are allegedly owned by Meynard Designs and asserted in this lawsuit.

73.     Earth Products is entitled to cancellation of U.S. Trademark Registration No. 1,371,439, U.S. Trademark Registration No. 2,199,118 and U.S. Trademark Registration No. 2,249,826 in accordance with Section 14(3) of the Lanham Act, 15 U.S.C. § 1064.

## COUNTERCLAIM V
## DAMAGES FOR FALSE OR FRAUDULENT REGISTRATION

74.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-73 above.

75.     Upon information and belief, Meynard Designs and its purported predecessor-in-interest, Mondial Trading, falsely or fraudulently sought to obtain issuance of, and/or claim incontestable status for, the trademark registrations asserted in this lawsuit.

76.     Earth Products has been and continues to be damaged by U.S. Trademark Registration No. 1,371,439; U.S. Trademark Registration No. 2,199,118; and U.S. Trademark Registration No. 2,249,826, which are allegedly owned by Meynard Designs and asserted in this lawsuit.

77.     Earth Products is entitled to damages in accordance with Section 38 of the Lanham Act, 15 U.S.C. § 1120.

## COUNTERCLAIM VI
## DECLARATORY JUDGMENT OF TRADEMARK ABANDONMENT
## AND EARTH PRODUCTS' SUPERIOR TRADEMARK RIGHTS

78.     Counterclaim-plaintiff Earth Products Inc. hereby incorporates the allegations of Answer paragraphs 1-73, Affirmative Defense paragraphs 1-9 and Counterclaim paragraphs 1-77 above.

79.     The absence of EARTH goods from the marketplace for intermittent periods of time, some of which exceeded three years and during which there was no specific intention to resume use of the mark EARTH for any products, constitutes abandonment of the mark by Meynard Designs and/or its alleged predecessors-in-interest.

26

Dated:  August 14, 2006

<table>
<tr><td>

By: /s/ Steven M. Bauer

    **Steven M. Bauer, Esq. BBO# 542531**
    sbauer@proskauer.com
    **Kimberly A. Mottley, Esq. BBO# 651190**
    kmottley@proskauer.com
    **PROSKAUER ROSE LLP**
    One International Place
    Boston, MA 02110
    (617) 526-9600

    *Attorneys for Earth Products Inc.*

</td><td>

*Of counsel:*
**J. Christopher Carraway**
chris.carraway@klarquist.com
**Cindy L. Caditz**
cindy.caditz@klarquist.com
**Scott E. Davis**
scott.davis@klarquist.com
**KLARQUIST SPARKMAN, LLP**
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Phone:  503-595-5300
Fax:  503-595-5301

</td></tr>
</table>

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 14, 2006, a true copy of the foregoing

**EARTH PRODUCTS INC.'S ANSWER, AFFIRMATIVE DEFENSES AND**

**COUNTERCLAIMS,** was served via e-mail (in addition to the Court's ECF service) to:

Michael Albert
David Wolf
Laura Topper
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210

*Attorneys for Plaintiffs, Meynard Designs, Inc.
And Earth Visions Inc.*

By:  /s/ Steven M. Bauer _____

**EXHIBIT C**

**PeFine, Donna**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Monday, December 11, 2006 2:34 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-11781-NMG Meynard Designs, Inc. et al v. Earth Products, Inc. "Scheduling Conference" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**United States District Court**

**District of Massachusetts**

Notice of Electronic Filing

The following transaction was received from Nicewicz, Craig entered on 12/11/2006 at 2:33 PM EST and filed on 11/28/2006

**Case Name:**      Meynard Designs, Inc. et al v. Earth Products, Inc.

**Case Number:**    1:05-cv-11781

**Filer:**

**Document Number:**

**Docket Text:**

ElectronicClerk's Notes for proceedings held before Judge Nathaniel M. Gorton : Scheduling Conference held on 11/28/2006. Automatic discovery 12/15/06. Amendments and or supplements to pleadings 1/31/07. Written discovery served 4/30/07, answered 5/31/07. Fact discovery 8/31/07. Expert reports 9/30/07, rebutal 10/31/07, Dispostive motions 11/30/07. Refer to ADR late 9/07. Jury Trial set for 4/7/2008 09:00 AM in Courtroom 4 before Judge Nathaniel M. Gorton. Pretrial Conference set for 3/12/2008 03:00 PM in Courtroom 4 before Judge Nathaniel M. Gorton. (Nicewicz, Craig)

