IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEYNARD DESIGNS, INC. AND EARTH, INC.<br><br>         Plaintiffs and<br>         Counterclaim-Defendants,<br><br>v.<br><br>EARTH PRODUCTS INC.<br><br>         Defendant and<br>         Counterclaim-Plaintiff. | |
| EARTH PRODUCTS INC.<br><br>         Third-Party Plaintiff and<br>         Counterclaim-Defendant,<br><br>v.<br><br>PLANET, INC.<br><br>         Third-Party Defendant and<br>         Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 cv 11781 NMG |

## **JOINT MOTION TO EXTEND VARIOUS DEADLINES**

Due to the Parties' desire to hold further negotiations in an effort to settle the case, the Parties have encountered scheduling difficulties with the discovery and trial deadlines as previously set.

Specifically, the Court's previously set deadline for the close of fact discovery was August 31, 2007. By stipulation (D.I. # 53), the Parties previously requested that the discovery deadline be delayed until December 15, 2007. The parties have recently decided to negotiate face-to-face at the end of November 2007 in an attempt to settle this litigation. Arranging this

1285808.2

settlement meeting has involved finding a common date for principals on both sides, who all have other prior commitments, as well as gathering all necessary parties at a common location, which will require travel of persons from California and the State of Washington.

The currently stipulated December 15, 2007 deadline for the close of fact discovery does not provide sufficient time after the November negotiation, should it prove unsuccessful, for the Parties to complete the depositions and discovery that are still outstanding.

Accordingly, the Parties have conferred and respectfully request that the Court enter new discovery and trial deadlines as follows:

| Deadline | Current Date | Date Proposed in D.I. # 53 | New Proposed Date |
|---|---|---|---|
| **Close of Fact Discovery** | August 31, 2007 | December 15, 2007 | January 25, 2007[*] |
| **Referral to ADR** | Late September | Late December | Early February, 2008 |
| **Expert Reports** (for subjects on which the party bears the burden of proof) | September 30, 2007 | December 10, 2007 | January 21, 2008 |
| **Rebuttal Expert Reports** | October 31, 2007 | January 15, 2008 | February 26, 2008 |
| **Dispositive Motions** | November 30, 2007 | February 1, 2008 | March 14, 2008 |
| **Oppositions to Dispositive Motions** | none | February 22, 2008 | April 4, 2008 |
| **Replies Supporting Dispositive Motions** | none | March 7, 2008 | April 18, 2008 |

---

[*] As noted in D.I. #53, the Parties have agreed that the deadline for serving upon the Parties document requests, requests for admissions and interrogatories is passed and not re-opened by this stipulation. The Parties have also agreed that the deadline for serving subpoenas to third parties for documents has passed. The Parties have completed their document production and privilege logs, except that document productions and privilege logs can be supplemented through the close of fact discovery should documents unknown to the attorneys for any party before October 1, 2007 be discovered thereafter. In addition, depositions of any witnesses and supplementation of any discovery responses may occur through the proposed close of fact discovery.

1285808.2                              2

| **Deadline** | **Current Date** | **Date Proposed in D.I. # 53** | **New Proposed Date** |
|---|---|---|---|
| **Pretrial Conference** | March 12, 2008 | June 12, 2008 (or other date convenient to the Court) | July 24, 2008[†] (or other date convenient to the Court) |
| **Trial** | April 7, 2008 | July 7, 2008 (or other date convenient to the Court) | August 18, 2008 (or other date convenient to the Court) |

As can be seen above, the proposed deadlines are extended by approximately six weeks, to reflect the additional discovery time required if the case is not settled as a result of the November negotiations. The Parties have previously requested an extension of various deadlines (D.I. # 53). However, it is believed that the current extension is necessary to address the scheduling concerns of the Parties and their attorneys. Further, the Parties do not believe they will have sufficient time to attempt to settle this case, or complete discovery if settlement discussions fail, without the extension requested above.

On a related scheduling issue, the Parties acknowledge damages in this case may well be resolved without judicial intervention, after a ruling on the merits. The parties thus stipulate and request the Court bifurcate damages according to the following proposal: after a ruling as to liability, there will be a brief discovery period to take damages discovery and then, if the matter is not resolved during the discovery period, a brief trial as to damages.

On a third scheduling issue, there are several pending motions for which opposition briefs are due over the next several weeks. In order to limit unnecessary expense of resources by the parties in briefing, and by the Court in deciding, motions that might be rendered moot should the

---

[†] The Parties would prefer to avoid the expense of trial preparation if dispositive motions that could resolve the dispute or narrow the issues for trial are pending. Therefore, as an alternative to the dates proposed for pre-trial conference and trial, the Parties would be amenable to a schedule that sets the pre-trial conference and trial for some period of days after the ruling on all dispositive motions.

1285808.2                                  3

settlement discussions prove successful at the end of November, the parties stipulate to and request the Court enter and Order for the following extensions on opposition brief deadlines for pending motions:

| Pending Motion | Current Deadline for Opposition Brief | Proposed Deadline for Opposition Brief |
|---|---|---|
| **D.I. # 77:** *Earth Products Inc.'s Motion for Partial Summary Judgment that Plaintiff Meynard Designs, Inc. Abandoned the Trade Associated with the "Earth" and "Earth Shoe" Marks* | November 19, 2007 | December 6, 2007 |
| **D.I. # 74:** *Meynard Designs, Inc.'s Motion to Strike Earth Products' Motion for Partial Summary Judgment [D.I. # 62]* | November 23, 2007 | December 13, 2007 |

Accordingly, through the undersigned counsel, the Parties stipulate to the schedule proposed above and move that the Court (1) amend the scheduling order to reflect those proposed deadlines; (2) bifurcate damages until after a ruling on liability in the case; and (3) allow oppositions to pending motions D.I. # 77 and 74 on the schedule proposed above.

Respectfully submitted,

| | |
|---|---|
| /s/ Hunter Keeton<br>Michael Albert, BBO # 558566<br>malbert@wolfgreenfield.com<br>Laura Topper, BBO # 652364<br>ltopper@wolfgreenfield.com<br>Hunter Keeton, BBO # 660609<br>hkeeton@wolfgreenfield.com<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210<br>Tel.  617 646.8000<br>Fax  617 646.8646<br><br>Counsel For<br>Meynard Designs, Inc., Earth, Inc., and Planet, Inc. | /s/ Chris Carraway (by permission)<br>Chris Carraway (admitted pro hac vice)<br>christopher.carraway@klarquist.com<br>Scott E. Davis (admitted pro hac vice)<br>scott.davis@klarquist.com<br>Derrick W. Toddy (admitted pro hac vice)<br>derrick.toddy@klarquist.com<br>KLARQUIST SPARKMAN, LLP<br>121 SW Salmon Street, Suite 1600<br>Portland, Oregon 97204<br><br>Steven M. Bauer<br>sbauer@proskauer.com<br>Kimberly A. Mottley<br>kmottley@proskauer.com<br>Gina Lombardo<br>glombardo@proskauer.com<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, MA 02110<br><br>Counsel For<br>Earth Products Inc. |

Dated:  November 14, 2007

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____      _____
                                                                                                USDJ, United States District Court

**Certificate of Service**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                /s/ Hunter Keeton