The following document(s) are associated with this transaction:

**1:05-cv-11781 Notice will be electronically mailed to:**

Michael A. Albert     malbert@WolfGreenfield.com, litigation@wolfgreenfield.com

Steven M. Bauer     sbauer@proskauer.com, bndocketing@proskauer.com

Cindy L. Caditz     cindy.caditz@klarquist.com

J. Christopher Carraway     chris.carraway@klarquist.com, mary.pressel@klarquist.com

Scott E. Davis     scott.davis@klarquist.com

Hunter D. Keeton     hkeeton@wolfgreenfield.com, litigation@wolfgreenfield.com

12/11/2006

Gina Lombardo    glombardo@proskauer.com

Kimberly Ann Mottley    kmottley@proskauer.com

Derrick W. Tod! dy    derrick.toddy@klarquist.com

Laura E. Topper    LTopper@wolfgreenfield.com, litigation@wolfgreenfield.com

David Wolf    dwolf@wolfgreenfield.com, litigation@wolfgreenfield.com

**1:05-cv-11781 Notice will not be electronically mailed to:**

12/11/2006

# EXHIBIT D

## Keeton, Hunter

| | |
|---|---|
| **From:** | Derrick W. Toddy [derrick.toddy@klarquist.com] |
| **Sent:** | Friday, October 12, 2007 7:34 PM |
| **To:** | Keeton, Hunter; Albert, Michael; Topper, Laura |
| **Cc:** | Mary Pressel |
| **Subject:** | FW: Earth documents - Motion to FUS, Decl of DWT with Exhibits, Public Exhibits, Sealed Exhibits, Motion for Leave to File First Amended Answer |
| **Attachments:** | image001.wmz; image003.wmz; image005.wmz; image007.wmz; image009.wmz; oledata.mso; Assented to Motion to Seal Motion to Amend.pdf; Motion for Leave to File First Amended Answer and Counterclaims FUS.pdf; Motion to Amend - Toddy Dec. Sealed Exhibits.pdf; Motion to Amend-Decl. of DWT.pdf; Motion to Amend-Toddy Dec. Public Exhibits.pdf |

Counsel,

Attached to this email is Earth Products' Motion to Impound, which was filed electronically today with the Court. In accordance with the terms for protective order, we are also serving you with copies of Earth Products' Motion for Leave to File Amended Answer and Counterclaims, and sealed exhibits thereto, which are the subject of the Motion to Impound. We have also provided you with the Toddy declaration in support of the Motion to Amend, as well as the non-impounded exhibits thereto.

Please let me know if you have questions.

    

Assented to Motion   Motion for Leave to   Motion to Amend -   Motion to   Motion to
to Seal Mot...        File First...          Toddy Dec. S...     iend-Decl. of DWT.pend-Toddy Dec. Pul

Best,
Derrick

Derrick W. Toddy
Klarquist Sparkman LLP
121 SW Salmon St., Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Direct: (503) 412-6848
Facsimile: (503) 595-5301
E-mail: derrick.toddy@klarquist.com

The information contained in this e-mail is confidential and may be legally privileged. It is intended solely for the addressee. Access to this e-mail by anyone else is not authorized. If you are not the intended recipient, any disclosure, copying, distribution, use, or any action you take or fail to take in reliance on it, is prohibited and may be unlawful. Please immediately notify us by telephone (collect) or return e-mail, destroy the original message, and retain no copy - on your system or otherwise.

11/1/2007

**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>                    Plaintiffs and<br>                    Counterclaim-Defendants,<br><br>    v.<br><br>EARTH PRODUCTS, INC.<br><br>                    Defendant and<br>                    Counterclaim-Plaintiff. | |
| EARTH PRODUCTS, INC.<br><br>                    Third-Party Plaintiff<br>                    Counterclaim-Defendant,<br><br>    v.<br><br>PLANET, INC.<br><br>                    Third-Party Defendant and<br>                    Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |

### STIPULATED PROTECTIVE ORDER

Upon the stipulation of Plaintiffs, Meynard Designs, Inc. and Earth, Inc. (formerly Earth Visions Inc.), Defendant Earth Products, Inc., and Third-Party Defendant Planet, Inc., the Court hereby orders as follows:

This Protective Order shall apply to all information, documents and things subject to discovery in this action which are conveyed by any party or third party ("Disclosing Party") to another party ("Receiving Party") in this action, including, without limitation, all portions of transcripts of deposition testimony, exhibits, answers to interrogatories or requests for admission,

1

Earth Products, Inc. and Meynard Designs, Inc., pending in the United States Patent and

Trademark Office, Trademark Trial and Appeal Board and shall not be disclosed or used by the

recipient(s) for any business, commercial, or competitive purpose whatever.  This Protective

Order shall survive the final termination of this action with respect to any retained confidential

materials.  All persons who have been privy to Confidential Matter shall, even after conclusion

of this action, be under a continuing duty not to reveal such information for so long as such

information has not otherwise lawfully been made available to the public in a manner that did not

violate any obligation of confidentiality or other duty owed to Disclosing Party.

8.      **Submission to Court – Motion for Impoundment Pursuant to Local Rule 7.2**

To the extent it is necessary to file materials containing or relying on Confidential Matter

with the Court in connection with any motion, hearing, or other proceeding, on or before any

deadline for filing and/or service, such materials shall be served on opposing counsel and, on the

same day, a motion to impound subject to Local Rule 7.2 shall be filed.  If the Court grants a

motion for impoundment, the materials that are the subject of the motion, together with the order

granting leave to impound the materials, shall be filed within 3 business days with the Clerk of

the Court in sealed envelopes prominently marked with the caption of the case and the notation:

"FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER"

If it is not the party filing the materials containing the Confidential Matter, the party that

designated the Confidential Matter in question may, if desired, file a brief supporting the motion

for impoundment and explaining the sensitivity of the documents and the need for these

documents to be filed under seal.  However, the failure to file such a brief shall not be deemed an

admission that the Confidential Matter does not qualify for such a designation under the

Protective Order.

Materials filed after a motion for impoundment is granted shall be considered timely filed, with no effect on subsequent deadlines, regardless of the date the court grants the motion for impoundment, so long as they were served on or before the deadline for service and/or filing, the motion for impoundment was also filed on or before the deadline and the party files the materials within 3 business days after the granting of the motion for impoundment.

If the Court denies a motion for impoundment that was filed on or before the deadline for filing and/or service and the motion was for impoundment of materials that were served on or before any deadline for service and/or filing, within three business days after the denial, the denied party may either file the materials containing the Confidential Matter or file and serve revised versions of the materials that do not contain Confidential Matter, and these materials will be treated as timely, with no effect on subsequent deadlines.

The Clerk of the Court is directed to maintain under seal all documents, pleadings, or transcripts of deposition testimony that have been filed under seal, in whole or in part, as confidential or containing Confidential Material. Such material shall be maintained by the Clerk under seal until 30 days after the conclusion of the case in the District Court. At the conclusion of the case in District Court, any Designating Party may obtain the return from the District Court of any previously sealed or previously impounded documents, by filing a motion to have such materials released to the Designating Party's attorney or other appointed representative within 30 days of the conclusion of the case in the District Court. Any documents that are not released and removed by the Designating Party will become part of the public case file at the close of 30 days after the conclusion of the case in the District Court.

Pursuant to Local Rule 7.2, the sealed envelopes delivered to the Clerk for filing under seal shall include the following statement: "This material shall be maintained by the Clerk under

12

seal until 30 days after the conclusion of the case in the District Court. If a party has not

requested return of this material within 30 days after the conclusion of the case in the District

Court, the Clerk may place the material in the public case file."

9.    **Objection to Designation**

The designation of or acceptance by a party of Confidential Matter shall not constitute an

admission, concession, presumption, or permit an inference that any such information or

materials containing the information are, in fact, confidential or shift the burden of proving that

the information or material in question is within the scope of protection afforded by Federal

Rules of Civil Procedure 26(c). Any party may contest the designation of any document or

information as ATTORNEYS' EYES ONLY or CONFIDENTIAL. The Disclosing Party and

Receiving Party shall confer in good faith to resolve any such disagreements. This Court shall

determine any unresolved disputes using the same standards as if the Disclosing Party had

applied for a protective order under the Federal Rules of Civil Procedure and related law.

10.    **Privilege Log**

Nothing in this Protective Order shall require disclosure of material which is not

discoverable under Rule 26 of the Federal Rules of Civil Procedure or interpretive case law, or

which is protected from disclosure by the attorney-client privilege or the work product doctrine,

or of material the disclosure of which might constitute a breach of a written agreement with a

third party, so long as the materials withheld on the basis of the attorney-client privilege are

properly identified in a privilege document log by the party withholding such material, which log

shall be provided to the other parties at a time mutually agreed upon by the parties.

So ORDERED AND SIGNED this 31st day of _May_ , 2007.

Hon. Nathaniel M. Gorton
UNITED STATES DISTRICT JUDGE

1160735.1

# EXHIBIT F

## Keeton, Hunter

| | |
|---|---|
| **From:** | Keeton, Hunter |
| **Sent:** | Monday, October 29, 2007 7:02 PM |
| **To:** | 'Derrick W. Toddy'; Scott E. Davis; Chris Carraway |
| **Cc:** | Topper, Laura; Albert, Michael |
| **Subject:** | M0849.50028US00: Papers opposing motion to amend |
| **Attachments:** | Exhibits filed under Seal with Opposition to Motion.pdf; Opposition to Motion to Amend.pdf; Declaration in Support of Opposition with Exhibits.pdf; Motion to Impound.pdf |

Dear Counsel,

Please see attached the papers subject to the Motion to Impound filed today on behalf of Plaintiffs (D.I. # 66), that oppose Earth Products Motion to Amend its Answer (D.I. # 55).  Please let us know if you have any questions.

Thank you,

Hunter

**Hunter D. Keeton**
hkeeton@wolfgreenfield.com
Direct Dial: 617.646.8283

**Wolf, Greenfield & Sacks, P.C.**
600 Atlantic Avenue
Boston, MA 02210-2206
Tel.: 617.646.8000
Fax: 617.646.8646

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

11/1/2007

**EXHIBIT G**

**Keeton, Hunter**

| | |
|---|---|
| **From:** | Derrick W. Toddy [derrick.toddy@klarquist.com] |
| **Sent:** | Thursday, October 25, 2007 10:23 PM |
| **To:** | Keeton, Hunter; Lombardo, Gina |
| **Cc:** | Topper, Laura; Albert, Michael; Mary Pressel |
| **Subject:** | RE: Earth - Motion to Impound [Dkt #60] |
| **Attachments:** | Exhibit K.pdf; Concise Stmnt of Undsptd Mat Facts for PSJ 102507.pdf; Earth - Decl of DWT ISO Mot for PSJ.pdf; Earth - Ex D-F FUS.pdf; Earth - Motion for SJ 102507.pdf; Earth - Motion to FUS MSJ [Dkt #60].pdf; Exhibit A.pdf; Exhibit B.pdf; Exhibit C.pdf; Exhibit G.pdf; Exhibit H.pdf; Exhibit I.pdf; Exhibit J.pdf |

Counsel,

Attached to this email is Earth Products ' Motion to Impound, which replaces the version withdrawn earlier today, and which was filed electronically today with the Court. In accordance with the terms of the protective order, we are also serving you with copies of Earth Products' Motion for Partial Summary Judgment, and sealed exhibits thereto, which are the subject of the Motion to Impound. We have also provided you with the Toddy declaration in support of the Motion for Partial Summary Judgment, as well as the non-impounded exhibits thereto, and the Concise Statement of Undisputed Material Facts.

Best,
Derrick

**Derrick Toddy**
**Klarquist Sparkman LLP**
**121 SW Salmon St., Suite 1600**
**Portland, Oregon 97204**
**Telephone: (503) 595-5300**
**Direct: (503) 412-6848**
**Facsimile: (503) 595-5301**
**E-mail:** derrick.toddy@klarquist.com
*The information contained in this e-mail is confidential and may be legally privileged. It is intended solely for the addressee. Access to this e-mail by anyone else is not authorized. If you are not the intended recipient, any disclosure, copying, distribution, use, or any action you take or fail to take in reliance on it, is prohibited and may be unlawful. Please immediately notify us by telephone (collect) or return e-mail, destroy the original message, and retain no copy - on your system or otherwise.*

11/1/2007

# EXHIBIT H

**Keeton, Hunter**

| | |
|---|---|
| **From:** | Chris Carraway [christopher.carraway@klarquist.com] |
| **Sent:** | Thursday, September 27, 2007 7:31 PM |
| **To:** | Albert, Michael |
| **Cc:** | Topper, Laura; Keeton, Hunter; Scott E. Davis; Derrick W. Toddy |
| **Subject:** | Meynard v Earth Products - Proposed Amendment |
| **Attachments:** | First Amended Answer.doc |

Dear Michael,

Thank you for the hospitality at yesterday's deposition of Celso Kiefer. Due to information we learned in that deposition, Earth Products will be filing a motion to amend its Answer and Counterclaims to include a defense and counterclaim that MDI's two EARTH clothing registrations are invalid under Section 10 of the Lanham Act, 15 U.S.C. § 1060. I am writing to ask if your clients will consent to the motion so that the parties can avoid wasteful motion practice on this straightforward amendment issue.

The basis for the defense is that the intent-to-use (ITU) application that resulted in those registrations was assigned several times prior to the filing of a statement of use, which renders the resulting registrations invalid pursuant to 15 U.S.C. § 1060(a). Specifically, on July 20, 1994, Mondial Trading filed Application No. 74/551,611 as an ITU application under Section 1(b) of the Lanham Act for the mark EARTH for use on clothing. On June 25, 1997, Mondial Trading assigned the '611 ITU application to Michel Meynard, Inc. Then, according to MDI's interrogatory responses, MMI assigned this ITU application back to Mondial Trading in late 1997 or early 1998. The '611 intent-to-use application was divided into two applications that issued as Registration Nos. 2,199,118 and 2,249,826. Proper statements of use were not filed for these two EARTH clothing applications until July 27, 1998 and January 22, 1999. Thus, the ITU application that resulted in the '118 and '826 EARTH clothing registrations was assigned *twice* before the filing of a proper statement of use.

Section 10(a)(1) of the Lanham Act states: "[N]o application to register a mark under section 1(b) shall be assignable prior to the filing of an amendment under section 1(c) to bring the application into conformity with section 1(a) or the filing of the verified statement of use under section 1(d), except for an assignment to a successor to the business of the applicant, or portion thereof, to which the mark pertains, if that business is ongoing and existing."

Mr. Kiefer's testimony yesterday revealed that MMI's business regarding the EARTH mark was continuous from at least 1995 to the present and that MMI "never stopped" being in that business. Thus, we learned yesterday that the assignments of the ITU applications did not meet the very limited exception to Section 10 for ITU assignments in conjunction with the transfer of the business associated with the mark.

I have attached a copy of the proposed First Amended Answer and Counterclaims, in a red-line version from the earlier filed pleading. The additions for the Section 10 invalidity appear as the Tenth Affirmative Defense, Seventh Counterclaim, and Prayer for Relief Paragraph F. In addition, to update the pleading to match events that have occurred since or facts that have been uncovered in discovery, I have changed all instances of "Earth Visions" to "Earth Inc." and the averments of Earth Products' first use date for EARTH from 1990 to 1992 (see pp. 4, 13).

Please let me know as soon as possible whether your clients will oppose Earth Products' motion to file the First Amended Answer and Counterclaims.

Kind regards,

Chris

<<First Amended Answer.doc>>

Chris Carraway
**Klarquist Sparkman, LLP**
Phone: (503) 595-5300
E-mail: chris.carraway@klarquist.com

The information contained in this e-mail is confidential and may be legally privileged.  It is intended solely for the addressee. Access to this e-mail by anyone else is not authorized.  If you are not the intended recipient, any disclosure, copying, distribution, use, or any action you take or fail to take in reliance on it, is prohibited and may be unlawful.  Please immediately notify us by telephone (collect) or return e-mail, destroy the original message, and retain no copy - on your system or otherwise.

11/2/2007